Mark J. Tamblyn (State Bar No. 179272)
*mjt@wexlerwallace.com*
**WEXLER WALLACE LLP**
333 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 565-7692
Facsimile: (312) 346-0022

Kenneth A. Wexler
*kaw@wexlerwallace.com*
Jason K. Keener
*jkk@wexlerwallace.com*
**WEXLER WALLACE LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

*Additional Plaintiff's Counsel Appear
on the Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Cullen ("Plaintiff") brings this class action complaint against Defendant Zoom Video Communications, Inc. ("Zoom" or "Defendant"), on behalf of himself, and all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

## **NATURE OF ACTION**

1.     Zoom provides an overwhelmingly popular online video conferencing platform, which includes remote conferencing services, online meetings, chat, and mobile collaboration. Zoom's chief product is "Zoom Meetings." Its use by consumers and businesses has exploded in the face of the current COVID-19 virus pandemic that is impacting the world and while a majority of Americans are currently under "stay home" or "shelter in place" directives. Naturally, consumers have flocked to Zoom, and other web conferencing vendors, as a means to more safely maintain closeness with friends and loved ones and conduct business. Not surprisingly, Zoom's stock price has skyrocketed, up over 115% in the last two months (since late January 2020).

2.     Zoom, however, has failed to properly safeguard the personal information of the increasing millions of users of its software application ("Zoom App") and video conferencing platform. Upon installing or upon each opening of the Zoom App, Zoom collects the personal information of its users and discloses, without adequate notice or authorization, this personal information to third parties, including Facebook, Inc. ("Facebook"), invading the privacy of millions of users.

3.     By this action, Plaintiff, on behalf of himself and the members of the Class defined below, seeks damages and equitable relief to remedy Defendant's violations of California's Unfair Competition Law, Consumers Legal Remedies Act, and Consumer Privacy Act.

## **JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over the claims alleged in this Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2)(A) because: (a) this

is a class action in which the matter or controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (b) a significant portion of members of the proposed Class are citizens of a state that is different from the citizenship of Defendant.

5.     The Court has personal jurisdiction over Defendant because Plaintiff's claims arise out of the business activities conducted by Defendant in California.

6.     Venue is proper in the Northern District of California under 27 U.S.C. § 1391(b), (c), and (d) because: Defendant transacts business in this District; a substantial portion of the affected commerce described herein was carried out in this District; and because some of the members of the Class reside in this District.

## INTRADISTRICT ASSIGNMENT

7.     Under Local Rule 3-2, this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County.

## PARTIES

8.     Plaintiff Robert Cullen is an individual citizen and resident of Sacramento County, California. Plaintiff Cullen has downloaded, installed, and opened the Zoom App.

9.     Defendant Zoom Video Communications, Inc., is a Delaware corporation headquartered in San Jose, California.

## FACTUAL ALLEGATIONS

10.     Zoom provides video communications products and services to companies and individuals throughout California and the United States. Zoom users can host or participate in a Zoom videoconference through several means, including the use of the Zoom App for iOS (Apple) devices, an app for Android devices, an app for MacOS, or through a web browser.

11.     The Zoom App may be identified as "ZOOM Cloud Meetings" app on the iOS app store. Zoom states that the Zoom App allows users to "Stay connected wherever you go – start or join a meeting with flawless video, crystal clear audio, instant screen sharing, and cross-platform instant messaging – for free!"

12.     Zoom boasts its appreciation for the importance of maintaining its users' privacy, stating on its website "You trust us to connect you to the people that matter. We value that trust more than anything else. We want you to know what data we collect and how we use it to provide our service."  (https://zoom.us/privacy-and-legal).  Zoom's Privacy Policy purports to identify and disclose to its users all the information Zoom automatically collects from its users when they interact with Zoom's products.

13.     However, Defendant's statements regarding the inviolability of its users' privacy and personal information are false because Defendant's wholly inadequate program design and security measures have resulted, and will continue to result, in unauthorized disclosure of its users' personal information to third parties, including Facebook.

