COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
DANIELLE C. PIERRE (300567)
(dpierre@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
EVAN G. SLOVAK (319409)
(eslovak@cooley.com)
101 California Street, 5th Floor
San Francisco, California  94111-5800
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:20-cv-02155-LHK<br><br>**DEFENDANT ZOOM VIDEO COMMUNICATIONS, INC.'S STATEMENT OF NON-OPPOSITION TO PLAINTIFF CULLEN'S ADMINISTRATIVE MOTION TO RELATE CASES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK

## I.   INTRODUCTION

Zoom Video Communications, Inc. ("Zoom") hereby submits this Statement of Non-Opposition to Plaintiff's Administrative Motion to Relate Cases filed in this case ("*Cullen*") on April 8, 2020 (Dkt No. 21).  Zoom is now a named defendant in three separate putative privacy class actions, including this one, filed in the United States District Court for the Northern District of California.[1]  Additionally, Zoom is a named defendant in at least one putative privacy class action filed in the United States District Court for the Central District of California.[2]  Each arises from and relates to Zoom's alleged failure to protect the personal information of its users.

The administrative motion seeks to relate, pursuant to Civil Local Rule 3-12, the above-captioned nationwide putative class action, which was filed on March 30, 2020, and the related putative nationwide class action entitled *Taylor v. Zoom Video Communications, Inc.*, Case No. 5:20-cv-02170-SVK ("*Taylor*"), which was filed on March 31, 2020.  Zoom does not oppose relating this case and *Taylor*, and having *Taylor* transferred and re-assigned to this Court because: (1) Taylor is a putative class member under Cullen's class definition, (2) both complaints, at their core, allege that Zoom violated California law by collecting and disclosing users' personal information to third parties, (3) there is a potential for unduly burdensome duplication of effort and conflicting rulings.  The same is true for the other above-mentioned cases.  Regardless of whether the cases will ultimately be consolidated, it makes no sense for them to proceed separately before different Judges.  Thus, judicial and party economy and the Civil Local Rules dictate that the cases should be related.

---

[1] On April 8, 2020, a third putative class action was filed by plaintiff Lisa T. Johnston against Zoom in this District, captioned as *Lisa T. Johnston v. Zoom Video Communications*, Inc., No. 5:20-cv-02376 ("*Johnston*") (Dkt. No. 1), alleging substantially the same factual allegations and claims against Zoom.  Zoom expects that Cullen will also file an administrative motion to relate *Johnston* to *Cullen* and *Taylor*, which Zoom does not oppose.

[2] On April 3, 2020, plaintiff Lisa Ohlweiler filed a putative class action against Zoom in the Central District of California, captioned as *Lisa Ohlweiler v. Zoom Video Communications, Inc.*, No. 2:20-cv-03165 (Dkt. No. 1), alleging substantially the same factual allegations and claims against Zoom.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK

## II.  PROCEDURAL BACKGROUND

On March 30, 2020, plaintiff Robert Cullen ("Cullen") filed this putative class action against Zoom, captioned as *Robert Cullen v. Zoom Video Communications, Inc.*, No. 5:20-cv-02155. (Dkt. No. 1). Cullen defined his proposed class as:

> All persons and businesses in the United States whose personal information or private information was collected and/or disclosed by Zoom to a third party upon installation or opening of the Zoom video conference application (the "Class").

(*Id.* ¶ 22).

On March 31, 2020, plaintiff Samuel Taylor ("Taylor") filed a putative class action against Zoom, captioned as *Samuel Taylor v. Zoom Video Communications, Inc.*, No. 5:20-cv-02170. (Dkt. No. 1). Taylor defined his proposed class as:

> All persons who used the Zoom app for iOS during the applicable limitations period.

(*Id.* ¶ 65). Like Cullen's complaint, Taylor's complaint also alleges, *inter alia*, that Zoom's alleged conduct violates (1) the California Consumer Privacy Act ("CCPA"), (2) California's Unfair Competition Law ("UCL"), (3) California's Consumer Legal Remedies Act ("CLRA"), and (4) common law negligence. (*Id.* ¶¶ 89, 96-97, 99, 130-132).

On April 8, 2020, Cullen filed a Motion to Consider Whether the Cases Should Be Related. (Dkt. No. 21).

