EMILY JOHNSON HENN (SBN 269482)
 E-mail: EHenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

AMY S. HEATH (SBN 312516)
 E-mail: AHeath@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 955-6530

Attorneys for Defendant Facebook, Inc.

ANNA HSIA (SBN 234179)
 E-mail: Anna@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

Attorneys for Defendant
LinkedIn Corporation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| ROBERT CULLEN, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS, INC.,<br><br>     Defendant. | Case No.    5:20-cv-02155-LHK<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| TODD HURVITZ, individually, and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>FACEBOOK, et al.,<br><br>     Defendants. | Case No.    4:20-cv-03258-DMR |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 3-12 and 7-11, Defendants

3   Facebook, Inc. and LinkedIn Corporation in *Hurvitz v. Facebook, et al.*, No. 4:20-cv-03258-

4   DMR, submit this Administrative Motion for the Court to consider whether *Hurvitz* should be

5   related to *Cullen v. Zoom Video Communications, Inc.*, No. 5:20-cv-02155-LHK.[1]

6   **I.    BACKGROUND**

7       On March 30, 2020, Robert Cullen filed a class action complaint against Zoom Video

8   Communications, Inc. ("Zoom") alleging that Zoom failed to protect its users' information by

9   disclosing it to third parties, including Facebook. *See Cullen*, ECF No. 1 ("*Cullen* Compl.").

10      Since Cullen filed his complaint, at least 15 other similar actions have been filed against

11  Zoom, not including *Hurvitz*. So far, this Court has determined that 12 of these actions are

12  related. *See Cullen*, Orders Granting Administrative Motions to Consider Whether Cases Should

13  Be Related, ECF Nos. 51, 52 (May 18, 2020); 43, 44 (May 7, 2020); Order Granting Stipulation

14  to Relate Cases, ECF No. 28 (Apr. 24, 2020).[2] Motions or sua sponte referrals to consider

15  whether the cases are related are pending in two cases,[3] and the remaining case is pending

16  transfer from the Central District of California.[4]

17  ──────────────────

[1] Citations to *Cullen* refer to the docket in No. 5:20-cv-02155-LHK. Citations to *Hurvitz* refer to
18  the docket in No. 4:20-cv-03258-DMR.

19  [2] Cases that have been related include: (1) *Cullen v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02155-LHK; (2) *Taylor v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02170-LHK; (3) *Johnston v.*
20  *Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02376-LHK; (4) *Kondrat, et al. v. Zoom Video Commc'ns, Inc.*, No 5:20-cv-02520-LHK; (5) *Lawton v. Zoom Video Commc'ns, Inc.*, No. 5:20-
21  cv-02592-LHK; (6) *Jimenez v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02591-LHK; (7) *Hartmann v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02620-LHK; (8) *Henry v. Zoom Video*
22  *Commc'ns, Inc.*, No. 5:20-cv-02691-LHK; (9) *Simins v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02893-LHK; (10) *Buxbaum v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02939-LHK; (11)
23  *Gens v. Zoom Video Commc'ns, Inc.*, No. 4:20-cv-03078-KAW; and (12) *Kirpekar v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-03042-NC.

24  [3] *See Cullen*, Administrative Motion to Consider Whether Cases Should Be Related, ECF No. 36
25  (Apr. 30, 2020) (seeking to relate *Greenbaum v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-02861-NC, to *Cullen*); Order of Referral for Purposes of Determining Relationship, ECF No. 50
26  (May 15, 2020) (seeking determination of whether *Saint Paulus Lutheran Church v. Zoom Video Commc'ns, Inc.*, No. 5:20-cv-03252-BLF, relates to *Cullen*).

27  [4] *See Ohlweiler v. Zoom Video Commc'ns, Inc.*, No. 20-cv-03165-SVW-JEM, Order Granting
28  Stipulated Transfer to Northern District, ECF No. 18 (C.D. Cal. May 13, 2020).

1    On April 13, 2020, Todd Hurvitz filed a class action complaint against Zoom, Facebook,

2  and LinkedIn in the Central District of California alleging that Zoom and the other defendants

3  failed to disclose to Zoom users that user information was being transmitted to Facebook and

4  LinkedIn, purportedly without user consent. Hurvitz asserted claims arising under California law,

5  including for invasion of privacy under Article 1, Section 1 of the California Constitution,

6  violation of California's Unfair Competition Law, and unjust enrichment, among other causes of

7  action. He sought to represent both nationwide and California putative classes of Zoom users.

8  *See Hurvitz*, ECF No. 1.

9    Noting that "several other actions alleging similar claims have already been filed in the

10  Northern District of California," and citing *Cullen* and other such cases, Judge Percy Anderson,

11  on April 15, 2020, ordered Hurvitz to show cause why venue was proper in the Central District

12  and why the case should not be dismissed or transferred pursuant to 28 U.S.C. §§ 1404 or 1406.

