EMILY JOHNSON HENN (SBN 269482)
 E-mail: EHenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

AMY S. HEATH (SBN 312516)
 E-mail: AHeath@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: (415) 591-6000
Facsimile: (415) 955-6530

ERIC C. BOSSET (*pro hac vice* application forthcoming)
 E-mail: EBosset@cov.com
LAURA BROOKOVER (*pro hac vice* application forthcoming)
 E-mail: LBrookover@cov.com
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Defendant Facebook, Inc.

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Master File No.   5:20-cv-02155-LHK<br><br>**ADMINISTRATIVE MOTION TO CLARIFY CASE STATUS OR TO CONSOLIDATE ACTIONS** |
| TODD HURVITZ, individually, and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>FACEBOOK, et al.,<br><br>   Defendants. | Case No.   4:20-cv-03258-JD |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-11, Defendants Facebook, Inc. and LinkedIn Corporation in *Hurvitz v. Facebook, et al.*, No. 4:20-cv-03258-JD, submit this Administrative Motion seeking confirmation that *Hurvitz* is subject to the May 28, 2020 Order to Consolidate Actions and Set Scheduling Deadlines ("the Consolidation Order"). *See Cullen v. Zoom Video Commc'ns, Inc.*, Case No. 5:20-cv-02155-LHK, ECF No. 62 (N.D. Cal. May 28, 2020).[1] In the alternative, Facebook and LinkedIn move to consolidate *Hurvitz* with the actions already consolidated under the caption *In re Zoom Video Communications, Inc. Privacy Litigation*, Master File No. 5:20-cv-02155-LHK, pursuant to Paragraph 4 of the Consolidation Order.

**I.   BACKGROUND**

On March 30, 2020, Robert Cullen filed a class action complaint against Zoom Video Communications, Inc. ("Zoom") alleging that Zoom failed to protect its users' information by disclosing it to third parties, including Facebook. *See Cullen*, ECF No. 1. Since Cullen filed his complaint, at least 16 other similar actions have been filed, including *Hurvitz*. So far, this Court has determined that 15 of these actions are related, including *Hurvitz*. *See Cullen*, Orders Granting Administrative Motions to Consider Whether Cases Should Be Related, ECF Nos. 61 (May 28, 2020); 56 (May 20, 2020); 51, 52 (May 18, 2020); 43, 44 (May 7, 2020); Order Relating Cases, ECF No. 54 (May 20, 2020); Order Granting Stipulation to Relate Cases, ECF No. 28 (Apr. 24, 2020).

Specifically, on May 28, 2020, the Court found that *Hurvitz* and *Cullen* "concern substantially the same parties, property, transactions or events," granted the Administrative Motion, and ordered that *Hurvitz* be related to *Cullen* and be reassigned accordingly. ECF No. 61. Following its order relating *Hurvitz*, the Court then ordered per stipulation the pre-trial consolidation of enumerated actions "and any other action arising out of the same or similar

---

[1] Citations to *Cullen* refer to the docket in No. 5:20-cv-02155-LHK. Citations to *Hurvitz* refer to the docket in No. 4:20-cv-03258-JD.

operative facts now pending" in the Northern District.  ECF No. 62 at 7, ¶ 1 ("Consolidation Order").

After the Court issued these orders relating *Hurvitz* and consolidating cases, counsel for Hurvitz emailed counsel for Facebook and LinkedIn to schedule a Rule 26(f) conference. *See* Declaration of Emily Johnson Henn in Support of Administrative Motion to Clarify Case Status or to Consolidate Actions at ¶¶ 2-4.  In response to Hurvitz's counsel, counsel for Facebook, joined by counsel for LinkedIn, stated their understanding that the Court's Consolidation Order applied to *Hurvitz*, and it was therefore appropriate to await the consolidated amended complaint before conducting the Rule 26(f) conference. *See id.* at ¶ 5.  Counsel for Hurvitz was asked to confirm by 2:00 PM PT whether Hurvitz agreed that the Consolidation Order applied by its terms to the instant action. *See id.* at ¶ 6.  Counsel for Hurvitz disagreed that *Hurvitz* has been or should be consolidated. *See id.* at ¶¶ 6-7.

As a result, Facebook and LinkedIn submit this Administrative Motion to confirm that *Hurvitz* is subject to the Consolidation Order or, in the alternative, to move for consolidation.

