GUTRIDE SAFIER LLP Attorneys at Law

June 4, 2020

**VIA ECF**
The Honorable Lucy H. Koh
United State District Judge
Northern District of California
San Jose Courthouse, Courtroom 8 – 4th Floor
280 South 1st Street, San Jose, CA 95113

Re:   *In re: In Re: Zoom Video Communications, Inc. Privacy Litigation,*
      Master File No. 5:20-cv-02155-LHK

Dear Judge Koh:

Although there are many highly qualified counsel representing the plaintiffs in the consolidated cases, I believe that I would contribute substantially as part of an appointed leadership team. Pursuant to the Consolidation Order (Dkt.# 62), please accept this letter as my application for appointment to serve as interim class counsel.

As a partner at Gutride Safier LLP ("GSLLP"), my practice is focused on class actions in this District; in the last decade, I have served as trial counsel and class counsel in a large number of cases on behalf of consumers alleging unfair business practices and false advertising. I am particularly skilled at managing complex cases and litigation teams, including having managed activities of three co-counsel firms in the *In re Juul* litigation pending before Judge Orrick before the creation of the MDL. I also have represented consumers in novel and challenging class actions, and I have developed particular expertise in defeating motions to compel arbitration and certifying classes in novel cases. I am about to become a first-time mother and will be on maternity leave from June 15 through October 15 but my senior associate Hayley Reynolds, who is returning from her own maternity leave shortly, is prepared to handle this matter with the supervision of my partner Seth Safier during my absence.

**Contribution to the Consolidated Action**

I am lead counsel in *Lawton v. Zoom Video Communications, Inc.* 3:20-cv-02592. While many of the skilled lawyers seeking appointment to leadership have substantial experience with the privacy issues raised by the Zoom cases, I bring expertise about other issues, such as the false advertising claims based on Zoom's misrepresentations about privacy and encryption, and

Hon. Lucy H. Koh
June 4, 2020
Page 2

Zoom's likely defenses about arbitration and classwide damages models. As explained in more detail below, I have extensive experience litigating these issues, including defeating motions to compel arbitration and motions to dismiss; conducting discovery into marketing campaigns; and certifying classes. Although I was not the first to file a proposed class action against Zoom, I identified, investigated, and asserted new claims against Zoom, including that it failed to protect users against webcam hijackers, enabled users to record meetings without consent of other users and to disseminate those recordings on the internet, and leaked users' private email addresses.

**Experience**

Prior to joining GSLLP, I litigated at Quinn Emanuel Urquhart & Sullivan, LLP and Carroll Burdick & McDonough, LLP, both in San Francisco. I graduated from New York University School of Law in 2008, where I was awarded the Sol D. Kapelsohn Convocation Prize, for outstanding writing in the field of labor law. I graduated from Truman State University in 2005. As a college student, I was the 2004 and 2005 national debate champion.

My associate Ms. Reynolds was Deputy County Counsel at the Santa Clara County City Counsel office and a litigation associate at O'Melveny & Myers LLP. She also served as a law clerk to Magistrate Judge Susan Van Keulen. Ms. Reynolds graduated *cum laude* from UC Hastings, College of the Law in 2015 and from the American University with a B.A. in 2009. While at Hastings, Ms. Reynolds was a senior production editor of the Hastings Law Journal, a member of the moot court, and was recognized for her outstanding achievement in pro bono work.

My firm is comprised of other highly talented lawyers, graduates of top law schools and alumni from large defense firms, with experience in complex litigation, that will devote their considerable expertise to this case. Our firm resume is attached.

Since I joined GSLLP in 2013, I and my colleagues have litigated over thirty class actions involving false advertising and unfair business practices. I and my firm have been appointed lead class counsel in cases throughout the country, including many in this District.

Hon. Lucy H. Koh
June 4, 2020
Page 3

(*See* attached resume.) My partner Adam Gutride was recently appointed by Judge Orrick to the Plaintiffs' Steering Committee in the multi-district litigation *In re: JUUL Labs Inc., Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2913-WHO. Mr. Gutride and I have worked cooperatively with other members of the PSC in the MDL to advance the interests of consumer users of the JUUL products, just as I did with the initial counsel who were appointed interim leads before the MDL was created. In March of this year, I (along with Messrs. Safier and Gutride) tried a class action in the complex department of the San Francisco Superior Court (Massullo, J.) against two governmental agencies and a private entity regarding operation of the FastTrak tolling program.

