Hassan A. Zavareei (State Bar No. 181547)
Katherine M. Aizpuru (*pro hac vice*)
Mark A. Clifford (*pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com
mclifford@tzlegal.com

Annick M. Persinger (State Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6807
Facsimile: (202) 973-0950
apersinger@tzlegal.com

*Counsel for Plaintiff Samuel Taylor*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Zoom Video Communications, Inc. Privacy Litigation* <br><br> This Document Relates to All Actions | **Case No. 5:20-cv-02155-LHK-SVK** <br><br> **APPLICATION FOR APPOINTMENT OF HASSAN A. ZAVAREEI AS LEAD COUNSEL** |

**INTRODUCTION**

On March 31, 2020, days after news broke that Defendant Zoom Video Communications, Inc. ("Zoom") shared its customers' personal identifying information ("PII") with third parties, including Facebook Inc., without disclosing the practice or first obtaining customers' consent, Plaintiff Samuel Taylor filed suit against Zoom—the second of over a dozen related consumer cases now on file. Since then, multiple media outlets have uncovered numerous other serious security flaws that leave Zoom's customers' personal information, private telephone and videoconference calls, and even passwords vulnerable and exposed to unauthorized access. Indeed, so many Zoom meetings have been interrupted by hackers that the practice even has a name: "Zoom-bombing." The complex nature of a case like this— in which novel privacy and consumer fraud issues will be raised against a well-funded, sophisticated defendant—demands that the plaintiff class be represented by top-tier class counsel.

Hassan A. Zavareei, counsel for Mr. Taylor, requests that the Court appoint him as interim lead counsel under Rule 23(g). Mr. Zavareei, an accomplished privacy and consumer class action attorney, has devoted dozens of hours to investigating and researching the factual and legal bases for this case and has successfully coordinated with the other plaintiffs' attorneys, as well as defense counsel, to consolidate all pending cases and create a roadmap for litigation. As an attorney of color, Mr. Zavareei will bring diversity to leadership of this case. With his expertise in California's consumer protection law and his ability to work effectively with counsel on both sides, Mr. Zavareei is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

**ARGUMENT**

**I.      Mr. Zavareei is well qualified to lead the litigation.**

Over his two-decade career as a class action attorney, Mr. Zavareei has distinguished himself in the areas of consumer fraud, unfair and deceptive business practices, and privacy. He has substantial experience handling class actions and complex litigation and is knowledgeable in the applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). As a graduate of UC Berkeley School of Law and a member of the California bar, Mr. Zavareei is a leading expert on California consumer protection law. He has defeated dozens of motions to compel arbitration and earned a reputation as a tenacious and innovative lawyer.

A leader in creative and aggressive privacy litigation, Mr. Zavareei filed one of the first cases against Ring LLC after media reports broke last December that hackers had gained unauthorized access to Ring indoor security cameras and used them to spy on Ring's customers. *See In re Ring LLC Privacy Litigation*, No. 2:19-cv-10899-MWF-RAO (C.D. Cal.). He has been retained by a dozen consumers across the country whose Ring devices were hacked by nefarious third parties, harassing and traumatizing them and their families. Mr. Zavareei is also spearheading several other data privacy cases in state and federal courts across the country. He represents an applicant for pandemic unemployment insurance on behalf of a class of individuals whose privacy was violated when their personal identifying information ("PII"), including social security numbers, was negligently exposed, *see Alexander v. Deloiite Consulting*, No. 1:20-cv-04129-LJL (S.D.N.Y.); a proposed class that includes minors whose PII was stolen from the Aeries School Information System, which hosts information from school districts, *see D.G. et al. v. Aeries Software, Inc.*, No. 8:20-cv-00995-FMO(ADSx) (C.D. Cal.); consumers whose PII was stolen from online gaming company Zynga, Inc., *see Johnson et al. v. Zynga, Inc.*, No. 3:20-cv-02024 (N.D. Cal.); a resident of Miami, FL on behalf of a class of persons whose PII was stolen when hackers skimmed payment information for online purchases, *see Lopez v. Volusion, LLC*, No. 1:20-cv-21727-FAM (S.D. Fla.); and an Idaho consumer whose PII was taken from his credit union, on behalf of a class of credit union members, *see Lewis v. Idaho Central Credit Union*, No. CV01-20-03733 (Idaho Dist. Ct., Ada Cty.). His firm also represents Facebook users who were subjected to Facebook's deceptive location tracking practices. *See Heeger v. Facebook Inc.*, No. 3:18-cv-6399-JD (N.D. Cal.). And Mr. Zavareei served as co-lead counsel in *Vergara v. Uber Technologies*, a class action under the nation's most important privacy law, the Telephone Consumer Protection Act ("TCPA"), securing a settlement of $20 million for a nationwide class. A highly sought-after speaker on class action issues, Mr. Zavareei has also testified before Congress about the TCPA.

