Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA  90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Attorneys for Plaintiff Therese Jimenez*

Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
**COTCHETT, PITRE &
  MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Plaintiffs Saint Paulus Lutheran
Church, Heddi N. Cundle, and Lisa T.
Johnston*

Rachele R. Byrd (SBN 190634)
*byrd@whafh.com*
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Fax: (619) 234-4599

*Attorneys for Plaintiff Kristen Hartmann*

Albert Y. Chang (SBN 296065)
*achang@bottinilaw.com*
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiffs Saint Paulus Lutheran
Church, Heddi N. Cundle, and Lisa T. Johnston*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION*<br><br>This Document Relates To: All Actions | Master File No. 5:20-cv-02155-LHK<br><br>**APPLICATION FOR APPOINTMENT OF THE WOLFSON-MOLUMPHY TEAM AS INTERIM CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE** |

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure ("Rule 23(g)") and this Court's Order dated May 28, 2020 (ECF No. 62), Plaintiffs[1] respectfully move for an order appointing Tina Wolfson of Ahdoot & Wolfson, PC ("AW") as Interim Co-Lead Counsel; Mark C. Molumphy of Cotchett, Pitre & McCarthy, LLP ("CPM") as Interim Co-Lead Counsel; Rachele R. Byrd of Wolf Haldenstein Adler Freemen & Herz LLP ("Wolf Haldenstein") to the Plaintiffs' Steering Committee ("PSC"); and Albert Y. Chang of Bottini & Bottini, Inc. to the PSC (collectively hereafter, the "Wolfson-Molumphy Team" or "Team").

I.     **The Wolfson-Molumphy Team is a Diverse Group of Lawyers Who Have the Experience, the Commitment, and the Resources to Obtain Meaningful Relief for the Class**

Rule 23(g) sets forth the factors courts should consider when appointing interim class counsel:

(i)   the work counsel has done in identifying or investigating potential claims in the action;
(ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv)  the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A). The Wolfson-Molumphy Team satisfies each of these criteria. The Team's members bring together decades of experience in consumer class action litigation in general, and privacy class actions in particular. *See* Exhibits 1-4, attached hereto. Members of the Wolfson-Molumphy Team have led numerous high profile privacy cases affecting millions of consumers (*e.g.*, *Experian Data Breach Litigation*, *Premera Blue Cross Customer Data Security Breach Litigation, In re Google Location Tracking Litigation, In re Vizio, Inc. Consumer Privacy Litigation, In re: Lenovo Adware Litigation)*, other types of consumer class actions and shareholder derivative litigation arising out of technological vulnerabilities (*e.g.*, *In re Apple Inc. Device Performance Litigation* and *In re Yahoo! Inc. Shareholder Litigation*) and a myriad of other types of high stakes consumer litigation, all to great success. *See* Exhibits 1-4. The Wolfson-Molumphy Team's deep, particularized experience will allow it to manage issues that are pivotal to the success of this case with great efficiency, including Article III standing, technical expertise, and damage evaluation. Moreover, each of the Team's members are located in California and are intimately familiar with, and have years of experience

---

[1]     This application is being filed on behalf of the following plaintiffs in this consolidated action: Therese Jimenez, Saint Paulus Lutheran Church, Heddi N. Cundle, Lisa T. Johnston, and Kristen Hartmann (collectively, "Plaintiffs").

litigating cases under, California law.  Finally, the Team's members are attorneys at firms which, together, are capable of committing, and will commit, sufficient resources to adequately represent the class.  Therefore, the Wolfson-Molumphy team easily satisfies the requirements of Rule 23(g)(1)(A)(ii), (iii), and (iv).

