# GIBBS LAW GROUP
## LLP

June 4, 2020

Honorable Lucy H. Koh
United States District Judge
San Jose Courthouse, Courtroom 8
280 South 1st Street
San Jose, California 95113

Re:  *In re: Zoom Video Communications, Inc. Privacy Litigation*, Case No. 5:20-cv-02155-LHK

Dear Judge Koh:

As founding partner of Gibbs Law Group LLP, counsel for Plaintiff Simins, and a leader in the class action privacy bar, I respectfully apply for appointment as interim class counsel. I believe this case can be efficiently managed by a single or co-lead counsel, and I am prepared to work in any role that the Court deems appropriate.

***Professional Experience.*** Over the course of my career, I have served as lead counsel, class counsel, or liaison counsel in dozens of class actions and coordinated proceedings, achieving substantial relief for class members.

This past year, I was one of ten lawyers in the country named a *Titan of the Plaintiffs Bar* by Law360, and my firm was one of four Plaintiff-side firms named Class Action Practice Group of the Year by Law360. I was also twice named to *Daily Journal*'s Top Plaintiff Lawyers, in 2016 and 2019, and I received a *California Lawyer Attorney of the Year (CLAY)* award for my work in the *Anthem, Inc. Data Breach Litigation*, No. 15-md-02617-LHK (N.D. Cal.). My partner, Andre M. Mura, also won a *CLAY* award in 2019 for his work before the California Supreme Court on behalf of consumers suing the lender CashCall for unconscionable loan terms. If appointed, I will

To:     Honorable Lucy H. Koh
Re:     *In re: Zoom Video Communications, Inc. Privacy Litig.*, Case No. 5:20-cv-02155-LHK
Date:   June 4, 2020
Page:   2 of 5

bring the considerable talent and resources of my firm to bear, including Mr. Mura and two former law clerks in this District, Amanda Karl and Jeff Kosbie.

Consumer privacy litigation occupies a central role in my practice, including in cases before this Court. For example, I served as lead counsel in *In re Adobe Systems, Inc. Privacy Litigation*. Back then, district courts had concluded that data breach victims could rarely establish Article III standing for prospective relief. This Court issued a watershed ruling favoring data breach victims, 66 F. Supp. 3d 1197, 1214 (N.D. Cal. 2014), which over 60 courts have cited. *E.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016). More recently, I was part of a four-firm team that resolved one of the largest healthcare data breach class actions in history—producing a $115 million settlement. *In re Anthem, Inc. Data Breach Litigation*, No. 15-md-02617-LHK (N.D. Cal.). In appointing me to a leadership position, this Court noted that, among the "eighteen separate motions to serve as lead plaintiffs' counsel," Gibbs in particular "had considerable experience litigating privacy cases." *Anthem*, Dkt. 284, 3.

More recently still, I was appointed to a committee of counsel for consumers in three separate data breach cases: *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-02800 (N.D. Ga.); *In re Banner Health Data Breach Litigation*, No. 16-cv-02696 (D. Ariz.); and *Fero v. Excellus Health Plan, Inc.*, No. 15-cv-06569 (W.D.N.Y.). These appointments are the culmination of a career as a leader in consumer privacy litigation. I have also cultivated best practices among the consumer privacy bar, including by co-founding the American Association for Justice's Consumer Data Breach and Privacy Litigation Group and organizing seminars. *See* Ex. A (Resume).

To: Honorable Lucy H. Koh
Re: *In re: Zoom Video Communications, Inc. Privacy Litig.*, Case No. 5:20-cv-02155-LHK
Date: June 4, 2020
Page: 3 of 5

My firm's professional experience representing consumers spans consumer fraud, product defect, privacy, employment, mass tort, unfair business practices, and false advertising cases. Over the years, courts have recognized my team's work. For example, discussing a settlement that included a 10-year warranty extension, Judge Carter described us as "outstanding counsel really doing an outstanding job." *Glenn v. Hyundai Motor Am.*, No. 15-cv-02052 (C.D. Cal.), Dkt. 275, 15.

