Christian Levis (*pro hac vice*)
Henry Kusjanovic (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email: clevis@lowey.com
       hkusjanovic@lowey.com
       afiorilla@lowey.com

Anthony M. Christina (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, Pennsylvania 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
Email: achristina@lowey.com

*Attorneys for Plaintiff Lishomwa Henry*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION | **Master File No. 5:20-cv-02155-LHK**<br><br>**LOWEY DANNENBERG'S APPLICATION FOR APPOINTMENT AS INTERIM CLASS COUNSEL** |
| This Document Relates To:<br><br>All Actions | |

**INTRODUCTION**

The successful prosecution of this case will require 3 things: (1) experience handling the novel and complex issues presented by privacy class actions; (2) knowledge of the relevant technology underlying Zoom's videoconferencing platform; and (3) the resources necessary to deliver exceptional results for the class. A leader of the class action bar for more than 50 years,[1] Lowey Dannenberg, P.C. ("Lowey") satisfies each of these requirements. Lowey's mastery of the relevant law is demonstrated by its recent success in one of the largest privacy cases in the country, *In re Google Assistant Privacy Litigation*, Case No. 5:19-cv-04286 (N.D. Cal.), where the firm defeated Google's motion to dismiss claims arising from the unlawful recording of tens of millions of users. Lowey is also a leader in data breach litigation—relevant to this case given Zoom Video Communications, Inc.'s ("Zoom") egregious security lapses[2]—and represents both financial intuitions and consumers in some of the most prominent cases filed this year.[3]

Lowey's success with the relevant legal issues is a product of its unmatched technical expertise. The firm's data breach and privacy group is led by Christian Levis, a computer programmer with years of experience developing mobile applications, including back-end systems on the same Amazon's AWS platform used by Zoom.[4] Leveraging this hands-on experience, Lowey will be able to better (and more efficiently) litigate this case on behalf of the class. These efforts will be supported by the same resources that have allowed Lowey to efficiently recover billions of dollars on behalf of its clients, including the firm's cutting-edge, in-house e-discovery infrastructure. *See* Part I.D., below.

Lowey has an established track record of success leading complex, multi-defendant cases many times larger than this one. For example, Lowey recovered in excess of $300 million as sole lead counsel in *Laydon v. Mizuho Bank*, Case No. 1:12-cv-03419 (GBD) (S.D.N.Y.), a massive antitrust

---

[1] An abbreviated copy of the firm's resume is attached as Exhibit A. For additional information, please see lowey.com.
[2] *See Henry v. Zoom Comms., Inc.*, Case No. 5:20-cv-02691 (N.D. Cal) ("Complaint") ¶¶ 29-46, 54-61, ECF No. 1.
[3] *See, e.g., In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.) (data breach estimated to have impacted more than 30 million customers across 850 locations); *Cohen v. Northeast Radiology, P.C. et al*, Case No. 7:20-cv-01202 (S.D.N.Y.) (medical imaging data breach involving 1.2 million patient records).
[4] *See Most of Zoom Runs on AWS, Not Oracle – Says AWS*, DATA CENTER DYNAMICS (Apr. 30, 2020) https://www.datacenterdynamics.com/en/news/most-zoom-runs-aws-not-oracle-says-aws/ (noting that Zoom "has moved a large quantity of real-time video-conferencing traffic to AWS since the pandemic struck.").

class action against 44 multi-national banks that allegedly manipulated the Yen LIBOR and Euroyen TIBOR benchmark interest rates. The firm is well-equipped to handle this litigation.

For these reasons and those discussed below, this Court should grant Lowey Dannenberg, P.C.'s Application for Appointment as Interim Class Counsel under Federal Rule of Civil Procedure 23(g).

