Michael Kanovitz (*pro hac vice*)
Scott R. Drury (*pro hac vice*)
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 253-5900 (phone)
(312) 243-5902 (facsimile)
*mike@loevy.com*
*drury@loevy.com*

Marci Lerner Miller (SBN 162790)
Christina N. Hoffman (SBN 161932)
**MILLER ADVOCACY GROUP PC**
1303 Avocado Ave., Suite 230
Newport Beach, CA 92660
(949) 706-9734 (phone)
(949) 266-8069 (facsimile)
*marci@milleradvocacy.com*

Attorneys for Plaintiff Todd Hurvitz and the proposed classes in *Hurvitz v. Facebook and LinkedIn Corporation*, No. 5:20-cv-03258-LHK

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Master File No. 5:20-cv-02155-LHK<br><br>**APPLICATION OF MICHAEL KANOVITZ AND SCOTT R. DRURY FOR INTERIM CLASS COUNSEL FOR THE PUTATIVE WIRETAP CLASSES AND MARCI MILLER AS LIAISON COUNSEL FOR THE PUTATIVE WIRETAP CLASSES** |

Of the plaintiffs in the sixteen consolidated cases, only Plaintiff Todd Hurvitz has asserted claims against Facebook and LinkedIn Corporation (the "Wiretap Defendants") on behalf of putative class members injured by the Wiretap Defendants' conduct (the "Wiretap Classes"). Pursuant to Fed. R. Civ. P. 23(g) and the Court's May 28, 2020 Order (Dkt. 62), Michael Kanovitz and Scott R. Drury of Loevy & Loevy (the "Firm" or "Loevy") respectfully submit this application for appointment as interim class counsel for the Wiretap Classes.

## I.     Procedural History and Background Facts

In spring 2020, news broke that the Wiretap Defendants obtained electronic communications between Zoom Video Communications, Inc. ("Zoom") and its users, among other Zoom privacy issues, resulting in fifteen privacy lawsuits being filed against Zoom on behalf of putative classes of Zoom users (the "Zoom Cases"). *See, e.g.*, *Cullen* Dkt. 1. Shortly after the first Zoom Case was filed, Plaintiff Hurvitz filed the first lawsuit against the Wiretap Defendants and Zoom. *Hurvitz* Dkt. 1. Hurvitz remains the only plaintiff to assert claims against the Wiretap Defendants.

Hurvitz has since voluntarily dismissed Zoom and amended his complaint (the "Amended Complaint"), which now alleges the Wiretap Defendants violated the federal Wiretap and Stored Communications Acts and asserts various common law and California constitutional and statutory claims.[1] *Hurvitz* Dkt. 39-40. Before amending the complaint, Applicants consulted

---

[1] In an order transferring *Hurvitz* to this District, a court in the Central District of California referred to Hurvitz's dismissal of Zoom as a "transparent attempt" to avoid transfer. *Hurvitz* Dkt. 41. Applicants respectfully disagree with that accusation, as all three defendants were headquartered in the Northern District of California. *See id.* Hurvitz filed the Amended Complaint, pursuant to Fed. R. Civ. P. 15, twenty-one days after service on Facebook, to include expanded claims against the Wiretap Defendants and keep the claims out of a potential and lengthy arbitration dispute with Zoom. In continuing to develop the case against the Wiretap Defendants, Applicants determined that the Wiretap Defendants' misconduct extended far beyond Zoom. *See supra.* Thus, the Zoom connection became happenstance for uncovering the Wiretap Classes' claims, not a driver of the litigation.

with a computer scientist regarding, *inter alia*, the ways in which the Wiretap Defendants could covertly intercept electronic communications of users of online services via software development kits ("SDKs") and application programming interfaces ("APIs"). Further, Applicants' work included analysis of Facebook's developer tools to be able to allege a fulsome picture of how online services incorporated Facebook SDKs into their platforms.

## II. Applicants Are Eminently Qualified to Represent the Wiretap Classes.

Unlike the Zoom Cases, the Amended Complaint: (a) alleges that online services, like Zoom, are victims of – not collaborators in – the Wiretap Defendants' conduct; and (b) asserts claims on behalf of expansive putative classes encompassing those who utilized any of more than 100,000 online services that integrated the SDKs or API at issue. *See* Dkt. 39. Because of the Wiretap Classes' unique interests, the Court should appoint interim class counsel focused on their issues. *See In re: CRT Litig.*, 2017 WL 2024957, at *1 (N.D. Cal. May 9, 2008) (appointing separate interim class counsel to represent separate classes); *Manual for Complex Litig.* § 10.224 (4th ed. 2004) (committee of counsel may be needed to represent diverse interests), § 10.221. Applicants have already performed significant work on behalf of the Wiretap Classes. *See infra*. In contrast, none of the approximately 50 lawyers for plaintiffs in the Zoom Cases has asserted any claims against the Wiretap Defendants, and any effort to do so, would be redundant and result in a corresponding needless increase in attorneys' fees. The Court should appoint Applicants as interim class counsel for the Wiretap Classes.

### A. Applicants Have Performed Significant Work in Identifying and Investigating the Claims Alleged in the Amended Complaint and Have a Solid Understanding of the Law.

The 20-count, 312 paragraph Amended Complaint was the culmination of Applicants' thorough investigation of the claims at issue, *see infra*, and solid understanding of the law. Based

on Applicants' work, the Wiretap Classes expanded from Zoom users to users of over 100,000 online services, and the Amended Complaint embraced potentially exponentially more violations and damages. Applicants will continue to zealously pursue this case going forward and their understanding of the law will benefit the Wiretap Classes at every stage of the litigation.

