1

Timothy Gens (Pro Hac Vice)
thg@tlawgroup.com

2

**The Technology Law Group**
774 Mays Blvd. Suite 10-506

3

Incline Village, NV 89451
Telephone: (650) 380-2060

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

9

10

IN RE: ZOOM VIDEO
COMMUNICATIONS, INC. PRIVACY

MASTER FILE NO.  5:20-CV-02155-LHK

11

LITIGATION

12

This Document Relates To: All Actions.

**APPLICATION FOR APPOINTMENT OF**
**TIMOTHY GENS AS INTERIM CO-LEAD**

13

**CLASS COUNSEL**

14

15

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and this Court's Order

16

dated May 18, 2020 (ECF 51) consolidating Case File No. 4:20-cv-03078, Timothy Gens of the

17

Technology Law Group respectfully moves for an order appointing himself as Interim Co-Lead

18

Class Counsel.

19

**<u>INTRODUCTION</u>**

20

1.      Zoom provides an online video conferencing platform which includes conferencing

21

services and meetings for remote locations throughout the United States as well as other

22

countries.  Zoom advertises the secure nature of the platform to guard the medical, personally

23

identifiable and confidential information of its users.  Zoom also advertises that the platform is

24

"HIPAA compliant" with medical privacy laws generally, and more specifically, the Health

25

Insurance Portability and Accountability Act of 1996 (HIPAA).  Zoom, however, has made

26

conscious decisions and choices in building its platform with lax security precautions that allows

27

third parties to obtain unauthorized access to the medical, confidential, and personally identifiable

28

information (collectively hereinafter "Data") of its users.  Zoom is also a certified active member

of the US Department of Commerce US-EU Privacy Shield, which governs the transfer of Data between the United States (US) and the European Union (EU) as well as the US and Switzerland, and which also strictly prohibits the actions that Zoom is accused of herein.  Even more egregiously, Zoom itself collects the Data of its users and discloses that Data for compensation to third parties like Facebook and LinkedIn, without the consent, adequate notice or authorization of its users required by numerous privacy laws.

**ARGUMENT**

2.      Rule 23(g) sets forth the factors courts should consider when appointing interim class counsel: (i) the work counsel has done in identifying or investigation potential claims in the action;  (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;  (iii)  counsel's knowledge of the applicable law;  and, (iv) the resources counsel will commit to representing the class.

3.      The complaint filed by Mr. Gens in the Eastern District of Wisconsin is the first and only to allege violations of specific medical privacy statutes in the states of Wisconsin, and now, California.  The complaint is also the first and only to allege a violation of the U.S. Department of Commerce Privacy Shield.  Also alleged are violations of specific invasion of privacy statutes and unfair and deceptive practices statutes.  As a result, the class asked to be certified by Mr. Gens in his complaint is larger than those presented in other complaints.

4.      Mr. Gens is a Certified Information Privacy Practitioner under the International Association of Privacy Professionals (IAPP) at iapp.org.  The IAPP is the global authority for testing and certifying privacy professionals using the Organization for Standardization (ISO) 27001:2013 and ISO 9001:2015 standards and the National Institute of Standards and Technology (NIST 2015) cybersecurity framework.  Mr. Gens is also a patent attorney registered to practice before the US Patent and Trademark Office (Registration No. 28,153).   As such, Mr. Gens is a technical expert in the telecommunications technologies used by Zoom and has advanced technical degrees in software, mathematics, and others.  Apparently, none of the other counsel who have applied for Interim Class Counsel have such legal and technical expertise.

5.      Mr. Gens and the Technology Law Group intend to prosecute this action vigorously for the benefits of the Class. The interests of Class members will be fairly and adequately protected.

6.      Mr. Gens is competent and experienced in the prosecution of complex class action litigation having worked decades at the litigation firm of Epton, Mullin, Segal, and Druth, the firm of Jenner & Block and subsequently at other firms in Chicago IL.

<u>**CONCLUSION**</u>

For the forgoing reasons, Timothy Gens respectfully requests that it be appointed Co-Lead Interim Class Counsel

Dated:  June 5, 2020                     Respectfully submitted,

<u>s/ Timothy Gens</u>
Timothy Gens (Pro Hac Vice WIED BAR No. IL3126110)
thg@tlawgroup.com
**The Technology Law Group**
774 Mays Blvd. Suite 10-506
Incline Village, NV 89451
Telephone: (650) 380-2060
**Signed individually and as attorney
for the proposed Class**

- 3 -