**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Counsel for Plaintiff Lisa Ohlweiler*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To All Actions | Master File No. 5:20-cv-02155-LHK<br><br>**PLAINTIFF LISA OHLWEILER'S RESPONSE TO RULE 23(g) APPLICATIONS FOR APPOINTMENT OF INTERIM LEAD CLASS COUNSEL IN SUPPORT OF APPOINTMENT OF ATTORNEY HASSAN ZAVAREEI** |

Ryan Clarkson of Clarkson Law Firm, P.C. ("Clarkson") is managing partner of a seven-lawyer Los Angeles-based class action firm representing consumers in consumer fraud class actions throughout the country.

On April 3, 2020, Lisa Ohlweiler ("Plaintiff"), represented by Clarkson, was the third of more than a dozen consumers in the country to file a class action lawsuit against Zoom Video Communications, Inc. ("Defendant") in connection with privacy- and security-based consumer protection violations, filed in the Central District of California just days after the first two-filed lawsuits (*Cullen* and *Taylor*) were filed.

On the same day, Hassan Zavareei, Rule 23(g) interim class counsel applicant (Dkt. 72), counsel for *Taylor*, immediately called me to discuss the issues and share his strategic roadmap, which as a first step involved working with all of the plaintiff law firms (now a dozen-plus and counting) to relate and consolidate all cases before this Court for purposes of efficiency and expediency. I had never spoken with Mr. Zavareei before. The conversation was refreshingly professional, focused, and non-adversarial among two zealous advocates of the class' interests. No other plaintiff attorneys called Clarkson before or since.

Based on that telephone conversation, Mr. Zavareei convinced me that it was in the best interests of the class for Plaintiff to transfer her case to this Court for relation and consolidation. Mr. Zavareei suggested that Clarkson reach out to defense counsel Michael Rhodes, whom he described as cordial and professional and whom Mr. Zavareei stated he had litigated against before, in order to seek a stipulation. Clarkson followed Mr. Zavareei's suggestion and obtained a stipulation to transfer, relate and consolidate *Ohlweiler* from the Central District to this Court. Clarkson discovered from Mr. Rhodes that the respect among the two attorney adversaries is mutual.

*Ohlweiler* was transferred, and then related and consolidated by this Court on June 3, 2020, prior to the Court's order permitting Rule 23(g) applications. However, Clarkson thought it appropriate based on first-hand observation of the competing strategic approaches of plaintiff attorneys, most of whom are competent and experienced, to place his thumb on the scale in endorsing Mr. Zavareei, who has already displayed leadership and strategic savvy in coordinating

the expeditious consolidation of this complex litigation before this Court during a time when every other case understandably is moving at a snail's pace.

The Court knows all too well how draining it can be to adjudicate complex litigation in which counsel for the parties do not work cooperatively, or worse yet, are unnecessarily adversarial. Clarkson believes based on first-hand observations to date that appointment of a competent, experienced, and respected attorney like Mr. Zavareei as lead class counsel would avoid needlessly combative litigation and serve the best "interests of the class." Fed. R. Civ. P. 23(g)(2). Clarkson has not received any promises in exchange for this endorsement.

DATED: June 12, 2020	Respectfully submitted,

**CLARKSON LAW FIRM, P.C.**

/s/ Ryan J. Clarkson
Ryan J. Clarkson, Esq.

*Counsel for Plaintiff Lisa Ohlweiler*