TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
THEODORE MAYA (SBN 223242)
tmaya@ahdootwolfson.com
CHRISTOPHER STINER (SBN 276033)
cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:     650.697.6000
Facsimile:     650.697.0577

*Interim Co-Lead Class Counsel*

**COOLEY LLP**
MICHAEL G. RHODES (SBN 116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (SNB 251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (SBN 314267)
(khartnett@cooley.com)
DANIELLE C. PIERRE (SBN 300567)
(dpierre@cooley.com)
JOSEPH D. MORNIN (SBN 307766)
(jmornin@cooley.com)
EVAN G. SLOVAK (SBN 319409)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

*Attorneys for Defendant Zoom Video
Communications, Inc.*

Pursuant to L.R. 3-4(a), additional parties are
listed on the signature page.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION | Master File No. 5:20-cv-02155-LHK<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT**<br><br>CMC Date:     July 22, 2020<br>CMC Time:     2:00 pm<br>Judge:          Hon. Lucy H. Koh<br>Courtroom:    8 |

1  **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**

2       Plaintiffs Saint Paulus Lutheran Church, Heddi N. Cundle, Lisa T. Johnston, Therese

3  Jimenez, and Kristen Hartmann (collectively, "Plaintiffs"), and Defendants Zoom Video

4  Communications, Inc. ("Zoom"), Facebook, Inc. ("Facebook"), and LinkedIn Corporation

5  ("LinkedIn") (collectively "Defendants"), by and through their respective counsel of record, hereby

6  jointly submit this Case Management Statement and Fed. Rule 26(f) Report pursuant to Civil Local

7  Rule 16-9, the Standing Order for All Judges of the Northern District of California, Federal Rule of

8  Civil Procedure 26(f), and the Court's Order setting the Initial Case Management Conference for July

9  22, 2020.[1]

10      This Joint Case Management Statement follows the parties' Rule 26(f) conference on July 7,

11 2020.  At that conference, Interim Co-Lead Class Counsel for Plaintiffs advised counsel for Facebook

12 and LinkedIn that Plaintiffs had not yet determined whether they would name Facebook and

13 LinkedIn as Defendants in the consolidated amended complaint.

14 **1.     JURISDICTION AND SERVICE**

15      Plaintiffs contend that this Court has subject matter jurisdiction over this class action pursuant

16 to 28 U.S.C. § 1332 because certain Plaintiffs, putative class members, and Defendants are citizens of

17 different states and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

18      Defendants reserve their right to challenge subject matter jurisdiction in response to the

19 consolidated amended complaint, which is due to be filed on July 30, 2020.

20      No parties remain to be served.

21 **2.     FACTS**

22 **Plaintiffs' Position**

23      Zoom provides video-communication services using a cloud platform for video and audio

24 conferencing, collaboration, chat, and webinars.  Zoom is the most popular of these platforms,

---

[1]  The Parties expressly reserve all of their rights and defenses, and, by entering into this Joint Case Management Statement, in no way intend to waive any rights and defenses they may wish to exercise or assert in these actions or any related actions.

recently peaking at over 300 million daily meeting participants in April 2020, up from 10 million in December 2019.

Plaintiffs allege that Zoom uses data-mining tools to collect users' personal information and shares it with third parties without users' consent, including widely reported instances of unauthorized data sharing with Facebook, Inc. and LinkedIn Corporation.  Zoom allows these third parties to use such personal information to target users with advertisements.  Plaintiffs also allege that Zoom fails to implement proper security measures to protect users' privacy and secure their videoconferences against unwanted intrusion or surveillance.  As a result, "Zoombombing" by uninvited participants has become frequent.  Zoom's videoconferences are not end-to-end (also known as "E2E") encrypted — which means that in addition to the participating users, Zoom has the technical ability to spy on the videoconferences and, when compelled by the government or others, to reveal the contents of the videoconferences without the users' consent.  Plaintiffs bring this class action on behalf of Zoom users who were harmed by Zoom's conduct.

**Zoom's Position**

Zoom is a unified communications technology company founded in 2011 by its CEO Eric Yuan.  Its mission is to make video communications frictionless.  Zoom's videoconferencing app— which, until recently, was largely focused on sophisticated business customers and larger institutions with robust IT departments—has become a critical tool for individuals, schools, government agencies, and other organizations to stay connected and operational during the COVID-19 pandemic. Despite this sharp increase in demand, Zoom has worked tirelessly to keep its services operational and secure, and has proactively adapted its measures, policies and platform to better serve its expanded user base.  Zoom maintains robust security policies and practices and takes seriously its responsibility to protect the privacy of its users.  It has responded quickly, responsibly and transparently to data privacy and security issues that have come to its attention in the context of the explosive growth of its platform during a time of extraordinary national and international challenge.

