COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
DANIELLE C. PIERRE (300567)
(dpierre@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
EVAN G. SLOVAK (319409)
(eslovak@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION, <br><br> This Documents Relates To: <br> <u>All Actions</u> | Master Case No. 5:20-cv-02155-LHK <br><br> **DEFENDANT ZOOM VIDEO COMMUNICATIONS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 4, 2021 at 1:30PM or as soon thereafter as it may be heard in the above-entitled court, Defendant Zoom Video Communications, Inc. ("Zoom") will request that the Court consider Exhibits 1-6 to the supporting Declaration of Jacqueline Hill ("Hill Declaration") in adjudicating Zoom's concurrently-filed Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Motion to Dismiss"). Specifically, Zoom will request that the Court (a) take judicial notice of Exhibits 1-6 to the Hill Declaration under Federal Rule of Evidence 201 and (b) consider them because they are incorporated by reference into the Consolidated Amended Complaint ("Complaint"). This Request is based on the instant Request and supporting memorandum of points and authorities, Zoom's Motion to Dismiss and supporting memorandum of points and authorities, the Hill Declaration and its exhibits, all pleadings and papers on file in this matter, and such other matters as may be presented to this Court at the time of the hearing.

### STATEMENT OF RELIEF SOUGHT

Zoom seeks an order that Exhibits 1-6 to the Hill Declaration are properly before the Court on Zoom's Motion to Dismiss both because they are subject to judicial notice and incorporated by reference into the Complaint.

### STATEMENT OF ISSUES TO BE DECIDED

**1.** Whether the Court should take judicial notice of Exhibits 1-6 to the Hill Declaration in ruling on Zoom's Motion to Dismiss.

**2.** Whether Exhibits 1-6 to the Hill Declaration are incorporated by reference into the Complaint and therefore must be considered by the Court in ruling on Zoom's Motion to Dismiss.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     DOCUMENTS SUBJECT TO THIS REQUEST**

Defendant Zoom requests that the Court take judicial notice of **Exhibits 1-6** to the Hill Declaration set out below consistent with Rule 201 of the Federal Rules of Evidence and the authorities discussed, *infra*:

1.     **Exhibit 1** to the Hill Declaration: The Zoom Terms of Service ("TOS") available at https://zoom.us/terms.

2.     **Exhibit 2** to the Hill Declaration: Zoom's current Privacy Statement ("Privacy Policy," hereon) from August 2020, available at https://zoom.us/privacy.

3.     **Exhibit 3** to the Hill Declaration: The Zoom Privacy Policy that was in place at the time Plaintiffs filed their Complaint and which they describe as "Zoom Privacy Policy (July 2020)" (available at https://web.archive.org/web/20200701131636/https://zoom.us/privacy).

4.     **Exhibit 4** to the Hill Declaration: The Zoom Privacy Policy dated March 29, 2020 (available at https://web.archive.org/web/20200331050320/https:/zoom.us/ privacy).

5.     **Exhibit 5** to the Hill Declaration:  The Zoom Privacy Policy dated March 18, 2020 (available at https://web.archive.org/web/20200321054647/https://zoom.us/privacy).

6.     **Exhibit 6** to the Hill Declaration: The Zoom Privacy Policy dated February 23, 2020 (available at https://web.archive.org/web/20200314182734/https://zoom.us/ privacy).

**I.     LEGAL STANDARD FOR REQUESTING JUDICIAL NOTICE**

"[C]ourts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted) (emphasis added); *accord, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, No. 09-cv-2514, 2010 WL 199717, at *2 (N.D. Cal. Jan. 13, 2010) (same).

Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known or that "can be accurately and readily determined from sources whose accuracy

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

cannot reasonably be questioned." Fed. R. Evid. 201(b).  "[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party provides the court with a copy of the relevant webpage. *Caldwell v. Caldwell*, No. 05-cv-4166, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006), *order clarified*, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006) (Hamilton, J.); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of online policies as they "were publicly available on [a] website and their existence [could not] reasonably be questioned"); *Kinderstart.com, LLC v. Google, Inc.*, No. C 06-2057, 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of "web-page printouts").  Archived websites may be judicially noticed—that is, accurate copies of original websites that are catalogued and accessible on archival platforms like the Internet Archive located at archive.org (also known as the "Wayback Machine"). *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (collecting cases); *Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *1 n.1 (N.D. Cal. June 25, 2014) (taking judicial notice of archived version of website available on the Wayback Machine).

In ruling on a motion to dismiss, a court may also consider documents not physically attached to the pleading if they are incorporated by reference.  *Solis v. Webb*, 931 F. Supp. 2d 936, 943 (N.D. Cal. 2012) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds)).  A document is incorporated by reference "if the complaint specifically refers to the document and if its authenticity is not questioned."  *Id*. (quoting *Branch*, 14 F.3d at 453).  But a document can also be incorporated by reference if a plaintiff "highlight[s] only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc*., 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019).

