Exhibit B

| | |
|---|---|
| COOLEY LLP | AHDOOT & WOLFSON, PC |
| MICHAEL G. RHODES (SBN 116127) | Tina Wolfson (SBN 174806) |
| (rhodesmg@cooley.com) | twolfson@ahdootwolfson.com |
| TRAVIS LEBLANC (SNB 251097) | Theodore Maya (SBN 223242) |
| (tleblanc@cooley.com) | tmaya@ahdootwolfson.com |
| KATHLEEN R. HARTNETT (SBN 314267) | Christopher E. Stiner (SBN 276033) |
| (khartnett@cooley.com) | cstiner@ahdootwolfson.com |
| BENJAMIN H. KLEINE (SBN 257225) | Rachel R. Johnson (SBN 331351) |
| bkleine@cooley.com | rjohnson@ahdootwolfson.com |
| DANIELLE C. PIERRE (SBN 300567) | 2600 West Olive Ave., Suite 500 |
| (dpierre@cooley.com) | Burbank, CA 91505 |
| JOSEPH D. MORNIN (SBN 307766) | Telephone: 310.474.9111 |
| (jmornin@cooley.com) | Facsimile: 310.474.8585 |
| EVAN G. SLOVAK (SBN 319409) | |
| (eslovak@cooley.com) | MARK C. MOLUMPHY (SBN 168009) |
| KELSEY R. SPECTOR (SBN 321488) | mmolumphy@cpmlegal.com |
| (kspector@cooley.com) | TYSON REDENBARGER (SBN 294424) |
| 101 California Street, 5th Floor | tredenbarger@cpmlegal.com |
| San Francisco, California 94111-5800 | NOORJAHAN RAHMAN (SBN 330572) |
| Telephone:     +1 415 693 2000 | nrahman@cpmlegal.com |
| Facsimile:     +1 415 693 2222 | JULIA PENG (SBN 318396) |
| | jpeng@cpmlegal.com |
| Attorneys for Defendant ZOOM VIDEO COMMUNICATIONS, INC. | COTCHETT, PITRE & McCARTHY LLP |
| | 840 Malcolm Road, Suite 200 |
| | Burlingame, CA  94010 |
| | Telephone:     650.697.6000 |
| | Facsimile:     650.697.0577 |
| | |
| | Interim Co-Lead Class Counsel |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. No. 5:20-cv-02155-LHK<br><br>**STIPULATED [PROPOSED] ORDER RE FEDERAL RULE OF EVIDENCE 502(d) AND PRIVILEGED MATERIALS ORDER** |

The parties, by and through their respective counsel, have jointly stipulated to the terms of the Rule 502(d) and Privileged Materials Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**A.     Applicability.**

1.     This Order under Federal Rules of Evidence 502(d) and (e) shall be applicable to certain privileged or otherwise protected or exempted information contained in documents produced in response to requests for production of documents, data (including electronically stored information) and all other information or material produced made available for inspection, including without limitation, metadata (collectively "Document(s)") against claims of waiver.

**B.     Production of Discovery Materials Containing Potentially Privileged Information.**

2.     Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

3.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

4.     The producing party must notify the receiving party in writing [**Plaintiffs' Proposal is to include the following additional language**: , no later than thirty (30) days from date of production,] [**Defendant's Proposal** is to omit Plaintiffs' additional proposed language] that a document has been produced for which the producing party asserts a legally recognized privilege and/or other protection. This "Clawback Notice" shall include (i) the bates range of the produced materials, (ii) a privilege log listing the item(s) produced, and (iii) a new copy of the material (utilizing the same bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains privilege or other protected). If the producing party claims that

the entire document is privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld.

5. The producing party is not obligated to provide any explanation or evidence regarding reasonableness of efforts taken to prevent production of Documents listed in a Clawback Notice.

6. [**Plaintiffs' Proposal:** With respect to Documents specified in a Clawback Notice that do not meet requirements of paragraph 4 above, Federal Rule of Evidence 502(b) shall apply. The Clawback Notice must describe steps taken to prevent production of specified Documents and steps taken to rectify the production of Documents, to enable the receiving party to make a reasoned decision as to whether it wishes to challenge the reasonableness and/or timeliness of such steps.] [**Defendant's Proposal**: is to omit Plaintiffs' proposed paragraph 6.]

