Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
Rachel Johnson (SBN 331351)
*rjohnson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Tyson Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Noorjahan Rahman (SBN 330572)
*nrahman@cpmlegal.com*
Julia Peng (SBN 318396)
*jpeng@cpmlegal.com*
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:     650.697.6000
Facsimile:     650.697.0577

*Interim Co-Lead Class Counsel*

**COOLEY LLP**
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
DANIELLE C. PIERRE (300567)
(dpierre@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
EVAN G. SLOVAK (319409)
(eslovak@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO
COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To: All Actions | Case No. 5:20-CV-02155-LHK<br><br>**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Magistrate Susan van Keulen, presiding |

1  The Parties submit this joint statement seeking the Court's guidance on the relevance and

2 appropriate scope of Requests for Production ("RFPs") that Plaintiffs served on Zoom Video

3 Communications, Inc. ("Zoom") (**Exhibit 1**).  Zoom's objections and responses are attached as

4 **Exhibit 2**.  The Parties met and conferred but were unsuccessful in resolving the disputes.  A joint

5 chart containing the parties' respective proposed compromises is attached as **Exhibit 3.**  Fact

6 discovery is scheduled to close on August 28, 2021, 204 days from the date of this filing.

7 **I.**  **PLAINTIFFS' POSITION**

8  <u>**Production Date**</u>: the RFPs were served <u>five months ago</u> on August  25, 2020, and to date,

9 Zoom has produced only 1,400 pages of mostly public materials.  Despite repeated requests, Zoom

10 refuses to provide a date certain by which it will complete its production and its offer of "substantial

11 completion" two weeks before the class certification motion does not provide sufficient time for

12 Plaintiffs review.  Zoom also failed to explain what "substantial completion" means.  Plaintiffs,

13 therefore, request the Court order Zoom to complete its production of documents within seven days.

14  <u>**Third Party Software Integrations – RFPs 1, 2, 4, 5, 12, 13, 14, 22, 24, 27, 35-39, 41,**</u>

15 <u>**50, 53, 54, 57, 60, 61, 65, 66**</u>:  Plaintiffs First Amended Complaint ("FAC") (Dkt. 126) alleges

16 Zoom improperly shared Plaintiffs' data without notice or consent through the use of third party

17 software integrations, including illustrations of specific violations related to third party software

18 integrations from Facebook (FAC ¶¶ 73-87), Google (FAC ¶¶ 106-110), and LinkedIn (FAC ¶¶

19 122-127).  Yet, the FAC makes clear, "Zoom's data sharing is not limited to Facebook, Google,

20 and LinkedIn.  Zoom also sends personal data about their users to hotjar, Zendesk, AdRoll, Bing,

21 and others."  FAC ¶ 128.  Accordingly, Zoom's data sharing with, and related use of, ***any*** third

22 party software integration (as well as the related standard policies, procedures and correspondence),

23 are directly relevant per the allegations of the FAC, and Zoom's objection to producing documents

24 on the basis of relevance (and otherwise) is unacceptable.

25  Relevance is construed broadly to nclude "any matter that bears on any issue that is or may

26 be in the case." *Plumlee v. Pfizer, Inc*., 2014 WL 690511, at *4 (N.D. Cal. Feb. 21, 2014) (J. Koh)

27 *citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987).  "Discoverable information

28 need not be admissible at trial if the information nevertheless 'appears reasonably calculated to lead

1   to the discovery of admissible evidence.'" *Id*. In the Ninth Circuit, a broad scope of discovery is

2   favored as "wide access to relevant facts serves the integrity and fairness of the judicial process by

3   promoting the search for truth." *Epstein v. MCA, Inc*., 54 F.3d 1422, 1423 (9th Cir. 1995).

4       The FAC clearly describes how Zoom employs and uses third party software integrations

5   and how those integrations impact Zoom's users' data. Plaintiffs are entitled to understand why

6   Zoom failed to protect its users' data, including whether Zoom was receiving consideration for user

7   data provided to third parties such as Facebook, Google, and LinkedIn, why those integrations

8   functioned differently than others, and what Zoom did differently with other third party integrations

9   (if anything) to protect user security or data. Plaintiffs' proposed limitation (*see* Ex. 3, RFP 1)

10   vastly reduces the number of relevant integrations, that specifically involve data sharing or security

11   risks, to less than 340 apps and the remaining SDKs (which Zoom refuses to identify by name or

12   even number). Zoom rejected this limitation.

13       **Violations of Statutes – RFPs 8, 9, 10, 11**: Plaintiffs' requested documents related to

14   Zoom's compliance with statutes that aim to protect consumers' data and privacy, *e.g.* HIPAA—

15   national security standards for electronic and transmission and storage of patients' health

16   information. *See* RPFs 8-11; *see also* 45 CFR § 164 *et sec*. Such documents are directly relevant

17   to claims in the FAC. For example, internal documents describing the features that Zoom needed

18   to comply with privacy statutes, and whether Zoom offered those features, are relevant to Plaintiffs'

19   claims (and Zoom's defenses). Contrary to Zoom's objections, discovery of documents related to

20   legal compliance is not precluded simply because a statute is not specifically identified in a

21   complaint. "[D]iscovery is not limited to issues raised by the pleadings, for discovery itself is

22   designed to help define and clarify the issues. [citation omitted]. Nor is discovery limited to the

23   merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related

24   to the merits." *Oppenheimer*, 437 U.S. at 351. Accordingly, Zoom's efforts (or lack of effort) to

25   comply with statutes related to the protection of  users' data, or user privacy, is relevant.

26       **"Three Theories" Limitation – RFPs 5, 22**: Zoom improperly seeks to limit the scope of

27   RPFs 5 and 22 to Zoom's characterization of Plaintiffs' three theories of the case. This is

28   inappropriate as these RFPs relate to core issues: RFP 5 requests materials published on Zoom's

website related to privacy or data collection; RFP 22 requests documents related to the assessment of weaknesses, vulnerabilities, breaches, or security risks in Zoom's security and data systems.

**Security Misrepresentations – RFP 17-20**:   Plaintiffs claim Zoom misrepresented the level of security, privacy, and safety of its services, and were harmed by these misrepresentations. The economic valuation of Zoom's encryption capabilities (RFP 17)—whether by Zoom, enterprise or non-enterprise clients—is relevant to Plaintiffs' damages claims in that Plaintiffs claim they received less than the fair value of what they were promised.  Zoom's actual encryption capabilities, and representations regarding those capabilities and security (RFPs 18-20), are related to Plaintiffs' misrepresentation claims. Zoom's proposal to limit production to "meetings" and "end-to-end" is unwarranted.  Zoom's encryption capabilities, regardless of service type, are relevant to Plaintiffs' claims that Zoom misrepresented its encryption capabilities.  Encryption levels vary beyond being "end-to-end," which is relevant to claims regarding security and safety of Zoom's platform.

**RFPs 35-39**:  Plaintiffs do not agree to limiting production to "substantive" correspondence – that limitation is vague and permits an improper pre-production relevance review.

**RFP 50**:  This request is relevant to Plaintiffs' claims regarding meeting disruptions, as government investigations revealed that Zoom employees shared user account information with the Chinese government in order to terminate meetings.

## II.    ZOOM'S POSITION

**Timing & Production Date:**  Plaintiffs' proposal that Zoom complete its entire document production within ***seven days*** is infeasible, unreasonable and should be rejected.[1]   Any urgency posed by the upcoming class certification deadline is of Plaintiffs' own making, as they waited until December—over 2 months after receiving Zoom's timely objections and responses to Plaintiffs' 67 wildly overbroad RFPs—to accept Zoom's offer to meet and confer, which Zoom scheduled for Plaintiffs' first available date.  The parties have met and conferred since, but Plaintiffs only recently began to inch toward reasonable compromises.  Plaintiffs did not provide Zoom with final positions regarding the vast majority of their RFPs until January 27, 2021. *See* Ex. 2.

---

[1] Plaintiffs falsely state that they have made "repeated requests" of Zoom for a date certain for completion of document production.  Plaintiffs' first such proposal came on January 27.

Despite the ongoing disputes, Zoom has been producing non-custodial documents and will begin its rolling custodial document production with an ~1,700-document production by Monday, February 8.  The full scope of the search and volume of documents to review is not presently known or estimable, as it depends on the parties' agreement to custodians and search terms (which the parties are just beginning to discuss). Zoom will then need to collect and review the remainder of the responsive documents.  A seven-day deadline for completion is thus impossible.

Zoom has proposed to substantially complete its rolling production of documents that Zoom has thus far agreed to produce by March 12 (assuming reasonable custodians and search terms)— two weeks prior to Plaintiffs' class certification deadline.  The Court should allow that timeframe.

**Third Party Integrations:**  The FAC alleges that Zoom improperly shared user data via **three** specific third-party integrations with the Zoom Meetings product: the Facebook Software Development Kit ("SDK"), the Firebase Analytics SDK, and the LinkedIn Sales Navigator.  These are the only third-party Zoom Meetings integrations out of over **1,000** third-party Zoom Meetings integrations during the relevant time period for which Plaintiffs have provided any specific allegations.  Plaintiffs should not be permitted to backdoor their way into discovery into over 1000 integrations that are not "relevant to any party's claim or defense" and not "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *Radware, Inc. v. U.S. Telepacific Corp.*, No. 19CV03835, 2020 WL 1433186, at *1 (N.D. Cal. Mar. 24, 2020) (rejecting as irrelevant discovery requests regarding third parties not at issue).  The general relevance standards cited by Plaintiffs, which predate Rule 26's proportionality standard, do not compel a different result. To avoid burdening the Court with this dispute, Zoom offered to provide Plaintiffs—as a compromise and notwithstanding the irrelevance—discovery sufficient to show that the four other integrations the FAC mentions in passing are not integrations with the Zoom Meetings product, but Plaintiffs refused that compromise and instead propose that Zoom provide information on several broad categories of integrations that are entirely untethered to the theories in the FAC.

The Court should reject Plaintiffs' request for massive, disproportionate, burdensome, and irrelevant discovery into integrations not at issue.

**Compliance with Statutes:**  Plaintiffs seek all documents related to Zoom's legal

compliance with myriad statutes, none of which form the basis of Plaintiffs' claims against Zoom, including the CCPA (RFP No. 8), even though Plaintiffs have expressly abandoned a CCPA claim (as the CCPA does not support a private right of action here).  These RFPs thus are irrelevant and not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

**Limitation to the Three Theories:**  The FAC pleads three theories of allegedly unlawful conduct regarding Zoom Meetings: alleged meeting disruptions; alleged data sharing through three specific third-party integrations to the Zoom Meetings product; and alleged misrepresentations regarding end-to-end encryption.  Despite finally agreeing to narrow many of their RFPs to these three theories, Plaintiffs refuse that limitation for RFP 5 (privacy materials on Zoom's website) and RFP 22 (cybersecurity risks), which would potentially sweep in massive numbers of irrelevant documents about Zoom's privacy and security practices.   Plaintiffs also claim all forms of encryption (not just end-to-end) are relevant, but the FAC only pertains to the alleged lack of "end-to-end" encryption and alleged representations surrounding the same. Any (unexplained) tangential relevance is vastly outweighed by the burden of production on Zoom.

**Security Representations:**  Plaintiffs are all "non-enterprise" customers—they either used Zoom's free product or bought an "off-the-shelf" subscription.  In contrast, enterprise customers separately negotiate contracts with Zoom (and cannot have their interests represented by Plaintiffs).  Plaintiffs fail to show the relevance of documents about customers not at issue in this case.  Likewise, Plaintiffs' allegations all relate ***only*** to videoconferences via Zoom Meetings—one of Zoom's many product offerings.  Plaintiffs do not allege that they have ever used the other Zoom products on which they seek discovery (such as IM or Webinar) or that their claims relate to these products.  Plaintiffs thus fail to meet their relevance burden and are not entitled to such discovery.

**RFPs 35-39**:  Zoom's proposed limit to "substantive" communications will not be a pre-production relevance review as Plaintiffs contend but rather is intended to reduce burden by excluding irrelevant, non-substantive documents (e.g., scheduling emails and invites).

**RFP 50**:  Plaintiffs do not allege that Zoom communicated their—or any class member's—"login credentials" to any third party. The DOJ complaint referred to by Plaintiffs also does not deal with the provision of "login credentials" to any third party.

