UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION | Case No.  20-cv-02155-LHK   (SVK)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF AND SETTING DISCOVERY HEARING ON FEBRUARY 16, 2021 AT 10:00 A.M.**<br><br>Re: Dkt. No. 150 |

The Court has reviewed the Parties' discovery submission and sets forth the following guidelines and rulings. With this guidance in mind, the Parties are to engage in further robust meet and confer efforts, either by video-conference or telephone. The Court will hear any remaining issues on **February 16, 2021 at 10:00 a.m.**

The Court generally finds that a number of the Requests for Production (RFPs) and purported compromise positions, on both sides, are made without regard for the requirements of both relevancy *and* proportionality. Fed. R. Civ. P. 26(b)1. It also appears that a number of the disputes will be informed by the Parties' negotiated search terms and custodians. With these points in mind, the Court addresses the disputed categories identified by the Parties.

**1. Third Party Software Integrations**

Plaintiffs' "Third Party Data Proposal" is overbroad, and Defendant's limitation to three of the third-party Zoom Meetings integrations referred to in the operative Complaint [Dkt. 126] is too narrow. The Court approves the tri-level structure proposed by Plaintiffs; now the Parties must affix quantitative limitations to each level in the meet and confer process. As a very general guideline, Plaintiffs' representation that its proposal limits the request to "less than 340 apps" grossly exceeds the bounds of proportionality. Defendant's unwillingness to identify the number

software development kits ("SDKs") is similarly unreasonable. If the Parties are unable to agree on limits for each level, then the Court will set the number at the hearing. Defendant must come prepared to identify the number of applications and SDKs associated with levels 1 and 2 and level 3, respectively.

### 2. Statutory Violations

Requests for "All Documents" and "All Communications" in this instance are per se violations of Rule 26(b)1. Each of the RFPs in this category appear to be amenable to resolution with the identification of relevant search terms (i.e., the identified statutes) and custodians. To inform the Parties' meet and confer, Defendant is to identify the persons responsible for statutory compliance with the regulations identified in RFPs 8 and 10.

### 3. RFPs 5 & 22

RFP 5 is appropriate as drafted. Defendant is to produce its published privacy statements. RFP 22 is overbroad and beyond the scope of this litigation.

### 4. Security Misrepresentations

The Court tentatively accepts Defendant's proposal. Plaintiffs may be heard as to why the limitation to "end-to-end encryption" is not within the requirements of relevance and proportionality set forth in Fed. R. Civ. P. 26(b)1.

### 5. RFP 35, et seq.; RFP 50

The Court's guidance in categories nos. 1 & 2 above should substantially inform the Parties' meet and confer on these RFPs.

///
///
///
///
///
///
///
///

1  Regarding the pace of Defendant's production, at the hearing Defendant must identify the
2  percentage of its best-estimated overall production that has been completed as of that date and
3  provide a schedule for a rolling production to be completed by **March 5, 2022**.

**SO ORDERED.**

Dated: February 9, 2021

SUSAN VAN KEULEN
United States Magistrate Judge