| | |
|---|---|
| TINA WOLFSON (SBN 174806) <br> twolfson@ahdootwolfson.com <br> THEODORE MAYA (SBN 223242) <br> tmaya@ahdootwolfson.com <br> CHRISTOPHER STINER (SBN 276033) <br> cstiner@ahdootwolfson.com <br> **AHDOOT & WOLFSON, PC** <br> 2600 W. Olive Avenue, Suite 500 <br> Burbank, California 91505-4521 <br> Tel: (310) 474-9111 <br> Fax: (310) 474-8585 <br><br> MARK C. MOLUMPHY (SBN 168009) <br> mmolumphy@cpmlegal.com <br> TYSON REDENBARGER (SBN 294424) <br> tredenbarger@cpmlegal.com <br> NOORJAHAN RAHMAN (SBN 330572) <br> nrahman@cpmlegal.com <br> JULIA PENG (SBN 318396) <br> jpeng@cpmlegal.com <br> **COTCHETT, PITRE & McCARTHY LLP** <br> 840 Malcolm Road, Suite 200 <br> Burlingame, CA 94010 <br> Telephone: 650.697.6000 <br> Facsimile: 650.697.0577 <br><br> *Interim Co-Lead Class Counsel* | **COOLEY LLP** <br> MICHAEL G. RHODES (SBN 116127) <br> (rhodesmg@cooley.com) <br> TRAVIS LEBLANC (SNB 251097) <br> (tleblanc@cooley.com) <br> KATHLEEN R. HARTNETT (SBN 314267) <br> (khartnett@cooley.com) <br> BENJAMIN H. KLEINE (SBN 257225) <br> (bkleine@cooley.com) <br> DANIELLE C. PIERRE (SBN 300567) <br> (dpierre@cooley.com) <br> JOSEPH D. MORNIN (SBN 307766) <br> (jmornin@cooley.com) <br> EVAN G. SLOVAK (SBN 319409) <br> (eslovak@cooley.com) <br> KELSEY R. SPECTOR (SBN 321488) <br> (kspector@cooley.com) <br> 101 California Street, 5th Floor <br> San Francisco, California 94111-5800 <br> Telephone: +1 415 693 2000 <br> Facsimile: +1 415 693 2222 <br><br> *Attorneys for Defendant Zoom Video Communications, Inc.* <br><br> Pursuant to L.R. 3-4(a), additional parties are listed on the signature page. |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION, <br><br> This Document Relates To: All Actions | Master File No. 5:20-cv-02155-LHK <br><br> **SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> CMC Date: February 24, 2021 <br> CMC Time: 2:00 pm <br> Judge: Hon. Lucy H. Koh <br> Courtroom: 8 |

**JOINT CASE MANAGEMENT STATEMENT**

In accordance with the Court's order of November 13, 2020 (ECF No. 129), Plaintiffs and Defendants Zoom Video Communications, Inc. ("Zoom" or "Defendant"), by and through their respective counsel of record, hereby jointly submit this Joint Case Management Statement reporting on events since the last statement was filed on November 12, 2020 (ECF No. 128).

**1.     PROGRESS SINCE LAST CASE MANAGEMENT STATEMENT**

The Parties report that the key changes since the last case management statement are: (1) the Parties have provided each other with discovery, as described below; (2) two motions before Magistrate van Keulen (ECF Nos. 135 & 150), one of which came before this Court (ECF No. 148); (3) numerous telephonic meetings of counsel regarding discovery disputes; and (4) mediation (ongoing) before the Hon. Jay C. Gandhi (Ret.) on November 13, 2020, and related follow-up negotiations are continuing at this time.

**2.     AMENDMENT OF PLEADINGS**

The Plaintiffs filed their First Amended Consolidated Class Action Complaint ("FAC") on October 28, 2020.  The Parties do not anticipate further amendment to the pleadings at this time.

**3.     MOTIONS**

Zoom's motion to dismiss is fully briefed and under submission before the Court.  (ECF Nos. 134, 141, 147.)

