COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION, <br><br> This Documents Relates To: <br> All Actions          / | Master Case No. 5:20-cv-02155-LHK <br><br> **ZOOM VIDEO COMMUNICATIONS, INC.'S MOTION PURSUANT TO CIVIL L.R. 6-3 TO ADJUST CASE DEADLINES** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S MOTION TO
ADJUST CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

Pursuant to Civil Local Rules 6-1 and 6-3, and Federal Rule of Civil Procedure 16(b)(4), Defendant Zoom Video Communications, Inc. ("Zoom") respectfully requests that this Court enter an Order adjusting case deadlines as set forth in the concurrently-filed proposed order. The Court's March 11, 2021 order granting in part Zoom's Motion to Dismiss (ECF No. 168, "MTD Order") dismissed the majority of Plaintiffs' claims and rejected the three theories of liability raised by Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 126, "FAC"). It is not clear what theories, if any, are now viable under the FAC, and, as a result there are significant disputes as to the scope of discovery. Zoom also anticipates that Plaintiffs will again amend and Zoom will again move to dismiss, which motion will likely be heard close to the deadline for Plaintiffs' motion for class certification. This dynamic creates significant uncertainty, inefficiency, and scheduling congestion that can be resolved by the requested scheduling modifications.

Zoom's proposal—which resets key upcoming deadlines based on the timing of the Court's order on Zoom's anticipated motion to dismiss the Second Amended Consolidated Class Action Complaint ("SAC")—would permit resolution of Zoom's motion prior to further discovery and class certification briefing, consistent with the governing law in this Circuit and the decisions of this Court following orders granting motions to dismiss (described further in Zoom's forthcoming motion to stay discovery pending the Court's resolution of Zoom's motion to dismiss the SAC). In the alternative, Zoom requests that the Court extend the deadline for Zoom to respond to Plaintiff Cundle's Second Set of Interrogatories (currently due April 23, 2021) and Zoom's April 9, 2021 deadline for Zoom to "complete rolling production of items it agreed to produce as of the February 5, 2021 Joint Statement" (ECF No. 162) until 7 days following a decision on Zoom's motion to stay discovery.

### A.   Relevant Facts Supporting Zoom's Requested Schedule Modification.

Plaintiffs filed the FAC on October 28, 2020, asserting nine causes of action based on three central theories of alleged conduct by Zoom: (1) alleged unauthorized sharing of users' data with Facebook, Google, and LinkedIn; (2) Zoom's alleged failure to prevent unwanted meeting disruptions by third parties, and (3) Zoom's alleged misrepresentations about encryption. *See* ECF No. 168 at 1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S MOTION TO
ADJUST CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

On December 2, 2020, Zoom moved to dismiss the FAC in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On March 11, 2021, the Court issued the MTD Order granting in part and denying in part Zoom's motion, and providing Plaintiffs with 30 days to amend by filing a SAC, currently due on April 12, 2021. The MTD Order dismissed five of Plaintiffs' nine causes of action (invasion of privacy, negligence, CDAFA, CLRA, and fraudulent concealment); dismissed the misrepresentation-based aspect of the UCL claim for failure to satisfy Rule 9(b); dismissed any meeting disruption claim based on the alleged harmfulness of third-party content or Zoom's role as a publisher; and allowed three claims (implied contract, implied covenant, and unjust enrichment). *See* MTD Order. Plaintiffs' motion for class certification is currently due on June 25, 2021. See ECF No. 162. Assuming no extensions of the default motion to dismiss briefing schedule, Zoom's motion to dismiss the SAC would not be fully briefed until May 17, 2021—under six weeks before Plaintiffs' class certification motion deadline.

Discovery in this case has thus far been proceeding based on the claims and theories in the FAC, although most of Plaintiffs' discovery requests have sought irrelevant information and were not proportional to the needs of the case. Declaration of Kathleen R. Hartnett ("Hartnett Decl.") ¶¶ 13-20. The parties were actively meeting and conferring about these pre-MTD Order discovery scope issues when the MTD Order issued. *Id.* Since the MTD Order issued, Zoom has met and conferred with Plaintiffs concerning case scope—and thus discovery scope. Hartnett Decl. ¶¶ 13-20; *see infra* Section B. Rather than retract or narrow any of their pre-MTD Order discovery requests, Plaintiffs have taken the position that the case scope remains ***exactly as it was***.

