COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
TRAVIS LEBLANC (251097)
(tleblanc@cooley.com)
KATHLEEN R. HARTNETT (314267)
(khartnett@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
101 California Street, 5th Floor
San Francisco, California 94111-5800
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
ZOOM VIDEO COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION,<br><br>This Documents Relates To:<br><u>All Actions</u> | Master Case No. 5:20-cv-02155-LHK<br><br>**ZOOM VIDEO COMMUNICATIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO STAY ................................................................... 1

ISSUE TO BE DECIDED............................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.    INTRODUCTION............................................................................................................ 1

II.   RELEVANT FACTUAL BACKGROUND .................................................................... 3

III.  ARGUMENT ................................................................................................................... 5

      A.    The MTD Order Warrants a Discovery Stay. .................................................... 5

           1.    Plaintiffs are not entitled to discovery on dismissed claims. ................ 5

           2.    Plaintiffs seek discovery that does not relate to their operative claims. ..................................................................................................... 7

      B.    The Court Should Stay All Discovery Pending Resolution of Plaintiffs' Anticipated SAC. ............................................................................................. 10

IV.  CONCLUSION ............................................................................................................. 13

FIRM NAME
ATTORNEYS AT LAW
OFFICE ADDRESS

-i-

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 6, 7

*Braun v. Yahoo*,
    No. 17-cv-06294-SVK, 2018 WL 10809622 (N.D. Cal. Mar. 28, 2018) ................................... 6

*Carter v. Oath Holdings, Inc.*,
    No. 17-cv-07086-BLF, 2018 WL 3067985 (N.D. Cal. June 21, 2018) ................... 5, 11, 12, 13

*De Leon v. Conexant Sys.*,
    No. 15cv339, 2016 WL 795885 (S.D. Cal. Feb. 29, 2016) ....................................................... 6

*Estell v. McHugh*,
    No. 15-cv-04898-MEJ, 2017 WL 1175589 (N.D. Cal. Mar. 30, 2017).................................... 7

*Ferdik v. Bonzelet*,
    963 F.2d 1258 (9th Cir. 1992).................................................................................................. 11

*In re German Auto. Mfrs. Antitrust Litig.*,
    335 F.R.D 407 (N.D. Cal. 2020) ..................................................................................... 6, 7, 10

*Gerritsen v. Warner Bros. Entertainment Inc.*,
    No. CV 14-03305 MMM, 2015 WL 4570081 (C.D. Cal. Mar. 2, 2015).................................. 7

*Hauck v. Advanced Micro Devices, Inc.*,
    816 F. App'x 39 (9th Cir. 2020) ................................................................................................ 9

*Hauck v. Advanced Micro Devices, Inc.*,
    Case No. 5:18-cv-00447-LHK, ECF No. 93 (N.D. Cal. Nov. 14, 2018)............................. 6, 11

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988).................................................................................................... 11

*Merritt v. Redwood Invs., LLC*,
    No. 18-cv-01793-JLS (JLB), 2019 WL 4416130 (S.D. Cal. Sept. 13, 2019) ..................... 4, 10

*Mujica v. AirScan Inc.*,
    771 F.3d 580 (9th Cir. 2014)............................................................................................ passim

*In re Nexus 6P Prods. Liab. Litig.*,
    No. 17-cv-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)................................... 11

*Persian Gulf Inc v. BP W. Coast Prods. LLC*,
    225 F. Supp. 3d 1178 (S.D. Cal. 2016) ..................................................................................... 6

-ii-

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
   No. 20-cv-00363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ............................ 11, 12

*Torio v. Wells Fargo Bank, N.A.*,
   No. 5:16-CV-00704-HRL, 2016 WL 2344243 (N.D. Cal. May 4, 2016) ................................ 7

*United States v. Safran Grp., S.A.*,
   No. 5:15-cv-00746-LHK, ECF No. 56 (N.D. Cal. Jan. 20, 2017) ............................................ 6

**Other Authorities**

Federal Rule of Civil Procedure
   8 ................................................................................................................................... passim
   9(b) ............................................................................................................................... passim
   12(b) ................................................................................................................................ 3, 5, 7
   26(b) ................................................................................................................................. 3, 10
   26(c) ................................................................................................................................. 5, 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-iii-

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

**NOTICE OF MOTION AND MOTION TO STAY**

PLEASE TAKE NOTICE that on Thursday, July 22, 2021 at 1:30 p.m., or as soon thereafter as this motion may be heard before the Honorable Judge Lucy J. Koh in Courtroom 8 of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, 4th Floor, Defendant Zoom Video Communications, Inc. ("Zoom") will and hereby does move the Court for a temporary stay of discovery pending resolution of Zoom's motion to dismiss the forthcoming Second Amended Consolidated Class Action Complaint ("SAC"). This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the entire record in this matter, and on any such evidence as may be presented at any hearing of this Motion.

