TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
THEODORE MAYA (SBN 223242)
tmaya@ahdootwolfson.com
CHRISTOPHER STINER (SBN 276033)
cstiner@ahdootwolfson.com
RACHEL JOHNSON (SBN 331351)
rjohnson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
NOORJAHAN RAHMAN (SBN 330572)
nrahman@cpmlegal.com
JULIA Q. PENG (SBN 318396)
jpeng@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO: 5:20-cv-02155-LHK<br><br>**DECLARATION OF ALAN BUTLER**<br><br>Hon.   Lucy H. Koh<br>Crtrm:  8<br>Date:   October 21, 2021<br>Time:   1:30 P.M. |

I, Alan Jay Butler, hereby declare and state as follows:

1. I am the Executive Director and President of the Electronic Privacy Information Center ("EPIC").

2. EPIC is a District of Columbia not-for-profit corporation with a principal address of 1519 New Hampshire Avenue NW, Washington, DC 20036.

3. EPIC is one of the leading consumer privacy organizations in the United States. EPIC was established in 1994 to focus public attention on emerging privacy and civil liberties issues and to protect privacy, freedom of expression, and democratic values in the information age.

4. EPIC has an expert staff, including ten attorneys specializing in privacy-related issues, including members of the bars of California, D.C., Illinois, Massachusetts, and New York. EPIC's attorneys also practice in most of the federal appellate courts in the United States, as well as the Supreme Court of the United States.

5. EPIC's work reaches a wide audience through epic.org, one of the top-ranked privacy websites in the world. EPIC also publishes a monthly newsletter, the EPIC Alert, that reaches thousands of subscribers.[1] EPIC is routinely cited in news reports on emerging consumer privacy issues, including publications such as the New York Times, the Wall Street Journal, the Washington Post, the San Francisco Chronicle, USA Today, NBC, ABC, Fox News, NPR, Reuters, and the Associated Press.[2]

6. In 2020, EPIC directed 88% of revenue to program activities, a top-tier standard for non-profit management. EPIC has received top ratings from Guidestar ("Gold") and Charity Navigator ("Four Stars")—the foremost independent evaluators of non-profits—for management and transparency.

7. EPIC is one of the leading advocacy organizations working to safeguard the privacy of Internet users, and this work provides a compelling basis to designate EPIC as a *cy pres* recipient in this matter.

---

[1] EPIC, *EPIC Alert* (2021), https://epic.org/alert/ (note all websites referred to herein were last visited on July 29, 2021).
[2] EPIC, *EPIC in the News* (2021), https://epic.org/news/.

8. Since its founding, EPIC has worked hard to strengthen and ensure adequate enforcement of online privacy rights. In 1997, EPIC conducted a comprehensive privacy audit of the 100 most frequently visited websites to determine "whether sites collected personal information, had established privacy policies, made use of cookies, and allowed people to visit without disclosing their actual identity." EPIC, *Surfer Beware: Personal Privacy and the Internet* (1997).[3] EPIC published the resulting report on its website, which warned that "Protecting privacy will be one the greatest challenges for the Internet. Until clear practices are established and good policies put in place, our advice is simply this: 'Surfer beware.'"[4]

9. Since then, as the risks to Internet users have evolved, EPIC has led the way in protecting online privacy and keeping the public informed. Through its website, epic.org, EPIC has organized numerous public education campaigns around key online privacy issues, including anonymity, EPIC, *Internet Anonymity*;[5] big data and cloud computing, EPIC, *Big Data and the Future of Privacy*;[6] EPIC, *Cloud Computing*;[7] children's privacy, EPIC, *Children's Online Privacy Protection Act (COPPA)*;[8] consumer profiling, EPIC, *Privacy and Consumer Profiling*;[9] identity theft, EPIC, *Identity Theft*;[10] the Internet of Things, EPIC, *Internet of Things* (IoT);[11] search engine privacy, EPIC, *Search Engine Privacy*;[12] and social networking privacy, EPIC, *Social Networking Privacy*.[13]

10. EPIC routinely files amicus briefs in support of stronger Internet privacy safeguards and remedies for users whose rights are violated. *See, e.g.*, Br. of Amicus Curiae EPIC, *Linkedin Corp. v. hiQ Labs, Inc.*, No. 19-1116, 2021 WL 2405144 (U.S. Apr. 13, 2020) (arguing that companies can and should limit third-party access to user data); Br. of Amicus Curiae EPIC, *Attias*

---

[3] https://epic.org/reports/surfer-beware.html.
[4] *Id.*
[5] https://www.epic.org/privacy/anonymity/.
[6] https://www.epic.org/privacy/big-data/.
[7] https://www.epic.org/privacy/cloudcomputing/.
[8] https://www.epic.org/privacy/kids/default.html.
[9] https://www.epic.org/privacy/profiling/default.html.
[10] https://www.epic.org/privacy/idtheft/.
[11] https://www.case.epic.org/privacy/internet/iot/.
[12] https://www.epic.org/privacy/search-engine/.
[13] https://www.epic.org/privacy/socialnet/.

