**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | CASE NO. 3:20-cv-02155-LB<br><br>**DECLARATION OF JAY C. GANDHI IN SUPPORT OF SETTLEMENT**<br><br>Judge:     Hon. Laurel Beeler<br>Courtroom: B-15th Floor<br>Date:      April 7, 2022<br>Time:      9:30 a.m. |

I, Jay C. Gandhi, declare as follows:

1. I was selected by the parties to mediate the above-captioned action (the "Action") and did so as an independent mediator. The formal mediation process, followed by continued negotiations with my assistance, ultimately resulted in the Settlement now before the Court for final approval.

2. While the mediation process is confidential, the parties have authorized me to inform the Court of the procedural and substantive matters set forth herein in support of final approval of the Settlement.

3. My statements and those of the parties during the mediation process are subject to, *inter alia*, Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive such protections. I make this Declaration based on personal knowledge and am competent to so testify.

## BACKGROUND AND QUALIFICATIONS

4. I am a former United States Magistrate Judge for the U.S. District Court for the Central District of California. I am also a former litigation partner with the international law firm of Paul Hasting LLP. I spent eight (8) years on the federal bench and 12 years at Paul Hastings. I am a member of, among others, the bar of California, the U.S. District Court for the Central District of California, the U.S. Court of Appeals for the Ninth Circuit, and the U.S. Supreme Court.

5. During my time on the bench, I not only presided over many trials, but also oversaw the Court's Alternative Dispute Resolution program and its panel of approximately 200 mediators. While a partner at Paul Hastings, I litigated complex commercial cases and MDL/class actions in a variety of state and federal jurisdictions across the country.

6. I am the recipient of several professional awards during my time on the bench and in practice, including for example, the Judicial Trailblazer Award, the Benjamin Aranda III Judge of the Year Award, and the Judicial Excellence and Public Service Award.

7. I was and remain active in several professional associations, including for example, as a former member of the Board of Directors of the Los Angeles Federal Bar Association, a former

1  member on the Judicial Advisory Board of Emory Law School's Institute for Complex Litigation and Mass Claims, and as a former Co-Chair of the Alternative Dispute Resolution Committee of the American Bar Association's Litigation Section.

8. I did and do often speak and write about best practices in alternative dispute resolution and trial advocacy, including in connection with the American Bar Association, the Federal Bar Association, and the U.S. Department of Justice.

9. I currently serve as a mediator and arbitrator with JAMS. I am also an owner of JAMS. JAMS is the world's largest private alternative dispute resolution (ADR) provider. The JAMS panel includes approximately 400 retired state and federal court judges and attorneys with proven track records and extensive practice area and industry expertise. JAMS is supported by more than 200 associates, including ADR system-design experts and case managers with decades of experience.

10. I have successfully mediated many complex, multi-party cases, including mass torts and class actions; business and commercial matters; antitrust cases; environmental actions; employment matters; entertainment and sports conflicts; health care cases; products liability actions; professional liability disputes; intellectual property matters; real estate cases; and securities and finance actions. I have successfully mediated numerous class actions involving consumer privacy rights.

11. I have also served as a court-appointed Special Master, including for the U.S. District Court for the Central District of California and as an arbitrator, both solely and as a member of a tripartite panel, over complex, multi-party cases.

## THE ARMS-LENGTH SETTLEMENT NEGOTIATIONS

12. In preparation for mediation in this Action, the parties provided to me, and exchanged among themselves, briefs discussing certain aspects of the factual and procedural background of the Action, as well as certain of the key disputed factual and legal issues in the Action.

13. It was apparent to me from the submissions and presentations made by the parties before and during the mediation process that counsel for all parties had performed a thorough examination of the facts underlying the Action and, with the aid of experts, analyzed it to determine appropriate case valuations. Counsel for all parties were well informed on the current law and provided legal research and analysis of the relevant law. It was also apparent to me that considerable work was done by counsel for all parties to prepare the case for mediation.

14. The parties participated in several mediation sessions before me, beginning in November 2020, and continuing for several months thereafter, through April and May 2021, following the Court's rulings on the motions to dismiss and to stay discovery. Attorneys from Cotchett, Pitre & McCarthy and Ahdoot & Wolfson, PC, Co-Lead Counsel for Plaintiffs, and attorneys from Cooley LLP, counsel for Zoom Video Communications, Inc. ("Zoom"), participated in each of these mediation sessions, as well as substantial phone and email communications that followed. I know from experience that counsel on both sides have deep experience in class action litigation and settlements.

15. Ultimately, I made a double-blind mediator's proposal to the parties with respect to monetary terms, which was accepted. The parties then continued to negotiate other settlement terms, including injunctive relief, and I continued to be involved through the process of negotiating these terms, as well as a term sheet and long-form settlement agreement.

16. After presiding over the lengthy mediation process in this case, I am able to report that the parties' Settlement is the product of vigorous and independent advocacy and arm's-length negotiation conducted in good faith.

17. Throughout the mediation process, I developed a complete understanding of the full range of the dispute, the respective positions of the parties, and the relative strengths and weaknesses of those positions, as well as the risks, rewards and costs of continued litigation and inevitable appeal.

18. The parties' settlement negotiations were hard fought and adversarial, though professional, and tackled virtually every issue in this Settlement, including but not limited to the

class definition, the amount and scope of compensation for class members; the methodology for allocating funds among class members; the scope of the release language; the appropriate monetary value for such a settlement; and the numerous terms of the injunctive relief.

19. The settlement negotiations were also difficult and contentious because all held strong to their convictions that they had the better factual and legal arguments, with regard to liability, damages and otherwise, and robust debates were held on virtually every issue, including what motions, trials and appeals would ultimately yield if a negotiated agreement was not achieved. Both parties had the wherewithal to prosecute and defend this action for many more years.

## CONCLUSION

20. Based upon my experience as a former federal judge and class action litigator, my knowledge of the issues in dispute, my review of the substantial factual and legal materials presented before and during the mediation, the rigor of the parties' negotiations, the relative strengths and weaknesses of the parties' positions, and the benefits achieved by the Settlement, I believe the Settlement (a non-reversionary Settlement Fund of $85 million and injunctive relief) represents a well-reasoned and sound resolution of this highly uncertain and notable litigation.

21. The Settlement is the direct result of all counsels' expertise and experience in these types of complex class actions, and the vigorous and exemplary representation they exercised on behalf of their clients.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of January 2022, at Pacific Palisades, California.

*/s/ Jay C. Gandhi*
Jay C. Gandhi

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Declaration of Jay C. Gandhi in Support of Settlement. Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

DATED: January 28, 2022

/s/ *Mark C. Molumphy*
Mark C. Molumphy