14.     Zoom represents in its Privacy Policy that it "utilize[s] a combination of industry-standard security technologies, procedures, and organizational measures to help protect your Personal Data from unauthorized access, use, or disclosure." Despite Zoom's representations in its posted Privacy Policy that it "utilize[s] a combination of industry-standard security technologies, procedures, and organizational measures to help protect your Personal Data from unauthorized access, use, or disclosure." Zoom however included in the Zoom App, without any adequate disclosure to users, code that made undisclosed disclosures of users' personal information to Facebook and possibly other third parties.

15.     On March 26, 2020, Joseph Cox posted a report on Motherboard for the Vice Media Group documenting the behavior of the Zoom App's unauthorized disclosure of user

personal information to Facebook.  (https://www.vice.com/en_us/article/jged4x/envestnet-yodlee-credit-card-bank-data-not-anonymous). The report states "The Zoom app notifies Facebook when the user opens the app, details on the user's device such as the model, the time zone and city they are connecting from, which phone carrier they are using, and a unique advertiser identifier created by the user's device which companies can use to target a user with advertisements."  As stated in the Motherboard report, the findings by Mr. Cox were verified by Will Strafach, an iOS researcher and founder of the privacy-focused iOS app Guardian.

16.    The unauthorized information is sent to Facebook when a user installs, and each time a user opens, the Zoom App.  This information includes, but is not limited to, the users' mobile OS (operating system) type and version, the device time zone, the device model and the device's unique advertising identifier. The unique advertising identifier allows companies to target the user with advertisements. This information is sent to Facebook by Zoom regardless of whether the user has an account with Facebook.

17.    The amount of money Zoom receives from Facebook, and possibly other third parties, is unknown by Plaintiff.

18.    Had Zoom informed its users that it would use inadequate security measures and permit unauthorized third-party tracking of their personal information, users – like Plaintiff and Class members – would not have been willing to use the Zoom App.  Instead, Plaintiff and Class members would have forgone using Zoom and/or chosen a different video conferencing product that did not send their personal information to Facebook, or any other third party.

19.    Zoom's failure to implement adequate security protocols and failure to provide accurate disclosures to its users violated those users' privacy and falls well short of Zoom's promises.

CLASS ACTION COMPLAINT

20.     On March 27, 2020, Zoom publicly admitted in a blog entry on its website that the Zoom App was sending at least the following personal information to Facebook upon installation and each open and close of the Zoom App: Application Bundle Identifier, Application Instance ID, Application Version, Device Carrier, iOS Advertiser ID, iOS Device CPU Cores, iOS Device Disk Space Available, iOS Device Disk Space Remaining, iOS Device Display Dimensions, iOS Device Model, iOS Language, iOS Timezone, iOS Version, and IP Address. Zoom further admitted that these unauthorized disclosures for which no adequate notice was provided to users began when Zoom implemented a "Login with Facebook" feature using the Facebook's software development kit ("SDK") for iOS.

21.     Also on March 27, 2020, Zoom released a new version of the Zoom App which purports to no longer send unauthorized personal information of its users to Facebook. However, even assuming this updated version works as described by Zoom, the harm to Plaintiff and the Class members has been done and continues. Zoom appears to have taken no action to block any of the prior versions of the Zoom App from operating. Thus, unless users affirmatively update their Zoom App, they likely will continue to unknowingly send unauthorized personal information to Facebook, and perhaps other third parties. Zoom could have forced all iOS users to update to the new Zoom App to continue using Zoom but appears to have chosen not to. Moreover, Zoom's making of an ostensibly corrected Zoom App does nothing to remedy the unauthorized disclosures made by Zoom to date. Zoom has not ensured that Facebook (or anyone else, including others with whom Facebook has shared this personal information) has deleted all the personal information that it received from Zoom without adequate notice or authorization by Zoom's users. Finally, Zoom has not taken any actions to compensate its users for its failure to properly safeguard their personal information in violation of their right of privacy and California's consumer protection laws.

### CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself, and as a class action under the Federal Rules of Civil Procedure, Rule 23(a), (b)(2) and (b)(3), seeking injunctive relief and damages pursuant to federal law and California unfair competition, consumer protection, and privacy laws on behalf of the members of the following class:

> All persons and businesses in the United States whose personal or private information was collected and/or disclosed by Zoom to a third party upon installation or opening of the Zoom video conferencing application (the "Class").

23.     Specifically excluded from the Class are the Defendant; the officers, directors or employees of the Defendant; any entity in which the Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of the Defendant. Also excluded from the Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action. Business entities are excluded from the Class for purposes of Plaintiff's claim for relief under the California Consumers Legal Remedies Act.

24.     Members of the Class are readily identifiable from Defendant's records.

25.     Members of the Class are so numerous that individual joinder of all the members is impracticable. Although the precise number and identification of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery of Defendant. The Class is believed to comprise millions of individuals and businesses.

26.     This action is brought and may properly be maintained as a class action pursuant to the provision of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions. Common questions of fact and law exist as to all Class members which predominate over all questions affecting only individual Class members.  These

common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member, include the following:

      A.     Whether Defendant failed to adequately safeguard Plaintiff's and Class members' property, including their personal information;

      B.     Whether Defendant's engaged in unfair or deceptive practices by failing to properly safeguard Plaintiff's and Class members' personal information;

      C.     Whether Defendant violated the applicable consumer protection statutes, including Cal. Bus. & Prof. Code section 17200, Civil Code section 1770, and Civil Code section 1798 applicable to Plaintiff and members of the Class;

      D.     Whether Defendant acted negligently in failing to properly safeguard Plaintiff's and Class members' personal information;

      E.     Whether Zoom collected and disclosed personal information of Plaintiff and the Class to third parties without first providing notice of such collection and/or disclosure;

      F.     Whether Plaintiff and the other members of the Class are entitled to, among other things, injunctive relief, and if so, the nature and extent of such injunctive relief; and

      G.     The appropriate class-wide measure of damages.

These and other questions of law or fact, which are common to the members of the Class, predominate over any questions affecting only individual Class members.

27.    Plaintiff's claims are typical of the claims of the Class members. Plaintiff and other Class members must prove the same facts in order to establish the same claims, described herein, which similarly apply to all Class members.

28.    Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the Class members he seeks to represent. Plaintiff has retained counsel competent and experienced in the prosecution of complex class action litigation, and together Plaintiff and its counsel intend to prosecute this action vigorously for the benefit of the Class. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts, in which individual litigation of hundreds of cases would proceed. Individual litigation presents a potential for inconsistent or contradictory judgments, the prospect of a race for the courthouse, and an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation increases the expense and delay to all parties and the court system in resolving the legal and factual issues common to all Class members' claims relating to Defendant's unlawful conduct. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

30.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2) because:

CLASS ACTION COMPLAINT

A.  The prosecution of separate actions by numerous individual Class
members would create a risk of inconsistent or varying adjudications with
respect to individual Class members, thus establishing incompatible
standards of conduct for Defendant;

B.  The prosecution of separate actions by individual Class members would
also create the risk of adjudications with respect to them that would, as a
practical matter, be dispositive of the interest of other Class members who
are not a party to such adjudications and would substantially impair or
impede the ability of such non-party Class members to protect their
interests; and

C.  Defendants have acted on grounds generally applicable to the entirety of
the Class, thereby making appropriate final declaratory and injunctive
relief with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Violation of the California Consumer Privacy Act**
**Cal. Civ. Code § 1798.100, *et seq.***

31.  Plaintiff incorporates by reference the foregoing allegations as if fully set forth
herein.

32.  The California Consumer Privacy Act of 2018 ("CCPA") went into effect on
January 1, 2020. This comprehensive privacy law was enacted to protect consumers' personal
information from collection and use by businesses without appropriate notice and consent.

33.  Through the above-detailed conduct, Defendant violated the CCPA by, among
other things, collecting and using personal information without providing consumers with
adequate notice consistent with the CCPA, in violation of Civil Code section 1798.100(b).