## III.  ZOOM DOES NOT OPPOSE CULLEN'S MOTION TO RELATE THE CASES

Civil Local Rule 3-12 provides that actions are related when "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Here, the *Cullen* and *Taylor* putative class actions satisfy the definition for related cases because (1) Taylor is a putative class member under Cullen's class definition, (2) both complaints, at their core, allege that Zoom violated California law by collecting and disclosing users' personal information to third parties, and (3) there is a potential for unduly burdensome duplication of effort and conflicting rulings.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK

### A.     Substantially the Same Parties.

The actions concern substantially the same parties because Cullen's broad class definition encompasses Taylor as a putative class member. Cullen's class definition, which includes any individual "whose personal information or private information was collected and/or disclosed by Zoom to a third party . . ." (*Cullen* Compl. ¶ 22), subsumes Taylor's claims because Taylor alleges that "[h]e was harmed when Zoom disclosed his [personal information] to third parties without his consent." (*Taylor* Compl. ¶ 9). Moreover, Taylor's class definition substantially overlaps with Cullen's definition because it covers "all persons who used [Zoom] during the applicable limitations period", which, by definition, includes all persons, like Cullen and Taylor, who allegedly had their personal or private information disclosed. (*Taylor* Compl. ¶ 65). And both plaintiffs name Zoom as a defendant. This substantial overlap of parties, and competing classes, counsels in favor of relating the cases.

### B.     Substantially the Same Transactions or Events.

Both complaints arise from and relate to Zoom's alleged failure to protect the personal information of its users. The gravamen of both complaints is that Zoom engaged in allegedly illegal conduct by collecting and disclosing users' personal information to third parties without their consent. (*Cullen* Compl. ¶ 13-14, *Taylor* Compl. ¶ 31). And, both complaints seek to remedy this purportedly unlawful conduct through, *inter alia*, the same legal theory of alleged violations under the CCPA, UCL, CLRA and common law negligence, and pursue relief based on the same theory of unjust enrichment. (*Cullen* Compl. ¶¶ 33-34, 49-50, 61-62, 70, 87; *Taylor* Compl. ¶¶ 89, 96-97, 99, 115-116, 130-132).

Although both complaints also include some additional, non-overlapping state law claims,[3] as discussed above, each of the cases arise from and involve the same subject matter—Zoom's alleged failure to protect the personal information of its users. The actions involve and require an understanding of, among other things, the way Zoom collects and discloses users' personal

---

[3] *Cullen* alleges the following additional claim against Zoom: California Constitution, invasion of privacy. (Dkt. No. 1, ¶¶ 79-81). *Taylor* alleges the following additional claims against Zoom: (1) breach of implied contract and (2) common law invasion of privacy. (Dkt. No. 1, ¶¶ 110, 123-124).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK

information.  The putative class actions are thus related because they concern substantially the same transaction or events.

### C. Potential for Unduly Burdensome Duplication of Labor and Expense and Potential for Conflicting Rulings.

Failure to relate the cases will result in unduly burdensome duplication of labor at great expense to Zoom.  Zoom would be subjected to significant defense costs two times over, including, but not limited to, filing motions attacking the pleadings, and potentially propounding and responding to duplicative discovery, opposing class certification, litigating summary judgment, and at trial.  Because both cases arise from substantially the same subject matter, any discovery in the putative class actions will undoubtedly involve overlapping witnesses and documents.

Moreover, allowing the actions to proceed separately would impose an unnecessary burden on judicial economy and could result in conflicting rulings.  Different Judges would be tasked with resolving the same or similar issues relating to the pleadings, discovery, class certification, dispositive motions, and trial.  Because the cases are putative class actions involving substantially the same subject matter, the potential exists for conflicting rulings on, at a minimum, class certification.  Indeed, allowing the cases to proceed separately creates the potential for conflicting rulings at every stage of the cases, including the ultimate issues pled in each—whether Zoom's alleged conduct violates the CCPA, UCL, CLRA and/or common law negligence.  This potential for duplicative effort or an incongruous result weighs in favor of relating the cases.

///
///
///
///
///
///
///
///
///

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK

## IV. CONCLUSION

In sum, Cullen's Motion should be granted because *Cullen* and *Taylor* involve substantially the same facts and questions of law, are based on substantially the same alleged conduct, make nearly identical factual allegations, assert many of the same claims, and seek to be maintained as overlapping or competing class actions.

Dated: April 13, 2020

Respectfully submitted,

COOLEY LLP

MICHAEL G. RHODES (116127)
TRAVIS LEBLANC (251097)
KATHLEEN R. HARTNETT (314267)
DANIELLE C. PIERRE (300567)
JOSEPH D. MORNIN (307766)
EVAN G. SLOVAK (319409)

By:   /s/ *Michael G. Rhodes*
         Michael G. Rhodes

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

223843956

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT ZOOM'S NON-OPPOSITION TO
MOTION TO RELATE CASES
CASE NO. 5:20-CV-02155-LHK