13  *See Hurvitz*, Show Cause Order, ECF No. 15, at 1-2.

14    On April 23, 2020, Cullen filed a Notice of Pendency of Other Actions that identified

15  *Hurvitz* as "involv[ing] the same or similar issues arising in [*Cullen*]," including "Zoom's failure

16  to adequately safeguard consumers' personal information, and its practice of providing that

17  information to third parties without obtaining its customers' consent." *Cullen*, Notice of

18  Pendency of Other Actions, ECF No. 25, at 4-5. Cullen also noted that the class definitions in

19  *Cullen* and *Hurvitz* "are similar and overlapping" and that both cases raise claims for unjust

20  enrichment, invasion of privacy, and violation of the Unfair Competition Law. *Id.* at 5.

21    On April 27, 2020, Hurvitz responded to Judge Anderson's Show Cause Order, seeking to

22  remain in the Central District. *See Hurvitz*, Plaintiff's Response to Order to Show Cause, ECF

23  No. 29.

24    On May 7, 2020, Hurvitz opposed Cullen's Notice of Pendency of Other Actions. *Cullen*,

25  Todd Hurvitz's Statement Opposing Notice of Pendency of Other Civil Actions, ECF No. 42.

26  Hurvitz argued that the defendants and causes of action were not identical between his case and

27  Cullen's, nor were the theories of liability. According to Hurvitz, Cullen alleges that Zoom

28  voluntarily disclosed the user information to Facebook, LinkedIn, and other third parties, whereas

Hurvitz alleges that Facebook, LinkedIn, and other third parties accessed the data without permission. *See id.* at 3. Hurvitz also noted that his counsel's attempts to coordinate with counsel for the related cases "were largely ignored or met with hostility." *Id.*

On May 11, 2020, Zoom, Facebook, and LinkedIn responded to the Show Cause Order in support of transfer to the Northern District. *See Hurvitz,* ECF Nos. 34 (Zoom), 36 (Facebook), 38 (LinkedIn). One day later, on May 12, Hurvitz filed a First Amended Complaint and voluntarily dismissed Zoom without prejudice. *See Hurvitz,* ECF Nos. 39 ("FAC"), 40 (Voluntary Dismissal). In the FAC, Hurvitz purports to expand the scope of his claims beyond Zoom to include other third-party applications that use the Login with Facebook feature or LinkedIn's Sales Navigator API, but Zoom remains the only third-party application that he identifies by name. *See, e.g.,* FAC ¶¶ 3-5, 29, 34, 40, 45, 81, 91.

Later that same day, Judge Anderson ordered the case be transferred to the Northern District for the interest of justice and the convenience of the parties and witnesses, despite what he called Hurvitz's "rather transparent attempt to avoid transfer to the Northern District." *See Hurvitz,* Court Order, ECF No. 41, at 2, 4. Judge Anderson further stated that "nothing would prevent Plaintiff from reasserting a claim against Zoom at a later date," that "both LinkedIn and Facebook are headquartered" in the Northern District, and that "Plaintiff has apparently agreed to the terms of service of those entities that provide for venue in the Northern District." *Id.* at 4.

## II.   ARGUMENT

Local Rule 3-12 provides that "an action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Both conditions are satisfied here.

*Cullen, Hurvitz,* and the 11 cases that already have been related to *Cullen* concern substantially the same property, transactions, and events, namely the alleged disclosure of the same Zoom user information to third parties including Facebook and LinkedIn. Cullen and Hurvitz allege that because Zoom used the "Login with Facebook" feature from "Facebook's software development kit ('SDK') for iOS," Facebook obtained the following device information

about Zoom users each time they opened or closed Zoom, whether or not they had Facebook accounts: "Application Bundle Identifier, Application Instance ID, Application Version, Device Carrier, iOS Advertiser ID, iOS Device CPU Cores, iOS Device Disk Space Available, iOS Device Disk Space Remaining, iOS Device Display Dimensions, iOS Device Model, iOS Language, iOS Timezone, iOS Version, and IP Address." *Cullen* Compl. ¶ 20; *see id.* ¶¶ 15-16 (summarizing press reports of information disclosure); *Hurvitz* FAC ¶¶ 29-32 (discussing Login with Facebook feature), ¶ 50 (listing user information at issue). All 11 additional cases related to *Cullen* also allege that Zoom disclosed user device information to Facebook.[5] While Cullen does not explicitly identify LinkedIn as one of third parties to which Zoom allegedly disclosed user information, seven of the cases already related to *Cullen* contain allegations regarding information Zoom disclosed to LinkedIn.[6]

Based on the alleged disclosure of the same user information, both Cullen and Hurvitz assert claims for invasion of privacy under Article 1, Section 1 of the California Constitution, violation of California's Unfair Competition Law, and unjust enrichment, among other causes of action. *See Cullen* Compl. ¶¶ 41-52, 76-89; *Hurvitz* FAC ¶¶ 239-288, 293-312. The cases thus feature substantially similar questions of law, including whether Zoom's, Facebook's, or LinkedIn's privacy policies disclosed the alleged information sharing and whether users have a reasonable expectation of privacy in the types of device data identified above. Proceeding before different judges would thus cause an unduly burdensome duplication of labor and a risk of inconsistent results. *Hurvitz* should therefore be related to *Cullen* and reassigned to this Court.