## II. ARGUMENT

Federal Rule of Civil Procedure 42(a) states that a court can consolidate actions that "involve a common question of law or fact."  Paragraph 1 of the Consolidation Order provides that "[t]he *Cullen*, *Taylor*, *Johnston*, *Gens*, *Kondrat*, *Lawton*, *Jimenez*, *Hartmann*, *Henry*, *Greenbaum*, *Simins*, *Buxbaum*, *Kirpekar*, and *Saint Paulus* actions currently pending before this Court **and any other action arising out of the same or similar operative facts now pending** or hereafter filed in, removed to, or transferred to this District **shall be consolidated for pre-trial purposes** pursuant to Fed. R .Civ. P. 42(a) before the Honorable Lucy H. Koh (hereafter "the Consolidated Action")." *See* Consolidation Order, ECF No. 62 at 7, ¶ 1 (emphasis added). Paragraph 4 contemplates that actions "**subsequently** filed, transferred or removed to this Court that arise[] out of the same or similar operative facts" will be consolidated, subject to the Court's approval. *Id.* at 8, ¶ 4 (emphasis added).

Under the plain language of Paragraph 1, the Consolidation Order applies to *Hurvitz*. *Hurvitz* arises out of the "same or similar facts" as the Consolidated Action, as confirmed by the

Court's order relating *Hurvitz* to *Cullen*. *See* ECF No. 61 (finding that *Hurvitz* and *Cullen* "concern substantially the same parties, property, transactions or events"). *Hurvitz* was pending in the Northern District and had already been related to *Cullen* when the Court entered the Consolidation Order. *See* ECF No. 61 (order relating cases); ECF No. 62 (Consolidation Order). As a result, *Hurvitz* "shall be consolidated for pretrial purposes" with the Consolidated Action. *See* Consolidation Order at 7, ¶ 1. The Court should therefore grant this Administrative Motion confirming that *Hurvitz* is subject to the Consolidation Order and that Facebook and LinkedIn need not respond to the *Hurvitz* First Amended Complaint. *See* Consolidation Order at 9, ¶ 6(c) ("Zoom and any additional defendants named in future Related Actions need not file a response to the complaint in each Related Action and instead will answer, move or otherwise respond to the Consolidated Complaint no later than forty-five (45) days following service of the Consolidated Complaint.").

In the alternative, and in the event that Paragraph 1 of the Consolidation Order somehow does not apply to *Hurvitz*, the Court should order that *Hurvitz* be consolidated with the Consolidated Action pursuant to Paragraph 4 of the Consolidation Order. As Facebook and LinkedIn explained in their Administrative Motion to Consider Whether Cases Should Be Related, *Hurvitz* and the cases now comprising the Consolidated Action concern common questions of fact, namely the alleged disclosure of the same Zoom user information to third parties including Facebook and LinkedIn. *See* ECF No. 53 at 3-4 (discussing similar allegations related to user device information). They also concern similar questions of law, including whether Zoom's, Facebook's, or LinkedIn's privacy policies disclosed the alleged information sharing and whether users have a reasonable expectation of privacy in the types of device data at issue. *See id.* at 4. Consolidating *Hurvitz* with the Consolidated Action would thus conserve judicial and party resources by eliminating duplicative discovery and streamlining motion practice.

### III. CONCLUSION

Pursuant to Paragraph 1 of the Consolidation Order, *Hurvitz* "shall be consolidated for pretrial purposes" with the Consolidated Action, and the Court should grant this Administrative

1  Motion so confirming. In the alternative, the Court should order that *Hurvitz* be consolidated
2  with the Consolidated Action pursuant to Paragraph 4 of the Consolidation Order because the
3  actions concern common questions of fact and law.

Respectfully submitted,

Dated: June 1, 2020              COVINGTON & BURLING LLP

By:  */s/ Emily Johnson Henn*
     Emily Johnson Henn

Attorneys for Defendant Facebook, Inc.

Dated: June 1, 2020              ZWILLGEN LAW LLP

By:  */s/ Anna Hsia*
     Anna Hsia (SBN 234179)
     E-mail: Anna@zwillgen.com
     ZWILLGEN LAW LLP
     369 Pine Street, Suite 506
     San Francisco, CA 94104
     Telephone: (415) 590-2335
     Facsimile: (415) 636-5965

     Attorneys for Defendant
     LinkedIn Corporation

**FILER'S ATTESTATION**

I, Emily Johnson Henn, am the ECF user whose identification and password are being used to file this Administrative Motion to Consider Whether Cases Should Be Related. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories listed in the Motion concur in this filing.

DATED: June 1, 2020                           COVINGTON & BURLING LLP

                                              By:   */s/ Emily Johnson Henn*
                                                    Emily Johnson Henn

                                                    Attorneys for Defendant Facebook, Inc.