     My experience, as well as my colleagues' at GSLLP, will benefit the class and the prosecution of this case. For example, I have amassed significant experience handling dispositive motion practice in class action cases, managing discovery, including managing ESI production and reviewing hundreds of thousands of pages of documents, deposing employees, and consulting with experts, and obtaining certification of classes. I and GSLLP attorneys have been the forerunners of the effort to invalidate consumer arbitration clauses. For example, in *McArdle v. AT&T Mobility LLC, et al.*, 772 Fed. Appx. 575, No. 17-17246 (9th Cir. June 28, 2019), the Ninth Circuit affirmed an order we had obtained from Judge Wilken—the first such order issued in this District—holding invalid an arbitration agreement that purported to waive the right to public injunctive relief. The Supreme Court recently denied certiorari. During the last two years, I have successfully defeated motions to compel arbitration in three other consumer class actions.

     I and other GSLLP attorneys also have extensive experience litigating questions regarding standing, measuring class damages, and obtaining certification under Rule 23(b)(2). For example, in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017), the Ninth Circuit accepted our argument that purchasers have Article III standing to seek injunctive relief, even after they discover that a product label is false, and we defeated a petition for certiorari in that case as well. Similar standing issues are likely to be implicated in this case.

Hon. Lucy H. Koh
June 4, 2020
Page 4

Further, I and my partners at GSLLP have negotiated and obtained court approval of numerous multi-million-dollar class settlements, involving, among other things, defective tablet computers for children, "flushable" wipes, "extra virgin" olive oil, "real ginger" ale, hidden recurring charges for online services, exorbitant mutual fund fees, and "unlimited" video rental. (*See* resume attached hereto.)

### Commitment and Resources

My firm is prepared to commit the necessary time to serve as interim class counsel and work toward the successful resolution of this litigation for class members, of which a substantial share will be my own time. I will be leaving for maternity leave shortly, but my associate Ms. Reynolds is prepared to handle case responsibilities during my absence with the supervision of Mr. Safier. GSLLP has the financial resources to serve in a leadership role and fund litigation costs. GSLLP routinely advances substantial funds and does nearly all its work on a contingent basis.

### Cooperation

One of my most valuable skills is my ability to efficiently and strategically manage complex projects of any type, utilizing a mix of communication, leadership, and social skills. I will use these skills to work cooperatively with all counsel in this case, including defense counsel. In other recent class actions, GSLLP has been opposite lawyers from Cooley LLP, who are representing Zoom, and Emily Henn of Covington & Burling LLP, who is representing Facebook. Although the cases have been hard fought, I can report, and I am confident that opposing counsel would similarly report, that the cases were litigated professionally, cooperatively, and respectfully, as should be done in all cases.

I am also experienced working with co-counsel on behalf of plaintiffs' classes. I have previously worked with, and/or spoken to, some of the proposed leaders in this consolidated action and have concluded that there are many qualified applicants. I am happy to work cooperatively with any of them to best represent the interests of the classes.

Hon. Lucy H. Koh
June 4, 2020
Page 5

**Other Considerations**

I respectfully submit that diversity and inclusion are two other factors the Court should consider as it assigns leadership roles in this consolidated action, as has been the recent focus in the legal community. *See, e.g.,* Duke Law Center for Judicial Studies Conference, Increasing the Number of Women and Minority Lawyers Appointed to Leadership Positions in Class Actions and MDLs (2017). As a woman and expectant new mother with extensive relevant experience, I would welcome the opportunity to be a part of the leadership team. That team should include a broader cross-section of the legal community, including those like me who have provided extensive support to others but have not yet been selected to serve in a leadership role. My appointment would promote diversity and "next-generation" leadership, without sacrificing the high level of skill, knowledge, and experience required.

Thank you for your consideration of my application. The Court will have before it several applications from exceptional counsel seeking a leadership role in this litigation. For the reasons detailed above, I believe I bring unique strengths to the team and am one of the attorneys best able to represent the interests of the classes.

Sincerely,

Marie A. McCrary