In addition to his growing privacy practice, Mr. Zavareei has also served as lead counsel or co-lead counsel in dozens of consumer class actions and has been appointed class counsel by multiple courts. He is currently serving as co-lead in consolidated proceedings against Fifth Third Bank, and on the Executive Committee in MDL litigation against TD Bank—which just received final approval for a $79 million settlement. As co-lead counsel in *Farrell v. Bank of America*, Mr. Zavareei secured a class action

settlement valued at $66.6 million along with injunctive relief—a result that the court described as a "remarkable" accomplishment achieved through "tenacity and great skill." 327 F.R.D. 422, 432 (S.D. Cal. 2018). In recognition of his expertise in class action litigation, Mr. Zavareei was called upon to testify before the Civil Rules Advisory Committee about class action procedure. He is on the Executive Committee of the Board of Directors of Public Justice, P.C., and served as an editor of Duke Law School's Guidance on New Rule 23 Class Action Settlement Provisions.

Tycko & Zavareei LLP is a leader in diversity in the legal profession. Among its sixteen attorneys, nine are women (including four of the firm's six partners), four are people of color, and several identify as LGBTQ. To support its mission of litigating in the public interest, Tycko & Zavareei offers a unique public interest fellowship program for recent law graduates, where fellows join the firm for two years, and participate in a three-month rotation at a local nonprofit. Tycko & Zavareei has a vibrant Oakland office, and Mr. Zavareei and his colleagues regularly appear before this Court.[1] Mr. Zavareei's commitment to the public interest, expertise in consumer protection and privacy law, willingness to think outside the box, and enthusiasm for novel case theories make him well qualified to lead this litigation.

## II.    Mr. Zavareei has already invested substantial resources in this case.

Mr. Zavareei has spent significant resources in this litigation so far. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). He and attorneys at his firm have spent hours interviewing putative class members; investigating media reports of Zoom security events; reviewing Zoom's marketing materials and statements; and researching and developing applicable legal theories and arguments. He has served

---

[1] In addition to those listed above, other current cases pending in this District include *Brickman v. Facebook, Inc.*, No. 3:16-cv-00751-WHO; *Brice et al. v. Rees et al.*, No. 3:18-cv-01200-WHO; *Brice et al. v. Stinson*, No. 3:19-cv-02024-JSC; *Cheney v. Lakeview Loan Servicing*, No. 4:20-cv-03016-DMR; *Condry v. UnitedHealth Group, Inc.*, No. 3:17-cv-00183-VC; *Elbert v. Roundpoint Mortgage Servicing Corp.*, No. 20-cv-00250-MMC; *Chiniz v. Intero Real Estate Services*, No. 5:18-cv-05623-BLF; *Chinitz v. NRT LLC*, NO. 3:19-cv-03309-JD; *Hale v. Natera, Inc.*, No. 3:19-cv-01402-MMC; *In re Juul Labs, Inc. Marketing, Sales Practices, & Prod. Liab. Litig.*, No. 3:19-md-02913-WHO; *In re GEICO*, No. 4:19-cv-03768-HSG; *Lembeck v. Arvest Central Mortg. Co.*, No. 3:20-cv-03277-AGT; *Rexroad et al. v. Hyundai Motors Corp.*, No. 3:19-cv-01461-SI; *Tabak v. Apple, Inc.*, No. 4:19-cv-02455-JST; *Vasquez et al. v. Libre by Nexus, Inc.*, No. 4:17-cv-00755-CW; and *Young v. Bank of America, N.A.*, No. 4:19-cv-03867-JST.

demand letters upon Zoom under the California Consumer Legal Remedies Act and California Consumer Privacy Act on behalf of Mr. Taylor and the proposed class. And he has spent hours coordinating with counsel—both other plaintiffs' counsel and defense counsel—to progress the litigation.

Mr. Zavareei, along with attorneys from Wexler Wallace LLP, took a leading role in corralling counsel for thirteen of the consolidated actions to achieve consensus on the stipulation to consolidate the cases and set scheduling deadlines. He then served as the primary liaison to counsel for Zoom, securing their agreement to the stipulation as well. Mr. Zavareei speaks with counsel for Zoom multiple times per week and has a collegial relationship with their team. Mr. Zavareei also served as local counsel for plaintiff in *Gens v. Zoom Video Communications, Inc.*, No. 4:20-cv-03078-LHK, when it was transferred from the Eastern District of Wisconsin. These efforts represent a high standard of professionalism, dedication, and thoroughness, and support his appointment as lead counsel.