In addition, the members of the Wolfson-Molumphy Team have investigated and identified a variety of claims in this consolidated action.  Plaintiffs represent not only the vast nationwide class of Zoom users whose privacy Zoom violated by allowing third parties to track their personal information without informed consent, but also a subclass of users whose meetings Zoom exposed to third party invaders in a phenomenon now known as "Zoom bombing," and a subclass of users who, in reliance upon Zoom's false representations that its meetings were secured with end-to-end encryption technology, purchased a Zoom subscription.  Most of the other complaints consolidated here, filed in the aftermath of reports regarding Zoom's release of customers' private information to Facebook, focus on only some of Zoom's security lapses related to those initial revelations. The additional claims brought by Saint Paulus Lutheran Church—one of the oldest churches in San Francisco whose Bible-study class Zoom allowed to be invaded by a known serial offender displaying pornography—affected numerous other victims and should be represented in this case by lead counsel.  Moreover, the claims brought by Ms. Jimenez on behalf of her minor child based on violations of the Children's Online Privacy Protection Rule affect millions of other children and should be similarly represented in this case by lead counsel.  Finally, the claims brought by Ms. Hartmann, who paid for a Zoom subscription, highlight the consumer fraud aspect of this litigation because she alleges that Zoom falsely represented its meetings were secured with end-to-end encryption technology.  Therefore, the Team also satisfies the requirements of Rule 23(g)(1)(A)(i).

Finally, the Team is diverse in gender, racial/ethnic identity, national origin, age, and life experience in compliance with the guidance provide by the Duke Law Center for Judicial Studies, *Standards and Best Practices for Large and Mass-Tort MDLs*,  Best Practice 4E.

## II.    Members Of The Proposed Team

**Tina Wolfson,** proposed Co-Lead Counsel, is a founding member of AW, a national class action firm founded in 1998 and headquartered in Los Angeles, California.  She has been prosecuting

technology-related privacy cases since the late 1990s, when she successfully advocated for the privacy rights of millions of consumers against major financial institutions based on the unlawful compilation and sale of detailed personal financial data to third-party telemarketers without consumers' consent, practices that were exposed by her work and later became the subject of Gramm-Leach-Bliley Act regulation.

Wolfson has been at the forefront of privacy-related litigation since then. Her efforts have shaped privacy law precedent.  As lead counsel in *Remijas v. Neiman Marcus Group, LLC*, Ms. Wolfson successfully appealed the trial court's order granting a motion to dismiss based on lack of Article III standing. The Seventh Circuit's groundbreaking opinion, now cited in every standing-related brief, was the first appellate decision to consider the issue of Article III standing in data breach cases in light of the Supreme Court's decision in *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013) and concluded that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes in out-of-pocket damages. *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688 (7th Cir. 2015).  Similarly, in the *U.S. Office of Personnel Management Data Security Breach Litigation*, Ms. Wolfson briefed and argued, in part, the granted motions to dismiss based on standing, and briefed in part the successful appeal to the D.C. Circuit. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42 (D.C. Cir. 2019).

As set forth in more detail in her CV (Exhibit 1), Wolfson has lead and continues to lead many privacy cases to successful resolution, including those involving data breaches (*e.g.*, *Experian, Premera, Home Depot, OPM*), geo-location tracking (*e.g.*, *Google Location History Litigation*), collection and storing of biometric information (*e.g., Google*, *Shutterfly*, *Vimeo*), and TCPA violations (*e.g.*, *Hollister*, *American Eagle*), as well as many other types of consumer class actions (*e.g, Eck* - $295 million class settlement against City of Los Angeles for unlawful utility taxes).

**Mark C. Molumphy,** proposed Co-Lead Counsel, is a Partner at CPM, and a native of the Bay Area, born in San Mateo, California. Molumphy joined CPM in 1993, and has over 27 years of experience practicing civil litigation with an emphasis on complex business disputes, securities, antitrust, insurance bad faith, and products liability.  Molumphy has consistently been selected as one

1  of the Top 100 lawyers in Northern California by Super Lawyers, and chairs CPM's securities litigation,
2  consumer protection, and privacy practices.  Under Molumphy's leadership, the firm's securities
3  litigation practice ranked among the top ten in the nation by the ISS Securities Class Action Services
4  organization in 2019.

5  Molumphy has extensive experience as lead counsel in major consumer and investor fraud class
6  and derivative actions, and currently serves as co-lead counsel in the *In re Apple Inc. Device*
7  *Performance Litigation* concerning Apple's defective operating system software.  The claims at issue
8  in this nationwide class action include violations of California and federal computer intrusion statutes,
9  and extensive technical issues raised in the pleading, discovery and damages phases of the case.  In
10  addition to arguing major motions, including motions to dismiss, Molumphy helped coordinate
11  discovery involving the review of millions of documents and depositions of Apple employees and
12  proposed class representatives.  After two years of intense litigation, Apple agreed to a historic payment
13  of up to $500 million to Apple iPhone customers, and the settlement is pending final approval.