Finally, I have successfully delivered outstanding early results for class members in a situation where multiple firms are offering different theories and approaches while competing for leadership. In *In re: Hyundai & Kia Fuel Econ. Litig.*, No. 13-ml-02424 (C.D. Cal), after an early proposed class settlement lacked the support of many stakeholders, Judge George H. Wu appointed me to lead the non-settling parties in further settlement negotiations, including working with dozens of law firms and overseeing confirmatory discovery in the United States and Korea. In the end, I helped finalize a revised class settlement valued (conservatively) at more than $159 million. Judge Wu was complimentary of my leadership, writing that I had "efficiently managed the requests from well over 20 different law firms," while "actively participating in . . . the proposed settlement in a manner that addressed many weaknesses in the original proposed settlement." No. 13-ml-02424 (C.D. Cal.), Dkt. 437, 6. The Ninth Circuit recently affirmed this settlement en banc. *See* 926 F.3d 539, 553-54 (9th Cir. 2019) (discussing my role). Defendants' counsel, Shon Morgan of Quinn Emmanuel Urquhart & Sullivan, was also complimentary: "Eric was critical in helping preserve order" during the "lengthy and sometimes contentious process."[1]

---

[1] Jenna Greene, Litigators of the Week: Unlikely Allies Shon Morgan and Steve Berman Share Victory in En Banc 9th Circuit Class Action Ruling, The Am Law Litigation Daily, June 14, 2019, *available at* https://bit.ly/2XmQqwZ

To:     Honorable Lucy H. Koh
Re:     *In re: Zoom Video Communications, Inc. Privacy Litig.*, Case No. 5:20-cv-02155-LHK
Date:   June 4, 2020
Page:   4 of 5

***Investigation of Potential Claims.*** During our investigation, we spoke with numerous potential class members concerned with their data privacy, including those with paid accounts. We also thoroughly researched the factual and legal issues and carefully drafted our complaint. Our filing stands apart because it reflects careful consideration of these issues and does not merely copy other complaints or unreflexively include allegations or legal claims that are untenable.

***Knowledge of the Applicable Law, and Willingness to Commit Resources.*** Attorneys at Gibbs Law Group have decades of experience litigating consumer class actions in California under the privacy and consumer protection laws applicable in this case. We also have deep familiarity with industry privacy norms, and we have worked with top-flight technologists, privacy experts, and economists to develop economic valuations of damages. We stand ready to leverage our knowledge and connections for consumers in this case.

My firm also has the resources to successfully prosecute this litigation, and no commitments will interfere with my ability to lead. We are comprised of 18 attorneys and a full team of non-lawyer professionals. To give an example of our perseverance, in *Skold v. Intel Corp.*, I oversaw litigation lasting ten years and through the start of trial, requiring over 130 depositions across the country and the advancement of millions of dollars in expenses. *See* Order of Final Approval and Judgment 7-8, *Skold v. Intel Corp.*, No. 1-05-CV-039231 (Cal. Super. Ct., Santa Clara Cnty.) ("Class Counsel invested an incredible amount of time and costs . . . [for] approximately 10 years with no guarantee that they would prevail").

***Additional Considerations.*** If appointed here, I would be ably assisted by several colleagues: my partner Andre M. Mura, who joined us in 2015, and previously served as senior

To:    Honorable Lucy H. Koh
Re:    *In re: Zoom Video Communications, Inc. Privacy Litig.*, Case No. 5:20-cv-02155-LHK
Date:  June 4, 2020
Page:  5 of 5

litigation counsel for the Center for Constitutional Litigation in Washington DC, a boutique plaintiff-side appellate firm, and Jeff Kosbie and Amanda Karl, former law clerks in this District (with both also having worked at the Ninth Circuit). I am proud of this talented and multi-faceted team. Together, we bring a skill set that would benefit the class, particularly given the possibility of early briefing on a motion to compel arbitration.

For example, in the Vizio MDL—another consumer privacy class action—I was appointed co-lead counsel with Joe Cotchett of Cotchett, Pitre, & McCarthy. We selected Andre to brief and argue dispositive motions, even though he was not formally appointed at the outset of the case. The Court was highly complimentary of his written briefs and oral presentations. *In re: Vizio, Inc., Consumer Privacy Litig.*, No. 16-ml-02693 (C.D. Cal.), Second Mot. to Dismiss H'rg Tr. 28:18-21 (May 26, 2017) ("As usual, regardless of how I rule on this, I am always thrilled to have you all in front of me, because you do such a good job in arguing these points."); Preliminary Approval H'rg Tr. 3:14-17 (Dec. 7, 2018) ("And you did a very good job on these papers, by the way, so I'm glad I appointed all of you as lead counsel, because—it probably is the best set of papers I've had on preliminary approval . . . ."). At preliminary approval, the Court re-appointed me and formally appointed Andre as lead counsel for the settlement class.

Whether this case is destined for early settlement or protracted litigation, I commit to bringing leadership experience and high-quality lawyering that best serves the class and this Court.

Very truly yours,

Eric H. Gibbs