## LEGAL ARGUMENT

### I. Appointing Lowey as Interim Class Counsel is in the Best Interest of the Class

#### A. Rule 23(g)(1)(i): identification and investigation of potential claims in this action

Beginning in March 2020, reports emerged that Zoom's video communications platform transmitted user data to third parties without users' consent.[5] Researchers soon discovered significant security flaws in Zoom's platform and disclosed that information to the public. Lowey's significant experience in privacy and data breach litigation, along with its unique technological expertise, allowed it to analyze this information and properly identify the appropriate claims against Zoom. This includes claims related to a data breach involving Zoom's systems, encryption issues, and other vulnerabilities, which were overlooked by a majority of plaintiffs, including those that rushed to file.[6]

#### B. Rule 23(g)(1)(ii): experience handling the types of claims asserted in this action

For over five decades, Lowey Dannenberg, P.C. has successfully prosecuted complex cases against some of the largest corporations in the world and achieved substantial recoveries on behalf of consumers; Fortune 100 companies (*e.g.*, Aetna, Cigna, Verizon); the nation's largest pension funds (*e.g.*, CalSTRS); sophisticated institutional investors (*e.g.*, Federated Investors); and state agencies and officials (*e.g.*, Pennsylvania Treasurer Joseph Torsella). Courts routinely recognize this experience in appointing Lowey as lead or co-lead counsel in complex class action cases. *See, e.g., In re GSE Bonds Antitrust Litigation*, Case No. 1:19-cv-1704 (S.D.N.Y.) ("*GSE Bonds*"), ECF No. 159 ("Scott/Lowey [is] best suited to represent the interests of the class."); *In re London Silver Fixing Ltd.*

---

[5] A detailed recitation of the facts is available in Plaintiffs' Complaint. *See* Plaintiff Henry's Complaint para. 14-18.
[6] To date, no firm has alleged any proprietary research or information regarding Zoom's platform that would make it better suited as interim class counsel.

*Antitrust Litig.,* Case No. 14-md-2573 (VEC) (S.D.N.Y.), ECF No. 17 (appointing Lowey co-lead counsel because, *inter alia*, "the Lowey [] complaint reveals a particularly outstanding effort.").

Building on this experience, Lowey has become a leader in the privacy and data breach fields. Lowey's efforts have been led by Christian Levis, a partner in Lowey's White Plains, NY office. Mr. Levis has significant technical experience, including with front-end and back-end software development on the same AWS cloud platform utilized by Zoom. Courts have recognized Mr. Levis's technical abilities in appointing Lowey as lead or co-lead counsel. For example, in *In re Apple Processor Litigation*, Case No. 5:18-cv-0147 (EJD) (N.D. Cal.), Judge Davila praised the complaint's "detailed investigation and analysis of the design, manufacture, and operation of the Apple CPUs," a product of Lowey's superior technical knowledge.

These unique technical abilities are particularly relevant in this litigation as many of the issues arising from flaws in Zoom's cloud-based software, including how to efficiently target discovery and interact with experts, will require an understanding of similar concepts. Significantly, Mr. Levis has demonstrated an ability to leverage these skills to obtain substantial results on behalf of class members in several complex data privacy cases. For example, in *In re Google Assistant Privacy Litigation*, Lowey successfully defeated Google's motion to dismiss several claims arising from the unauthorized recording of consumers through Google's digital assistant. These claims presented similar legal and technical issues as those involved here.

In addition to technical skills, Mr. Levis also has extensive experience successfully litigating complex class action cases, including:

- *GSE Bonds*, Case No. 1:19-cv-1704 (S.D.N.Y), Lowey serves as co-lead counsel in this class action before Judge Rakoff against 16 of the world's largest banks that allegedly conspired to fix the prices of debt securities issued by government sponsored entities (*e.g.*, Fannie Mae and Freddie Mac) for almost a decade. The court has granted preliminary approval to more than $386 million in settlements in this action.

- *Laydon v. Mizuho Bank, Ltd.*, Case No. 1:12-cv-03419 (GBD) (S.D.N.Y.), Lowey is sole lead counsel of this class action alleging that a group of 44 banks and brokers conspired to manipulate Yen LIBOR and the Euroyen TIBOR benchmark interest rates. The court has granted final approval to $307 million in settlements.

- *Sullivan v. Barclays plc*, Case No. 1:13-cv-02811 (PKC) (S.D.N.Y.), Lowey serves as co-lead counsel representing CalSTRS in this class action against 12 banks and brokers for the alleged manipulation of the Euro Interbank Offered Rate ("Euribor"). Settlements approved to date have recovered $491.5 million on behalf of Euribor-based derivatives investors.

Based on the experience and results described above, Lowey is uniquely positioned to best represent the interests of the proposed class and to lead the successful prosecution of this case.