> **B.  Applicants and the Firm Have Vast and Unique Experience Litigating Federal Cases, Including Class Actions.**

Loevy has recovered nearly $200 million for classes, including a $56-$76 million TCPA settlement (largest in history); $107 million in civil rights/insurance coverage settlements; and a $16.5 million civil rights settlement. Loevy's class action experience is unique in that the Firm has tried class actions to verdict. The firm's work also has received high judicial praise. *See Flood v. Dominguez,* No. 08-cv-153 (N.D. Ind. Dec. 14, 2012) ("class counsel [from Loevy]…are highly experienced, highly respected and have done an outstanding job in the face of a very strong opposition."); *Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 1369741, at *9 (N.D. Ill. Apr. 10, 2017) (noting the Firm's expertise in conducting class action trials and stating "that counsel provided exceptional representation for the class and produced high-value output") (internal quotation omitted).

Michael Kanovitz, a firm partner, successfully led one of the class action trial teams described above and has a long history of class action work. A federal judge has described Mr. Kanovitz's "written, oral, and trial advocacy skills" as "top-notch," and the Firm's written work as "rival[ing] that of any law firm in Chicago." *Jimenez v. City of Chicago*, 2012 WL 5512266, at *2-3 (N.D. Ill. Nov. 14, 2012); *see also Awalt v. Marketti*, 2018 WL 2332072, at *3 (N.D. Ill. May 23, 2018) (Mr. Kanovitz is "considered to be in the top tier of civil rights trial attorneys in the Chicago area"). *See* Exhibit A (Firm Resume).

Scott R. Drury leads the Firm's Data Privacy and Cyber-Intelligence Group ("Privacy Group") and represents plaintiffs in numerous cutting edge putative privacy class actions. He is a former Assistant U.S. Attorney and an experienced federal trial lawyer with a depth experience litigating cases with massive amounts of paper and electronic documents and large numbers of witnesses. After a lengthy public corruption trial first chaired by Mr. Drury, a jury foreperson wrote: "[t]he general consensus [of the jury] was that Scott was an outstanding example of how we want our Government represented." As a former Illinois State Representative, Mr. Drury has unmatched experience in the privacy field, having written and passed privacy legislation and served on the Cybersecurity, Data Analytics and IT Committee. Mr. Drury is an adjunct professor at the Northwestern Pritzker School of Law where he teaches trial advocacy. *See* Ex. A.

Marci Miller seeks appointment as liaison counsel. She is the founder of Miller Advocacy Group, a firm comprised of parents of children with disabilities. Ms. Miller graduated *cum laude* from New York University School of Law and currently is counsel for putative class members in *Bloom v. ACT, Inc.*, No. 2:18-cv-06749-GW-KS (C.D. Cal.), regarding the improper dissemination of disabled students' data, and *Smith v. Regents of the University of California*, No.RG 19046222 (Alameda Cty. Sup. Ct.) regarding the discriminatory use of standardized tests in college admissions. Prior to starting her own firm, Ms. Miller practiced law at Gibson Dunn & Crutcher LLP and Pillsbury Winthrop Shaw and Pittman LLP. Her experience and dedication to her clients will further benefit the Wiretap Classes.

C. **Applicants and the Firm Have Committed and Will Continue to Commit Substantial Resources to Representing the Wiretap Classes.**

The Firm routinely litigates complex federal matters which it self-funds and will do in this matter. While the Firm has leanly staffed this matter with three attorneys, including

Applicants, it has over 40 full-time lawyers and a dedicated staff – including in-house investigators – who can assist as needed. As discussed above, Applicants already have worked with a consulting expert and intend to continue do so. Applicants and the Firm keep track of their time as a matter of course and frequently submit their proposed fees to federal courts for approval. Firm lawyers understand the importance of working efficiently and keeping detailed billing records.

### D. Other Considerations Demonstrate Applicants' Qualifications.

Applicants are committed to prioritizing the interests of the Wiretap Classes. As a civil rights law firm, Loevy stresses the importance of putting the clients' needs and interests first. That level of dedication transfers to the Firm's class action work. Moreover, the Firm is committed to diversity and offering young lawyers the opportunity to perform substantive work in important matters.

Applicants are also committed to working cooperatively with co-counsel and opposing counsel. Upon filing the case, Mr. Drury reached out to counsel with existing Zoom Cases. Because of the Wiretap Classes' unique and dissimilar interests, Mr. Drury proposed the formation of a working group to bridge the divide. Counsel for the other plaintiffs were not ready to embrace that proposal at that time. As such, Class Counsel proceeded to pursue the Wiretap Classes' interests, including amending the complaint and negotiating a speedy answer/responsive pleading date.  Applicants remain committed to zealously advocating on behalf of the Wiretap Classes, while working cooperatively with others.

### IV. CONCLUSION

For the foregoing reasons, the Court should appoint Michael Kanovitz and Scott R. Drury of Loevy & Loevy as interim class counsel for the Wiretap Classes.

| | |
|---|---|
| Dated: June 4, 2020 | /s/ Scott R. Drury |

                                    Attorneys for Todd Hurvitz and the Proposed Classes

                                    Michael Kanovitz (*pro hac vice*)
                                    Scott R. Drury (*pro hac vice*)
                                    **LOEVY & LOEVY**
                                    311 N. Aberdeen, 3rd Floor
                                    Chicago, Illinois 60607
                                    (312) 253-5900 (phone)
                                    (312) 243-5902 (facsimile)
                                    *drury@loevy.com*
                                    *mike@loevy.com*

                                    Marci Lerner Miller (SBN 162790)
                                    **MILLER ADVOCACY GROUP PC**
                                    1303 Avocado Ave., Suite 230
                                    Newport Beach, CA 92660
                                    (949) 706-9734 (phone)
                                    (949) 266-8069 (facsimile)
                                    *marci@milleradvocacy.com*