At this early stage of the litigation, and given that Plaintiffs have not yet filed their consolidated amended complaint, Zoom respectfully submits that any detailed discussion or

- 2 -

refutation of Plaintiffs' factual allegations is premature.  As a general matter, Zoom denies the material allegations set forth in the various individual complaints that have been consolidated before the Court.  Specifically, Zoom denies that it collects and shares users' personal information with unauthorized third parties without users' consent.  Zoom also denies that its privacy and security practices are insufficient, including with respect to what Plaintiffs describe as "unwanted intrusion or surveillance."   Zoom has never built a mechanism to decrypt live meetings for any purpose, including lawful intercept, and it is not possible for any person to join a meeting without being visible as a participant.  Zoom also disputes Plaintiffs' claims that the phenomenon known colloquially as "Zoombombing" reflects a failure of Zoom to implement property security measures, but in any event Zoom has taken a number of steps to quickly address this issue, including, among other things, educating users about Zoom's functionality and reminding them not to post meeting IDs online, changing settings so meetings are password protected and have virtual waiting rooms by default, and providing meeting hosts with easy access tools to lock participants out of meetings and to report abusive conduct.  Zoom further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

Zoom reserves all rights to identify factual disputes once Plaintiffs have filed a consolidated amended complaint.

**Facebook's Position**

Facebook offers software development kits, or SDKs, to third-party app developers like Zoom.  These SDKs include various business tools that provide enhanced functionality to third-party apps.  An example is Facebook Login, which enables users to log in to third-party apps using their existing Facebook account credentials.

By using Facebook SDKs, a developer chooses to share certain data obtained from their users with Facebook, and Facebook may use this data in various ways, including to provide targeted ads.  These matters are disclosed by Facebook several times over.  They are disclosed to Facebook users and non-users in Facebook's Data Policy.  They are disclosed to the app developers who use Facebook's SDKs in Facebook's Business Tools Terms, Platform Policy, and Developer

- 3 -

Documentation.  Facebook's developer-facing terms and disclosures explain that by using Facebook SDKs, developers are sharing user data with Facebook.  The terms and disclosures also require that developers provide notice to their users disclosing that their data may be shared with and used by Facebook, including for targeted ads.

Any use by Facebook of Zoom user data was consistent with these disclosures; no use was "unauthorized," as Plaintiffs claim in their Position statement above.

**LinkedIn's Position**

LinkedIn is a social networking service that allows its members to create, manage, and share their professional identities and interests online.  Among other services, LinkedIn offers Sales Navigator to help businesses target customers for their products.

LinkedIn provides an API that enables third parties such as Zoom to integrate LinkedIn Sales Navigator into their application.  APIs are common tools that allow one service to exchange data with and access functionality from another service.  A service, like Zoom, installs the API and then sends information from that service to another, like LinkedIn, to enable functionality.  Here, the Sales Navigator API made it easier for Zoom users to view LinkedIn profile information of people in a Zoom call.  Without the integration, users would have to separately navigate to LinkedIn's website, type in the participant's name, and then view the profile information.  Instead, users could interact with  Sales Navigator through the Zoom interface, and directly access information available to them on LinkedIn, without separately navigating to the LinkedIn website or app.

Use of LinkedIn's Sales Navigator API is subject to LinkedIn's general and specific API terms of use.  Third parties, like Zoom, decide whether to integrate the Sales Navigator API to or remove it from their offerings.  To return information from LinkedIn's site to users of a third-party application, like Zoom, LinkedIn had to receive information from Zoom or those users.

Plaintiffs have not filed a consolidated amended complaint, and it is unclear what claims, if any, will be alleged against LinkedIn in that complaint.  It is premature to provide any detailed discussion of Plaintiffs' allegations.  LinkedIn denies the allegations set forth in the single individual complaint naming it as a defendant, *Hurvitz v. LinkedIn*.  LinkedIn denies that it received information

from Zoom users without their consent or without Zoom's consent and participation in the communication.  LinkedIn further denies that it has violated any laws or that Plaintiffs are entitled to any relief whatsoever.

LinkedIn reserves all rights to identify factual disputes once Plaintiffs have filed a consolidated amended complaint.