## II. ARGUMENT

The documents in Exhibits 1-6 are subject to judicial notice because they are or were publicly available on Zoom's website and also available through the Internet Archive and because

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

they are documents on which Plaintiffs' claims rely and are therefore incorporated by reference.

**A.    The Court Should Take Judicial Notice of the Zoom Terms of Service and Privacy Policies.**

Zoom's *current* TOS (**Exhibit 1**) and Privacy Policy (**Exhibit 2**) are properly subject to judicial notice because they are capable of accurate and ready determination by visiting Zoom's website. *See Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1197 n.1 (N.D. Cal. 2014); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010). It is well-established that courts may take judicial notice of a party's website, including its policies that are available online. *See, e.g.*, *Moore*, 73 F. Supp. 3d at 1197 (taking judicial notice of Apple's iOS License Agreements and granting in part motion to dismiss based on those agreements); *Opperman*, 84 F. Supp. 3d at 976 (taking judicial notice of, *inter alia*, Apple's privacy policy, because it was "publicly available, standard documents that [were] capable of ready and accurate determination"); *Datel Holdings*, 712 F. Supp. 2d at 983-85 (taking judicial notice of Microsoft's software license, Terms of Use, and website printouts, because they were standard documents that were publicly available online and thus capable of accurate and ready determination); *Caldwell*, 2006 WL 618511, at *4 (agreeing that "as a general matter, websites and their contents may be proper subjects for judicial notice"). Therefore, the Court should take judicial notice of Zoom's current Terms of Service and Privacy Policy (**Exhibits 1, 2.**)

The Court should also take judicial notice of *prior* versions of Zoom's Privacy Policy that were available on Zoom's website and that are available via the Internet Archive. (**Exhibits 3-6**.) Courts regularly take judicial notice of "web pages available through the [Internet Archive (also known as the Wayback Machine)] as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See, e.g.*, *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (citations omitted); *see Sabatini v. Price*, No. 17-cv-1597, 2018 WL 1638258, at *5 n.6 (S.D. Cal. Apr. 5, 2018), *aff'd sub nom*. *Sabatini v. Azar*, 749 F. App'x 588 (9th Cir. 2019) (taking judicial notice of website via Wayback Machine for the purpose of identifying information that was available to plaintiff); *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-cv-1451,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017) ("it is likely . . . appropriate to take judicial notice of the appearance of the listed websites in the past," based on the Wayback Machine) (citation omitted); *United States ex rel. Hong v. Newport Sensors, Inc.*, No. 13-cv-1164, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) ("district courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here") (collecting cases); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases).

### B. The Exhibits Are Also Incorporated by Reference into the Complaint.

The Court should also take judicial notice of **Exhibits 1-6** because the Complaint incorporates these documents by reference.

#### 1. The Complaint quotes from the February 23, March 29, and July 2020 Privacy Policies.

In alleging Zoom engaged in conduct inconsistent with its own policies, Plaintiffs quote portions of three different iterations of Zoom's Privacy Policy (**Exhibits 3, 4, 6**) spanning February to July, 2020. (Compl. ¶¶ 100-113.) These include lengthy quotations and extensive paraphrasing. In addition, the Complaint excerpts the February 23, 2020 Policy (**Exhibit 6**) directly as part of the allegations regarding Zoom's treatment of, *inter alia*, meeting recordings. (*See id*. ¶ 118.)

Because the FAC directly quotes from and refers to these three iterations of Zoom's Privacy Policies, the Court should find **Exhibits 3-6** to be incorporated into the Complaint by reference. *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs quoted [the document] in their Complaint and provided the web address where [it] could be found online. Plaintiffs thereby incorporated [the document] into the Complaint by reference") (citation omitted); *Song fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 880 & n.2, 884-85 (N.D. Cal. 2015) (considering YouTube's Terms of Service cited in the complaint as incorporated by reference in granting motion to dismiss); *In re Google Phone Litig.*, No. 10-cv-1177, 2012 WL 3155571, at *6-7 (N.D. Cal. Aug. 2, 2012) (where complaint referenced Google's "agreements" with customers, considering Google's Terms of Sale in granting motion to dismiss); *Casper Sleep, Inc. v. Mitcham*, 204 F. Supp.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

3d 632, 636 n.2 (S.D.N.Y. 2016) (considering website excerpted in and linked from complaint as incorporated by reference in granting in part motion to dismiss).