7. Upon receipt of a Clawback Notice or other notice of the production of privileged or protected material except as described in paragraph 11, all such information, and all copies thereof, shall be sequestered and the receiving party shall not use such information for any purpose. The receiving party shall also attempt, in good faith, to retrieve and sequester all copies of the documents in electronic format.

8. The receiving party may challenege the producing party's assertion of privilege or other protection. In that instance, within 14 days from receipt of the Clawback Notice, the receiving party shall give the producing party written "Notice of Clawback Challenge" providing the reason for said disagreement. The producing party will have 14 days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within five days of the response. If the conference does not resolve the dispute, within five days of the conference, the parties shall submit the dispute to the Court for resolution jointly, and may submit the Documents at issue for in camera review. The producing party retains the burden of establishing the applicability of the privilege or other protection as to any materials. If the receiving party does not serve a Notice of Clawback Challenge, then, upon expiration of the 14-day period, all copies of the disputed material shall be destroyed.

9. Nothing in this Stipulation prevents a receiving party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with paragraph 8. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be destroyed. Any joint discovery brief must be filed under seal and the receiving party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

10. Any analyses, memoranda or notes or portions thereof which were internally generated and contain or were based upon the item(s) listed in the Clawback Notice shall immediately be sequestered, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged or subject to other protection pursuant to paragraph 8 above, or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda or notes or portions thereof may only be removed from sequestration and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged or otherwise protected, or (b) the Court rules that the information is not privileged or otherwise protected.

11. This Stipulation does not preclude a party from intentionally waiving any claims of privilege or protection. [**Plaintiffs' Proposal** is to include the following additional language: The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense.] [**Defendant's Proposal** is to omit Plaintiffs additional proposed language and instead include the following language: Any intentional waiver shall be set forth in written notice provided by the producing party, which shall state in unambiguous terms that the producing party intends to waive the applicable protection.]

**C.    "QUICK PEEK" Documents Not Reviewed For Privilege To Minimize Burden.**

12. In the event a producing party notifies a receiving party that it desires to produce Documents without having reviewed the Documents for privilege or work-product protection ("Quick Peek Production"), the parties will negotiate separate parameters for such productions and their related privilege protections. The provisions of paragraphs [**Plaintiffs' Proposal**: 4-11] [**Defendant's Proposal**: 4-10] will not apply to Quick Peek Productions. However, this Order shall apply to Quick

3

Peek Productions to the extent that any privilege or protection is not waived in this or any other federal or state proceeding.

### D.     Privilege Logging.

13.     Unless otherwise provided in this Order, any document falling within the parties agreed or court ordered scope of production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the producing party on a privilege log produced to the receiving party in Excel format.

14.     Unless otherwise agreed between the parties, the privilege log shall set forth the privilege or protection relied upon and specify separately for each document:

(a)     Bates-number range, or if no Bates-number range, a unique document identifier;

(b)     Family relationship, if applicable

(c)     A description of the document that will enable other parties to assess the claim of privilege or protection.

(d)     The names of the author(s);

(e)     The names of all addressees and recipients, including copyees and blind copyees;

(f)     The document date;

(g)     [**Plaintiffs' Proposal**: The document title and/or subject, if any;] [**Defendant's Proposal** is to omit Plaintiffs' proposed language: The document title and/or subject, if any;]

(h)     An indication of whether the document has been produced in redacted form or withheld in its entirety; and

(i)     The privilege designation (attorney-client; attorney work product; joint defense and/or common interest, etc.).

15.     Attachments to emails if responsive and withheld from production shall be logged as separate documents on the log, with family relationships identified.

16.     After the receipt of a privilege log, any Party may dispute a claim of privilege. Prior to seeking Court intervention, the Party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for

which it questions the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within fourteen (14) days, the Party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privilege and agreeing to produce such documents in accordance with this Order. Thereafter, if the Parties continue to disagree, they will then then meet and confer in good faith as to the claims of privilege. If agreement has not been reached after fourteen (14) days, the parties shall submit the dispute to the Court for resolution.

### E. Redactions

17. To the extent a document is only partially subject to the attorney-client privilege or the work product doctrine and contains non-privileged responsive content such a document may be produced with redactions of the information that is subject to the attorney-client privilege or the work product doctrine.

**IT IS SO ORDERED:**

Dated: _____

Hon. Lucy H. Koh
United States District Judge