1

2

Respectfully submitted,

3    Dated: February 5, 2021

/s/ Tyson Redenbarger

4    Tyson Redenbarger
     tredenbarger@cpmlegal.com

5    COTCHETT, PITRE & MCCARTHY, LLP
     840 Malcolm Road, Suite 200

6    Burlingame, CA 94010
     Tel: (650) 697-6000
     Fax: (650) 697-0577

7

8    Tina Wolfson
     twolfson@ahdootwolfson.com

9    AHDOOT & WOLFSON, PC
     2600 West Olive Avenue, Suite 500

10   Burbank, California 91505
     Tel: (310) 474-9111
     Fax: (310) 474-8585

11

12   *Interim Co-Lead Counsel for Plaintiffs*

13   Dated: February 5, 2021

/s/ Kathleen R. Hartnett

14   Kathleen R. Hartnett
     (khartnett@cooley.com)

15

16   COOLEY LLP
     101 California Street, 5th Floor

17   San Francisco, California 94111-5800
     Telephone: +1 415 693 2000
     Facsimile: +1 415 693 2222

18

19   *Counsel for Defendant Zoom Video*
        *Communications, Inc.*

20

21

22

23

24

25

26

27

28

1        ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2            I, Tyson C. Redenbarger, attest that concurrence in the filing of this document has been

3   obtained from the other signatory.  I declare under penalty of perjury under the laws of the United

4   States of America that the foregoing is true and correct.  Executed this 5th day of February 2021 in

5   Burlingame, California.

6                                                      */s/ TYSON C. REDENBARGER*
                                                        TYSON C. REDENBARGER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
THEODORE MAYA (SBN 223242)
tmaya@ahdootwolfson.com
CHRISTOPHER STINER (SBN 276033)
cstiner@ahdootwolfson.com
RACHEL JOHNSON (SBN 331351)
rjohnson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA  90024
Tel: (310) 474-9111
Fax: (310) 474-8585

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com
JULIA PENG (SBN 318396)
jpeng@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Interim Co-Lead Class Counsel*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION*<br><br>This Document Relates To: All Actions | Master File No. 5:20-cv-02155-LHK<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>**Hon. Lucy H. Koh** |

PROPOUNDING PARTY:    Plaintiffs Caitlin Brice, Heddi N. Cundle, Isabelle Gmerek, Cynthia Gormezano, Kristen Hartmann, M.F. and his parent Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church and Stacey Simins

RESPONDING PARTY:    Defendant Zoom Video Communications, Inc.

Plaintiffs hereby propound the following requests for production of documents to Defendant Zoom Video Communications, Inc. (hereinafter "Defendant") pursuant to Federal Rules of Civil Procedure 26 and 34, and request that Defendant produce the documents and electronically-stored information stated herein within thirty (30) days of service of these requests at to Plaintiffs' counsel of record via email to zoomleadcounsel@ahdootwolfson.com and via mail to the offices of Cotchett, Pitre & McCarthy, LLP, 840 Malcolm Road, Burlingame, CA 94010. Plaintiffs reserve the right to clarify, amend, modify or supplement a document request as Plaintiffs obtain further information in discovery or to the extent that Defendant interprets a word or phrase differently than Plaintiffs.

## DEFINITIONS

1.     "Zoom," "You" or "Your" means Defendant Zoom Video Communications, Inc. and its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control.

2.     "CCPA" refers to the California Consumer Privacy Act.

3.     "Communication" means the transmittal of information expressed by any means.

4.     "Document" or "documents" includes all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including ESI, including all versions and nonidentical drafts of documents.

5.     "ESI" or "Electronically Stored Information" means information that is stored in electronic media, regardless of the media or whether it is in the original format in which it is created, and that is retrievable in perceivable form and includes metadata, system data, deleted data, and fragmented data.

6.     "PII" or "Personally Identifiable Information" means information that can be used on its own or with other information to identify a single person, including name, address, social security number, date and place of birth, mother's maiden name, and biometric records.

7.     "PHI" or "Protected Health Information" means information, including demographic information, that is created or received by a covered entity under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and relates to the physical and/or mental health or condition of

the patient, the patient's health care or payment for that health care.

8.     "Network" means any computer system, including, but not limited to, servers (whether physical or virtual), desktop computers, laptop computers, tablet computers, smart phones, networking equipment, internet site, and the software, programs, applications, scripts, operating systems, and/or databases (including cloud storage provided by third party providers) used to control, access, store, route, transfer, add, delete, or modify information and data flow.

9.     "Plaintiff(s)" means those individuals named as plaintiffs in the operative complaint in this action.

## INSTRUCTIONS

1.     Unless otherwise stated, the relevant time period for these document requests is January 1, 2016 through the present.

2.     If You withhold information, documents or ESI otherwise discoverable under the Federal Rules of Civil Procedure by claiming that such information, documents, or ESI are privileged or subject to protection as trial preparation material, You must make that claim in accordance with Federal Rule of Civil Procedure 26 and the ESI protocol governing this action. All ESI shall be produced in accordance with the parties' Stipulated Order Re: Discovery of Electronically Stored Information entered in this action on, unless the parties agree otherwise.

3.     If any document is known to have existed but no longer exists, has been destroyed, or is otherwise unavailable, You must identify the document, the reason for its destruction (if applicable), the name of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable), and a description of the disposition of each copy of the document or ESI.

4.     If no documents or ESI responsive to a request exist, please state that no responsive documents exist.

5.     These requests are continuing in nature and require supplemental response and production.

6.     If You assert an objection to any request You must nonetheless respond and produce any responsive documents that are not subject to the stated objection. If You object to part of a request

or category, You must specify the portion of the request to which You object and must produce documents responsive to the remaining parts of the request.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Documents concerning Your collection, use, transmission, or storage of PII or PHI pertaining to Your users, including but not limited to the use of cookies and tracking technologies of third parties such as Google Analytics, Facebook Analytics, Amazon, hotjar, and zendesk, including the purpose, manner, and type of such data and it such collection, use, transmission, or storage.

**REQUEST FOR PRODUCTION NO. 2**

All Documents concerning Your efforts to implement measures for privacy, data protection, and information security for Your users, the integrity of such measures, and Your assurances to the public that Your video conferences are private and that the PII or PHI of Your users will be properly maintained.

**REQUEST FOR PRODUCTION NO. 3**

All Documents concerning Zoom's terms of service, terms of use, and privacy policies, including but not limited to the final policies, draft policies, correspondence related to the development of the policies, and correspondence regarding modification of such policies.

**REQUEST FOR PRODUCTION NO. 4**

All Communications with Your users concerning regarding Zoom's privacy, security, Zoom's use of PII or PHI, or Zoom-related data breaches.

**REQUEST FOR PRODUCTION NO. 5**

Documents regarding all materials ever published on Your website Zoom.us relating to privacy and/or any data collected from and about anyone who interacts with Zoom's products.

**REQUEST FOR PRODUCTION NO. 6**

All Documents referring or relating to the Plaintiffs in this litigation, including but not limited to all Documents reflecting information of any nature collected regarding Plaintiffs, all Documents

reflecting the sharing of any such information with third parties, all Documents reflecting Plaintiffs' acceptance of any version of the Zoom Terms of Service and/or Privacy Policy, and all Documents including any of Plaintiffs' PII.

**REQUEST FOR PRODUCTION NO. 7**

All Documents concerning Your ability to monitor or record the content of your users' Zoom meetings.

**REQUEST FOR PRODUCTION NO. 8**

All Communications regarding Zoom's compliance with privacy statutes including but not limited to HIPAA, the CCPA, state data breach acts, state consumer protection acts, the Federal Trade Commission Act, or other state or federal statutes governing privacy.

**REQUEST FOR PRODUCTION NO. 9**

All Documents relating to Your efforts to comply with medical privacy laws regarding PHI, including but not limited to HIPAA.

**REQUEST FOR PRODUCTION NO. 10**

All Documents relating to the National Security and Personal Data Protection Act, including Your compliance or non-compliance with that Act, amendments or proposed amendments to that Act, and correspondence with any government or elected official, their staff, or any lobbyist organization concerning the same.

**REQUEST FOR PRODUCTION NO. 11**

All Documents relating to Your membership in, and certification from, the U.S. Department of Commerce US-EU Privacy Shield, including, but not limited to, your efforts to gain approval as a member, compliance with its privacy safeguards, and enforcement of the Privacy Shield as to Zoom.

**REQUEST FOR PRODUCTION No. 12**

All Documents concerning the protection of children's privacy, PII, and PHI in connection with the use of Your technologies, including but not limited to Your circumvention of requirements for protecting student data, school districts' prohibitions on the use of Zoom as a distance-learning

platform, and exploitation of Zoom screen-sharing features to interrupt educational sessions.

**REQUEST FOR PRODUCTION No. 13**

All Documents evidencing Your policies, procedures, protocols, practices, and infrastructure for preventing unauthorized users from accessing PII or PHI, including but not limited to password requirements, encryption, other authentication requirements, network segmentation, logging, and remote access by employees.

**REQUEST FOR PRODUCTION NO. 14**

All Documents including but not limited to reports, correspondence, internal or external audits, analyses, studies, reviews, and tasks relating to privacy, data protection and/or cyber security issues performed by and for any digital security compliance entity, including but not limited to, TrustArc, Federal Risk and Authorization Management Program (FedRAMP), and the American Institute of Certified Public Accountants (AICPA), including how Zoom determined the "relevant criteria" and corresponding controls for Service Organization Controls (SOC) 2 certification.

**REQUEST FOR PRODUCTION NO. 15**

All Documents relating to the CCPA, including, but not limited to, any Documents regarding compliance or non-compliance with that Act, amendments or proposed amendments to that Act, and correspondence with any government or elected official, their staff, or any lobbyist organization concerning the same.

**REQUEST FOR PRODUCTION NO. 16**

All Documents relating to the financial or technological feasibility or effect of compliance with the CCPA.

**REQUEST FOR PRODUCTION NO. 17**

All Documents relating to financial metric and/or business valuation of encryption capabilities and implementation in connection with Your technologies.

**REQUEST FOR PRODUCTION NO. 18**

All Documents relating to representations, statements, announcements, and/or correspondence made by Zoom to consumers regarding security and privacy protection of its technology by its encryption capabilities including but not limited to end-to-end encryption.

**REQUEST FOR PRODUCTION NO. 19**

All Documents concerning Your encryption capabilities, including but not limited to Your technical capacity to offer end-to-end encryption for Zoom video meetings, encryption of chat messages, encryption white papers, ability of consumers to control their security keys, representations regarding AES-256 encryption, Zoom's decision to utilize an in-house implementation of AES-128 encryption in electronic codebook (ECB) mode.

**REQUEST FOR PRODUCTION No. 20**

All documents concerning the evolution of encryption capability and implementation over time and across access formats and systems such as but not limited to Zoom Meetings, Zoom Video Webinars, Zoom Phone, SIP/H.323 room-based system endpoints, legacy systems, and "Zoom Connectors."

**REQUEST FOR PRODUCTION No. 21**

All logs, databases, or other Documents describing potential or actual data breaches, or attempts by hackers or other unauthorized individuals or programs to access information contained in Your Networks or information systems.

**REQUEST FOR PRODUCTION NO. 22**

All Documents concerning Your knowledge and assessment of weaknesses, vulnerabilities, breaches, and security risks in the Company's cybersecurity and data protection systems related to unauthorized access of Zoom users' PII or PHI and their Zoom account information or credentials, including but not limited to Zoom's Security Whitepapers, Common Vulnerabilities and Exposures (CVE) reports, National Vulnerability Database (NVD) reports, communications with security researchers regarding such weaknesses and solutions thereto, payment of any "bug bounty" relating to Zoom, and non-disclosure agreements with outside security researchers.

**REQUEST FOR PRODUCTION NO. 23**

All Documents concerning the ability of malicious websites to take control of a Zoom user's screen and keyboard, enable a user's camera, and/or install malware without permission, including, but not limited to, those related to Zoom's use of an installer bypass, the bundling of the Zoom installer with malware, and Zoom not distinguishing between regular web addresses and remote networking

links such as Universal Naming Convention (UNC) path.

**REQUEST FOR PRODUCTION NO. 24**

All Documents sufficient to identify the total number of possible persons whose information was accessed, viewed, downloaded, copied, breached or compromised in any way in relation to a data breach compromising Zoom accounts.

**REQUEST FOR PRODUCTION NO. 25**

All Documents concerning online vandalism and Your technologies, including, but not limited to, an automated tool known as "zWarDial" or any tool allowing identification of and/or access to Zoom meetings by would-be interlopers.

**REQUEST FOR PRODUCTION NO. 26**

All Documents concerning the material adverse effects on You as a result of the known risks and weaknesses in Zoom's cybersecurity and data protection systems, including, but not limited to, communications among the Board of Directors and members of Zoom's senior management team.

**REQUEST FOR PRODUCTION NO. 27**

All Documents, including, but not limited to, any internal or external audits, analyses, studies or reviews or recommendations performed by Zoom or any third party relating to Zoom's investigation of "Zoom Bombings" and "Zoom Raids" and any preventative methods or precautions with regard to "Zoom Bombings" and "Zoom Raids" for users of Your technologies.

**REQUEST FOR PRODUCTION NO. 28**

All Documents concerning the ability of attackers to steal Microsoft Windows credentials from Zoom users.

**REQUEST FOR PRODUCTION NO. 29**

All Documents concerning Zoom Connectors for Cisco providing an access point for attackers to control a Cisco video endpoint without obtaining authentication, including, but not limited to, any communications with Cisco about Cisco's standards concerning enterprise-grade security.

**REQUEST FOR PRODUCTION NO. 30**

All Documents concerning the decision and design process to enable users to make recordings or transcripts of Zoom meetings.

1

**REQUEST FOR PRODUCTION NO. 31**

2

All Documents, including Communications, concerning transcripts of Zoom meetings that have

3

recorded or could record the content of chat discussions by users without their knowledge.

4

**REQUEST FOR PRODUCTION NO. 32**

5

All Documents, including Communications, concerning design, implementation, and removal

6

of Zoom's attention tracking feature.

7

**REQUEST FOR PRODUCTION NO. 33**

8

All Documents describing how transcripts of Zoom meetings are, would be, or have been

9

generated, stored, and/or distributed.

10

**REQUEST FOR PRODUCTION NO. 34**

11

All Documents describing how transcripts of Zoom meetings are, would be, or have been used

12

by Zoom, including but not limited to the training or development of artificial intelligence systems.