**4.     EVIDENCE PRESERVATION**

Since the last case management statement, the Parties stipulated to a protocol governing ESI discovery in this matter, which the Court entered on January 20, 2021.  (ECF No. 145.)

**5.     DISCLOSURES**

The Parties timely served their initial disclosures on August 14, 2020.

**6.     DISCOVERY**

The Court has entered a stipulated Order Re Federal Rule of Evidence 502(D) and Privileged Materials Order (ECF No. 140), and a Stipulated Protective Order (ECF No. 139).

Plaintiffs propounded written discovery on Zoom on August 28 and December 17, 2020 in the form of Requests for Production of Documents and Interrogatories, respectively. Zoom timely served its responses and objections to Plaintiffs' document requests and interrogatories, and to date, Zoom has produced approximately 14,335 pages of discovery (2,324 documents; approximately 25% of the documents that Zoom committed to produce as of the filing of the February 5, 2021 Joint Statement (ECF No. 150)) and it continues to produce documents on a rolling basis. On February 10, 2021, Plaintiffs propounded a Second Set of Interrogatories on Zoom.

Zoom propounded written discovery on Plaintiffs on December 2, 2020 in the form of Requests for Production of Documents, Interrogatories, and Requests for Admission (collectively "Requests"). Plaintiffs timely served their written responses to Zoom's Requests on January 19, 2021. The Parties anticipate that Plaintiffs will begin producing documents responsive to Zoom's document requests in the coming weeks.

The Parties have met and conferred extensively regarding the appropriate scope of Plaintiffs' document requests and Zoom's resulting production and have made significant progress towards agreement. However, despite diligent efforts, there remain unresolved questions regarding the relevance and scope of many of Plaintiffs' document requests, which have not yet ripened into disputes to present to the Court. With respect to certain ripe issues, on February 5, 2021, the Parties submitted a Joint Statement Regarding Discovery Disputes seeking guidance from Magistrate Judge van Keulen (ECF No. 150). On February 9, 2021, Judge van Keulen issued a Discovery Order, which resolved many of the Parties' unresolved scope issues and set certain other issues for hearing (ECF No. 152), which took place on February 16, 2021 (*see* ECF No. 153), with certain additional issues potentially to be put before the Court on Thursday, February 18, 2021. In addition, guided by Plaintiffs' March 26, 2021 class certification deadline (ECF No. 117), Judge van Keulen imposed a March 5, 2021 deadline for Zoom to complete a rolling production of the documents it had agreed to produce at the time the Parties filed their Joint Statement Regarding Discovery Dispute (ECF No. 152 at 3.) Although these proceedings before Judge van Keulen have been helpful to resolving the Parties' existing disputes,

there is still meaningful additional document discovery at issue, including relevant to class certification, beyond that subject to the current March 5 deadline.

Following the February 16 discovery hearing, Judge van Keulen issued a Second Order Regarding Joint Discovery Letter Brief, issued February 16, 2021 (ECF No. 154), providing guidance to the Parties and requiring further meet-and-confer efforts, in which the Parties have been engaged. These negotiations concern discovery relevant to class certification and merits issues.  The Parties also continue to confer regarding Plaintiffs' discovery responses, and Plaintiffs' document production are forthcoming.

## 6.     SETTLEMENT AND ADR

As mentioned above, the Parties' mediation efforts before the Hon. Jay C. Gandhi (Ret.) continue.