Also relevant here, Zoom agreed to produce certain documents based on the scope of the FAC, *see* ECF No. 150, and that production, which largely pertains to now-dismissed theories and claims, is currently due pursuant to a Court-ordered stipulation on April 9, 2021. *See* ECF No. 162.

**B.    There is Good Cause for Zoom's Requested Modification, Which Will Allow the Most Efficient Resolution of this Matter in Light of Uncertain Case Scope.**

Zoom respectfully submits that, in light of the MTD Order and the now-uncertain scope of Plaintiffs' case—which will be clear only once the Court resolves a motion to dismiss the SAC— that class certification and related discovery deadlines should be advanced as outlined in the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ZOOM'S MOTION TO
EXTEND CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

concurrently-filed proposed order. In addition to adjusting class certification and discovery deadlines, this proposed revised schedule also provides the parties additional time from the short defaults for the parties to brief Zoom's motion to dismiss the SAC.

The MTD Order substantially curtailed Plaintiffs' case by dismissing several claims and rejecting the core premise of each of Plaintiffs' three theories of alleged wrongdoing. **First**, the Court held that CDA 230 "mostly immunizes Zoom from Plaintiffs' Zoombombing claims," and denied Zoom's motion only to the extent Plaintiffs' claims (1) "do not derive from Zoom's status or conduct as a 'publisher' or 'speaker,'" and (2) "are content-neutral." MTD Order at 12. The Court stated that a "second amended complaint should more clearly articulate those claims," *id.* at 18-19, and such amendment is indeed necessary, as the FAC frames the harm from meeting disruptions entirely around Plaintiffs' alleged exposure to harmful content. **Second**, the Court held that "Plaintiffs fail[ed] to allege that Zoom actually shared *their* personal data with third parties"—namely, Facebook, Google, and LinkedIn. *Id.* at 24 (emphasis in original). This lack of harm prevents Plaintiffs from basing claims on these integrations unless Plaintiffs plausibly allege such harm. **Third**, the Court held that Plaintiffs' misrepresentation claims (including regarding encryption) "fail[ed] to satisfy Rule 9(b)," because Plaintiffs "fail[ed] to allege when and where they saw all (or even some) of the many misrepresentations alleged in [the] FAC," requiring dismissal. *Id.* at 35, 37. Thus, Plaintiffs cannot based claims on alleged encryption misrepresentations unless they satisfy Rule 9(b).

Discovery is prohibited on Plaintiffs' now-dismissed claims and theories until they withstand a motion to dismiss. *See, e.g.*, *Mujica v. AirScan Inc.*, 771 F.3d 580, 593, 593 n.7 (9th Cir. 2014) (holding that courts do not "retain discretion to permit discovery" when a plaintiff has failed to state a claim); *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 409 (N.D. Cal. 2020) ("Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims. Once a court has found a plaintiff's complaint deficient under Rule 8, that plaintiff is no longer entitled to plausibility discovery."). Yet Plaintiffs continue to insist that they are entitled to the exact same discovery that they sought prior to the MTD Order—and have even expanded their discovery requests. Since the MTD Order issued, in addition to refusing to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ZOOM'S MOTION TO
EXTEND CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

withdraw or pare back their discovery requests to Zoom (including over 100 additional search terms), Plaintiffs have issued subpoenas to Facebook, Google, and Otter.ai and propounded an additional 14 interrogatories on Zoom—all involving matters currently dismissed from the case.

In light of the uncertainty concerning which of Plaintiffs' claims and theories (if any) ultimately will survive dismissal, Zoom submits that there is good cause for an adjustment of the case schedule to allow Plaintiffs' claims to be set prior to further discovery and class certification briefing.[1]  This staging will conserve the Court's and the parties' resources and streamline the proceeding by avoiding potential multiple rounds of duplicative class certification briefing that could arise from proceeding before Plaintiffs' claims and theories are settled.  Moreover, absent adjustment of the case schedule (and the related discovery stay sought by Zoom), the Parties will have to undergo significant, intrusive discovery that ultimately may not be warranted.