On March 29, 2021, Zoom filed a related motion pursuant to Civil Local Rule 6-3 for an adjustment of the case schedule, which would permit resolution of Zoom's motion to dismiss the SAC prior to further discovery and class certification briefing. *See* ECF No. 171.

**ISSUE TO BE DECIDED**

1. Whether discovery in this case should be stayed pending resolution of Zoom's motion to dismiss the forthcoming SAC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Court has substantially dismissed, with leave to amend, Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC"), including the core of each of Plaintiffs' three theories of allegedly wrongful conduct. ECF No. 168, "MTD Order." Nevertheless, Plaintiffs contend that the case scope—and thus discovery scope—remains ***exactly as it was*** before the MTD Order. Plaintiffs' position ignores—and in some instances, runs directly counter to—the plain language of the MTD Order. Courts are clear that dismissed claims cannot be the basis for discovery, even where leave to amend has been granted. Nor may a plaintiff use the discovery process as a fishing expedition to bolster an amended complaint, as Plaintiffs seek to do here. Multiple, independent reasons establish good cause for a stay of discovery: the MTD Order dismissed the core of each of Plaintiffs' three theories of claimed wrongdoing; the scope of this

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

litigation will remain uncertain until Zoom's motion to dismiss Plaintiffs' forthcoming SAC is resolved; and discovery before then will almost certainly be overbroad and disproportionate.

Since the MTD Order, Zoom has sought to meet and confer with Plaintiffs about the scope of discovery, given that discovery may not proceed on dismissed claims or theories. *See, e.g.*, *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014) (holding that courts do not "retain discretion to permit discovery whenever a plaintiff has failed to satisfy Rule 8's plausibility standard"). In addition to admitting that they seek discovery in aid of amendment, which is impermissible, Plaintiffs also attempt to shoehorn the entirety of their original three theories (and more) into the few claims that the Court has not dismissed. But what is left of the FAC does not support the discovery Plaintiffs seek. As the MTD Order made clear: (i) meeting disruption claims cannot be content-based, MTD Order at 19, and Plaintiffs' description of Zoombombing and its alleged harms in the FAC are all by reference to content, *see* FAC ¶ 173; (ii) no Plaintiff sufficiently alleged harm to maintain a claim based on any of the three third-party integrations actually pleaded in the FAC, MTD Order at 21-24; and (iii) Plaintiffs' misrepresentation allegations in the FAC failed to satisfy the heightened pleading standard of Rule 9(b), as misrepresentation allegations must, *id.* at 34-37. In other words, while the Court has allowed a few causes of action to proceed, none of Plaintiffs' three theories remain under what is left of the existing complaint. Yet Plaintiffs continue to seek full discovery on all of these matters.

Not only do Plaintiffs seek to press on with their already overbroad and disproportionate discovery requests, but they propounded even more irrelevant and overbroad requests after the MTD Order. Specifically, Plaintiffs now:

- Seek to add 42 topics to a Rule 30(b)(6) deposition in addition to 23 topics to which Zoom agreed prior to the MTD Order, for a total of 65 proposed topics;
- Seek to add over 30 additional custodians (in addition to over 100 additional search terms) to Zoom's pre-MTD Order custodial production;
- Have subpoenaed Facebook, Google, and Otter.ai for documents (and have pressed forward on their existing subpoena to Trust Arc) even though there are presently no actionable claims related to those entities;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

- Propounded 14 new interrogatories on issues currently dismissed (or never in) this case; and

- Seek to take depositions of four Zoom employees within two weeks related to now-dismissed claims and theories.

This approach of fishing for information to amend—nearly all of which is irrelevant to what remains of the FAC—is prohibited.