*v. CareFirst, Inc.*, No. 19-7020 (D.C. Cir. July 1, 2019) (arguing that companies have a legal duty to reasonably protect consumers' personal data); Br. of Amicus Curiae EPIC, *Herrick v. Grindr LLC*, 765 F. App'x 586 (2d Cir. 2019) (arguing that social media platforms are subject to suit when they fail to address online abuse of their users); Br. of Amicus Curiae EPIC, *In re Facebook Internet Tracking Litig.*, No. 17-17486 (9th Cir. June 26, 2018) (arguing that Facebook bears the burden of protecting consumers from unwanted online tracking); Br. of Amicus Curiae EPIC, *Campbell v. Facebook*, Inc., No. 17-16873 (9th Cir. Feb. 1, 2018) (arguing that class action settlements fail to protect consumers when they do not force companies to change their privacy-invasive business practices); Br. of Amicus Curiae EPIC, *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017) (arguing that consumers have Article III standing to sue under the Video Privacy Protection Act when their legal rights are violated); Br. of Amicus Curiae EPIC, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 17-16783 (9th Cir. Oct. 10, 2017) (arguing that a lower court wrongly ordered the disclosure of LinkedIn users' personal data to a third-party company); Br. of Amicus Curiae EPIC, *Attias v. Carefirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017) (arguing that data breach victims have Article III standing to sue); Br. of Amicus Curiae EPIC, *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909 (7th Cir. 2017) (arguing that consumers have Article III standing to sue under the Cable Communications Policy Act when their legal rights are violated).

11. EPIC also provides regular testimony to Congress and statements to federal agencies concerning the privacy and rights of Internet users. *See, e.g.*, Statement from EPIC to U.S. Senate Comm. on Judiciary (July 16, 2019) (concerning alleged search engine censorship);[14] Statement from EPIC to U.S. House Comm. on Judiciary (Dec. 10, 2018) (concerning Google's data collection, use, and filtering practices);[15] Statement from EPIC to U.S. Senate Comm. on Commerce, Sci., & Tech., arguing (that "the failure of the United States to address the growing concerns about online privacy is threatening both the digital economy and democratic institutions").[16]

---

[14] https://epic.org/testimony/congress/EPIC-SJC-GoogleCensorship-Jul2019.pdf.
[15] https://epic.org/testimony/congress/EPIC-HJC-GoogleOversight-Dec2018.pdf.
[16] https://epic.org/testimony/congress/EPIC-SCOM-InternetGovernance-July2018.pdf.

12. EPIC satisfies the two key requirements for a distribution of *cy pres* funds in a consumer privacy case: (1) EPIC is aligned with the interests of class members and (2) EPIC advances the aims of the underlying litigation. EPIC has spent more than two decades advocating for online privacy safeguards that are aligned with the interests of the class members. And EPIC continues to advocate and act as a champion for the privacy rights of Internet users.

13. Accordingly, courts have approved EPIC as a *cy pres* recipient in many consumer privacy cases. In *Perkins v. LinkedIn Co.*, No. 13- 4304, 2016 WL 613255 (N.D. Cal. Feb. 16, 2016), the court found that EPIC is a "well-established and respected organization within the field of internet privacy" and is thus "well-suited to be a *cy pres* recipient." In *In re Google Buzz Privacy Litigation*, No. 10-cv-672, 2011 WL 7460099 (N.D. Cal. June 2, 2011), the court modified a proposed settlement to include EPIC as a *cy pres* beneficiary given that there was no "good cause to exclude EPIC from the list of recipients." *Id*. at * 1. EPIC has also been approved to receive distributions in cases including:

- *Picchi v. Comenity Bank*, No. 11-61797 (S.D. Fla.)
- *Perkins v. LinkedIn Corp.*, No. 13-4304 (N.D. Cal.)
- *Kensington Physical Therapy, Inc. v. Jackson Therapy Partners*, LLC, No. 11-2467 (D. Md.)
- *Legg v. Laboratory Corp.*, No. 14-61543 (D. Md.)
- *Ashley Madison Consumer Data Sec. Breach Litig.*, No. 15-MD-2669 (E.D. Mo.)
- *Youngman v. A&B Insurance*, 16-cv-1478 (M.D. Fla.)
- *Craftwood Lumber Co. v. B.E. Atlas Co.*, 16-7865 (N.D. Ill.)
- *Dolemba v. Fora Financial*, LLC, No. 16-10651 (N.D. Ill.)
- *Smith v. ComplyRight, Inc.*, No. 18-cv-4990 (N.D. Ill.)

More examples can be found at https://epic.org/cy-pres.

14. If EPIC is designated as a *cy pres* recipient, EPIC agrees that the funds will go towards its general program activities, which include education, research, and advocacy to promote

the privacy interests of Internet users, including the class members in this case. EPIC will promote public understanding of emerging privacy risks. EPIC will advocate for consumers at the Federal Trade Commission, Federal Communications Commission, in the courts, and in Congress. This work will include the preparation of detailed comments for federal agencies, testimony and statements for Congressional committees, and amicus briefs for federal and state courts. EPIC will publish leading resources for consumers. EPIC will continue to make useful information available on our website, epic.org.

15. Please note that while EPIC is a strong advocate for consumer privacy and security, EPIC takes no position on the merits of this specific litigation or of the fairness or reasonableness of the Settlement currently before this Court.

16. As set out above, EPIC has fought to protect the privacy of Internet users for more than two decades. EPIC has pursued this work diligently, purposefully, and fairly. EPIC is clearly aligned with purpose of the litigation and the interests of the class members. Accordingly, EPIC respectfully asks to be designated as one of the *cy pres* recipients in this matter. If necessary, the undersigned will testify on the above topics at the hearing on the motion for final approval of the Settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of July 2021,

                                                        Alan Jay Butler
                                                        EPIC Executive Director and President