34.     Defendant further violated Civil Code section 1798.150(a) of the CCPA by failing to prevent Plaintiff's and the Class members' nonencrypted and nonredacted personal information from unauthorized disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information of Plaintiff and Class members.

35.     As a direct and proximate result of the Defendant's act, Plaintiff's and the Class members' personal information was subjected to unauthorized disclosure as a result of Defendant's violation of the duty; through the Zoom App where personal information was regularly collected and sent to Facebook and possibly other third parties without authorization.

36.     As a direct and proximate result of Defendant's act, Plaintiff and the Class members were injured and lost money or property, including but not limited to the price received by Defendant for the services, the loss of the Class members' legally protected interest in the confidentiality and privacy of their personal information, nominal damages, and additional losses as described above.

37.     Defendant knew or should have known that the Zoom App security practices were inadequate to safeguard the Class members' personal information and that the risk of unauthorized disclosure to at least Facebook was highly likely. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information of Plaintiff and the Class members.

38.     Zoom is a corporation that is organized and operated for the profit or financial benefit of its owners with a reported total third-quarter revenue for fiscal year 2020 of $166.6 million. Zoom collects users' personal information as defined in Civil Code section 1798.140.

39.     In accordance with Civil Code section 1798.150(b), Plaintiff has served Defendant with notice of these CCPA violations and a demand for relief by certified mail, return receipt requested.

40.     On behalf of Class members, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from continuing to violate the CCPA. If Defendant fails to properly respond to Plaintiff's notice letter or agree to timely and adequately rectify the violations detailed above, Plaintiff also will seek actual, punitive, and statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident, whichever is greater; restitution; attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. §1021.5); and any other relief the Court deems proper as a result of Defendant's CCPA violations.

## SECOND CLAIM FOR RELIEF
**Unlawful and Unfair Business Practices**
**In violation of Bus. & Prof. Code §§ 17200,** *et seq.*

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     California's Unfair Competition Law ("UCL") prohibits any "unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code. § 17200.

43.     Defendant engaged in unlawful activity prohibited by the UCL. The actions of Defendant as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of the UCL.

44.     Defendant has conducted the following unlawful activities:

    A.     violations of the CLRA, Civil Code section 1770;

    B.     violations of the CCPA, Civil Code section 1798.100(b); and

C.      invasion of Plaintiffs' and Class members rights of privacy.

45.     With respect to Zoom's violation of the CLRA, Defendant's practices constitute violations of California Civil Code section 1770 in at least the following respects: misrepresenting that the Zoom App had characteristics, benefits, or uses that it does not have (preventing unauthorized access and disclosure of users' personal information when in fact it does not); misrepresented the Zoom App was of a particular standard, quality, or grade (preventing unauthorized access and disclosure of users' personal information when in fact it does not); advertising the Zoom App with an intent not to sell it as advertised (advertising it as preventing unauthorized access and disclosure of users' personal information when in fact it does not); and misrepresenting that the Zoom App was supplied in accordance with previous representations when it was not (preventing unauthorized access and disclosure of users' personal information when in fact it does not).

46.     With respect to Zoom's violation of the CCPA, a "business that collects a consumer's personal information shall, at or before the point of collection, inform consumers as to the categories of personal information to be collected and the purposes for which the categories of personal information shall be used."  Cal. Civ. Code § 1798.100(b).  "A business shall not collect additional categories of personal information or use personal information collected for additional purposes without providing the consumer with notice consistent with this section." *Id.*

47.     The CCPA defines "personal information" as any "information that identifies, relates to, describes, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or household."  Cal. Civ. Code §1798.140(o)(1).  Personal information includes, but is not limited to, "identifiers such as...unique personal identifier, online identifier,..., or similar identifiers",  Cal. Civ. Code

§1798.140(o)(1)(A), "internet or other electronic network activity information, including but not limit to…information regarding a consumer's interaction with an internet website, application, or advertisement", Cal. Civ. Code §1798.140(o)(1)(F) and "geolocation data", Cal. Civ. Code. §1798.140(o)(1)(G).