None of Hurvitz's arguments to the contrary warrant a different result. *See Cullen,* Hurvitz's Statement Opposing Notice of Pendency of Other Civil Actions, ECF No. 42. *First,*

---

[5] *Taylor*, No. 5:20-cv-02170-LHK; *Johnston*, No. 5:20-cv-02376-LHK; *Kondrat*, No 5:20-cv-02520-LHK; *Lawton*, No. 5:20-cv-02592-LHK; *Jimenez*, No. 5:20-cv-02591-LHK; *Hartmann*, No. 5:20-cv-02620-LHK; *Henry*, No. 5:20-cv-02691-LHK; *Simins*, No. 5:20-cv-02893-LHK; *Buxbaum*, No. 5:20-cv-02939-LHK; *Gens*, No. 4:20-cv-03078-KAW; and *Kirpekar*, No. 5:20-cv-03042-NC.

[6] *Johnston*, No. 5:20-cv-02376-LHK; *Lawton*, No. 5:20-cv-02592-LHK; *Jimenez*, No. 5:20-cv-02591-LHK; *Henry*, No. 5:20-cv-02691-LHK; *Simins v*, No. 5:20-cv-02893-LHK; *Buxbaum*, No. 5:20-cv-02939-LHK; and *Gens*, No. 4:20-cv-03078-KAW.

1    while the cases no longer share a defendant, Local Rule 3-12(a)(1) does not require shared

2    parties.  As detailed above, the Rule is satisfied because the cases concern substantially the same

3    property, transactions, and events, and the shared questions of law and fact create a risk of

4    inconsistent rulings.

5         *Second*, the cases need not feature completely identical causes of action to be related.

6    Indeed, several of the cases that have already been related to *Cullen* include causes of action that

7    *Cullen* does not.  *See, e.g.*, *Taylor*, No. 5:20-cv-02170-LHK, ECF No. 1 at ¶¶ 104-12 (breach of

8    implied contract claim); *Jimenez*, No. 5:20-cv-02591-LHK, ECF No. 1 at ¶¶ 105-12 (breach of

9    implied warranty of merchantability claim); *Lawton*, No. 5:20-cv-02592-LHK, ECF No. 1 at

10   ¶¶ 70-88 (fraud and False Advertising Law claims).  In any event, *Hurvitz's* FAC asserts the

11   majority of *Cullen*'s claims.

12        *Third*, Hurvitz argues that his theory of the case differs from Cullen's, but this purported

13   difference does not change the fact that the cases arise out of the same events, assert overlapping

14   claims, seek to represent overlapping classes, and share common questions of law.  The interest

15   of judicial economy will be served by both cases being heard by the same Judge.

16        *Fourth*, Hurvitz argues that his counsel and counsel for the related cases have not gotten

17   along.  This is not a relevant factor under Local Rule 3-12.

18        *Finally,* Hurvitz's attempt to expand the scope of his case beyond Zoom has no practical

19   effect, because Zoom remains the only third-party application that he identifies.  The factual

20   inquiry will thus necessarily focus on Zoom, just as it will in *Cullen* and the already-related cases.

21   **III.   CONCLUSION**

22        *Cullen*, *Hurvitz*, and the 11 other cases already related to *Cullen* concern substantially the

23   same property, transactions, and events: the purported disclosure of Zoom user data to third

24   parties including Facebook and LinkedIn.  They share overlapping putative classes and common

25   questions of fact and law.  As a result, proceeding before different Judges would cause an unduly

26   burdensome duplication of effort and risk inconsistent rulings.  *Hurvitz* should be related to

27   *Cullen* and reassigned to this Court for all purposes.

28

Respectfully submitted,

Dated: May 19, 2020                 COVINGTON & BURLING LLP

                                    By:   /s/ Emily Johnson Henn
                                          Emily Johnson Henn

                                          Attorneys for Defendant Facebook, Inc.

Dated: May 19, 2020                 ZWILLGEN LAW LLP

                                    By:   /s/ Anna Hsia
                                          Anna Hsia

                                          Attorneys for Defendant
                                          LinkedIn Corporation

## FILER'S ATTESTATION

I, Emily Johnson Henn, am the ECF user whose identification and password are being used to file this Administrative Motion to Consider Whether Cases Should Be Related. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories listed in the Motion concur in this filing.

DATED: May 19, 2020                 COVINGTON & BURLING LLP

                                    By:   /s/ Emily Johnson Henn
                                          Emily Johnson Henn

                                          Attorneys for Defendant Facebook, Inc.