**III.   Mr. Zavareei will devote the resources necessary to pursue this litigation.**

Tycko & Zavareei LLP is a well-established, successful law firm with the resources to pursue a case of this magnitude. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). The firm has the personnel (sixteen lawyers in two offices) and expertise (winning and successfully resolving important cases) necessary to litigate this case. Neither Mr. Zavareei nor attorneys at his firm have conflicts of interest with the proposed classes. He has never used third-party financing and will not do so in this action. Additionally, Tycko & Zavareei LLP has an office conveniently located within this District. As a result, the firm can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs.

**IV.   Mr. Zavareei will litigate this action efficiently and effectively.**

Mr. Zavareei obtains exceptional results on behalf of his clients thanks to his ability to prosecute cases in a lean and efficient manner, without wasted effort, duplication, or cost. As lead or co-lead counsel, Mr. Zavareei will ensure that interim class counsel implements protocols to ensure the litigation can be managed and supervised by the Court and minimize costs to the class. Mr. Zavareei proposes that interim class counsel require (1) that work performed in the litigation be approved in advance by lead or co-lead counsel; (2) that work be accurately and contemporaneously recorded in segments of 1/10th of an hour; and (3) that time and expense records be made available to the Court according to a set schedule. Mr.

Zavareei has not entered into any separate agreements with other plaintiffs' counsel. In short, whether appointed as lead counsel or as part of a leadership structure, Mr. Zavareei is prepared to handle this complex matter in an efficient, organized, cost-effective manner.

In addition to efforts already expended in the litigation, whether appointed as lead counsel or as part of a leadership structure, Mr. Zavareei is also committed to a careful, thoughtful, and inclusive approach to preparing a consolidated amended complaint. While many of the consolidated actions have overlapping claims, not every claim is alleged in every complaint. Thus, identifying which claims are the strongest will require research and decision-making by appointed lead counsel. For example, most of the complaints allege claims under California's new Consumer Privacy Act—a statute that only came into effect this year, and which is nearly untested. The ultimate structure of any CCPA claim(s) will require diligent investigation and collaboration by attorneys with experience in consumer and privacy law issues. Similarly, lead counsel will need to identify which security deficiencies and failures, many of which were revealed after Mr. Taylor filed his complaint, should be included in a consolidated amended complaint. And one other plaintiff alleged claims against Facebook Inc. and LinkedIn Corp. in addition to Zoom. Again, the identity(ies) of any defendant(s) other than Zoom should be a decision made by appointed leadership, after appropriate research and investigation. The experience and capability that Mr. Zavareei and his firm bring to this case position them well to effectively vet the claims of the lead plaintiffs, investigate the factual allegations to be included in a consolidated complaint, research the legal claims to be asserted, and identify appropriate parties as defendants.

## CONCLUSION

If appointed by the Court, Mr. Zavareei will commit the necessary time and resources to pursue the matter; will coordinate and cooperate with other counsel to prosecute the case efficiently, effectively, and in a manner that minimizes costs; and will at all times meet his fiduciary obligations to the named Plaintiff(s), all members of the proposed classes, and this Court. For the foregoing reasons, Mr. Zavareei respectfully requests that the Court appoint him as interim lead counsel.

APPLICATION FOR APPOINTMENT OF HASSAN A. ZAVAREEI AS LEAD COUNSEL
CASE NO. 5:20-CV-02155-LHK-SVK

1   Dated: June 4, 2020                              Respectfully submitted,

2                                                     _/s/ Hassan A. Zavareei_____

3                                                     Hassan A. Zavareei (State Bar No. 181547)
                                                      Katherine M. Aizpuru (*pro hac vice*)
4                                                     Mark A. Clifford (*pro hac vice*)
                                                      **TYCKO & ZAVAREEI LLP**
5                                                     1828 L Street NW, Suite 1000
                                                      Washington, D.C. 20036
6                                                     Telephone: (202) 973-0900
                                                      Facsimile: (202) 973-0950
7                                                     hzavareei@tzlegal.com
                                                      kaizpuru@tzlegal.com
8                                                     mclifford@tzlegal.com

9                                                     Annick M. Persinger (State Bar No. 272996)
10                                                    **TYCKO & ZAVAREEI LLP**
                                                      1970 Broadway, Suite 1070
11                                                    Oakland, CA 94612
                                                      Telephone: (510) 254-6807
12                                                    Facsimile: (202) 973-0950
                                                      apersinger@tzlegal.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLICATION FOR APPOINTMENT OF HASSAN A. ZAVAREEI AS LEAD COUNSEL
CASE NO. 5:20-CV-02155-LHK-SVK