14  Molumphy's privacy and computer intrusion experience also includes Yahoo derivative action,
15  involving novel issues and reportedly resulting in the first derivative recovery based on a data breach.
16  As this Court is aware from handling the consumer class action, Yahoo disclosed two of the largest
17  data breaches in history impacting 500 million and one billion of its users, respectively.  As co-lead
18  counsel of the Yahoo derivative litigation, Molumphy additionally sought injunctive relief relating to
19  Yahoo's proposed merger with Verizon and inadequate disclosure of the breaches in proxy materials.
20  Molumphy won permission to take expedited discovery, and deposed Yahoo's Chief Information
21  Security Officer, Alex Stamos, now a consultant at Zoom.  Citing the evidence uncovered, the Santa
22  Clara Superior Court ultimately required Yahoo to amend its proxy materials and, shortly thereafter,
23  Molumphy negotiated a $29 million derivative settlement and established law that will have important
24  implications for future data-breach related litigation.

25  Molumphy's CV (Exhibit 2) sets forth his other successes in many different types of consumer
26  class litigation.

27  **Rachele R. Byrd,** proposed PSC member, was born in San Diego, California and is a managing
28  partner of Wolf Haldenstein's San Diego office.  Byrd joined Wolf Haldenstein in 2001 and has over

18 years of experience litigating class and representative actions such as consumer, corporate derivative, securities, antitrust, and employment litigation.  Ms. Byrd has played a significant role in litigating data breach class actions, such as *Bokelman v. FCH  Enterprises*, No. 18-00209 RJB-RLP (D. Haw.) (settled), *Christofferson v. Creation Entertainment, Inc*., L.A. Super. Ct., No. 19STCV11000 (ongoing), and *In re: Hanna Andersson and Salesforce.com Data Breach Litig*., No.: 3:20-cv-00812-EMC (N.D. Cal.) (ongoing), and numerous other class and derivative actions, including *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019) (ongoing antitrust class action against Apple for monopolization of the App Store where Plaintiffs were successful in Apple's appeal to the United States Supreme Court), and *Ardon v. City of Los Angeles*, 52 Cal.4th 241 (2011) (challenging Los Angeles' telephone users tax on behalf of City taxpayers; settled for $92.5 million after successful appeal to California Supreme Court). Byrd's CV (Exhibit 3) sets forth her other successes in many different types of class litigation.

**Albert Y. Chang,** proposed PSC member,  has over a decade of experience representing consumers and shareholders in high-stakes litigation involving technology companies, such as Facebook, Inc., Yahoo! Inc., Apple Inc., and Alibaba Group Holding Ltd. Chang is currently representing nonusers of Facebook in a putative class action in the Northern District of California, alleging violations of the Illinois Biometric Information Protection Act, 740 ILCS 14/1 *et seq*. In this hard-fought litigation going into the fifth year, Chang and other attorneys at Bottini & Bottini have litigated cutting-edge, complex issues, including Article III standing.  Together with other attorneys at Cotchett Pitre, Chang also led his firm's prosecution of a shareholder derivative action arising from Yahoo's user data breaches, described above, resulting in a cash payment of $29 million—the largest recovery ever in a shareholder derivative action involving a data breach.  Chang's CV (Exhibit 4) sets forth his other successes in many different types of consumer class litigation.

## III.    Conclusion

For the foregoing reasons, the Wolfson-Molumphy Team respectfully requests that it be appointed Co-Lead Interim Class Counsel.

Respectfully submitted,

Dated:  June 4, 2020

*/s/ Tina Wolfson*
Tina Wolfson
AHDOOT & WOLFSON, PC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111; Fax: (310) 474-8585

*Attorneys for Plaintiff Therese Jimenez*

*/s/ Mark C. Molumphy*

Mark C. Molumphy
*mmolumphy@cpmlegal.com*
COTCHETT, PITRE &
   MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Attorneys for Plaintiffs Saint Paulus Lutheran Church,
Heddi N. Cundle, and Lisa T. Johnston*

Rachele R. Byrd
*byrd@whafh.com*
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Fax: (619) 234-4599

*Attorneys for Plaintiff Kristen Hartmann*

Albert Y. Chang
*achang@bottinilaw.com*
BOTTINI & BOTTINI, INC.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiffs Saint Paulus Lutheran Church,
Heddi N. Cundle, and Lisa T. Johnston*