### C. Rule 23(g)(1)(A)(iii): knowledge of the law involved this action

Digital privacy and data breach cases often present unique issues that require an understanding of the technical aspects of data privacy and security regulations. Appointing Interim Class Counsel experienced in such complex class action litigation, including novel privacy claims and related issues, will be necessary to ensure the best results for the class. Lowey meets this criteria, having recently briefed the same issues of law arising in this action in *In re Google Assistant Privacy Litigation*, Case No. 5:19-cv-04286 (N.D. Cal.) and *Lopez v. Apple, Inc.* 19-cv-04577 (N.D. Cal.), two similar actions alleging that Google and Apple violated tens-of-millions of users privacy rights by unlawfully recording them without consent through virtual assistant software. Lowey's success in *In re Google Assistant Privacy Litigation* is extremely relevant as this case presents similar issues regarding Zoom's unlawful collection and use of consumers' data.

### D. Rule 23(g)(1)(A)(iv): resources committed to representing the Class

Lowey has a long history of successfully prosecuting some of the largest, most complex, multi-national class actions against corporate defendants, including banks and pharmaceutical companies, with near-limitless resources. Its team of over forty-five talented attorneys are more than capable of handling the prosecution of this single-defendant action. Lowey is also uniquely able to dedicate substantial technological resources to the prosecution of this case. Unlike many other firms, Lowey maintains the ability to conduct end-to-end e-discovery in-house on its own servers, a capability it developed and applied in numerous complex cases that involved millions of documents.[7]

---

[7] Lowey's in-house e-discovery infrastructure is managed by Mr. Levis, who has extensive experience using analytics and technology-assisted document review in large class actions. For example, Mr. Levis was invited to present "An Analytics Cookbook for Complex Cases" at a leading industry conference in 2017 after developing an analytics-based workflow that saved the class in *Laydon* an estimated $2.5 million in time and expenses.

Lowey has earned national recognition for its use of cutting-edge e-discovery technology to save tens of thousands of hours in review time and millions in expenses in other large class actions.[8] Utilizing these resources, Lowey has successfully recovered hundreds of millions of dollars as sole lead counsel on behalf of class members in complex class actions. These resources are especially essential in privacy and data beach cases, which often involve highly technical issues and large productions of documents and data. These same skills and technology will allow Lowey to efficiently handle discovery and streamline the management of this case. These legal and technical accomplishments, along with those other examples set forth in the attached firm resume, demonstrate that Lowey is well-qualified to serve as Lead Counsel in this action.

### E. Rule 23(g)(1)(B) discretionary factors also favor appointing Lowey as Interim Class Counsel

Among other considerations relevant to Lowey's ability to fairly and adequately represent the interests of the class, is its reputation for working cooperatively and collaboratively with other counsel, including many of the law firms involved in this action. If appointed as interim class counsel, Lowey will maintain its track record of maintaining effective relationships with other plaintiffs' counsel to produce outstanding results for the class.

### CONCLUSION

For the above reasons, this Court should enter an Order appointing Lowey Dannenberg, P.C. as Interim Class Counsel for the consolidated action under Federal Rule of Civil Procedure 23(g).

Dated: June 4, 2020                                             Respectfully submitted,

By: */s/ Christian Levis*
Christian Levis (*pro hac vice*)
Henry Kusjanovic (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: (914) 997-0500

---

[8] Recently, Mr. Levis applies these techniques in *GSE Bonds* to prioritize the review of more than **9.1 million** pages of documents on an extremely tight discovery schedule in advance of class certification briefing.

Facsimile: (914) 997-0035
Email:  clevis@lowey.com
        hkusjanovic@lowey.com
        afiorilla@lowey.com

Anthony M. Christina (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, Pennsylvania 19428
Telephone: (215) 399-4770
Facsimile: (914) 997-0035
Email:  achristina@lowey.com

Robert C. Schubert (SBN 62684)
Willem F. Jonckheer (SBN 178748)
Noah M. Schubert (SBN 278696)
Kathryn Y. McCauley (SBN 265803)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
Email:  rschubert@sjk.law
        wjonckheer@sjk.law
        nschubert@sjk.law
        kmccauley@sjk.law

Attorneys for Plaintiff in *Henry v. Zoom Video Communications, Inc.*, Case No. 5:20-cv-02691-LHK