**LEGAL ISSUES**

**Plaintiffs' Position**

At this stage, the primary legal issues in this action include the following:

    a. Whether Defendants have valid defenses; and

    b.  Whether class certification is appropriate.

**Zoom's Position**

At this early stage of the litigation, and given that Plaintiffs have not yet filed a consolidated amended complaint, Zoom cannot know precisely what, if any, legal issues the Court will need to resolve in the course of this litigation.  At the present time, and reserving all rights to assert any and all additional grounds after Plaintiffs file their consolidated amended complaint, Zoom states that the following legal issues may be at issue:

    a.   Whether the Court has subject matter jurisdiction over this dispute;

    b.   Whether Plaintiffs lack standing to assert their claims;

    c.   Whether Plaintiffs fail to state claims upon which relief can be granted;

    d.   Whether Plaintiffs have suffered any injury or damages as a result of Zoom's alleged conduct;

    e.   Whether Zoom's defenses preclude any recovery by Plaintiffs; and

    f.   Whether class certification should be denied under Rule 23.

**Facebook's Position**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

**LinkedIn's Position**

LinkedIn concurs and adopts Zoom's statement above.

3.    **MOTIONS**

**Prior Motions:**

The parties in the now-related cases filed several Administrative Motions to Consider Whether Cases Should be Related.  *See* Dkts. 21, 25,  35, 36, 40, 46, 47, 58, 63, 65, 70.

On June 8, 2020, nine plaintiffs' counsel filed applications to serve as interim lead class counsel.  *See* Dkts. 69, 71-78.  On June 30, the Court appointed Interim Co-Lead Class Counsel and a Plaintiffs' Steering Committee.  *See* Dkt. 92.

**Pending Motions:**

None presently.

**Anticipated Motions:**

**Plaintiffs' Position:**

Plaintiffs anticipate filing a motion for class certification.

**Zoom's Position:**

Zoom expects to file a Rule 12 motion in response to the consolidated amended complaint, but reserves its right to determine the appropriate response until its deadline for responding to the consolidated amended complaint.  As necessary, Zoom will oppose any motion for class certification, anticipates filing a motion for summary judgment, and may file other motions as appropriate.

**Facebook's Position**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.

**LinkedIn's Position**

If LinkedIn is named in a consolidated amended complaint, it expects to file a Rule 12 motion in response, but like Zoom, reserves the right to determine the proper response until its deadline for responding to that consolidated amended complaint.  If the case proceeds past a motion to dismiss,

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

LinkedIn will oppose any motion for class certification, will likely file a motion for summary judgment, and other motions as appropriate.

**4.     AMENDMENT OF PLEADINGS**

On or before July 30, 2020, Plaintiffs will file a consolidated amended complaint. *See* Dkt. 92. Further amendments may be warranted after the Court's ruling on Defendants' Motion(s) to Dismiss, if filed.

**5.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable and proportionate steps to preserve evidence relevant to the issues in these actions. The parties are actively meeting and conferring for the purposes of developing a joint protocol for the production of Electronically Stored Information ("ESI"). The parties anticipate stipulating to a protocol governing ESI discovery in this matter.

**6.     DISCLOSURES**

The parties conferred pursuant to Rule 26(f) on July 7, 2020. The parties named in the consolidated amended complaint, to be filed on July 30, 2020, intend to serve their initial disclosures by no later than August 14, 2020.

**7.     DISCOVERY**

**Discovery taken to date:**

None.

**Scope of anticipated discovery:**

**Plaintiffs' Position:**

Plaintiffs anticipate significant written discovery, document productions, and deposition practice. The targeted areas of document discovery may include, but are not limited to, Zoom's sharing of user's personal information, Zoom's security and privacy measures, and Zoom's failure to investigate and disclose to users that Zoom had experienced failures related to its services and products. Discovery should commence immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Zoom's Position:**

At this early stage of the litigation, and given that Plaintiffs have not yet filed an operative complaint indicating the factual and legal theories they intend to pursue, the appropriate scope of discovery is unknown.  Based on the scattershot factual and legal theories articulated in the numerous complaints filed prior to consolidation, Zoom expects to bring a substantial Rule 12 motion in response to the consolidated amended complaint.  This motion may eliminate or substantially reduce the scope of the case and thus the corresponding scope of discovery.  Thus, Zoom's position is that discovery should be deferred until after Plaintiffs file their operative complaint and after the Court rules on Zoom's anticipated Rule 12 motion or motions.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.

**LinkedIn's Position:**

LinkedIn agrees with and adopts Zoom's position.