### 2. The Complaint relies on Zoom's Terms of Service and Privacy Policies (Exhibits 1-6).

A contract is incorporated by reference when the plaintiff's claim implicates the allocation of rights and duties set forth in the contract. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (billing agreement between the parties was incorporated by reference where defendant's liability for conversion "depends in large part on its authorization to [retain the funds at issue]"); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (agreement incorporated by reference where complaint "relies heavily upon its terms and effect"); *Shuckett v. DialAmerica Mktg. Inc.*, No. 17-cv-2073, 2019 WL 913174, at *3 (S.D. Cal. Feb. 22, 2019) (holding contract not explicitly referenced in complaint was incorporated by reference because "[w]hether or not [the defendant] was permitted to do (or restricted from doing) certain tasks 'depends in large part on its authorization to do so' under the parties' contract") (citation omitted).

The Complaint incorporates the Zoom TOS (**Exhibit 1**) and Privacy Policies (**Exhibits 2-6**) by reference because Plaintiffs claim that Zoom intentionally deceived Plaintiffs regarding its treatment of user data (Compl. ¶ 110) and subjected users to inadequate security protocols that purportedly fell short of its representations (*id.* ¶ 115).

Any person who registers for a Zoom account is presented with the TOS during the registration process and must click "Confirm" to register their agreement to the TOS and Privacy Policy. (Hill Decl. ¶ 4.) And every version of the Terms of Service during 2020 expressly incorporated by reference whatever Zoom Privacy Policy was operative at that time. (*Id.*; *see also* **Exhibit 1**, TOS ¶ 19.) Further, every operative TOS in 2020 contained a clause that governs the steps Zoom takes to secure its users' information. (*See* **Exhibit 1**, TOS ¶ 5 ("Zoom will maintain reasonable physical and technical safeguards to prevent unauthorized disclosure of or access to Content, in accordance with industry standards.").)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK

Here, where Plaintiffs claim that Zoom failed to protect their data or misrepresented what their data would be used for, Zoom's Privacy Policy and TOS are essential to the analysis because they govern the relationship between the parties on these issues.  Indeed, the Privacy Policy explains what data Zoom collects, why it does so, and what Zoom may do with that data once collected.  And Plaintiffs uniformly allege they are, or were, Zoom users and, indeed, all but one of the Plaintiffs alleges they registered for Zoom, meaning they affirmatively had to consent to the TOS and Privacy Policy.  (*See* Compl. ¶¶ 17, 20, 24, 29, 32, 35, 38, 42, 45, 49.)  The TOS and Privacy Policy are thus inherently connected and are both necessary to understand the nature of the relationship between Zoom and its users and the conduct in which Zoom is authorized to engage.  Accordingly, the Zoom TOS and Privacy Policies identified above (**Exhibits 1-6)** should be considered incorporated into the Complaint.  *See Shuckett*, 2019 WL 913174, at *3; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference "'[p]revent[s] [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting [references to] documents upon which their claims are based'") (citation omitted); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998) (where claim rested on terms of parties' agreement, documents containing those terms were properly considered at motion to dismiss stage).

Indeed, Plaintiffs' selective quotation of portions of Zoom's Privacy Policy (*see* Compl. ¶¶ 100-104) paints an incomplete picture of the information Zoom provided to Plaintiffs regarding its privacy and cybersecurity practices of which Plaintiffs now complain.  The incorporation by reference doctrine is "designed to prevent" just this sort of "artful pleading by plaintiff[s]." *Jones*, 400 F. Supp. at 905 (incorporation-by-reference "is a tool to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims") (citation omitted).  Thus, the doctrine supports a finding here that both the TOS and Privacy Policies that were available to Plaintiffs when they registered for Zoom accounts are incorporated into the Complaint by reference, and it is wholly appropriate for the Court to consider these documents (**Exhibits 1-6**) in ruling on Zoom's Motion to Dismiss.

### III. CONCLUSION

For the foregoing reasons, Zoom respectfully requests that this Court take judicial notice of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-cv-02155-LHK

the documents attached as **Exhibits 1-6** to the Declaration of Jacqueline Hill and find that they are incorporated by reference into the Complaint.

Dated:  September 14, 2020

COOLEY LLP
MICHAEL G. RHODES (116127)
TRAVIS LEBLANC (251097)
KATHLEEN R. HARTNETT (314267)
BENJAMIN H. KLEINE (257225)
DANIELLE C. PIERRE (300567)
JOSEPH D. MORNIN (307766)
EVAN G. SLOVAK (319409)
KELSEY R. SPECTOR (321488)


By: */s/ Michael G. Rhodes*
       Michael G. Rhodes (116127)

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANT ZOOM'S REQUEST FOR
JUDICIAL NOTICE
MASTER CASE NO. 5:20-CV-02155-LHK