13

**REQUEST FOR PRODUCTION NO. 35**

14

All Documents, including subpoenas, other compulsory process, civil investigative demands,

15

correspondence, or any other requests for information made to Zoom or received by Zoom from any

16

regulator or government entity, whether state, federal, or in a foreign country (including, but not limited

17

to, any committee of the United States House of Representatives or Senate; the United States

18

Department of Justice; the United States Securities and Exchange Commission; the United States

19

Federal Trade Commission; any State Attorney General or State agency; and the United States Federal

20

Bureau of Investigation), relating to any matter alleged in the operative complaint in this action.

21

**REQUEST FOR PRODUCTION NO. 36**

22

All Documents provided by You to any regulator or governmental entity, whether state, federal,

23

or foreign, relating to any matter alleged in the operative complaint in this action.

24

**REQUEST FOR PRODUCTION NO. 37**

25

All Communications with any regulator or governmental entity, whether state, federal, or

26

foreign, relating to any matter alleged in the operative complaint in this action.

27

**REQUEST FOR PRODUCTION NO. 38**

28

All Documents including document requests, interrogatories, subpoenas, or any other form of

written discovery served on Zoom (or otherwise received by Zoom) in any litigation, whether in a state or federal court action, or in a case in a foreign country, relating to any matter alleged in the operative complaint in this action.

**REQUEST FOR PRODUCTION NO. 39**

All Documents, including all transcripts or recordings of proceedings, depositions, or interviews, arising out of a state or federal court action; a case in a foreign country; or a case, proceeding, investigation, or inquiry made by any regulator or government entity, whether state, federal, or in a foreign country, relating to Zoom's security or privacy policies or practices.

**REQUEST FOR PRODUCTION NO. 40**

All Documents relating to civil litigation against Zoom brought by the Electronic Privacy Information Center, including but not limited to the complaint filed before the U.S. Federal Trade Commission on July 11, 2019, bringing claims under Section 5 of the FTC Act related to privacy and security risks.

**REQUEST FOR PRODUCTION NO. 41**

All Documents, including, but not limited to, any reports, analyses or studies that reflect, refer, or relate to the sale, transfer, or exchange of personal data collected by Zoom, and/or the creation of derivative data from personal data collected by Zoom.

**REQUEST FOR PRODUCTION NO. 42**

All Documents concerning and/or related to privacy, personal information, and security risks specifically associated with making PII and PHI available to third parties, including, but not limited to, all communications between Zoom Board of Directors and Zoom's senior management team.

**REQUEST FOR PRODUCTION NO. 43**

All Documents concerning Your sharing or delivery of PII to third parties such as Facebook or Google, including but not limited to unauthorized disclosures to date and investigations of such vulnerabilities.

**REQUEST FOR PRODUCTION NO. 44**

All Documents concerning arrangements such as data sharing partnerships and benefit(s) to Zoom in connection with providing or otherwise making available analytics data and other information

from and about Zoom users to third parties including but not limited to Google, Facebook, and LinkedIn.

**REQUEST FOR PRODUCTION NO. 45**

All Documents concerning the statement in Your privacy policy dated March 29, 2019 that "We do not allow marketing companies, advertisers or similar companies to access personal data in exchange for payment. We do not allow third parties to use any personal data obtained from us for their own purposes, unless you consent (e.g., when you download an app from the Marketplace)."

**REQUEST FOR PRODUCTION NO. 46**

All Communications with Facebook concerning PII or Your users' login information.

**REQUEST FOR PRODUCTION NO. 47**

All Communications with LinkedIn concerning PII or Your users' login information.

**REQUEST FOR PRODUCTION NO. 48**

All Communications with Google concerning PII or Your users' login information.

**REQUEST FOR PRODUCTION NO. 49**

All Communications with Otter.ai, Inc.

**REQUEST FOR PRODUCTION NO. 50**

All Documents concerning Communication of Your users' login information to any third party.

**REQUEST FOR PRODUCTION NO. 51**

All Documents concerning Your development of, or cooperation in the development of, artificial intelligence.

**REQUEST FOR PRODUCTION NO. 52**

All Documents concerning potential or actual use of artificial intelligence by You, including tools that allow Zoom users to use any artificial intelligence tools in connection with their Zoom meetings.

**REQUEST FOR PRODUCTION NO. 53**

All Documents evidencing architecture maps, diagrams and flow charts concerning Your Networks and information systems that share data, in any way, with third party servers including but

not limited to Facebook, Google, LinkedIn, Amazon, or any other advertising, analytics, or social media platform.

**REQUEST FOR PRODUCTION NO. 54**

All Documents evidencing architecture maps, diagrams and flow charts concerning Your Networks and information systems that maintain or that transmit PII or Your users' login information.

**REQUEST FOR PRODUCTION NO. 55**

All Documents regarding changes made to Your Network controls and Network security.

**REQUEST FOR PRODUCTION NO. 56**

All Documents concerning Zoom's use of the Facebook SDK across clients including but not limited to Zoom's decision to remove the Facebook SDK in the iOS client and "reconfigure" the feature.

**REQUEST FOR PRODUCTION NO. 57**

All documents concerning Zoom's internal and external Network traffic auditing procedures and policies including deep packet inspection.

**REQUEST FOR PRODUCTION NO. 58**

All Documents concerning the use, capabilities, functionality and application of LinkedIn Sales Navigator on the Zoom platform.

**REQUEST FOR PRODUCTION NO. 59**

All Documents concerning the retention or disposition of any information or list generated by or for the LinkedIn Sales Navigator on the Zoom platform.

**REQUEST FOR PRODUCTION NO. 60**

All Documents relating to whether Zoom obtained consent from any user, including, but not limited to, Plaintiffs, to have their PII and/or PHI collected and/or provided to third parties.

**REQUEST FOR PRODUCTION NO. 61**

All Documents concerning the use of any information gathered for purposes of digital "fingerprinting," or the process by which websites and applications can discern that a device belongs to a particular user based on system configurations, whether by you or any third party.

**REQUEST FOR PRODUCTION NO. 62**

All Documents related to the Zoom blog post by Eric Yuan titled "Zoom's Use of Facebook's SDK in iOS Client" and dated March 27, 2020, including but not limited any Document reviewed or referenced by any person who authored, revised or commented on any draft of that blog post.

**REQUEST FOR PRODUCTION NO. 63**

All Documents related to the Zoom blog post by Aparna Bawa titled "Zoom's Privacy Policy" and dated March 29, 2020, including but not limited any Documents reviewed or referenced by any person who authored, revised or commented on any draft of that blog post.

**REQUEST FOR PRODUCTION NO. 64**

All Documents related to the Zoom blog post by Eric Yuan titled "A Message to Our Users" and dated April 1, 2020, including but not limited any Documents reviewed or referenced by any person who authored, revised or commented on any draft of that blog post.

**REQUEST FOR PRODUCTION NO. 65**

All Documents concerning or constituting Your document retention or destruction policy or policies, including, but not limited to, any practices, procedures, training, training manuals, seminars and/or classes that You provided, or offered to, Your employees, independent contractors, officers, directors and/or any third-party vendors concerning the maintenance and security of ESI, including ESI containing Your customers' records and information.

**REQUEST FOR PRODUCTION NO. 66**

All Documents concerning the banning of the use of Zoom's technologies, including but not limited to correspondence from businesses, healthcare providers, educational institutions, or government entities citing privacy or security concerns.

**REQUEST FOR PRODUCTION NO. 67**

All of Your insurance policies that may cover any of the claims in the above-captioned action.

Respectfully submitted,

DATED:  August 25, 2020

*/s/ Tina Wolfson*
TINA WOLFSON

TINA WOLFSON
twolfson@ahdootwolfson.com
THEODORE MAYA
tmaya@ahdootwolfson.com
CHRISTOPHER STINER
cstiner@ahdootwolfson.com
RACHEL JOHNSON
rjohnson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

MARK C. MOLUMPHY
mmolumphy@cpmlegal.com
TYSON REDENBARGER
tredenbarger@cpmlegal.com
NOORJAHAN RAHMAN
nrahman@cpmlegal.com
JULIA PENG
jpeng@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

*Interim Co-Lead Class Counsel*

RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
Tel: (619) 239-4599
Fax: (619) 234-4599

ALBERT Y. CHANG (296065)
achang@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (858) 914-2002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERIC H. GIBBS
ehg@classlawgroup.com
ANDRE MURA (298541)
amm@classlawgroup.com
AMANDA M. KARL (301088)
amk@classlawgroup.com
JEFFREY KOSBIE (305424)
jbk@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Tel:  (510) 350-9700
Fax: (510) 350-9701

*Plaintiffs' Steering Committee*

Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
Christopher E. Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
Rachel Johnson (SBN 331351)
*rjohnson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA  90024
Tel: (310) 474-9111
Fax: (310) 474-8585

Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Joseph W. Cotchett (SBN 36324)
*jcotchett@cpmlegal.com*
Tyson Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Noorjahan Rahman (SBN 330572)
*nrahman@cpmlegal.com*
Julia Peng (SBN 318396)
*jpeng@cpmlegal.com*
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  650.697.6000
Facsimile:   650.697.0577

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION | Case No. 5:20-cv-02155-LHK<br><br>**PROOF OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I am a citizen of the United States and employed in Los Angeles, California. I

am over the age of eighteen years and not a party to the within-entitled action. My business

address is 10728 Lindbrook Drive, Los Angeles, California 90024.

I am also readily familiar with this firm's practice for collection and processing of

correspondence for mailing with the United States Postal Service. Following ordinary business

practices, an envelope was sealed and placed for collection and mailing on this date, and would,

in the ordinary course of business, be deposited with the United States Postal Service on this date.

On August 25, 2020, I caused to be served copies of the following document(s):

**1. PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**; and

**2. PROOF OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL**

on the following party in this action through its respective counsel:

Michael G. Rhodes (rhodesmg@cooley.com)
Travis LeBlanc (tleblanc@cooley.com)
Kathleen Hartnett (khartnett@cooley.com)
Danielle Pierre (dpierre@cooley.com)
Joseph Mornin (jmornin@cooley.com)
Evan Slovak (eslovak@cooley.com)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, California 94111-5800

Additionally, on the same date, I attached PDF copies of the documents listed above to an

email and sent that email to the email addresses listed above.

Executed on August 25, 2020, at Los Angeles, California.

By:      _/s/ Rachel R. Johnson_

Rachel R. Johnson

# EXHIBIT 2

COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
DANIELLE C. PIERRE (300567)
(dpierre@cooley.com)
JOSEPH D. MORNIN (307766)
(jmornin@cooley.com)
EVAN G. SLOVAK (319409)
(eslovak@cooley.com)
KELSEY R. SPECTOR (321488)
(kspector@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:     +1 415 693 2000
Facsimile:     +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION*,<br><br><br>This Documents Relates To:<br>All Actions | Master Case No. 5:20-cv-02155-LHK<br><br>**DEFENDANT ZOOM VIDEO COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**PROPOUNDING PARTY:**     Plaintiffs Caitlin Brice, Heddi N. Cundle, Isabelle Gmerek, Cynthia Gormezano, Kristen Hartmann, M.F. and his parent Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church, and Stacey Simins

**RESPONDING PARTY:**     Defendant Zoom Video Communications, Inc.

**SET NUMBER:**     One

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Defendant Zoom Video Communications, Inc. ("Zoom") responds as follows to Plaintiffs' Caitlin Brice, Heddi N. Cundle, Isabelle Gmerek, Cynthia Gormezano, Kristen Hartmann, M.F. and his parent Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church and Stacey Simins ("Plaintiffs") First Set of Requests for Production of Documents ("the Requests"):

## I.     GENERAL RESPONSE.

**1.**     Zoom's response to the Requests is made to the best of Zoom's current employees' present knowledge, information, and belief.  This response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Zoom's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Zoom's further discovery or investigation.

**2.**     Zoom reserves the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Zoom's initial production, including, but not limited to, any documents obtained in discovery herein.

**3.**     Zoom will not produce documents which Zoom or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of Evidence 501, California Evidence Code section 1060, or California Constitution, Article I, section 1.  Under appropriate circumstances, Zoom may agree to produce such documents upon the entry of, and subject to, an appropriate protective order against the unauthorized use or disclosure of such information.  Zoom will not produce any documents until such a protective order is in place.

**4.**     Zoom reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled

to correspond with the categories in the Requests, in accordance with Federal Rule of Civil Procedure 34(b).

**5.** Zoom reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**6.** Zoom will not construe the Requests as an attempt to impose discovery obligations on Zoom beyond those authorized by the Federal Rules of Civil Procedure. Zoom will not undertake discovery obligations beyond those authorized by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Northern District of California.

**7.** Zoom reserves the right to object on any ground at any time to such other or supplemental requests for production as Zoom may at any time propound involving or relating to the subject matter of these Requests.

**8.** By stating in these responses that Zoom will produce documents or is searching for responsive documents, Zoom will make a good faith effort to produce the documents, to the extent they exist, within a reasonable time, on a rolling basis, and as quickly and efficiently as possible, in accordingly with Rule 34 of the Federal Rules of Civil Procedure.

**9.** By stating in these responses that Zoom will produce documents or is searching for responsive documents, Zoom does not represent that such documents actually exist, but rather that it will make a good faith search and attempt to ascertain whether documents responsive to the Request do, in fact, exist, and to produce such documents if they are found to exist and are within Zoom's records or files. Zoom will use reasonable diligence to locate responsive documents based on an examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those employees who reasonably may be expected to possess responsive documents.