## 7.     SCHEDULING

The Parties believe that a 3-month extension of the deadline for Plaintiffs' filing of a class certification motion, and adjustment of other case schedule deadlines, is warranted to allow for sufficient and orderly discovery prior to class certification briefing.  Specifically, the Parties have met and conferred regarding the class certification deadlines set forth in the August 7, 2020 Case Management Order (ECF No. 117) ("Scheduling Order"), and agree that the schedule should be extended to allow for the completion of discovery pertinent to class certification, including class certification-related expert discovery.  Despite diligent efforts, the Parties submit that additional time for completion of class certification discovery is warranted.  The reasons for this include:

First, due to the Parties' ongoing meet and confer efforts, the ultimate scope of discovery in this case is becoming more clear, but is still subject to the Parties' agreement to custodians and search terms for both sides' productions.  The Parties continue to negotiate custodians and search terms at this time, for both sides' productions, including in response to Judge van Keulen's guidance in the Court's February 16 Second Order Regarding Joint Discovery Letter Brief (ECF No. 154).

Second, generally speaking, the claims raised in Plaintiffs' FAC span three separate theories: (1) that Zoom is allegedly liable for alleged meeting disruptions by unwanted third-party participants

who join Zoom meetings; (2) that Zoom allegedly shared user data with certain third parties without authorization; and (3) that Zoom allegedly misrepresented its end-to-end encryption capabilities. Each of these theories entails its own stream of discovery. In addition, Zoom has moved to dismiss on all three theories, and the resolution of that motion may further inform the shape of discovery in this case.

Third, not only is the remaining discovery expected to be voluminous, but the Parties need additional time for their experts to examine relevant documents and information produced in discovery. And to the extent the Parties seek to disclose the other's "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material to their experts, the Parties are required to disclose those experts to the producing party before doing so, and to allow time for the producing party to object to such disclosures under the terms of the Stipulated Protective Order (ECF No. 139 ¶ 7.4), further making the current class certification schedule infeasible.

Accordingly, the Parties agree, and respectfully submit, that there should be an extension of the deadlines set forth in the August 7, 2020 Scheduling Order, as set forth below, as well as an extension of the related March 5 deadline by which Zoom is to complete its rolling production of items agreed to as of the February 5, 2021 Joint Statement (ECF No. 150). The Parties will file a stipulation and proposed order with the Court in short order to that effect. The Parties believe that these continuances are necessary in light of the current status of class-related discovery and to provide sufficient time to complete that discovery and brief the class certification motion.

The revised proposed deadlines are as follows:

| **Scheduled Event** | **Current Date** | **Parties' Proposal** |
|---|---|---|
| Last day for Zoom to complete rolling production of items it agreed to produce as of the February 5, 2021 Joint Statement (ECF No. 150) | March 5, 2021 (ECF No. 152) | April 9, 2021 |
| Last day to file for Plaintiffs to file Motion for Class Certification | March 26, 2021 (ECF No. 116) | June 25, 2021 |

| Last day for Defendant to file Opposition to Motion for Class Certification | April 23, 2021 (ECF No. 116) | August 13, 2021 |
|---|---|---|
| Last day for Plaintiffs to file Reply in Support of Class Certification | May 7, 2021 (ECF No. 116) | September 3, 2021 |
| Hearing on Motion for Class Certification | May 27, 2021 at 1:30 p.m. | September 23, 2021 at 1:30 p.m. |
| Close of Fact Discovery | August 28, 2021 | October 29, 2021 |

## 8. OTHER

The Parties have no other issues to raise at this time.

Dated:  February 17, 2021

**AHDOOT & WOLFSON, PC**

By:  /s/ Tina Wolfson
          Tina Wolfson

Dated: February 17, 2021

**COTCHETT, PITRE & MCCARTHY LLP**

By:  /s/  Mark Molumphy
          Mark C. Molumphy

Interim Co-Lead Class Counsel


Dated:  February 17, 2021

**COOLEY LLP**

By: /s/ Kathleen R. Hartnett
        Kathleen R. Hartnett

Attorneys for Defendant

ZOOM VIDEO COMMUNICATIONS, INC.

- 5 -
SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT
5:20-cv-02155-LHK

## ATTESTATION UNDER LOCAL RULE 5-1

In compliance with Local Rule 5-1, I, Theodore Maya, attest that the other signatories to this document concur with its filing.

Dated: February 17, 2021          By:     */s/ Tina Wolfson*
                                          Tina Wolfson