In the alternative, Zoom requests that the Court extend the deadline for Zoom to respond to Plaintiff Cundle's Second Set of Interrogatories (currently due on April 23, 2021), as well as Zoom's April 9, 2021 production deadline, to seven days following a decision on Zoom's motion to stay discovery.  Zoom agreed to make the production currently due on April 9, 2021 based on the scope of the FAC prior to the MTD Order. But the MTD Order has now rendered most if not all of what Zoom agreed to produce irrelevant to the remaining claims in this case.  Plaintiffs also have indicated that they seek to use this production to amend their complaint, which is improper. *See infra* Section C.  Thus, to promote the fair and efficient resolution of discovery, the stay motion should be adjudicated before Zoom is required to further respond to discovery.

   **C.**  **Zoom Will Be Substantially Harmed Without The Requested Change, Whereas Plaintiffs Will Suffer No Cognizable Prejudice.**

Zoom will be substantially prejudiced without the requested schedule adjustments and related discovery stay.  Under the current schedule, the parties will be required to expend substantial resources and costs to litigate a class certification motion, including related fact and expert discovery, that will very likely need to be briefed again upon the Court's adjudication of Zoom's motion to dismiss the SAC.  Absent a schedule adjustment, Zoom also will be required to respond

---

[1] Further authority supporting a stay in these circumstances is provided in Zoom's stay motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ZOOM'S MOTION TO
EXTEND CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

to invasive discovery requests (both documentary and testimonial) that are currently irrelevant in light of the MTD Order and that may well remain irrelevant after resolution of Zoom's motion to dismiss the SAC. Plaintiffs also have indicated their intent to use ongoing discovery to inform their amendment, Hartnett Decl. ¶ 22, which is improper. *See, e.g.*, *Mujica*, 771 F.3d at 593 ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."); *Merritt v. Redwood Invs., LLC*, No. 18-cv-01793-JLS (JLB), 2019 WL 4416130, at *3–4 (S.D. Cal. Sept. 13, 2019) (explaining that it is "improper" to "us[e] the formal discovery process in order to ascertain facts to support [Plaintiffs'] claims in a yet-to-be-filed Second Amended Complaint"). In short, the requested extension is in the interest of judicial economy and will conserve the parties' and the Court's resources.

Further, there can be no prejudice to Plaintiffs from a slightly delayed adjudication of class certification, particularly given that Zoom has ceased the core practices challenged by Plaintiffs: it has implemented multiple additional measures, including user education, to help prevent and address meeting disruptions; it no longer uses the three third-party integrations at issue; and it now offers encryption that is "end-to-end" by Plaintiffs' definition. Hartnett Decl. ¶ 27.

### D. Zoom Has Sought But Not Received Plaintiffs' Stipulation.

Pursuant to Local Rule 6-3(a)(2), Zoom has met and conferred with counsel for Plaintiffs, who rejected a proposed stipulation and do not agree to the relief sought. Hartnett Decl. ¶ 23.

### E. This Would Be Only The Second Modification To The Deadlines At Issue.

There has been one prior modification of class certification and discovery deadlines after the Court's entry of a case schedule on August 7, 2020 (ECF No. 117). Specifically, on February 22, 2021, prior to the MTD Order, the parties submitted a Joint Stipulation to Extend Class Certification Deadlines (ECF No. 161), which this Court approved on February 23, 2021 (ECF No. 162), and which extended the time for Plaintiffs to file their motion for class certification by three months and revised other class certification and discovery deadlines accordingly. The initial case schedule also was modified by Plaintiffs' filing of the FAC, which extended motion to dismiss briefing (ECF No. 126). The Parties also recently stipulated to extend Zoom's deadline to answer until after the deadline for submission of the SAC (ECF No. 169).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ZOOM'S MOTION TO
EXTEND CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK

| | |
|---|---|
| Dated: March 29, 2021 | COOLEY LLP |
| | By: */s/ Kathleen R. Hartnett*<br>Kathleen R. Hartnett (314267) |
| | Attorneys for Defendant<br>ZOOM VIDEO COMMUNICATIONS, INC. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ZOOM'S MOTION TO
EXTEND CASE DEADLINES
MASTER CASE NO. 5:20-CV-02155-LHK