Plaintiffs' voluminous requests for documentary and testimonial evidence from Zoom and third parties are irrelevant to the remaining operative claims, seek discovery not proportional to the narrowed allegations in this case, and may be fully or mostly obviated by the Court's resolution of Zoom's motion to dismiss the SAC. The proportionality principles outlined by Rule 26(b) are inconsistent with such a result. Because the current scope of this case has been sharply limited, and because its ultimate scope is highly uncertain until the Court adjudicates Zoom's motion to dismiss the forthcoming SAC, Zoom respectfully submits that a stay of discovery pending adjudication of that motion best promotes the fair and efficient resolution of this matter.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs filed the FAC in October 2020, asserting nine causes of action based on three central theories of alleged conduct by Zoom: (1) alleged unauthorized sharing of users' private and personal data through the Facebook SDK, Google Firebase Analytics SDK, and LinkedIn Sales Navigator; (2) Zoom's alleged failure to prevent unwanted meeting disruptions by third parties; and (3) Zoom's alleged misrepresentations about encryption. *See* MTD Order at 1.

In December 2020, Zoom moved to dismiss the FAC in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On March 11, 2021, the Court issued the MTD Order, granting in part and denying in part Zoom's motion to dismiss the FAC and providing Plaintiffs with 30 days to amend by filing a SAC, currently due on April 12, 2021. MTD Order at 39-40.

The MTD Order dismissed five of Plaintiffs' nine causes of action (invasion of privacy, negligence, CDAFA, CLRA, and fraudulent concealment); dismissed the misrepresentation-based aspect of the UCL claim for failure to satisfy Rule 9(b); dismissed any meeting disruption claim

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

based on the alleged harmfulness of third-party content and Zoom's role as a publisher; and allowed three claims (implied contract, implied covenant, and unjust enrichment). *See* MTD Order at 39-40.

The MTD Order also determined that the factual predicate for each of Plaintiffs' three theories of alleged wrongdoing by Zoom was inadequately pleaded: (i) Plaintiffs cannot bring meeting disruption claims based on content posted by third parties, MTD Order at 19; (ii) Plaintiffs have failed to plead Plaintiff-specific injury for third-party data sharing, *id.* at 22-24; and (iii) Plaintiffs' allegations regarding end-to-end encryption representations were insufficient under Rule 9(b), *id.* at 34-37.

Discovery in this case has proceeded based on the claims and theories in the FAC, although Plaintiffs' discovery requests have been consistently overbroad and disproportionate, frequently seeking information beyond the theories and claims at issue in the FAC. These pre-MTD Order issues were being conferred upon and potentially submitted to Magistrate Judge van Keulen when the MTD Order issued. Since the MTD Order, Plaintiffs dispute that the scope of discovery has narrowed at all, taking the position that the case scope remains exactly as it was prior to the MTD Order, which, according to Plaintiffs, preserved the FAC "in large part" and simply removed "bits and pieces" of the FAC by "trim[ming] it around the edges." *See* Declaration of Kathleen Hartnett in Support of Zoom Video Communications, Inc.'s Motion to Stay Discovery ("Hartnett Decl.") ¶ 4 & Ex. A (3/18/2021 Email from K. Hartnett). Plaintiffs also have asserted that they "deserve discovery to amend the complaint."[1] *See* Hartnett Decl. ¶ 4.

Accordingly, Zoom (and third parties) are currently confronting a slew of irrelevant, burdensome, and disproportionate discovery requests by Plaintiffs based on the pre-MTD Order FAC. *See* Hartnett Decl. ¶¶ 7, 12 (Plaintiffs seek a Rule 30(b)(6) deposition with 65 topics, over

---

[1] While Plaintiffs have contended that they are entitled to discovery in order to amend their Complaint, *see* Hartnett Decl. ¶ 4, that proposition is contrary to well-settled precedent. *See, e.g.*, *Mujica*, 771 F.3d at 593 ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."); *Merritt v. Redwood Invs., LLC*, No. 18-cv-01793-JLS (JLB), 2019 WL 4416130, at *3-4 (S.D. Cal. Sept. 13, 2019) ("Plaintiffs claim that they are using the formal discovery process in order to ascertain facts to support their claims in a yet-to-be-filed Second Amended Complaint. Such discovery is improper.").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

30 additional custodians, and over 100 additional search terms, all based on the pre-MTD Order FAC); *see also id.* ¶ 11 & Ex. C (Plaintiffs served a post-MTD Order set of interrogatories that relates to the pre-MTD Order FAC); *id.* ¶ 13 & Ex. D (after MTD Order, Plaintiffs subpoenaed Google, Facebook, and Otter.ai relating to dismissed or irrelevant theories); *id.* ¶ 14 & Ex. E (after MTD Order, Plaintiffs requested dates within two weeks of their request to depose four Zoom employees associated with dismissed theories).