48.     As set forth in detail elsewhere in this Complaint, Zoom collected Plaintiff's and the Class's "personal information" as defined in the CCPA and failed to inform Plaintiff and the Class of the same at or before the point of collection. Accordingly, Zoom violated the CCPA.

49.     In addition to constituting "unlawful conduct" in violation of the above-noted laws, Zoom's activities also constitute unfair practices in violation of the UCL because Zoom's practices violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class. The harm caused by Defendant's conduct outweighs any potential benefits attributable to such conduct and there were reasonably available alternatives to further Defendant's legitimate business interests, other than Defendant's conduct described herein.

50.     By exposing, compromising, and willfully sharing Plaintiff's and Class members' personal information without authorization, Defendant engaged in fraudulent business practice that is likely to deceive a reasonable consumer.

51.     A reasonable person would not have agreed to use the Zoom App had he or she known the truth about Defendant's practices alleged herein. By withholding material information about its practices, Defendant was able to convince customers to use the Zoom App and to entrust the safe keeping of their personal information to Defendant. Accordingly, Defendant's conduct also was "fraudulent" within the meaning of the UCL.

52.     Because of Defendant's violations of the UCL, Plaintiff and the Class have suffered injury-in-fact and have lost money or property. Plaintiff and the Class are entitled to

restitution, disgorgement, an injunction, declaratory, and other equitable relief for such unlawful practices to prevent future harm for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**Violation of the California Consumers Legal Remedies Act
Cal. Civ. Code § 1750, *et seq.***

53.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54.     California's Consumers Legal Remedies Act ("CLRA") has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The self-declared purposes of the CLRA are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

55.     Defendant is a "person" as defined by Civil Code section 1761(c), because it is a corporation, as set forth above.

56.     Plaintiff and Class members are "consumers" within the meaning of Civil Code section 1761(d).

57.     The Zoom App used by Plaintiff and the Class constitute "goods" and "services" within the meaning of Civil Code section 1761(a).

58.     Plaintiff and the Class's download, installation and/or use of Defendant's Zoom App constitute "transactions," as defined by Civil Code section 1761(e).

59.     Plaintiff and Class members downloaded the Zoom App from Defendant for personal, family, and household purposes, as defined by Civil Code section 1761(d).

60.    Venue is proper under Civil Code section 1780(d) because a substantial portion of the conduct at issue occurred in this District and Defendant resides in this District. A declaration pursuant to Civil Code section 1780(d) is attached to this Complaint.

61.    As described herein, Defendant's practices constitute violations of California Civil Code Section 1770 in at least the following respects:

A.    In violation of section 1770(a)(5), Zoom misrepresented that the Zoom App had characteristics, benefits, or sues that it does not have.  Zoom represented it was preventing unauthorized access and disclosure of users' personal information when in fact it does not;

B.    In violation of section 1770(a)(7), Zoom misrepresented the Zoom App was of a particular standard, quality, or grade.  Zoom represented it was preventing unauthorized access and disclosure of users' personal information when in fact it does not;

C.    In violation of section 1770(a)(9), Zoom advertised the Zoom App with an intent not to sell it as advertised.  Zoom advertised its app as secure from unauthorized disclosure users' personal information, when in fact it is not; and

D.    In violation of section 1770(a)(16), Zoom misrepresented that the Zoom App was supplied in accordance with previous representations when it was not.  Zoom represented it was preventing unauthorized access and disclosure of users' personal information when in fact it does not.

62.    Defendant's misrepresentations regarding the Zoom App were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether to download, install, open and/or use the Zoom App.

63.     Plaintiff and Class members relied upon Defendant's material misrepresentations and would have acted to protect their personal information had they known the truth.

64.     As a direct and proximate result of Defendant's material misrepresentations, Plaintiff and Class members have been irreparably harmed.

65.     In accordance with Civil Code section 1782(a), Plaintiff's counsel has served Defendant with notice of these CLRA violations by certified mail, return receipt requested.