**Proposed limitations or modifications of the discovery rules:**

**Plaintiffs' Position:**

Plaintiffs anticipate needing more than ten (10) depositions.

**Zoom's Position:**

Zoom believes it is premature to depart from the ten-deposition limit set forth in Rule 30, including because the scope of discovery is not yet known.  Zoom believes the parties should meet and confer as discovery evolves, should the need for additional depositions arise.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.

**LinkedIn's Position:**

LinkedIn agrees with and adopts Zoom's position.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

**Privilege and confidentiality issues**:

The Parties anticipate jointly proposing a stipulated protective order, which will address privilege and confidentiality issues, as well as other issues related to discovery.

**8.     CLASS ACTIONS**

The Parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Position:**

Plaintiffs anticipate filing a motion for class certification.

**Zoom's Position:**

Zoom does not believe that any of Plaintiffs' anticipated claims can be maintained on a class-wide basis and will oppose class certification.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the position stated by Zoom.

**LinkedIn's Position**:

Based on the allegations in the complaints, LinkedIn does not believe class certification is likely to be appropriate in this case, and will oppose class certification.

**9.     RELATED CASES**

This Court has ordered the following cases related:

| Plaintiff Name | Case No. | Filing Date |
|---|---|---|
| Robert Cullen | 5:20-cv-02155-LHK | March 30, 2020 |
| Samuel Taylor[2] | 5:20-cv-02170-LHK | March 31, 2020 |
| Lisa T. Johnston | 5:20-cv-02376-LHK | April 8, 2020 |
| Timothy Gens | 4:20-cv-03078-LHK | April 12, 2020 |
| Tesha Kondrat, Gavin Wolfe, Chanelle Murphy[3] | 5:20-cv-02520-LHK | April 13, 2020 |
| Robert Lawton | 5:20-cv-02592-LHK | April 14, 2020 |
| Therese Jimenez | 5:20-cv-02591-LHK | April 14, 2020 |
| Kristen Hartmann | 5:20-cv-02620-LHK | April 15, 2020 |
| Lishomwa Henry | 5:20-cv-02691-LHK | April 17, 2020 |

[2]  This case was dismissed on July 7, 2020.
[3]  This case was dismissed on July 1, 2020.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

| Rachel Greenbaum4 | 5:20-cv-02861-LHK | April 24, 2020 |
|---|---|---|
| Stacey Simins | 5:20-cv-02893-LHK | April 27, 2020 |
| Adam Buxbaum | 5:20-cv-02939-LHK | April 29, 2020 |
| Ajay Kirpekar | 5:20-cv-03042-LHK | May 4, 2020 |
| Saint Paulus Lutheran Church | 5:20-cv-03252-LHK | May 13, 2020 |
| Todd Hurvitz | 5:20-cv-03258-LHK | May 13, 2020 |
| Lisa Ohlweiler5 | 5:20-cv-03281-LHK | May 14, 2020 |
| Victor Rios | 5:20-cv-03679-LHK | June 2, 2020 |

In addition, the following cases pending in state court are putative class actions involving substantially similar factual allegations and legal claims, but are not presently formally coordinated with this matter: *Stephanie Arriaza v. Zoom Video Commc'ns, Inc.*, No. 20-cv-366439 (Santa Clara Cty. Super. Ct.) and *Rachel Greenbaum v. Zoom Video Commc'ns, Inc.*, No. 20-cv-366980 (Santa Clara Cty. Super. Ct.).

**10.    RELIEF**

**Plaintiffs' Position:**

The relief sought by the Plaintiffs and class, includes but is not limited to:

a.       Monetary damages to be determined at trial;

b.       Declaratory relief;

c.       Injunctive relief;

d.       Plaintiffs costs in connection with these actions, including attorneys' fees, consultant and expert fees, and other expenses, and

e.       any other relief that the Court deems just and proper.

**Zoom's Position:**

Zoom reserves all rights, claims and defenses available to it under the law, including to seek relief if appropriate, once the operative complaint has been filed.  Zoom denies that Plaintiffs are entitled to any relief whatsoever in connection with the causes of action pled in their various

---

4  This case was dismissed on June 6, 2020.
5  This case was dismissed on July 14, 2020.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

complaints prior to consolidation, or that the classes alleged in those complaints can be certified in this case.  Further, Zoom believes it is premature to opine on methods of calculating potential damages before Plaintiffs have filed their consolidated amended complaint.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.