## II. OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS.

Zoom makes the following objections, to each and every applicable instruction, definition, and document request made in Plaintiffs' First Set of Requests for Production of Documents:

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1.      Zoom objects to all Definitions, Instructions, and Document Requests inclusive, insofar as each such request seeks information or documents protected from disclosure pursuant to Federal Rule of Evidence 501 and California Revenue and Taxation Code sections 451, 7056, and 19542.  Such information or documents shall not be produced in response to the Requests and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information or documents.

2.      Zoom objects to all Definitions, Instructions, and Document Requests inclusive, to the extent they seek documents not currently in Zoom's possession, custody or control, or refer to persons, entities or events not known to Zoom, on the grounds that such Instructions, Definitions, or Requests seek to require more of Zoom than any obligation imposed by law, would subject Zoom to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Zoom an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiffs.

3.      Zoom objects to all Definitions and Instructions and to the Document Requests specified below in which the phrases "relate to," "relating to," "in relation to," and "related to" or the term "regarding" appears.  The phrases "relate to," "relating to," "in relation to," and "related to" and the term "regarding" are overly broad, vague, ambiguous, and unintelligible, require subjective judgment on the part of Zoom and Zoom's attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.  Without waiving this objection, and subject to all other applicable objections or privileges stated herein, Zoom will produce, in response to any request for documents that "relate" to or "regard" a given subject, such documents as expressly reflect or refer on their face to information relevant to the specified subject.

4.      Zoom objects to all Definitions and Instructions and to the Document Requests specified below in which the phrase "concerning" appears.  The term "concerning" is overly broad, vague, ambiguous, and unintelligible, requires the application and disclosure of the subjective legal judgment of Zoom's attorneys, and would require the disclosure of a conclusion or opinion of counsel in violation of the attorney work product doctrine.  Without waiving this objection, and subject to all other applicable objections or privileges stated herein, Zoom will produce, in response

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

to any Requests for documents that "concern" a given subject or that are "concerning" a given subject, such documents as expressly discuss or refer on their face to that subject (if any such documents exist).

**5.**     Zoom objects to definition number 1 to the extent it defines "Zoom" to include "its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contracts, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control." Said definition is vague and ambiguous, is overly broad, and would subject Zoom to unreasonable and undue annoyance, oppression, burden, and expense. Zoom further objects to this definition to the extent that it may expand Requests to include documents not within the possession, custody, or control of Zoom, and therefore asks more of Zoom than allowed by the Federal Rules of Civil Procedure. Zoom will interpret "Zoom," "You," and "Your" to refer to Zoom Video Communications, Inc., that entity's officers and employees, and any predecessors or successors to that entity.

**6.**     Zoom objects to the time period specified in Plaintiffs' First Set of Requests for Production because it is excessive, and would subject Zoom to unreasonable and undue annoyance, oppression, burden, and expense. Zoom will produce documents from March 30, 2016 to the present.

**7.**     Zoom objects to instruction number 2 to the extent it seeks to require Zoom to identify anything other than the specific claim of privilege or work product being made and the grounds for such claim, on the ground that the Requests encompass potentially thousands of pages of documents, not all of which have as yet been identified or reviewed by counsel. Accordingly, said instruction would subject Zoom to unreasonable and undue annoyance, oppression, burden, and expense, and seeks information protected from discovery by privilege and as work product. Without waiving this objection and subject to all other objections, privileges and exceptions set forth herein, Zoom will identify the date, author, and recipient(s) of each document withheld on the basis of privilege or work product.

**8.**     Zoom objects to the statement in instruction number 3 to the extent it seeks to require Zoom to search for information about documents no longer in existence or in Zoom's possession,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

custody or control, on the grounds that said instruction is overly broad, would subject Zoom to undue annoyance, oppression, burden, and expense, and seeks to impose upon Zoom an obligation to investigate information or materials from third parties or services who are equally accessible to Plaintiff.

**9.** Zoom objects to the Requests, as specified below, to the extent they use the term "meeting." Such term is vague and ambiguous, is overly broad, and would subject Zoom to unreasonable and undue annoyance, oppression, burden, and expense. Zoom will interpret "meeting" to mean the content transmitted through the use of Zoom's standard videoconferencing service, and not to include the following specialized services the use of which no Plaintiff has pleaded, including Zoom Rooms, Zoom Phone, Zoom Chat, Zoom Video Webinars, Zoom for Education, Zoom for Government, and Zoom for Healthcare.

**10.** Zoom objects to the Requests, as specified below, to the extent that the Requests seek documents relating to Zoom's encryption or end-to-end encryption (terms that are undefined, susceptible to multiple meanings, and thus vague and ambiguous) and do not identify or otherwise differentiate between the various services and clients offered by Zoom or Zoom's internal operations. Such requests are vague and ambiguous, overly broad and unduly burdensome, and Zoom will not produce documents in response to such Requests except to the extent the documents relate to end-to-end encryption for meeting data, based on Zoom's interpretation of the term "meeting" stated in the preceding paragraph.

**11.** Zoom objects to the Requests, as specified below, to the extent that they seek documents or information, the disclosure of which is prohibited by law, regulation, or any protective order limiting its disclosures, the order of a court or other authority of the jurisdiction in which the documents or information are located, or by principles of sovereignty and comity. Such documents or information shall not be produced in response to the Requests.

**12.** Zoom objects to the Requests, as specified below, to the extent that they seek documents or information, the disclosure of which is prohibited by a non-disclosure agreement or confidentiality agreement. Such documents or information shall not be produced in response to the Requests.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**13.** Zoom objects to Plaintiffs' attempt to impose unilaterally a date, time, and place for producing and/or making available documents, if any, responsive to the Requests. Zoom shall make the documents available for inspection and copying by a mutually agreeable time and place.

**14.** Zoom objects to all Definitions, Instructions, and Document Requests inclusive, insofar as each such request seeks production of documents or information protected by the attorney-client privilege, the work product doctrine, or the right of privacy under the California Constitution, article I, section 1. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.

**15.** Zoom objects to the Requests to the extent they seek discovery relating to Zoom's features, Zoom's offerings, third-party products, or services, or to allegations concerning alleged wrongdoing for which (a) there is no allegation that any named Plaintiff used such a product or service, or (b) there is no allegation that the feature, offering, product, service, or alleged wrongdoing forms the basis of any cause of action.

**RESPONSE AND RESPONSES TO DOCUMENT REQUESTS.**

Without waiving or limiting in any manner any of the foregoing Objections to Definitions and Instructions, but rather incorporating them into each of the following responses to the extent applicable, Zoom responds to the enumerated requests of Plaintiffs' First Set of Requests for Production of Documents as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents concerning Your collection, use, transmission, or storage of PII or PHI pertaining to Your users, including but not limited to the use of cookies and tracking technologies of third parties such as Google Analytics, Facebook Analytics, Amazon, hotjar, and zendesk, including the purpose, manner, and type of such data and it such collection, use, transmission, or storage.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrases "collection, use, transmission, or storage of," "purpose, manner, and type of such data," and "use of cookies and tracking technologies of third parties" are vague and ambiguous.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning Your efforts to implement measures for privacy, data protection, and information security for Your users, the integrity of such measures, and Your assurances to the public that Your video conferences are private and that the PII or PHI of Your users will be properly maintained.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrases "implement measures," "the integrity of such measures," and "Your assurances to the public" are vague and ambiguous.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning Zoom's terms of service, terms of use, and privacy policies, including but not limited to the final policies, draft policies, correspondence related to the development of the policies, and correspondence regarding modification of such policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce final versions of its terms of service, terms of use, and privacy policies that it locates pursuant to the terms of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 4:**

All Communications with Your users concerning regarding Zoom's privacy, security, Zoom's use of PII or PHI, or Zoom-related data breaches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "privacy, security, Zoom's use of PII or PHI, or Zoom-related data breaches" is vague and ambiguous. Zoom objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, article I, section 1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Subject to the foregoing objections, Zoom responds that it will meet and confer with

2  Plaintiffs about this Request.

3  **REQUEST FOR PRODUCTION NO. 5:**

4    Documents regarding all materials ever published on Your website Zoom.us relating to

5  privacy and/or any data collected from and about anyone who interacts with Zoom's products.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

7    In addition to the foregoing Objections to Definitions and Instructions, including Objections

8  to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

9  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

10  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

11  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the

12  phrase "privacy and/or any data collected from and about anyone who interacts with Zoom's

13  products" is vague and ambiguous.

14    Subject to the foregoing objections, Zoom responds that it will meet and confer with

15  Plaintiffs about this Request.

16  **REQUEST FOR PRODUCTION NO. 6:**

17    All Documents referring or relating to the Plaintiffs in this litigation, including but not

18  limited to all Documents reflecting information of any nature collected regarding Plaintiffs, all

19  Documents reflecting the sharing of any such information with third parties, all Documents

20  reflecting Plaintiffs' acceptance of any version of the Zoom Terms of Service and/or Privacy

21  Policy, and all Documents including any of Plaintiffs' PII.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

23    In addition to the foregoing Objections to Definitions and Instructions, including Objections

24  to Definitions and Instructions Number 3 and General Response Number 3, which Zoom

25  incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks

26  documents not relevant to the claims and defenses in this case and not proportional to the needs of

27  the case, including because Plaintiffs have not alleged any personal connection to or harm from the

28  alleged third-party data sharing.  Zoom further objects to this Request as imposing on Zoom undue

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

burden and expense.  Zoom additionally objects that the phrase "information of any nature collected regarding Plaintiffs" is vague and ambiguous.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged documents, if any, regarding Plaintiffs' Zoom accounts to the extent that Zoom can identify the accounts as belonging to Plaintiffs pursuant to the terms of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning Your ability to monitor or record the content of your users' Zoom meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4 and 9, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the terms "monitor" and "record" are vague and ambiguous.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All Communications regarding Zoom's compliance with privacy statutes including but not limited to HIPAA, the CCPA, state data breach acts, state consumer protection acts, the Federal Trade Commission Act, or other state or federal statutes governing privacy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

to this Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to Your efforts to comply with medical privacy laws regarding PHI, including but not limited to HIPAA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents relating to the National Security and Personal Data Protection Act, including Your compliance or non-compliance with that Act, amendments or proposed amendments to that Act, and correspondence with any government or elected official, their staff, or any lobbyist organization concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

to this Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents relating to Your membership in, and certification from, the U.S. Department of Commerce US-EU Privacy Shield, including, but not limited to, your efforts to gain approval as a member, compliance with its privacy safeguards, and enforcement of the Privacy Shield as to Zoom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning the protection of children's privacy, PII, and PHI in connection with the use of Your technologies, including but not limited to Your circumvention of requirements for protecting student data, school districts' prohibitions on the use of Zoom as a distance-learning platform, and exploitation of Zoom screen-sharing features to interrupt educational session

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrase "circumvention of requirements for protecting student data, school districts' prohibitions on the use of Zoom as a distance-learning platform, and exploitation of Zoom screen-sharing features to interrupt educational sessions" is vague and ambiguous.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents evidencing Your policies, procedures, protocols, practices, and infrastructure for preventing unauthorized users from accessing PII or PHI, including but not limited to password requirements, encryption, other authentication requirements, network segmentation, logging, and remote access by employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrase "unauthorized users" is vague, ambiguous, and unintelligible given the later reference to employees.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents including but not limited to reports, correspondence, internal or external audits, analyses, studies, reviews, and tasks relating to privacy, data protection and/or cyber security

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

issues performed by and for any digital security compliance entity, including but not limited to, TrustArc, Federal Risk and Authorization Management Program (FedRAMP), and the American Institute of Certified Public Accountants (AICPA), including how Zoom determined the "relevant criteria" and corresponding controls for Service Organization Controls (SOC) 2 certification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "any digital security compliance entity" is vague, ambiguous, and unintelligible given the later reference to employees. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents relating to the CCPA, including, but not limited to, any Documents regarding compliance or non-compliance with that Act, amendments or proposed amendments to that Act, and correspondence with any government or elected official, their staff, or any lobbyist organization concerning the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

2    for responsive documents, and, as a result, will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 16:**

4    All Documents relating to the financial or technological feasibility or effect of compliance

5    with the CCPA.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

7    In addition to the foregoing Objections to Definitions and Instructions, including Objections

8    to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

9    specifically objects that this Request is overly broad and seeks documents not relevant to the claims

10   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

11   Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the

12   extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

13   Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

14   for responsive documents, and, as a result, will not produce documents in response to this Request.

15   **REQUEST FOR PRODUCTION NO. 17:**

16   All Documents relating to financial metric and/or business valuation of encryption

17   capabilities and implementation in connection with Your technologies.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

19   In addition to the foregoing Objections to Definitions and Instructions, including Objections

20   to Definitions and Instructions Numbers 3 and 10, which Zoom incorporates by reference, Zoom

21   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

22   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

23   Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the

24   phrase "valuation of encryption capabilities and implementation" is vague and ambiguous and will

25   interpret that phrase to mean valuations of Zoom's end-to-end encryption.