To date, and continuing since the MTD Order issued, Zoom has made six rolling productions of documents in response to Plaintiffs' 67 requests for production and provided substantive responses and/or objections to Plaintiffs' 33 interrogatories. *See* Hartnett Decl. ¶ 15. In a February 5, 2021 Joint Statement submitted to Magistrate Judge van Keulen, Zoom agreed to produce certain documents based on the scope of the FAC. *See* ECF No. 150. That production pertains to now-dismissed claims or unsettled theories and is currently due on April 9, 2021. *See* ECF No. 162.

### III. ARGUMENT

#### A. The MTD Order Warrants a Discovery Stay.

Now that the core premise of each of Plaintiffs' three theories of wrongful conduct by Zoom has been held to be inadequately pleaded, a stay is not only advisable, but is required.

##### 1. Plaintiffs are not entitled to discovery on dismissed claims.

Rule 26(c) authorizes a district court to stay discovery "for good cause." Fed. R. Civ. P. 26(c); *see, e.g.*, *Carter v. Oath Holdings, Inc.*, No. 17-cv-07086-BLF, 2018 WL 3067985, at *3 (N.D. Cal. June 21, 2018). Because controlling precedent bars a plaintiff from obtaining discovery on dismissed claims or theories, as Plaintiffs seek to do here, there is good cause for a stay.

Where claims have been dismissed (as opposed to where claims are pending an initial motion to dismiss), the Ninth Circuit has explained that a Court has no discretion and may not permit discovery on dismissed claims. *See Mujica*, 771 F.3d at 593 & n.7 (9th Cir. 2014). In *Mujica*, the plaintiffs appealed the district court's dismissal of their claims under Rule 12(b). *Id*. at 588. The Ninth Circuit affirmed that dismissal and rejected plaintiffs' request for discovery because "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

after it." *Id*. at 593 & n.7 (relying on *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 686 (2009)); *see also Iqbal*, 556 U.S. at 686 (explaining that if a plaintiff's "complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise"). In so holding, the Ninth Circuit noted that "discovery follows the filing of a well-pleaded complaint.'" *Mujica*, 771 F.3d at 593 n.7 (emphasis in original) (citation omitted). The Court also explained that pre-*Mujica* cases "suggest[ing] that courts retain discretion to permit discovery" despite a plaintiff's failure to satisfy Rule 8's plausibility standard are "simply incompatible with *Iqbal* and *Twombly*." *Id*.

District Courts in the Ninth Circuit, including this Court, have recognized that *Mujica* and *Iqbal* prohibit discovery concerning dismissed claims or theories. *See, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D 407, 409 (N.D. Cal. 2020) (explaining that "Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims"); *Persian Gulf Inc v. BP W. Coast Prods. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016) (denying plaintiffs' request for discovery after the initial complaint was dismissed because of "[t]he unambiguous directive in *Iqbal* and *Mujica*"); *De Leon v. Conexant Sys.*, No. 15cv339, 2016 WL 795885, at *3 (S.D. Cal. Feb. 29, 2016) (dismissing case without permitting discovery, explaining that the Supreme Court's holdings "make clear that fact discovery is available only to plaintiffs who have adequately pled their claims" (citing *Mujica*, 771 F.3d at 593)); *Braun v. Yahoo*, No. 17-cv-06294-SVK, 2018 WL 10809622, at *4 (N.D. Cal. Mar. 28, 2018) (holding that "the insufficiency of the Complaint . . . warrants a stay of discovery" and noting that "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it") (quoting *Mujica*, 771 F.3d at 593); *cf. also Hauck v. Advanced Micro Devices, Inc.*, Case No. 5:18-cv-00447-LHK, ECF No. 93 (N.D. Cal. Nov. 14, 2018) (staying discovery following decision granting in part a motion to dismiss); *United States v. Safran Grp., S.A.*, No. 5:15-cv-00746-LHK, ECF No. 56 (N.D. Cal. Jan. 20, 2017) (*sua sponte* staying discovery following dismissal of second amended complaint, in part due to "the deficiencies" and "lack of specificity" in that complaint).