66.     On behalf of Class members, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from making such material misrepresentations and to engage in corrective advertising to alert consumers of its prior misrepresentations. If Defendant fails to respond to Plaintiff's notice letter, or fails to rectify the violations detailed above and to give adequate notice to all affected consumers within 30 days of the date of written notice, Plaintiff also will seek actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief the Court deems proper as a result of Defendant's CLRA violations.

### FOURTH CLAIM FOR RELIEF
#### Negligence

67.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

68.     Defendant developed, marketed, sold, and distributed the Zoom App to Plaintiff and Class members with full awareness of the purpose for which the Zoom App was being used, as well as its users' expectation that Zoom would protect its users' personal information in accordance with its posted Privacy Policy.

69.     Defendant owed duties to Plaintiff and Class members arising from the sensitivity of Plaintiff's and Class members' information and privacy rights the Zoom app was designed to secure and protect, and to exercise reasonable care in safeguarding such information and privacy rights. These duties include, but are not limited to: designing, maintaining, implementing,

monitoring, testing, and complying with reliable security systems, protocols, and practices to ensure that Plaintiff's and Class members' Zoom App was adequately secured and not disclosing their personal information to unauthorized parties without their informed and knowing consent.

70.     Defendant breached its duties by, among other things, (1) failing to implement and maintain reasonable security protections and protocols, and (2) knowingly disclosing users' personal information to third parties for analytics and marketing purposes without adequate disclosure to and consent from its customers.

71.     But for Defendant's breaches of its duties, Plaintiff's and Class members' Zoom App would be protected from unauthorized disclosures, and Plaintiff's and Class members' personal information would not have been compromised and/or obtained by third parties without consent.

72.     Plaintiff and Class members were foreseeable victims of Defendant's wrongful conduct complained of herein.  Defendant knew or should have known that its failure to implement reasonable protocols to adequately secure the Zoom App and restrict third-party access to users' personal information would cause damages to Plaintiff and Class members.

73.     As a result of Defendant's negligent failures, Plaintiff and Class members suffered injury, which includes, but is not limited to exposure to heightened, imminent risk of unauthorized access to their personal information. Plaintiff and Class members must more closely monitor their personal information that Defendant caused to be compromised.

74.     The damages to Plaintiff and Class members were a proximate, reasonably foreseeable result of Defendant's breaches of its duties.

75.     Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Invasion of Privacy and Violation of the California Constitution, Art. 1, § 1

76.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

77.     Plaintiff and Class members have a legally protected privacy interest in their personal information that is transferred to or recorded by the Zoom App and are entitled to the protection of their information against unauthorized access.

78.     Plaintiff and Class members reasonably expected that the Zoom App would be protected and secure from unauthorized parties and that their personal information would not be disclosed to any unauthorized parties or disclosed for any improper purpose.

79.     Defendant unlawfully invaded the privacy rights of Plaintiff and Class members by (a) failing to adequately secure their personal information from disclosure to unauthorized parties for improper purposes; (b) disclosing their personal information to unauthorized parties in a matter that is highly offensive to a reasonable person; and (c) disclosing their personal information to unauthorized parties without the informed and clear consent of Plaintiff and Class members.  This invasion into the privacy interest of Plaintiff and Class members is serious and substantial.

80.     In failing to adequately secure Plaintiff's and Class members' personal information, Defendant acted in reckless disregard of their privacy rights. Defendant knew or should have known that their substandard security measures are highly invasive and offensive to a reasonable person in the same position as Plaintiff and Class members.

81.     Defendant violated Plaintiff's and Class members' right to privacy under California law, including, but not limited to, Article 1, Section 1 of the California Constitution and the California Consumer Privacy Act.

82.     As a direct and proximate result of Defendant's unlawful invasions of privacy, Plaintiff's and Class members' personal information has been disclosed and their reasonable expectations of privacy have been intruded upon and frustrated.  Plaintiff and proposed Class members have suffered injuries as a result of Defendant's unlawful invasions of privacy and are entitled to appropriate relief.