**LinkedIn's Position:**

LinkedIn reserves all rights, claims and defenses available to it under the law, including to seek relief if appropriate, once the operative complaint has been filed.  LinkedIn denies that Plaintiffs are entitled to any relief whatsoever against LinkedIn in connection with the causes of action pled in the lone complaint with claims against LinkedIn that has been consolidated into this action, or that the classes alleged in that complaint can be certified in this case.  Further, LinkedIn believes it is premature to opine on methods of calculating potential damages before Plaintiffs have filed their consolidated amended complaint.

**11.  SETTLEMENT AND ADR**

Pursuant to ADR Local Rule 3-5 and Civil Local Rule 16-8, on July 7, 2020, the parties have met and conferred regarding the available dispute resolution options and filed their respective ADR Certifications.  Plaintiffs and Defendant Zoom have chosen private mediation from among the required options and will continue to meet and confer about potential mediators and the appropriate timing of mediation.

Should the consolidated amended complaint name Facebook and/or LinkedIn as defendants, Facebook and LinkedIn will confer with counsel for Plaintiffs and Defendant Zoom about ADR options.

**12.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have declined to proceed before a Magistrate Judge.

**13.    OTHER REFERENCES**

The parties agree that these cases are not suitable for reference to binding arbitration or a special master.

**14.    NARROWING OF ISSUES**

**Plaintiffs' Position:**

Plaintiffs do not identify any issues that may be narrowed at this time.

**Zoom's Position:**

At this early stage of litigation, and given that Plaintiffs have not yet filed a consolidated amended complaint, Zoom is not in a position to identify specific issues that can be narrowed by agreement.  Zoom's anticipated Rule 12 motion may eliminate, or at least significantly narrow, the issues in this litigation.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the position stated by Zoom.

**LinkedIn's Position**:

LinkedIn agrees with and adopts Zoom's position.

**15.    EXPEDITED TRIAL PROCEDURE**

The Parties agree that the case is not appropriate for an expedited trial procedure.

**16.    SCHEDULING**

The Parties' respective positions on scheduling are set forth below.  The Parties have had preliminary discussions and will continue to meet and confer on this issue.

**Plaintiffs' Position:**

Based on a proposed trial date of September 27, 2021, Plaintiffs propose the following deadlines, assuming discovery proceeds immediately in a cooperative manner:

| | |
|---|---|
| **Initial Disclosures:** | **August 14, 2020** |
| **Fact Discovery Cut Off:** | **April 30, 2021** |
| **Class Certification Motion due:** | **February 12, 2021** |

- 12 -

| | |
|---|---|
| Opposition: | **March 5, 2021** |
| Reply: | **March 19, 2021** |
| **Expert Disclosures:** | **May 18, 2021** |
| **Rebuttal Expert Disclosures:** | **June 1, 2021** |
| **Expert Discovery Cut Off:** | **June 15, 2021** |
| **Last Day to File Dispositive and Daubert Motions:** | **July 6, 2021** |
| Opposition: | **August 2, 2021** |
| Reply: | **August 23, 2021** |
| **Final Pretrial Conference:** | **September 13, 2021** |
| **Jury Trial:** | **September 27, 2021** |

**Zoom's Position**

As discussed above in Section 7 (Discovery), because Plaintiffs have not yet filed an operative complaint, and because Rule 12 motions may eliminate or substantially narrow the claims in this case, Zoom's position is that discovery should be stayed pending resolution of any Rule 12 motions filed by Zoom (either to the forthcoming operative complaint or to any subsequent amended complaints).

Likewise, Zoom's position is that it is premature to set specific deadlines for class certification, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial until the Rule 12 motion is resolved and the scope of the operative complaint, if any, is clear. Zoom respectfully proposes that once the Court has finally resolved Zoom's Rule 12 motion(s), and assuming they do not fully dispose of the case, the parties promptly meet and confer to propose a schedule for the remainder of the case. In the alternative, Zoom would not be opposed to the Court setting the deadline for Plaintiffs to file their motion for class certification 240 days after the Court's final resolution of Zoom's Rule 12 motion(s), with appropriate attendant discovery deadlines.

- 13 -

Plaintiffs and Zoom have agreed upon a schedule regarding initial disclosures and briefing Zoom's response to the consolidated amended complaint, as follows:

| Event | Date |
|---|---|
| Last day to file Plaintiffs' Consolidated Amended Complaint | July 30, 2020 |
| Last day to file Initial Disclosures | August 14, 2020 |
| Last day for Zoom to answer, move, or otherwise respond to the Consolidated Amended Complaint | September 14, 2020 |
| Last day to file Plaintiffs' opposition to any Rule 12 motion(s) filed by Zoom in response to the Consolidated Amended Complaint | October 14, 2020 |
| Last day for Zoom to file reply (or replies) in support of any Rule 12 motion(s) it files in response to the Consolidated Amended Complaint | November 2, 2020 |

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom and the schedule set forth immediately above.