26   Subject to the foregoing objections, Zoom responds that it will meet and confer with

27   Plaintiffs about this Request.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to representations, statements, announcements, and/or correspondence made by Zoom to consumers regarding security and privacy protection of its technology by its encryption capabilities including but not limited to end-to-end encryption.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 10, and 12 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrase "security and privacy protection of its technology by its encryption capabilities" is vague, ambiguous, and unintelligible given the later reference to employees.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged communications, if any, by Zoom to the public regarding Zoom's end-to-end encryption pursuant to the terms of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning Your encryption capabilities, including but not limited to Your technical capacity to offer end-to-end encryption for Zoom video meetings, encryption of chat messages, encryption white papers, ability of consumers to control their security keys, representations regarding AES-256 encryption, Zoom's decision to utilize an in-house implementation of AES-128 encryption in electronic codebook (ECB) mode.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4, 9, and 10 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents regarding AES-256 and AES-128 encryption and

Cooley LLP
Attorneys at Law
San Francisco

16

Zoom's Responses and Objections to
Plaintiffs' First Set of RFPs
Master Case No. 5:20-cv-02155-LHK

chat messages.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged documents, if any, sufficient to show Zoom's end-to-end encryption capabilities for meeting data and material changes to the end-to-end nature of Zoom's end-to-end encryption of meetings over time pursuant to the terms of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning the evolution of encryption capability and implementation over time and across access formats and systems such as but not limited to Zoom Meetings, Zoom Video Webinars, Zoom Phone, SIP/H.323 room-based system endpoints, legacy systems, and "Zoom Connectors."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4, 9, and 10 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects that the phrase "encryption capability and implementation over time and across access formats and systems" is vague and ambiguous.  Zoom will interpret that phrase to mean the end-to-end nature of Zoom's end-to-end encryption.  Zoom further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged documents, if any, sufficient to show Zoom's end-to-end encryption capabilities for meeting data and material changes to the end-to-end nature of Zoom's end-to-end encryption of meetings over time pursuant to the terms of a mutually agreeable protective order.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   **REQUEST FOR PRODUCTION NO. 21:**

2         All logs, databases, or other Documents describing potential or actual data breaches, or

3   attempts by hackers or other unauthorized individuals or programs to access information contained

4   in Your Networks or information systems.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6         In addition to the foregoing Objections to Definitions and Instructions, which Zoom

7   incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks

8   documents not relevant to the claims and defenses in this case and not proportional to the needs of

9   the case, including because the Complaint does not contain any allegations pertaining to data

10  breaches.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.

11  Zoom objects that the phrase "potential or actual data breaches" is vague and ambiguous.  Zoom

12  further objects to this Request to the extent it seeks documents protected by the attorney-client

13  privilege or the work product doctrine.

14        Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

15  for responsive documents, and, as a result, will not produce documents in response to this Request.

16  **REQUEST FOR PRODUCTION NO. 22:**

17        All Documents concerning Your knowledge and assessment of weaknesses, vulnerabilities,

18  breaches, and security risks in the Company's cybersecurity and data protection systems related to

19  unauthorized access of Zoom users' PII or PHI and their Zoom account information or credentials,

20  including but not limited to Zoom's Security Whitepapers, Common Vulnerabilities and Exposures

21  (CVE) reports, National Vulnerability Database (NVD) reports, communications with security

22  researchers regarding such weaknesses and solutions thereto, payment of any "bug bounty" relating

23  to Zoom, and non-disclosure agreements with outside security researchers.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

25        In addition to the foregoing Objections to Definitions and Instructions, including Objections

26  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

27  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

28  and defenses in this case and not proportional to the needs of the case, including because the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Complaint does not contain any allegations pertaining to data breaches.  Zoom further objects to

2    this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

3    Request to the extent it seeks documents protected by the attorney-client privilege or the work

4    product doctrine.

5        Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

6    for responsive documents, and, as a result, will not produce documents in response to this Request.

7    **REQUEST FOR PRODUCTION NO. 23:**

8        All Documents concerning the ability of malicious websites to take control of a Zoom user's

9    screen and keyboard, enable a user's camera, and/or install malware without permission, including,

10   but not limited to, those related to Zoom's use of an installer bypass, the bundling of the Zoom

11   installer with malware, and Zoom not distinguishing between regular web addresses and remote

12   networking links such as Universal Naming Convention (UNC) path.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

14       In addition to the foregoing Objections to Definitions and Instructions, including Objections

15   to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

16   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

17   and defenses in this case and not proportional to the needs of the case, including because the

18   Complaint does not contain any allegations pertaining to malicious websites.  Zoom further objects

19   to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

20   Request to the extent it seeks documents protected by the attorney-client privilege or the work

21   product doctrine.

22       Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

23   for responsive documents, and, as a result, will not produce documents in response to this Request.

24   **REQUEST FOR PRODUCTION NO. 24:**

25       All Documents sufficient to identify the total number of possible persons whose information

26   was accessed, viewed, downloaded, copied, breached or compromised in any way in relation to a

27   data breach compromising Zoom accounts.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because the Complaint does not contain any allegations pertaining to data breaches.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents concerning online vandalism and Your technologies, including, but not limited to, an automated tool known as "zWarDial" or any tool allowing identification of and/or access to Zoom meetings by would-be interlopers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4 and 9, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents concerning the material adverse effects on You as a result of the known risks and weaknesses in Zoom's cybersecurity and data protection systems, including, but not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1  limited to, communications among the Board of Directors and members of Zoom's senior
2  management team.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

4       In addition to the foregoing Objections to Definitions and Instructions, including Objections
5  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom
6  specifically objects that this Request is overly broad and seeks documents not relevant to the claims
7  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this
8  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this
9  Request to the extent it seeks documents protected by the attorney-client privilege or the work
10  product doctrine.

11       Subject to the foregoing objections, Zoom has not conducted and will not conduct searches
12  for responsive documents, and, as a result, will not produce documents in response to this Request.

13  **REQUEST FOR PRODUCTION NO. 27:**

14       All Documents, including, but not limited to, any internal or external audits, analyses,
15  studies or reviews or recommendations performed by Zoom or any third party relating to Zoom's
16  investigation of "Zoom Bombings" and "Zoom Raids" and any preventative methods or precautions
17  with regard to "Zoom Bombings" and "Zoom Raids" for users of Your technologies.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

19       In addition to the foregoing Objections to Definitions and Instructions, including Objections
20  to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom
21  specifically objects that this Request is overly broad and seeks documents not relevant to the claims
22  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this
23  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this
24  Request to the extent it seeks documents protected by the attorney-client privilege or the work
25  product doctrine.

26       Subject to the foregoing objections, Zoom responds that it will meet and confer with
27  Plaintiffs about this Request.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning the ability of attackers to steal Microsoft Windows credentials from Zoom users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning Zoom Connectors for Cisco providing an access point for attackers to control a Cisco video endpoint without obtaining authentication, including, but not limited to, any communications with Cisco about Cisco's standards concerning enterprise-grade security.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4 and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   **REQUEST FOR PRODUCTION NO. 30:**

2       All Documents concerning the decision and design process to enable users to make

3   recordings or transcripts of Zoom meetings.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

5       In addition to the foregoing Objections to Definitions and Instructions, including Objections

6   to Definitions and Instructions Numbers 4 and 9, which Zoom incorporates by reference, Zoom

7   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

8   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

9   Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

10  Request to the extent it seeks documents protected by the attorney-client privilege or the work

11  product doctrine.

12      Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

13  for responsive documents, and, as a result, will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 31:**

15      All Documents, including Communications, concerning transcripts of Zoom meetings that

16  have recorded or could record the content of chat discussions by users without their knowledge.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

18      In addition to the foregoing Objections to Definitions and Instructions, including Objections

19  to Definitions and Instructions Numbers 4 and 9, which Zoom incorporates by reference, Zoom

20  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

21  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

22  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

23  Request to the extent it seeks documents protected by the attorney-client privilege or the work

24  product doctrine.

25      Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

26  for responsive documents, and, as a result, will not produce documents in response to this Request.

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 32:**

All Documents, including Communications, concerning design, implementation, and removal of Zoom's attention tracking feature.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents describing how transcripts of Zoom meetings are, would be, or have been generated, stored, and/or distributed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 9, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**REQUEST FOR PRODUCTION NO. 34:**

All Documents describing how transcripts of Zoom meetings are, would be, or have been used by Zoom, including but not limited to the training or development of artificial intelligence systems.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 9, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents, including subpoenas, other compulsory process, civil investigative demands, correspondence, or any other requests for information made to Zoom or received by Zoom from any regulator or government entity, whether state, federal, or in a foreign country (including, but not limited to, any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State agency; and the United States Federal Bureau of Investigation), relating to any matter alleged in the operative complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

seeks documents relating to proceedings in foreign countries.  Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents provided by You to any regulator or governmental entity, whether state, federal, or foreign, relating to any matter alleged in the operative complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign countries.  Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications with any regulator or governmental entity, whether state, federal, or foreign, relating to any matter alleged in the operative complaint in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the

2   claims and defenses in this case and not proportional to the needs of the case, including because it

3   seeks documents relating to proceedings in foreign countries.  Zoom further objects that production

4   of documents relating to such proceedings, if any, could raise sovereignty and potential national

5   security concerns.  Zoom additionally objects to this Request as imposing on Zoom undue burden

6   and expense.  Zoom also objects to this Request to the extent it seeks documents protected by the

7   attorney-client privilege or the work product doctrine.

8          Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

9   for responsive documents, and, as a result, will not produce documents in response to this Request.

10  **REQUEST FOR PRODUCTION NO. 38:**

11          All Documents including document requests, interrogatories, subpoenas, or any other form

12  of written discovery served on Zoom (or otherwise received by Zoom) in any litigation, whether in

13  a state or federal court action, or in a case in a foreign country, relating to any matter alleged in the

14  operative complaint in this action.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

16          In addition to the foregoing Objections to Definitions and Instructions, including Objections

17  to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference,

18  Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the

19  claims and defenses in this case and not proportional to the needs of the case, including because it

20  seeks documents relating to proceedings in foreign countries.  Zoom further objects that production

21  of documents relating to such proceedings, if any, could raise sovereignty and potential national

22  security concerns.  Zoom additionally objects to this Request as imposing on Zoom undue burden

23  and expense.  Zoom also objects to this Request to the extent it seeks documents protected by the

24  attorney-client privilege or the work product doctrine.

25          Subject to the foregoing objections, Zoom responds that no responsive documents exist.

26  **REQUEST FOR PRODUCTION NO. 39:**

27          All Documents, including all transcripts or recordings of proceedings, depositions, or

28  interviews, arising out of a state or federal court action; a case in a foreign country; or a case,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1 proceeding, investigation, or inquiry made by any regulator or government entity, whether state,

2 federal, or in a foreign country, relating to Zoom's security or privacy policies or practices.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4 In addition to the foregoing Objections to Definitions and Instructions, including Objections

5 to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference,

6 Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the

7 claims and defenses in this case and not proportional to the needs of the case, including because it

8 seeks documents relating to proceedings in foreign countries. Zoom further objects that production

9 of documents relating to such proceedings, if any, could raise sovereignty and potential national

10 security concerns. Zoom additionally objects to this Request as imposing on Zoom undue burden

11 and expense. Zoom also objects to this Request to the extent it seeks documents protected by the

12 attorney-client privilege or the work product doctrine.

13 Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

14 for responsive documents, and, as a result, will not produce documents in response to this Request.

15 **REQUEST FOR PRODUCTION NO. 40:**

16 All Documents relating to civil litigation against Zoom brought by the Electronic Privacy

17 Information Center, including but not limited to the complaint filed before the U.S. Federal Trade

18 Commission on July 11, 2019, bringing claims under Section 5 of the FTC Act related to privacy

19 and security risks.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21 In addition to the foregoing Objections to Definitions and Instructions, including Objections

22 to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference,

23 Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the

24 claims and defenses in this case and not proportional to the needs of the case. Zoom additionally

25 objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects to this

26 Request to the extent it seeks documents protected by the attorney-client privilege or the work

27 product doctrine.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

2    for responsive documents, and, as a result, will not produce documents in response to this Request.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    All Documents, including, but not limited to, any reports, analyses or studies that reflect,

5    refer, or relate to the sale, transfer, or exchange of personal data collected by Zoom, and/or the

6    creation of derivative data from personal data collected by Zoom.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

8    In addition to the foregoing Objections to Definitions and Instructions, including Objections

9    to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

10   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

11   and defenses in this case and not proportional to the needs of the case.  Zoom additionally objects

12   to this Request as imposing on Zoom undue burden and expense.  Zoom also objects that the phrase

13   "exchange of personal data collected by Zoom, and/or the creation of derivative data from personal

14   data collected by Zoom" is vague and ambiguous.

15   Subject to the foregoing objections, Zoom responds that it will meet and confer with

16   Plaintiffs about this Request.

17   **REQUEST FOR PRODUCTION NO. 42:**

18   All Documents concerning and/or related to privacy, personal information, and security

19   risks specifically associated with making PII and PHI available to third parties, including, but not

20   limited to, all communications between Zoom Board of Directors and Zoom's senior management

21   team.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

23   In addition to the foregoing Objections to Definitions and Instructions, including Objections

24   to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

25   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

26   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

27   Request as imposing on Zoom undue burden and expense.  Zoom also objects that the phrases

28   "privacy, personal information, and security risks" and "making PII and PHI available to third

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

parties" are vague, ambiguous, and unintelligible.  Zoom further objects to this Request to the extent it seeks documents that are not in Zoom's possession, control, or custody.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents concerning Your sharing or delivery of PII to third parties such as Facebook or Google, including but not limited to unauthorized disclosures to date and investigations of such vulnerabilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom further objects to this Request to the extent it seeks documents that are not in Zoom's possession, control, or custody.  Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning arrangements such as data sharing partnerships and benefit(s) to Zoom in connection with providing or otherwise making available analytics data and other information from and about Zoom users to third parties including but not limited to Google, Facebook, and LinkedIn.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom further objects to this Request to the extent it seeks documents that are not in Zoom's possession, control, or custody. Zoom further objects that the phrases "arrangements such as data sharing partnerships and benefit(s) to Zoom in connection with providing or otherwise making available analytics data and other information" and "making available" are vague and ambiguous. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents concerning the statement in Your privacy policy dated March 29, 2019 that "We do not allow marketing companies, advertisers or similar companies to access personal data in exchange for payment. We do not allow third parties to use any personal data obtained from us for their own purposes, unless you consent (e.g., when you download an app from the Marketplace)."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom further objects to this Request to the extent it seeks documents that are not in Zoom's possession, control, or custody. Zoom

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   additionally objects to this Request to the extent it seeks documents protected by the attorney-client

2   privilege or the work product doctrine.