That the MTD Order permits Plaintiffs to amend the FAC by filing a SAC does not change this result. To the contrary, district courts in this Circuit repeatedly have held that after an initial complaint has been dismissed, discovery is not permitted unless and until the defendant answers

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

the amended complaint or the court denies a motion to dismiss. *See, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D at 407 (denying, in light of *Mujica*, plaintiffs' request to "lift the current discovery stay and allow them to conduct limited discovery prior to filing their Second Amended Complaints"). For example, in *Gerritsen v. Warner Bros. Entertainment Inc.*, No. CV 14-03305 MMM (CWx), 2015 WL 4570081, at *1 (C.D. Cal. Mar. 2, 2015), the court dismissed the plaintiff's original complaint with leave to amend. *Id*. at *1. After filing her amended complaint, the plaintiff sought "clarification" that "she may conduct discovery immediately upon the *filing* of a first amended complaint." *Id*. (emphasis in original). The court rejected this request because "[u]nder controlling Ninth Circuit precedent, the court lacks discretion to permit [the plaintiff] to begin discovery until defendants answer or it has determined that [the plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion." *Id*. at *2. The court explained that "[w]hile it is certainly possible that [the] first amended complaint states plausible claims for relief . . . the law is clear that [a plaintiff] may not take discovery until she has made such a showing." *Id*. at *3.

Similarly, in *Estell v. McHugh*, No. 15-cv-04898-MEJ, 2017 WL 1175589, at *1 (N.D. Cal. Mar. 30, 2017), after plaintiff filed her third amended complaint, defendant again moved to dismiss for failure to state a claim. *Id*. at *2. In her opposition to defendant's motion, plaintiff "complain[ed]" that she "ha[d] not yet been permitted to do any discovery" and requested the opportunity to do so "prior to any dismissal of claims for lack of specificity." *Id*. at *8 (citation omitted). In rejecting this request, the court held that the plaintiff was "not entitled to such discovery" under *Mujica* and *Iqbal*, because a plaintiff must satisfy Rule 8's pleading requirements "*before* the discovery stage, not after it." *Id*. (quoting *Mujica*, 771 F.3d at 593); *see, e.g.*, *Torio v. Wells Fargo Bank, N.A.*, No. 5:16-CV-00704-HRL, 2016 WL 2344243, at *5 (N.D. Cal. May 4, 2016) (prohibiting a "fishing expedition for evidence of claims that have not been properly pled").

**2.      Plaintiffs seek discovery that does not relate to their operative claims.**

The MTD Order dismissed each of Plaintiffs' core factual theories. Plaintiffs' discovery demands, however, remain unchanged. To bridge this gap, Plaintiffs impermissibly attempt to shoehorn every existing and new discovery request into the few claims that survived the MTD Order. This is improper.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

The MTD Order rejected each of Plaintiffs' core three theories of liability. ***First***, the Court held that CDA 230 "mostly immunizes Zoom from Plaintiffs' Zoombombing claims," and denied Zoom's motion to dismiss *only* to the extent Plaintiffs' claims (1) "are content-neutral" or (2) "do not derive from Zoom's status or conduct as a 'publisher' or 'speaker.'" MTD Order at 18. In that regard, the Court advised Plaintiffs that a "second amended complaint should more clearly articulate those claims." *Id.* at 19. Such amendment is necessary, as the FAC frames the harm from meeting disruptions entirely around Plaintiffs' alleged exposure to unwanted harmful content. *See, e.g.*, FAC ¶ 173 ("Zoombombing involves unauthorized participants entering Zoom meetings to disrupt them with offensive behavior such as posting racial slurs and other derogatory statements."). ***Second***, the Court held that "Plaintiffs fail[ed] to allege that Zoom actually shared *their* personal data with third parties." MTD Order at 24 (emphasis in original). This lack of harm prevents Plaintiffs from using any of these third-party integrations as the factual predicates for their claims unless and until Plaintiffs plausibly allege such harm. ***Third***, the Court held that Plaintiffs' misrepresentation claims "fail[ed] to satisfy Rule 9(b)," because Plaintiffs "fail[ed] to allege when and where they saw all (or even some) of the many misrepresentations alleged in [the] FAC," requiring dismissal. *Id.* at 35, 37. Thus, Plaintiffs can neither maintain an encryption-based misrepresentation theory for any claim unless they satisfy Rule 9(b), nor claim any harm based on any purported promises by Zoom to provide end-to-end encryption.