83.     Plaintiff and Class members are entitled to injunctive relief as well as actual and punitive damages.

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment)

84.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

85.     Defendant charges it users various fees for different levels of the Zoom App services.

86.     As a direct and proximate result of the unlawful conduct described above, Defendant has been and will continue to be unjustly enriched. Defendant's unlawful acts include the collection and unauthorized transfer of personal user data to third parties, including Facebook, for economic gain.

87.     Defendant has benefited from its unlawful acts and it would be inequitable for Defendant to be permitted to retain any of the ill-gotten gains resulting from the functionalities of its video conferencing application and platform.

88.     Plaintiff and members of the Class are entitled to the amount of Defendant's ill-gotten gains resulting from its unlawful, unjust and inequitable conduct.  Plaintiff and members of the Class are entitled to the establishment of a constructive trust consisting of Defendant's ill-gotten gains.

89.     Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that:

1.      The Court determine that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiff's claims for injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and declaring Plaintiff as the representative of the Class and his counsel as counsel for the Class;

2.      The Court declare the conduct alleged herein to be unlawful in violation of California's Unfair Competition Law, the Consumers Legal Remedies Act, and the California Consumer Privacy Act and the common laws of negligence, invasion of privacy, and unjust enrichment;

3.      Plaintiff and each member of the Class recover statutory damages to the extent they are available under the California Consumer Privacy Act;

4.      Plaintiff and each member of the Class recover punitive and treble damages to the extent such are provided by the law;

5.      Plaintiff and each member of the Class recover the amounts by which the Defendant has been unjustly enriched through its conduct;

6.      Defendant be enjoined from continuing the illegal activities alleged herein;

7.      Plaintiff and the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law;

8.      Pre- and post-judgment interest, to the extent allowable; and

9.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

1    Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by

2  jury as to all issues so triable.

3  Dated: March 30, 2020                    Respectfully submitted,

4

5                                           */s/ Mark J. Tamblyn*
                                            Mark J. Tamblyn
6                                           **WEXLER WALLACE LLP**
                                            333 University Avenue, Suite 200
7                                           Sacramento, California 95825
                                            Telephone: (916) 565-7692
8                                           *mjt@wexlerwallace.com*

9
                                            Kenneth A. Wexler
10                                          Jason J. Keener
                                            **WEXLER WALLACE LLP**
11                                          55 W. Monroe Street, Suite 3300
                                            Chicago, Illinois 60603
12                                          Telephone: (312) 346-2222
                                            *kaw@wexlerwallace.com*
13                                          *jjk@wexlerwallace.com*

14
                                            Daniel E. Gustafson
15                                          David A. Goodwin
                                            Ling S. Wang
16                                          **GUSTAFSON GLUEK PLLC**
                                            Canadian Pacific Plaza
17                                          120 South Sixth Street, Suite 2600
                                            Minneapolis, MN 55402
18                                          Telephone: (612) 333-8844
                                            *dgustafson@gustafsongluek.com*
19                                          *dgoodwin@gustafsongluek.com*
                                            *lwang@gustfsongluek.com*
20

21                                          **Attorneys for Plaintiff and the Proposed Class**

22

23

24

25

26

27

28

## DECLARATION PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)

I, Mark J. Tamblyn, declare as follows:

1.      I am an attorney with the law firm of Wexler Wallace LLP, counsel for Plaintiff in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California.

2.      Venue is proper in this Court, pursuant to California Civil Code section 1780(d), because Plaintiff suffered injuries as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendant: (1) is authorized and registered to conduct business in this District; (2) has intentionally availed itself of the laws and markets of this District through the distribution and sale of its goods or services in this District, and its own selection of this District as a forum; and (3) is subject to personal jurisdiction in this District.

I declare under penalty of perjury under the laws of the United States and the State of California the foregoing is true and correct and that this declaration was executed on March 30, 2020 in Sacramento, California.

/s/ *Mark J. Tamblyn*
Mark J. Tamblyn