**LinkedIn's Position:**

Should the consolidated amended complaint name LinkedIn as a defendant, LinkedIn agrees with the positions stated by Zoom and the schedule set forth immediately above.

**17.    TRIAL**

**Plaintiffs' Position:**

Plaintiffs have requested a jury trial.  Plaintiffs believe that the trial will last approximately 15 court days.

**Zoom's Position:**

Zoom reserves the right to demand a jury trial on any of Plaintiffs' claims.  In light of the early stage of this case, including the absence of an operative complaint, Zoom cannot presently estimate the length of trial, which will depend on the scope of the case (if any) after the Court's

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

ruling on Zoom's Rule 12 motion, as well as on Plaintiffs' anticipated motion for class certification and Zoom's anticipated motion for summary judgment.

**Facebook's Position:**

Should the consolidated amended complaint name Facebook as a defendant, Facebook agrees with the positions stated by Zoom.  Facebook further states that any Unfair Competition Law claim in the consolidated amended complaint must be tried to the Court.

**LinkedIn's Position:**

LinkedIn agrees with and adopts Zoom's position.

**18.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Zoom filed its Certification of Interested Parties in each of the Related Cases as required under the Local Rules.  Facebook filed a Notice of Interested Parties in the *Hurvitz* action before it was transferred from the Central District to the Northern District of California.  *See* Dkt. 32, No. 5:20-cv-03258-LHK (May 7, 2020).  LinkedIn has filed its Certification of Interested Parties in the Hurvitz case before it was transferred from the Central District to the Northern District of California. *See* Dkt. 37, No. 5:20-cv-03258-LHK (May 11, 2020).

**19.    PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    OTHER**

The parties have no other issues to raise at this time.

Dated:  July 15, 2020

**AHDOOT & WOLFSON, PC**

By:  */s/ Tina Wolfson*
        Tina Wolfson

Dated: July 15, 2020

**COTCHETT, PITRE & MCCARTHY LLP**

By:  */s/  Mark C. Molumphy*
        Mark C. Molumphy

Interim Co-Lead Class Counsel

- 15 -

Dated:  July 15, 2020

**COOLEY LLP**
MICHAEL G. RHODES (116127)
TRAVIS LEBLANC (251097)
KATHLEEN R. HARTNETT (314267)
DANIELLE C. PIERRE (300567)
JOSEPH D. MORNIN (307766)
EVAN G. SLOVAK (319409)

By: /s/ *Michael G. Rhodes*
　　　Michael G. Rhodes (116127)

Attorneys for Defendant

ZOOM VIDEO COMMUNICATIONS, INC.

Dated: July 15, 2020

**COVINGTON & BURLING LLP**

By:  /s/ *Emily Johnson Henn*
　　　Emily Johnson Henn

EMILY JOHNSON HENN (SBN 269482)
 E-mail: EHenn@cov.com
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

AMY S. HEATH (SBN 312516)
 E-mail: AHeath@cov.com
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105
Telephone: (415) 591-6000
Facsimile: (415) 955-6530

ERIC C. BOSSET
 E-mail: EBosset@cov.com
LAURA BROOKOVER
 E-mail: LBrookover@cov.com
850 Tenth Street NW
Washington, DC 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Facebook, Inc.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

Dated: July 15, 2020

**ZWILLGEN LAW LLP**

By:   /s/ *Anna Hsia*

Anna Hsia (SBN 234179)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965
anna@zwillgen.com

Kelsey Harclerode (SBN 313976)
kelsey@zwillgen.com
Jacob Sommer (pro hac vice)
jake@zwillgen.com
Jeffrey Landis (pro hac vice)
jeff@zwillgen.com
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 296-3585
Facsimile: (202) 706-5298

Attorneys for Defendant
LINKEDIN CORPORATION

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mark C. Molumphy, hereby attest, pursuant to N.D. Cal. Local Rule 5-1(i)(3), that concurrence to the filing of this document has been obtained from each signatory. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July 2020, at Burlingame, California.


By:   /s/ *Mark C. Molumphy*
Mark C. Molumphy

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT
5:20-cv-02155-LHK