3          Subject to the foregoing objections, Zoom responds that it will meet and confer with

4   Plaintiffs about this Request.

5   **REQUEST FOR PRODUCTION NO. 46:**

6          All Communications with Facebook concerning PII or Your users' login information.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8          In addition to the foregoing Objections to Definitions and Instructions, including Objections

9   to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

10  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

11  and defenses in this case and not proportional to the needs of the case, including because Plaintiffs

12  have not alleged any personal connection to or harm from the alleged third-party data sharing.

13  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom

14  additionally objects that the phrase "PII or Your users' login information" is vague and ambiguous.

15         Subject to the foregoing objections, Zoom responds that it will meet and confer with

16  Plaintiffs about this Request.

17  **REQUEST FOR PRODUCTION NO. 47:**

18         All Communications with LinkedIn concerning PII or Your users' login information.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

20         In addition to the foregoing Objections to Definitions and Instructions, including Objections

21  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

22  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

23  and defenses in this case and not proportional to the needs of the case, including because Plaintiffs

24  have not alleged any personal connection to or harm from the alleged third-party data sharing.

25  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom

26  additionally objects that the phrase "PII or Your users' login information" is vague and ambiguous.

27         Subject to the foregoing objections, Zoom responds that it will meet and confer with

28  Plaintiffs about this Request.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    **REQUEST FOR PRODUCTION NO. 48:**

2         All Communications with Google concerning PII or Your users' login information.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

4         In addition to the foregoing Objections to Definitions and Instructions, including Objections

5    to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

6    specifically objects that this Request is overly broad and seeks documents not relevant to the claims

7    and defenses in this case and not proportional to the needs of the case, including because Plaintiffs

8    have not alleged any personal connection to or harm from the alleged third-party data sharing.

9    Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom

10   additionally objects that the phrase "PII or Your users' login information" is vague and ambiguous.

11        Subject to the foregoing objections, Zoom responds that it will meet and confer with

12   Plaintiffs about this Request.

13   **REQUEST FOR PRODUCTION NO. 49:**

14        All Communications with Otter.ai, Inc.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

16        In addition to the foregoing Objections to Definitions and Instructions, which Zoom

17   incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks

18   documents not relevant to the claims and defenses in this case and not proportional to the needs of

19   the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.

20        Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

21   for responsive documents, and, as a result, will not produce documents in response to this request.

22   **REQUEST FOR PRODUCTION NO. 50:**

23        All Documents concerning Communication of Your users' login information to any third

24   party.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

26        In addition to the foregoing Objections to Definitions and Instructions, including Objections

27   to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

28   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning Your development of, or cooperation in the development of, artificial intelligence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this request as imposing on Zoom undue burden and expense.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 52:**

All Documents concerning potential or actual use of artificial intelligence by You, including tools that allow Zoom users to use any artificial intelligence tools in connection with their Zoom meetings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4 and 9, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects that the phrases "potential or actual use of artificial intelligence" and "tools that allow Zoom users to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1  use any artificial intelligence tools in connection with their Zoom meetings" are vague and

2  ambiguous.

3       Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

4  for responsive documents, and, as a result, will not produce documents in response to this request.

5  **REQUEST FOR PRODUCTION NO. 53:**

6       All Documents evidencing architecture maps, diagrams and flow charts concerning Your

7  Networks and information systems that share data, in any way, with third party servers including

8  but not limited to Facebook, Google, LinkedIn, Amazon, or any other advertising, analytics, or

9  social media platform.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

11       In addition to the foregoing Objections to Definitions and Instructions, including Objections

12  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

13  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

14  and defenses in this case and not proportional to the needs of the case, including because Plaintiffs

15  have not alleged any personal connection to or harm from the alleged third-party data sharing.

16  Zoom further objects that the phrases "architecture maps, diagrams and flow charts concerning

17  Your Networks and information systems" and "with third party servers" are vague and ambiguous.

18       Subject to the foregoing objections, Zoom responds that it will meet and confer with

19  Plaintiffs about this Request.

20  **REQUEST FOR PRODUCTION NO. 54:**

21       All Documents evidencing architecture maps, diagrams and flow charts concerning Your

22  Networks and information systems that maintain or that transmit PII or Your users' login

23  information.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

25       In addition to the foregoing Objections to Definitions and Instructions, including Objections

26  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

27  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

28  and defenses in this case and not proportional to the needs of the case, including because Plaintiffs

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1  have not alleged any personal connection to or harm from the alleged third-party data sharing.

2  Zoom further objects that the phrase "maintain or transmit PII or Your users' login information" is

3  vague and ambiguous.

4      Subject to the foregoing objections, Zoom responds that it will meet and confer with

5  Plaintiffs about this Request.

6  **REQUEST FOR PRODUCTION NO. 55:**

7      All Documents regarding changes made to Your Network controls and Network security.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

9      In addition to the foregoing Objections to Definitions and Instructions, including Objections

10  to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

11  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

12  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

13  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the

14  phrase "Your Network controls and Network security" is vague and ambiguous.  Zoom objects to

15  this Request to the extent it seeks documents protected by the attorney-client privilege or the work

16  product doctrine.

17      Subject to the foregoing objections, Zoom responds that it will meet and confer with

18  Plaintiffs about this Request.

19  **REQUEST FOR PRODUCTION NO. 56:**

20      All Documents concerning Zoom's use of the Facebook SDK across clients including but

21  not limited to Zoom's decision to remove the Facebook SDK in the iOS client and "reconfigure"

22  the feature.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

24      In addition to the foregoing Objections to Definitions and Instructions, including Objections

25  to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

26  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

27  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

28  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

phrase "across clients" is vague and ambiguous.  Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All documents concerning Zoom's internal and external Network traffic auditing procedures and policies including deep packet inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrase "internal and external traffic auditing procedures and policies including deep packet inspection" is vague, ambiguous, and unintelligible.

Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents concerning the use, capabilities, functionality and application of LinkedIn Sales Navigator on the Zoom platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the phrase "use, capabilities, functionality, and application" is vague and ambiguous.

Subject to the foregoing objections, Zoom responds that it will meet and confer with

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Plaintiffs about this Request.

2    **REQUEST FOR PRODUCTION NO. 59:**

3         All Documents concerning the retention or disposition of any information or list generated

4    by or for the LinkedIn Sales Navigator on the Zoom platform.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

6         In addition to the foregoing Objections to Definitions and Instructions, including Objections

7    to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

8    specifically objects that this Request is overly broad and seeks documents not relevant to the claims

9    and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

10   Request as imposing on Zoom undue burden and expense.  Zoom additionally objects that the

11   phrase "retention or disposition" is vague and ambiguous.

12        Subject to the foregoing objections, Zoom responds that it will meet and confer with

13   Plaintiffs about this Request.

14   **REQUEST FOR PRODUCTION NO. 60:**

15        All Documents relating to whether Zoom obtained consent from any user, including, but

16   not limited to, Plaintiffs, to have their PII and/or PHI collected and/or provided to third parties.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

18        In addition to the foregoing Objections to Definitions and Instructions, including Objections

19   to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

20   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

21   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

22   Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

23   Request to the extent it seeks documents protected by the attorney-client privilege or the work

24   product doctrine.

25        Subject to the foregoing objections, Zoom responds that it will meet and confer with

26   Plaintiffs about this Request.

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   **REQUEST FOR PRODUCTION NO. 61:**

2       All Documents concerning the use of any information gathered for purposes of digital

3   "fingerprinting," or the process by which websites and applications can discern that a device

4   belongs to a particular user based on system configurations, whether by you or any third party.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

6       In addition to the foregoing Objections to Definitions and Instructions, including Objections

7   to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom

8   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

9   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

10  Request as imposing on Zoom undue burden and expense.  Zoom additionally objects to this

11  Request to the extent it seeks documents that are not in Zoom's possession, control, or custody.

12      Subject to the foregoing objections, Zoom has not conducted and will not conduct searches

13  for responsive documents, and, as a result, will not produce documents in response to this Request.

14  **REQUEST FOR PRODUCTION NO. 62:**

15      All Documents related to the Zoom blog post by Eric Yuan titled "Zoom's Use of

16  Facebook's SDK in iOS Client" and dated March 27, 2020, including but not limited any Document

17  reviewed or referenced by any person who authored, revised or commented on any draft of that

18  blog post.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

20      In addition to the foregoing Objections to Definitions and Instructions, including Objections

21  to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

22  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

23  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

24  Request as imposing on Zoom undue burden and expense.  Zoom also objects to this request to the

25  extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

26      Subject to the foregoing objections, Zoom responds that it will meet and confer with

27  Plaintiffs about this request.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1   **REQUEST FOR PRODUCTION NO. 63:**

2         All Documents related to the Zoom blog post by Aparna Bawa titled "Zoom's Privacy

3   Policy" and dated March 29, 2020, including but not limited any Documents reviewed or referenced

4   by any person who authored, revised or commented on any draft of that blog post.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

6         In addition to the foregoing Objections to Definitions and Instructions, including Objections

7   to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

8   specifically objects that this Request is overly broad and seeks documents not relevant to the claims

9   and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

10  Request as imposing on Zoom undue burden and expense.  Zoom also objects to this request to the

11  extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

12        Subject to the foregoing objections, Zoom responds that it will meet and confer with

13  Plaintiffs about this request.

14  **REQUEST FOR PRODUCTION NO. 64:**

15        All Documents related to the Zoom blog post by Eric Yuan titled "A Message to Our Users"

16  and dated April 1, 2020, including but not limited any Documents reviewed or referenced by any

17  person who authored, revised or commented on any draft of that blog post.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

19        In addition to the foregoing Objections to Definitions and Instructions, including Objections

20  to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom

21  specifically objects that this Request is overly broad and seeks documents not relevant to the claims

22  and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this

23  Request as imposing on Zoom undue burden and expense.  Zoom also objects to this request to the

24  extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

25        Subject to the foregoing objections, Zoom responds that it will meet and confer with

26  Plaintiffs about this request.

27

28

Cooley LLP
Attorneys at Law
San Francisco

40

Zoom's Responses and Objections to
Plaintiffs' First Set of RFPs
Master Case No. 5:20-cv-02155-LHK

**REQUEST FOR PRODUCTION NO. 65:**

All Documents concerning or constituting Your document retention or destruction policy or policies, including, but not limited to, any practices, procedures, training, training manuals, seminars and/or classes that You provided, or offered to, Your employees, independent contractors, officers, directors and/or any third-party vendors concerning the maintenance and security of ESI, including ESI containing Your customers' records and information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to the foregoing Objections to Definitions and Instructions, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case.  Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this request.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents concerning the banning of the use of Zoom's technologies, including but not limited to correspondence from businesses, healthcare providers, educational institutions, or government entities citing privacy or security concerns.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3 and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. Zoom further objects to this Request as imposing on Zoom undue burden and expense.  Zoom also objects that the phrase "the banning of use" is vague and ambiguous.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1    Subject to the foregoing objections, Zoom responds that it will meet and confer with

2  Plaintiffs about this request.

3  **REQUEST FOR PRODUCTION NO. 67:**

4    All of Your insurance policies that may cover any of the claims in the above-captioned

5  action.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7    Subject to the foregoing Objections to Definitions and Instructions, which Zoom

8  incorporates by reference, Zoom responds that it will produce copies of the applicable insurance

9  policies pursuant to the terms of a mutually agreeable protective order.

10  Dated: September 28, 2020                    COOLEY LLP

11

12                                              By:  */s/ Kathleen R. Hartnett*

13                                                   Kathleen R. Hartnett (314267)

14                                              Attorneys for Defendant
                                                ZOOM VIDEO COMMUNICATIONS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

1

**PROOF OF SERVICE**

2          I am a citizen of the United States and a resident of the State of California.  I am

3  employed in San Francisco County, State of California, in the office of a member of the bar of

4  this Court, at whose direction the service was made.  I am over the age of eighteen years, and not

5  a party to the within action.  My business address is Cooley LLP, 101 California Street, 5th Floor,

6  San Francisco, California  94111-5800.  On the date set forth below I served the documents

7  described below in the manner described below:

8      • **DEFENDANT ZOOM VIDEO COMMUNICATIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

9

10   ☒      (BY ELECTRONIC MAIL) I am personally and readily familiar with the business practice of Cooley LLP for the preparation and processing of documents in portable document format (PDF) for e-mailing, and I caused said documents to be

11          prepared in PDF and then served by electronic mail to the parties listed below.