Yet, nearly all of Plaintiffs' requested discovery—including discovery propounded after the MTD Order—centers around now-dismissed theories of conduct: (1) alleged meeting disruptions based on the harmfulness of third-party content, (2) alleged data sharing through three third party integrations—namely the Facebook SDK, Google Firebase Analytics SDK, and LinkedIn Sales Navigator, and (3) Zoom's alleged misrepresentations about encryption. *See* ECF No. 150 at 5 (joint discovery statement noting that Plaintiffs "agree[d] to narrow many of their RFPs to these three theories" based upon the pre-MTD Order FAC).

Contrary to Plaintiffs' assertions, the non-dismissed claims (implied contract, implied covenant, unjust enrichment, and UCL unfair and unlawful prongs), as currently pleaded in the FAC, do not support discovery into Plaintiffs' three theories of wrongdoing.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

*First*, Plaintiffs' implied contract claim in the FAC nowhere mentions meeting disruptions—let alone based on content-neutral harm as required by the MTD Order. *See* FAC ¶¶ 224-238, 239-243.  Nor have Plaintiffs been able to articulate how the implied contract claim as pleaded in the FAC relates to third-party data sharing or misrepresentations about encryption—other than by reference to theories of harm already rejected by this Court (*i.e.*, harm from data sharing with third parties, harm from misrepresentations).

*Second*, the MTD Order held that Plaintiffs' implied covenant, unjust enrichment, and UCL unlawful-prong claims all derive from the implied contract claim, MTD Order at 31, 37, 39, and thus those claims cannot independently support discovery concerning the three theories if the implied contract claim does not.

*Third*, the UCL "unfair"-prong claim in the FAC also does not support discovery concerning Plaintiffs' three theories.  Plaintiffs specifically represented to the Court that their unfair-prong claim is **not** based on encryption misrepresentations, *see* ECF No. 141 at 20, 23-24, and the Court accepted that characterization in not dismissing the unfair prong claim pursuant to Rule 9(b), *see* MTD Order at 35.[2]  Plaintiffs now seek to shoehorn their encryption misrepresentations theory into the unfair-prong claim, which is an impermissible attempt to evade Rule 9(b).  As the Court made clear, "claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b)." *Id.*

Nor does the unfair-prong claim as currently pleaded otherwise support Plaintiffs' discovery into their three core theories.  The FAC fails to allege what harm (if any) Plaintiffs have suffered due to the alleged unfairness—other than by reference to theories of harm dismissed by the MTD Order (*i.e.*, harm from the content of meeting disruptions, harm from data sharing with third parties, harm from misrepresentations).  *See Hauck v. Advanced Micro Devices, Inc.*, 816 F. App'x 39, 43 (9th Cir. 2020) (holding that a plaintiff asserting UCL unfair claims under the "tether[ing]" test must "plausibly allege[]" actual harm).  The MTD Order held that Plaintiffs sufficiently state an

---

[2] The Court stated that "Zoom does not dispute on Reply that Plaintiffs' UCL claims of unlawful or unfair conduct are not subject to Rule 9(b)," MTD Order at 35, but that is only because Plaintiffs disclaimed any alleged fraudulent conduct as a basis for their unlawful or unfair claims in their response to Zoom's motion to dismiss, which argued that Rule 9(b) applied to all three UCL prongs to the extent that Plaintiffs were alleging misrepresentation-based claims.  *See* ECF No. 134 at 20.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

unfair-prong claim *only to the extent* the FAC theoretically tethered the alleged conduct to violations of HIPAA, COPPA, "and four California consumer protection statutes." MTD Order at 38-39. But, aside from one allegation regarding COPPA, *id.* at 39, the FAC contains no description of what alleged conduct (whether held inadequately pleaded or not) is tethered to which statute. Thus, Plaintiffs' UCL unfair claim, as presently stated in the FAC, does not support discovery into Plaintiffs' three theories.