12  on the following part(ies) in this action:

13      • SEE ATTACHED SERVICE LIST

14          Executed on September 28, 2020, at San Francisco, California.

15

16

17          _____
                        Adriana R. Vera

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

43

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPs
MASTER CASE NO. 5:20-CV-02155-LHK

1

2

<u>SERVICE LIST</u>
(Zoom Privacy Litigation, Case No. 5:20-cv-02155-LHK)

3

| | |
|---|---|
| Tina Wolfson<br>Theodore Walter Maya<br>Bradley K. King<br>Christopher E. Stiner<br>Rachel Johnson<br>**AHDOOT & WOLFSON, PC**<br>10728 Lindbrook Drive<br>Los Angeles, CA 90024<br>(310) 474-9111<br>Fax: (310) 474-8585<br>Email:<br>zoomleadcounsel@ahdootwolfson.com;<br>twolfson@ahdootwolfson.com;<br>tmaya@ahdootwolfson.com;<br>bking@ahdootwolfson.com;<br>cstiner@ahdootwolfson.com;<br>rjohnson@ahdootwolfson.com.<br><br>*Interim Co-Lead Class Counsel for Plaintiffs* | Mark C. Molumphy<br>Joseph W. Cotchett<br>Tyson Redenbarger<br>Noorjahan Rahman<br>Julia Peng<br>**COTCHETT, PITRE & MCCARTHY, LLP**<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>(650) 697-6000<br>Fax: (650) 697-0577<br>Email: mmolumphy@cpmlegal.com;<br>jcrochett@cpmlegal.com,<br>tredenbarger@cpmlegal.com;<br>nrahman@cpmlegal.com;<br>jpeng@cpmlegal.com.<br><br><br><br><br><br><br>*Interim Co-Lead Class Counsel for Plaintiffs* |
| Rachel R. Byrd<br>Marissa C. Livesay<br>Wolf Haldenstein Adler Freeman<br>& Herz LLP<br>Symphony Towers<br>750 B Street, Suite 1820<br>San Diego, CA 92101<br>(619) 239-4599<br>Fax: (619) 234-4599<br>Email: byrd@whafh.com;<br>livesay@whafh.com.<br><br>*Plaintiffs' Steering Committee* | Albert Y. Chang<br>Bottini and Bottini, Inc.<br>7817 Ivanhoe Avenue<br>Suite 102<br>La Jolla, CA 92037<br>858-914-2001<br>Fax: 858-914-2002<br>Email: achang@bottinilaw.com<br><br><br><br><br>*Plaintiffs' Steering Committee* |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric H. Gibbs
Andre Mura
Amanda M. Karl
Jeffrey Kosbie
Gibbs Law Group LLP
505 14th Street, Suite 1110
Oakland, CA 94612
510-350-9700
Fax: 5103509700
Email: ehg@classlawgroup.com;
amn@classlawgroup.com;
amk@classlawgroup.com;
jbk@classlawgroup.com.

***Plaintiffs' Steering Committee***

234300266

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF RFPS
MASTER CASE NO. 5:20-CV-02155-LHK

# EXHIBIT 3

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| 1 | All Documents concerning Your collection, use, transmission, or storage of PII or PHI pertaining to Your users, including but not limited to the use of cookies and tracking technologies of third parties such as Google Analytics, Facebook Analytics, Amazon, hotjar, and zendesk, including the purpose, manner, and type of such data and it such collection, use, transmission, or storage. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrases "collection, use, transmission, or storage of," "purpose, manner, and type of such data," and "use of cookies and tracking technologies of third parties" are vague and ambiguous. Zoom | Request limited to:<br><br>1.  Marketplace apps which Zoom has identified as presenting a potential or actual security threat.  For example, but not limited to, the Marketo app, which is labeled with "Zoom Security Advisory."<br><br>2. Apps in the categories listed below (including LinkedIn):<br>  a. Analytics<br>  b. CRM<br>  c. Education<br>  d. Healthcare and<br>  e. Telehealth<br><br>3. All SDKs, including Facebook and Google.<br><br>This proposal is referred to as "Third Party Data Proposal" herein. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents concerning the collection, use, transmission, or storage of data about Zoom users as it relates to the three third-party Zoom Meetings integrations that are the basis for Plaintiffs' claims in this case:  the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 2 | All Documents concerning Your efforts to implement measures for privacy, data protection, and information security for Your users, the integrity of such measures, and Your assurances to the public that Your video conferences are private and that the PII or PHI of Your users will be properly maintained. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the | Plaintiffs agree that this request can be limited to Plaintiffs' factual theories Complaint, i.e., (1) Plaintiffs' Third Party Data Proposal described in response to RFP 1, above , (2) alleged liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, and (3) alleged false claims of providing provide end-to-end encryption ("E2EE"). Plaintiffs do not agree to limit this request to the three third-parties identified by Zoom | Zoom is willing to conduct a reasonable search and produce nonprivileged documents concerning efforts to implement security measures regarding the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. Zoom is also willing to produce public representations regarding such efforts. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | phrases "implement measures," "the integrity of such measures," and "Your assurances to the public" are vague and ambiguous. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 4 | All Communications with Your users concerning regarding Zoom's privacy, security, Zoom's use of PII or PHI, or Zoom-related data breaches. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this | Plaintiffs incorporate their response to RFP #2. | Zoom is willing to produce public representations regarding efforts to implement security measures regarding the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "privacy, security, Zoom's use of PII or PHI, or Zoom-related data breaches" is vague and ambiguous. Zoom objects to this Request to the extent it seeks documents protected by the right of privacy under the California Constitution, article I, section 1.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 5 | Documents regarding all materials ever published on Your website Zoom.us relating to privacy and/or any data collected from and about anyone who interacts with Zoom's products. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "privacy and/or any data collected from and about anyone who interacts with Zoom's products" is vague and ambiguous.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | Plaintiffs do not agree to limit this request to the three third-parties identified by Zoom. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding statements on Zoom's website concerning the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 8 | All Communications regarding Zoom's compliance with privacy statutes including but not limited to HIPAA, the CCPA, state data breach acts, state consumer protection acts, the Federal Trade Commission Act, or other state or federal statutes governing privacy. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches | Zoom's proposed limitation is inappropriate. | Zoom therefore will not produce documents in response to this Request. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| | | for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 9 | All Documents relating to Your efforts to comply with medical privacy laws regarding PHI, including but not limited to HIPAA. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. | Plaintiffs incorporate their response to RFP # 8 herein. | Zoom therefore will not produce documents in response to this Request. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 10 | All Documents relating to the National Security and Personal Data Protection Act, including Your compliance or noncompliance with that Act, amendments or proposed amendments to that Act, and correspondence with any government or elected official, their staff, or any lobbyist organization concerning the same. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. | Plaintiffs incorporate their response to RFP # 8 herein. | Zoom therefore will not produce documents in response to this Request. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 11 | All Documents relating to Your membership in, and certification from, the U.S. Department of Commerce US-EU Privacy Shield, including, but not limited to, your efforts to gain approval as a member, compliance with its privacy safeguards, and enforcement of the Privacy Shield as to Zoom. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to | Plaintiffs incorporate their response to RFP # 8 herein. | Zoom therefore will not produce documents in response to this Request. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|---------------------|-----------------|------------------|
| | | the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 12 | All Documents concerning the protection of children's privacy, PII, and PHI in connection with the use of Your technologies, including but not limited to Your circumvention of requirements for protecting student data, school districts' prohibitions on the use of Zoom as a distance-learning platform, and exploitation of Zoom screen-sharing features to interrupt educational sessions. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "circumvention of requirements for protecting student data, school districts' prohibitions on the use of Zoom as a distance-learning platform, and exploitation of Zoom screen-sharing features to interrupt educational sessions" is vague and ambiguous. Zoom objects to this Request to the | Plaintiffs agree to limit this request to their Third Party Data Proposal, as described in response to RFP 1, above. | Zoom is willing to conduct a reasonable search for and to produce non-privileged documents, if any, about minors/schools as they to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions, to the extent such documents are not picked up in the other searches Zoom has offered to run in relation to these three topics. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 13 | All Documents evidencing Your policies, procedures, protocols, practices, and infrastructure for preventing unauthorized users from accessing PII or PHI, including but not limited to password requirements, encryption, other authentication requirements, network segmentation, logging, and remote access by employees. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the | Plaintiffs propose that this request can be limited to Plaintiffs' factual theories re: (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and to produce nonprivileged documents, if any, concerning prevention of unauthorized access to data about Zoom users as related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | phrase "unauthorized users" is vague, ambiguous, and unintelligible given the later reference to employees. Zoom objects to this Request to the extent it seeks documents protected by the attorney client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| 14 | All Documents including but not limited to reports, correspondence, internal or external audits, analyses, studies, reviews, and tasks relating to privacy, data protection and/or cyber security issues performed by and for any digital security compliance entity, including but not limited to, TrustArc, Federal Risk and Authorization Management Program (FedRAMP), and the American Institute of Certified Public Accountants (AICPA), including how Zoom determined the "relevant criteria" and corresponding controls for Service Organization Controls (SOC) 2 certification. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "any digital security compliance entity" is vague, ambiguous, and unintelligible given the later reference to employees. Zoom objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom has not | Plaintiffs propose that this request can be limited to Plaintiffs' factual theories re: (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged security assessments or reports regarding the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case:  (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. If such documents also concern other security assessments, Zoom will redact other information. | |
|---|---|---|---|---|

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 17 | All Documents relating to financial metric and/or business valuation of encryption capabilities and implementation in connection with Your technologies. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3 and 10, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "valuation of encryption capabilities and implementation" is vague and ambiguous and will interpret that phrase to mean valuations of Zoom's end-to-end encryption. | Plaintiffs do not believe limitation is appropriate. Plaintiffs do not agree to limit discovery regarding Zoom's encryption capabilities to "end to end." | Zoom is willing to conduct a reasonable search and produce nonprivileged documents, if any, related to non-enterprise customers' valuing (if any) of end-to-end encryption for Zoom meeting data. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 18 | All Documents relating to representations, statements, announcements, and/or correspondence made by Zoom to consumers regarding security and privacy protection of its technology by its encryption capabilities including but not limited to end-to-end encryption. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 10, and 12 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the phrase "security and privacy protection of its technology by its encryption capabilities" is vague, ambiguous, and | Plaintiffs do not believe limitation is appropriate. Plaintiffs do not agree to limit encryption capabilities to "end to end." | Zoom is willing to conduct a reasonable search and produce nonprivileged documents related to Zoom's public statements about Zoom's implementation of end-to-end encryption of meeting data. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | unintelligible given the later reference to employees.<br><br>Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged communications, if any, by Zoom to the public regarding Zoom's end-to-end encryption pursuant to the terms of a mutually agreeable protective order. | | | |
| 19 | All Documents concerning Your encryption capabilities, including but not limited to Your technical capacity to offer end-to-end encryption for Zoom video meetings, encryption of chat | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4, 9, and 10 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including | Plaintiffs do not believe a limitation is appropriate. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding Zoom's implementation of end-to-end encryption of meeting data. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | messages, encryption white papers, ability of consumers to control their security keys, representations regarding AES-256 encryption, Zoom's decision to utilize an in-house implementation of AES-128 encryption in electronic codebook (ECB) mode. | because it seeks documents regarding AES-256 and AES-128 encryption and chat messages. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects to this Request to the extent it seeks documents protected by the attorney client privilege or the work product doctrine.

Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged documents, if any, sufficient to show Zoom's end-to-end encryption capabilities for meeting data and material changes to the end-to-end nature of Zoom's end-to-end encryption of meetings over time pursuant to the terms of a mutually agreeable protective order. | Plaintiffs seek all documents concerning Zoom's encryption capabilities, including but not limited to Zoom's technical capacity to offer end-to-end encryption for Zoom video meetings, and encryption of chat messages. Plaintiffs also seek all documents "concerning encryption white papers, ability of consumers to control their security keys, representations regarding AES- 256 encryption, Zoom's decision to utilize in-house implementation of AES-128 encryption in electronic codebook (ECB) mode." | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 20 | All documents concerning the evolution of encryption capability and implementation over time and across access formats and systems such as but not limited to Zoom Meetings, Zoom Video Webinars, Zoom Phone, SIP/H.323 room-based system endpoints, legacy systems, and "Zoom Connectors." | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 4, 9, and 10 and General Response Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom objects that the phrase "encryption capability and implementation over time and across access formats and systems" is vague and ambiguous. Zoom will interpret that phrase to mean the end-to-end nature of Zoom's end-to-end encryption. Zoom further objects to this Request to | Plaintiffs do not agree to limit discovery regarding Zoom's encryption capabilities to "end to end." | Zoom is willing to conduct a reasonable search and to produce nonprivileged documents regarding Zoom's implementation of end-to-end encryption of meeting data. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| | | the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom will conduct a reasonable search and produce responsive, non-privileged documents, if any, sufficient to show Zoom's end-to-end encryption capabilities for meeting data and material changes to the end-to-end nature of Zoom's end-to-end encryption of meetings over time pursuant to the terms of a mutually agreeable protective order. | | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| | | | | |
|---|---|---|---|---|
| 22 | All Documents concerning Your knowledge and assessment of weaknesses, vulnerabilities, breaches, and security risks in the Company's cybersecurity and data protection systems related to unauthorized access of Zoom users' PII or PHI and their Zoom account information or credentials, including but not limited to Zoom's Security Whitepapers, Common Vulnerabilities and Exposures (CVE) reports, National Vulnerability Database (NVD) reports, communications with security researchers regarding such weaknesses and | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims Complaint does not contain any allegations pertaining to data breaches. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | Plaintiffs do not believe any further limitation is appropriate. | Zoom is willing to conduct a reasonable search and to produce nonprivileged security assessments or reports related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: 1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator , (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. If such documents also concern other security assessments, Zoom will redact other information. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | solutions thereto, payment of any "bug bounty" relating to Zoom, and non-disclosure agreements with outside security researchers. | and defenses in this case and not proportional to the needs of the case, including because the | | | |
| 24 | All Documents sufficient to identify the total number of possible persons whose information was accessed, viewed, downloaded, copied, breached or compromised in any way in relation to a data breach compromising Zoom accounts. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims | Plaintiffs propose the following limitation: All Documents sufficient to identify the total number of possible persons whose information was accessed, viewed, downloaded, copied, breached or compromised in any way in relation to (1) Plaintiffs' Third Party Data Proposal (2) meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents, if any, sufficient to show, with respect to U.S.-based users : (1) the number of Zoom users with the three third-party Zoom Meetings integrations that are the basis of Plaintiffs' claims in this case: the Facebook SDK, the Firebase Analytics SDK, or the LinkedIn Sales Navigator; (2) the number of meeting disruptions, and (3) that Zoom does not have the capability to record or transcribe meetings other than in response to a meeting participant's request.<br><br>If no documents exist regarding category (3), Zoom is willing to produce a 30b6 witness on that topic. | |