Plaintiffs also seek to use their unfair prong claim to justify discovery into Zoom's compliance with several privacy statutes, but the MTD Order rejected Plaintiffs' argument that these statutes can be a predicate for their unlawful prong claim and explained that "Plaintiffs do not need to plead any direct violations of a statute" to support their unfair prong claim. MTD Order at 38. Thus, whether Zoom complied with the various unpled privacy statutes is not only irrelevant to "any party's claim or defense," but discovery into this issue is also not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As such, subjecting Zoom to the burden and expense of such discovery is not warranted under Rule 26(b).

In short, Plaintiffs may not evade the bar on discovery of dismissed claims, *see Mujica*, 771 F.3d at 593 & n.7, by attempting to cram their deficiently pleaded claims and theories into the few claims that survived the MTD Order and claiming that the scope of discovery remains the same as before. This approach not only disregards the MTD Order but would allow Plaintiffs to use discovery, impermissibly, in aid of amendment. *See, e.g.*, *Mujica*, 771 F.3d at 593; *see also Merritt*, 2019 WL 4416130, at *3-4. The Court should accordingly stay discovery.[3]

**B.  The Court Should Stay All Discovery Pending Resolution of Plaintiffs' Anticipated SAC.**

Although a discovery stay is required in light of the dismissed claims and Plaintiffs' inability to articulate how their requested discovery relates to claims that survive the MTD Order, to the extent the Court concludes that discovery concerning some of Plaintiffs' allegations in the

---

[3] Should the Court decline to issue a stay, at a minimum the Court should issue an order preventing Plaintiffs from seeking discovery that pertains to dismissed claims. *See, e.g.*, *Mujica*, 771 F.3d at 593; *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. at 409.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

FAC is not subject to *Mujica*'s prohibition on discovery into dismissed claims, the Court should issue such a stay as a matter of discretion.

District courts have broad discretion to stay discovery pending resolution of dispositive motions, including motions to dismiss. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "[T]hat discretion extends to staying discovery upon a showing of 'good cause.'" *Carter*, 2018 WL 3067985, at *3 (quoting Fed. R. Civ. P. 26(c)(1)(A)). Courts in this district apply a two-part test to determine whether a stay of discovery is warranted. *See, e.g.*, *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted."[4] *Carter*, 2018 WL 3067985, at *4.

Zoom satisfies the standard for a discretionary stay here. *First*, Zoom's motion to dismiss the SAC will be potentially dispositive with respect to Plaintiffs' three theories of alleged wrongdoing (whether or not that discovery is prohibited by *Mujica*), if not of the entire case. *See In re Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at *1. Courts routinely conclude that motions to dismiss satisfy this first factor. *See, e.g.*, *Carter*, 2018 WL 3067985, at *4; *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363-BLF, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020). Further, given that the core of Plaintiffs' FAC was dismissed by the MTD Order, any "preliminary peek" at the merits of this case supports a stay of discovery. *See Reveal Chat Holdco*, 2020 WL 2843369, at *3 (granting stay where "motion to dismiss present[ed] strong arguments"). Plaintiffs' SAC also would supersede their FAC, allowing Zoom to move to dismiss even claims that survived the MTD Order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (referencing "the well-established doctrine that an amended pleading supersedes the original

---

[4] While this test makes reference to "pending motions," and Zoom's motion to dismiss the SAC is not yet filed, courts exercise their discretion to stay discovery, where like here, a complaint has just been dismissed and thus no motion is pending. *See Hauck*, Case No. 5:18-cv-00447-LHK, ECF No. 93 (N.D. Cal. Nov. 14, 2018) (staying discovery following decision granting in part a motion to dismiss); *cf. also Carter*, 2018 WL 3067985, at *4.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

1  pleading"). Zoom expects to challenge the entirety of the SAC, including because it is now clear
2  that Plaintiffs are seeking to use the implied contract and unlawful/unfair prong UCL claims to
3  articulate an encryption misrepresentation theory without satisfying Rule 9(b), and because
4  Plaintiffs have failed to assert any harm or other basis to support their unfair prong claim. *See*
5  *supra* Section III(A)(2).