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK
Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| | | and defenses in this case and not proportional to the needs of the case, including because the Complaint does not contain any allegations pertaining to data breaches. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |

23

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK

Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 27 | All Documents, including, but not limited to, any internal or external audits, analyses, studies or reviews or recommendations performed by Zoom or any third party relating to Zoom's investigation of "Zoom Bombings" and "Zoom Raids" and any preventative methods or precautions with regard to "Zoom Bombings" and "Zoom Raids" for users of Your technologies. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | Plaintiffs are not amenable to a limitation. | Zoom is willing to conduct a reasonable search and produce nonprivileged security assessments or reports related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions.  If such documents also concern other security assessments, Zoom will redact other information. | |

24

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| 35 | All Documents, including subpoenas, other compulsory process, civil investigative demands, correspondence, or any other requests for information made to Zoom or received by Zoom from any regulator or government entity, whether state, federal, or in a foreign country (including, but not limited to, any committee of the United States House of Representatives or Senate; the United States Department of Justice; the United States Securities and Exchange Commission; the United States Federal Trade Commission; any State Attorney General or State | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign countries. Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by | Plaintiffs agree to Zoom's proposal with the following changes: 1) discovery on Plaintiffs' broader Third Party Data Proposal (not Zoom's limitation); and 2) all correspondence, not limited to "substantive". | For any investigation of Zoom by a domestic or foreign governmental or regulatory body, Zoom is willing to conduct a reasonable search and produce (a) substantive correspondence between Zoom and that domestic or foreign governmental or regulatory body related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data, and (3) meeting disruptions; and (b) documents regarding the Three Theories produced to the those bodies that were not otherwise captured by Zoom's production of documents in response to other Requests. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | agency; and the United States Federal Bureau of Investigation), relating to any matter alleged in the operative complaint in this action. | the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 36 | All Documents provided by You to any regulator or governmental entity, whether state, federal, or foreign, relating to any matter alleged in the operative complaint in this action. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign | Plaintiffs agree to Zoom's proposal with the following changes: 1) discovery on Plaintiffs' broader Third Party Data Proposal (not Zoom's limitation); and 2) all correspondence, not limited to "substantive". | For any investigation of Zoom by a domestic or foreign governmental or regulatory body, Zoom is willing to conduct a reasonable search and produce (a) substantive correspondence between Zoom and that domestic or foreign governmental or regulatory body related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data, and (3) meeting | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| | | countries. Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | disruptions; and (b) documents regarding the Three Theories produced to the those bodies that were not otherwise captured by Zoom's production of documents in response to other Requests | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 37 | All Communications with any regulator or governmental entity, whether state, federal, or foreign, relating to any matter alleged in the operative complaint in this action. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign countries. Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns. Zoom additionally objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects to this Request to the extent it seeks | Plaintiffs agree to Zoom's proposal with the following changes: 1) discovery on Plaintiffs' broader Third Party Data Proposal (not Zoom's limitation); and 2) all correspondence, not limited to "substantive". | For any investigation of Zoom by a domestic or foreign governmental or regulatory body, Zoom is willing to conduct a reasonable search and produce (a) substantive correspondence between Zoom and that domestic or foreign governmental or regulatory body related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data, and (3) meeting disruptions; and (b) documents regarding the Three Theories produced to the those bodies that were not otherwise captured by Zoom's production of documents in response to other Requests | |

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK
Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 38 | All Documents including document requests, interrogatories, subpoenas, or any other form of written discovery served on Zoom (or otherwise received by Zoom) in any litigation, whether in a state or federal court action, or in a case in a foreign country, relating to any matter alleged in the operative complaint in this action. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign | Plaintiffs agree to Zoom's proposal with the following changes: 1) discovery on Plaintiffs' broader Third Party Data Proposal (not Zoom's limitation); and 2) all correspondence, not limited to "substantive". | For any investigation of Zoom by a domestic or foreign governmental or regulatory body, Zoom is willing to conduct a reasonable search and produce (a) substantive correspondence between Zoom and that domestic or foreign governmental or regulatory body related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data, and (3) meeting | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | countries. Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns. Zoom additionally objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Zoom responds that no responsive documents exist. | | disruptions; and (b) documents regarding the Three Theories produced to the those bodies that were not otherwise captured by Zoom's production of documents in response to other Requests | |
| 39 | All Documents, including all transcripts or recordings of proceedings, depositions, or interviews, arising out of a state or federal court action; a case in a foreign country; or a case, | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3, 11, and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks | Plaintiffs agree to Zoom's proposal with the following changes: 1) discovery on Plaintiffs' broader Third Party Data Proposal (not Zoom's limitation); and 2) all correspondence, not limited to "substantive". | For any investigation of Zoom by a domestic or foreign governmental or regulatory body, Zoom is willing to conduct a reasonable search and produce (a) substantive correspondence between Zoom and that domestic or foreign governmental or regulatory body related to the three theories of Zoom's | |

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK
Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | proceeding, investigation, or inquiry made by any regulator or government entity, whether state, federal, or in a foreign country, relating to Zoom's security or privacy policies or practices. | documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because it seeks documents relating to proceedings in foreign countries. Zoom further objects that production of documents relating to such proceedings, if any, could raise sovereignty and potential national security concerns. Zoom additionally objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not | | conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator, (2) Zoom's implementation of end-to-end encryption of meeting data, and (3) meeting disruptions; and (b) documents regarding the Three Theories produced to the those bodies that were not otherwise captured by Zoom's production of documents in response to other Requests | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | produce documents in response to this Request. | | | |
| 50 | All Documents concerning Communication of Your users' login information to any third party. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing.

Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine. | Plaintiffs agree that this request can be limited to Plaintiffs' factual theories re (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings (including communication of users' login information to third parties in China so as to enable those third parties to disrupt meetings and thus fabricate violations of Zoom's terms of service), or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents concerning the collection, use, transmission, or storage of data about Zoom users as it relates to the three third-party Zoom Meetings integrations that are the basis of Plaintiffs' claims in this case: the Facebook SDK, the  Firebase Analytics SDK, and LinkedIn Sales Navigator(i.e., the only of Plaintiffs' three theories to which this Request conceivably relates). | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 53 | All Documents evidencing architecture maps, diagrams and flow charts concerning Your Networks and information systems that share data, in any way, with third party servers including but not limited to Facebook, Google, LinkedIn, Amazon, or any other advertising, analytics, or social media platform. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing.<br><br>Zoom further objects that the phrases "architecture maps, diagrams and flow charts concerning | Plaintiffs propose this request can be limited to Plaintiffs' factual theories re (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding any network maps, diagrams or flow charts regarding data sharing via the three third-party Zoom Meetings integrations that are the basis of Plaintiffs' claims in this case: the Facebook SDK, the Firebase Analytics SDK, and LinkedIn Sales Navigator. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Your Networks and information systems" and "with third party servers" are vague and ambiguous.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 54 | All Documents evidencing architecture maps, diagrams and flow charts concerning Your Networks and information systems that maintain or that transmit PII or Your users' login information. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. | Plaintiffs propose this request can be limited to Plaintiffs' factual theories re (1) Plaintiffs' Third Party Data Proposal (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding any Networks and information systems that maintain or that transmit data about Zoom users with respect to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator; (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. | |

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK
Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Zoom further objects that the phrase "maintain or transmit PII or Your users' login information" is vague and ambiguous.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 57 | All documents concerning Zoom's internal and external Network traffic auditing procedures and policies including deep packet inspection. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom additionally objects that the | Plaintiffs agree that the request can be limited to their Third Party Data Proposal, however, Plaintiffs do not agree to limit this request to the Facebook SDK and Google Firebase Analytics SDK. | Zoom is willing to conduct a reasonable search and produce nonprivileged traffic auditing procedures applicable to the three third-party Zoom Meetings integrations that are the basis for Plaintiffs' claims in this case: the Facebook SDK, the  Firebase Analytics SDK, or the LinkedIn Sales Navigator. | |

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | phrase "internal and external traffic auditing procedures and policies including deep packet inspection" is vague, ambiguous, and unintelligible.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |
| 60 | All Documents relating to whether Zoom obtained consent from any user, including, but not limited to, Plaintiffs, to have their PII and/or PHI collected and/or provided to third parties. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 3, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this | Plaintiffs propose that this request can be limited to Plaintiffs' Third Party Data Proposal. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding non-enterprise users' consent to any transmission of data about Zoom users by the three third-party Zoom Meetings integrations that are the basis of Plaintiffs' claims in this case: the Facebook SDK, the  Firebase Analytics SDK, and the LinkedIn Sales Navigator. | |

In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK
Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this Request. | | | |
| 61 | All Documents concerning the use of any information gathered for purposes of digital "fingerprinting," or the process by which websites and applications can discern that a device belongs to a particular user based on system configurations, whether by you or any third party. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Number 4, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this | Plaintiffs agree that this request can be limited to Plaintiffs' Third Party Data Proposal. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding any "fingerprinting" by the three third-party Zoom Meetings integrations that are the basis of Plaintiffs' claims in this case: the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Request as imposing on Zoom undue burden and expense. Zoom additionally objects to this Request to the extent it seeks documents that are not in Zoom's possession, control, or custody.<br><br>Subject to the foregoing objections, Zoom has not conducted and will not conduct searches for responsive documents, and, as a result, will not produce documents in response to this Request. | | | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 65 | All Documents concerning or constituting Your document retention or destruction policy or policies, including, but not limited to, any practices, procedures, training, training manuals, seminars and/or classes that You provided, or offered to, Your employees, independent contractors, officers, directors and/or any third-party vendors concerning the maintenance and security of ESI, including ESI containing Your customers' records and information. | In addition to the foregoing Objections to Definitions and Instructions, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case. Zoom further objects to this Request as imposing on Zoom undue burden and expense.<br><br>Zoom also objects to this request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.<br><br>Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this request. | Plaintiffs propose this request can be limited to Plaintiffs' factual theories re (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents regarding the retention policy for documents concerning the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Firebase Analytics SDK, and the LinkedIn Sales Navigator; (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 66 | All Documents concerning the banning of the use of Zoom's technologies, including but not limited to correspondence from businesses, healthcare providers, educational institutions, or government entities citing privacy or security concerns. | In addition to the foregoing Objections to Definitions and Instructions, including Objections to Definitions and Instructions Numbers 3 and 12, which Zoom incorporates by reference, Zoom specifically objects that this Request is overly broad and seeks documents not relevant to the claims and defenses in this case and not proportional to the needs of the case, including because Plaintiffs have not alleged any personal connection to or harm from the alleged third-party data sharing. Zoom further objects to this Request as imposing on Zoom undue burden and expense. Zoom also objects that the phrase "the banning of use" is vague and ambiguous. | Plaintiffs propose this request can be limited to Plaintiffs' factual theories re (1) Plaintiffs' Third Party Data Proposal, (2) alleging liability for meeting disruptions caused by unwanted third-party participants who joined Plaintiffs' Zoom meetings, or (3) alleging false claims regarding encryption capabilities. | Zoom is willing to conduct a reasonable search and produce nonprivileged documents, if any, regarding non-enterprise customers' discontinuation of the use of Zoom related to the three theories of Zoom's conduct that are the basis for Plaintiffs' claims in this case: (1) the Facebook SDK, the Google Firebase Analytics SDK, and LinkedIn SNAP; (2) Zoom's implementation of end-to-end encryption of meeting data; and (3) meeting disruptions, given that Plaintiffs are non-enterprise customers. | |

**In re Zoom Communications Privacy Litigation, 5:20-cv-2155-LHK**
**Exhibit 3 – Joint Discovery Chart re Plaintiffs' First Set of RFPs to Zoom**

| RFP No. | Disputed Request | Zoom's Response | Plaintiffs' Proposal | Zoom's Proposal | Court's Decision |
|---------|------------------|-----------------|----------------------|-----------------|------------------|
| | | Subject to the foregoing objections, Zoom responds that it will meet and confer with Plaintiffs about this request. | | | |