6  Second, discovery is not needed to complete briefing on Zoom's anticipated motion to
7  dismiss Plaintiffs' SAC, as a motion to dismiss challenges the legal sufficiency of a complaint. *See*
8  *Carter*, 2018 WL 3067985, at *4 (granting stay and noting that "discovery is unnecessary for
9  resolution of the motion to dismiss, and as set forth above, the Court has dismissed the complaint");
10 *Reveal Chat Holdco*, 2020 WL 2843369, at *3 (similar).

11 Further, such a stay is additionally warranted to protect Zoom and third parties from
12 irrelevant, overbroad, and disproportionate discovery that may never be needed, as well as to
13 promote the efficient resolution of this case. *Carter*, 2018 WL 3067985, at *4 (a short stay of
14 discovery "furthers the goal of efficiency for the court and the litigants"). To the extent Plaintiffs
15 are unable to cure the deficiencies identified by the MTD Order, their currently proposed topics
16 will never be the proper subject of discovery, rendering it wasteful and unduly burdensome for such
17 discovery to be taken before a proper factual predicate is pleaded. And even assuming that
18 Plaintiffs can identify any discovery requests that relate to claims or theories that survived the MTD
19 Order (which they have yet to do), taking discovery on those topics now—when the SAC is highly
20 likely to further alter the scope and breadth of this case—may well require the parties to conduct
21 seriatim rounds of discovery (including custodian search and production as well as depositions),
22 which is an entirely avoidable inefficiency and burden if discovery were to resume only after the
23 pleadings are set. Further, absent a stay, the Parties will continue having disputes about the
24 appropriate scope discovery in light of the MTD Order, requiring repeated discovery disputes
25 before Magistrate Judge van Keulen, which could be averted if discovery is deferred until after the
26 scope of the case is known.

27 Not only do Plaintiffs continue to press the entirety of their pre-MTD Order discovery
28 requests (including 65 topics for a Rule 30(b)(6) deposition) as if the MTD Order never happened,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

since the MTD Order issued, they have also propounded discovery relating to dismissed claims and theories on both Zoom and third parties. For example, even though the Court held that Plaintiffs have failed to state a claim based on alleged data sharing through the Facebook SDK and Google Firebase Analytics SDK, MTD Order at 21-24, Plaintiffs propounded discovery on Facebook and Google *after* the Court's MTD Order. *See* Hartnett Decl. ¶ 13 & Ex. D. Likewise, several of Plaintiffs' latest interrogatories to Zoom pertain to dismissed integrations (in addition to other irrelevant and overbroad topics). *Id.*, Ex. C. Additionally, Plaintiffs have requested to depose four Zoom employees, all of whom purportedly relate to the FAC's now-dismissed core theories, within two weeks' time. *Id.*, Ex. E. Further still, Plaintiffs' latest requests go beyond dismissed claims to seek discovery on topics they previously abandoned or were denied from obtaining under Judge van Keulen's prior rulings. For example, Plaintiffs have continued to pursue topics for a 30(b)(6) deposition and third-party discovery that they already agreed to abandon as irrelevant to the claims in the pre-MTD Order FAC. *See id.* ¶¶ 9-10 & Ex. B.

Not only is this approach to discovery prejudicial to Zoom given the MTD Order and what remains of the FAC, but it does not promote the efficient resolution of this case. Discovery should be stayed until the pleadings are set. *See Carter*, 2018 WL 3067985, at *4. Zoom respectfully submits that it would be most efficient, and would avoid prejudice to Zoom and other third parties, to stay discovery entirely until Zoom's motion to dismiss the SAC has been resolved. This relatively short delay will not prejudice Plaintiffs or anyone else, particularly given that Zoom has ceased the practices challenged by Plaintiffs' three theories.

**IV.   CONCLUSION**

For the foregoing reasons, Zoom respectfully requests that the Court enter an order staying discovery pending resolution of Zoom's motion to dismiss Plaintiffs' forthcoming SAC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK

| | |
|---|---|
| Dated: March 30, 2021 | COOLEY LLP |
| | By: /s/ *Kathleen R. Hartnett* |
| 248028578 | Kathleen R. Hartnett (SBN 314267) |
| | Attorneys for Defendant |
| | ZOOM VIDEO COMMUNICATIONS, INC. |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

ZOOM'S MOTION TO
STAY DISCOVERY
MASTER CASE NO. 5:20-CV-02155-LHK