# EXHIBIT 1

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

**COTCHETT, PITRE & MCCARTHY, LLP**
Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates to: All Actions | Case No. 5:20-cv-2155-LHK<br><br>CLASS ACTION<br><br>**PLAINTIFFS' TIME AND EXPENSE REPORTING PROTOCOL** |

Pursuant to the Court's order of June 30, 2020[1] (enclosed herewith), Co-Lead Class Counsel seek to be in a position to submit a well-documented, supportable fee application if and when appropriate in this litigation.   To that end, and pursuant to the Court's mandates, we require that all counsel who work on and seek fees in this case comply with the following protocol:

## I.     Standards for Time and Expense Records

### A.     General Standards

Only time and expenses expressly authorized in advance by Co-Lead Class Counsel will be considered potentially compensable.[2]   Additionally, only time and expenses timely submitted in compliance with this protocol will be considered potentially compensable.

### B.     General Time Reporting Requirements

#### 1.     Recording Requirements.

All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Associate, Associate, Investigator, Law Clerk, Paralegal, Legal Assistant).   All attorneys and staff working on this case should maintain their time records in an electronic database, and per the Court's order, records must be recorded within seven days of the task.[3]

#### 2.     Hourly Rates

All time shall be maintained in tenth-of-an-hour increments.   Time records must report the billing rates for each individual listed.   Current hourly rates are to be used in calculating time.   Billing rates may be adjusted at the conclusion of this matter dependent on uniform or local rates given relative years of experience to ensure the rate change reflects the value added.

#### 3.     Time Entry Narratives

Full descriptions of all work performed are required.   See Section C below for a full list of categories to be used when logging time entries.   Time entry narratives that are not sufficiently detailed

---

[1] Order Appointing Interim Co-Lead Counsel and Plaintiffs' Steering Committee, 5:20-cv-02155-LHK [Dkt. 92].
[2] *Id.*, at 2-3 ("only work that has been assigned shall be billable for compensation.")
[3] *Id.*, at 2.

PLAINTIFFS' TIME AND EXPENSE REPORTING PROTOCOL
CASE NO. 5:20-cv-2155

1  will not be considered for payment.  Failure to maintain detailed time and expense records or to provide
2  a sufficient description of the activities performed will be grounds for denying the recovery of attorney's
3  fees or expenses in whole or in part.

4      Always include subject matter in task descriptions.  Communications with counsel, parties, or
5  witnesses should identify such participants specifically with, at least, a first initial and last name.  Vague
6  task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient.
7  Furthermore, time narratives should use language commonly understood in English, not abbreviations or
8  language conventions only relevant to an executive committee member's specific firm.

9      For all work performed after appointment of Co-Lead Class Counsel on June 30, 2020, each
10  attorney who submits billing records must indicate in each billing entry which interim lead counsel
11  specifically assigned the task.[4]  Note, however, reference to other attorneys, experts, or clients within a
12  time entry description may be made using first initial and last name only.

13      The Court's Order also expressly prohibits "block billing" in which one description of a time
14  entry includes more than one unrelated task with only an aggregate number of the total time spent per
15  day on that task.[5]  Rather, "all billing shall be recorded by task."  If it is unclear whether something may
16  be considered block billed, err on the side of separating and delineating the time associated with each
17  task performed in a given day.  Additionally, if your work on this case in a given day falls within two
18  separate task codes identified below, you should separate the entries by task code.

19              **4.    Compensable Work**

20      Per the court's order, "Co-Lead Class Counsel, Tina Wolfson or Mark C. Molumphy shall review
21  all billing records for all billers every month and strike duplicative or inefficient billing" and costs.[6]  The
22  ultimate determination of what is compensable work and the extent or rate at which it is compensable is
23  within the purview of the Court.  Compensable work does not include:

24      • Excessive time spent for a particular task;

25      • Work performed by a person more senior than necessary for the task;

---

[4] *Id.*, at 2-3 ("only work that has been assigned shall be billable for compensation.")
[5] *Id.*, at 2.
[6] Order Appointing Interim Co-Lead Counsel and Plaintiffs' Steering Committee, 5:20-cv-02155-LHK [Dkt. 92], at 2.

- "Read and review" time, unless specifically related to a billable task;
- Time for which descriptions are missing or incomplete; and
- Duplicative work.

Time and expenses incurred prior to consolidation and the appointment of Co-Lead Class Counsel and the Plaintiffs' Steering Committee will be considered for compensation only to the extent they materially contribute to the advancement of the litigation as a whole. However, all submissions of pre-consolidation time should be submitted in line with the directives herein.

### C.    Approved Time Entry Categories

Each time entry must be categorized as described below pursuant to the applicable task code and entered on the spreadsheet on a monthly basis submitted herewith. In general, when possible, a more specific category should always be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission.

#### 1.    Case Administration – Z100

This includes tasks such as scheduling, managing personnel, and preparation of billing and expense records.

#### 2.    Client/Class Member Communications – Z110

This includes status reports to clients, answering their questions, communications concerning preparation for document discovery and deposition, and work related to providing class notices. Be specific about which clients and class members you are responding to.

#### 3.    Strategy/Analysis – Z120

This includes meetings and correspondence among interim lead counsel, liaison counsel, executive committee, and their internal staff in order to coordinate efforts and discuss status and strategy. This includes the preparation of legal memoranda shared among counsel for purposes of litigation strategy.

#### 4.    Adverse Party Communications – Z130

This includes communications with opposing counsel concerning joint statements, proposed stipulations for administrative motions, meet and confers conducted to resolve discovery disputes, and any coordination required to manage the litigation. Time narratives under this category should describe

3

the purpose of the communication, such as whether the meet and confer was conducted to resolve a discovery dispute, and who it was with.

### 5.    Fact Investigation (Non-Expert) – Z140

This includes such matters as interviewing clients and witnesses, developing facts from internet research, consulting with industry participants, and preparing memos relating to the same.   Time narratives should specify the purpose of the fact investigation.   For example, fact investigation for the purpose of a complaint allegation, motion or deposition should state that in the narrative.

### 6.    Experts/Consultants – Z150

This category includes identifying and working with experts, reviewing their reports, and preparing them to give testimony.

### 7.    Pleadings and Related Motions – Z200

This includes the preparation of the complaint, answer, or other response to a claim or counterclaim, such as a motion to dismiss.  A motion for provisional remedies such as an injunction falls within this category, as they relate to claims or counterclaims.  Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 8.    Discovery Motions – Z210

This includes work on motions related to discovery.  Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 9.    Class Certification – Z220

This includes all work related to certifying a class, including motion preparation.

### 10.    Dispositive Motions – Z230

This includes motions for summary judgment, and any other motion that conclusively eliminates or resolves a claim.  (Motions to Dismiss fall under the "Pleadings and Related Motions" category). Typical narratives under this category should specify the name or will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument.

### 11.    Pre-Trial Motions and Submissions – Z240

4

This includes responding and arguing written motions during preparation for trial and trial, such as motions in limine, and motions to strike proposed evidence. This category also covers other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs.

### 12.    Other Written Motions – Z250

This includes the preparation of motions which do not concern pleadings, discovery, or dispositive motions. These motions include but are not limited to, motions to stay, motions to appear, motions to extend time, or other administrative motions. Narratives should specify the name or type of motion prepared.

### 13.    Written Discovery – Z300

This category includes the preparation of written discovery requests to serve on a party, and the responses and objections to another party's written discovery requests. Other discovery matters such as document review or the preparation of discovery-related motions should not be billed under this category.

### 14.    Document Production (to Other Parties) – Z310

This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists.

### 15.    Document Review (from Other Parties) – Z320

This includes identifying documents for a specific use in the case, such as motions or expert witness work.

### 16.    Depositions – Z330

This includes development of depositions outlines, gathering and review of exhibits, appearances at depositions, taking or defending the deposition, or helping support the first chair.

### 17.    Trial Preparation – Z400

This includes substantive matters that are not necessarily submitted in writing, including preparation of opening and closing arguments, direct and cross examination questions, fact and expert witnesses for testimony, trial exhibits, presentations, and other tasks necessary to prepare the case for trial.

### 18.    Trial Attendance – Z410

5

This includes all aspects of appearing and presenting at trial.

**19.    Post-Trial Motions and Submissions – Z420**

This includes developing, responding, and arguing all post-verdict matters in the trial court, just as motions for a new trial, or stay pending appeal, bill of costs, and request for attorney's fees.

**20.    Appeal – Z500**

This includes any type of appeal that may come up in the context of the case and would primarily involve appellate brief writers and those making oral argument.

**21.    Settlement/Non-binding ADR – Z600**

This includes all activities directed specifically to settlement, and encompasses planning for participating in settlement discussions, conferences, hearings, and implementing a settlement. This category covers mediation and other non-binding Alternative Dispute Resolution procedures.

**22.    Court Mandated Conferences – Z610**

This includes appearances at status conferences, pre-trial conferences, or other appearances necessary to satisfy procedural rules.

**D.    Expense Reporting**

Co-Lead Class Counsel will establish a litigation fund and obtain contributions from participating counsel. Counsel may seek reimbursement of these costs and expenses following any judgment or settlement.

**1.    Shared Expenses**

"Shared Expenses" are costs and expenses that will be paid out of a litigation fund administered by interim lead counsel ("Litigation Fund"). Participating counsel shall contribute to such a fund at times and in amounts sufficient to cover Plaintiffs' expenses for the prosecution of this consolidated action. The timing and amount of each assessment will be determined by Co-Lead Class Counsel. Each assessment will be paid within 30 days as instructed by interim lead counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders, and otherwise as an executive committee member. Shared Expenses are incurred for the common interest of the Plaintiff groups in this consolidated action. All Shared Expenses must be approved by interim lead counsel prior to payment. To be eligible for potential reimbursement, expenses must be:

- expressly authorized by interim lead counsel;
- timely submitted;
- reasonable in amount; and
- supported by adequate documentation including receipts and invoices.

All costs and expenses that meet the requirements of a Shared Expense and fall under the following categories shall qualify for submission and payment directly from the Shared Expense Litigation Fund, as well as for reimbursement from any settlements or satisfaction of judgment as appropriate:

- court filing, service, court reporter, and transcript costs;
- costs for the electronic storage, retrieval, and searches of ESI;
- bank or financial institution charges relating to a litigation and/or settlement fund;
- expert witness, investigator, and consultant fees and related expenses; and
- data and materials provided by outside third-party vendors, translators, and attorneys.

To the extent that a settlement fund and/or satisfaction of judgment fund is created for Plaintiffs, the above-described Shared Expenses may be reimbursed from said funds after approval by the Court.

### 2.    Non-Shared Expenses ("Held Costs")

Each executive committee member may incur "Held Costs," which are expenses that are not Shared Expenses as defined above. Held Costs include, but are not limited to:

- legal research (e.g., Lexis, Westlaw, or PACER charges);
- printing, copying, coding, and scanning;
- telephone, postage, and courier charges;
- necessary travel and meal expenses, including for depositions of plaintiffs.

Executive committee members may submit Held Costs on a monthly basis to interim lead counsel for reimbursement at the end of the case.  The inclusion of such expenses shall be at the sole discretion of interim lead counsel, subject to Court approval.

### 3.    Expense Guidelines

Attorneys and staff must keep receipts for all expenses.  Credit card receipts or monthly credit cards statements are an appropriate form of verification.  Hotel and restaurant costs must be supported by

1   credit card statements, hotel invoices, or restaurant bills.  The description of unclaimed expenses on the

2   statement may be redacted.  Receipts should also be submitted on a monthly basis, with original copies

3   maintained by the attorneys seeking reimbursement.  We understand certain expenses may not be billed

4   concurrent with a given month's time records submission, but should be submitted on the next billing

5   cycle as they are incurred.

6          Only reasonable expenses will be reimbursed.  Except in extraordinary circumstances approved

7   in advance by interim lead counsel, and pursuant to the Court's Order, all reimbursements are subject to

8   the following limitations:

9          <u>Transportation</u>: Reasonable and appropriate airfare and ground transportation will be reimbursed

10  and is subject to audit and review.  Airfare or ground transportation deemed to be excessive or which is

11  not related to an assigned task or judicial requirement will not be reimbursed.  Luxury automobile rentals

12  will not be fully reimbursed unless those were the only such vehicles available.  To the extent that

13  personal vehicles are used, mileage claims should be documented by stating origination point, destination,

14  total actual miles, and the rate per mile paid by the firm.

15         <u>Hotel</u>: Reasonable and appropriate hotel accommodations and charges will be reimbursed.  Hotel

16  accommodations deemed to be excessive or which are not related to an assigned task will not be

17  reimbursed.

18         <u>Meals</u>: Meal expenses must be reasonable and appropriate.

19         <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts are generally not available (*e.g.*,

20  tips, luggage handling, etc.) will be reimbursed, so long as the expenses are reasonable and properly

21  itemized.

22  **II.     Protocols for Submission of Time and Expenses**

23         **A.     Submitting Time and Expense Reports**

24         All attorneys and staff working on this case shall submit time and expense reports to Co-Lead

25  Class Counsel as directed by interim lead counsel on a monthly basis.  Time records should be submitted

26  no later than 14 days after the end of the previous month.  The first time submission will be due to Tina

27  Wolfson (twolfson@ahdootwolfson.com) on September 14, 2020 and will include all time entries from

28

1   the inception of the case through August 31, 2020.  Thereafter, such reports shall be due no later than the

2   14th day of the month following the end of the month being reported.

3          Any time and expense records submitted in arrears may be disallowed and not submitted as part

4   of any potential fee application.  Co-Lead Class Counsel will collect and preserve, in an electronic format

5   all time and expense reports of all Plaintiffs' counsel that may support any potential fee application.

6       **B.      Content of Time and Expense Reports**

7          Time and expense submissions should be transmitted in Microsoft Excel spreadsheet format using

8   the prescribed form, attached as Exhibit A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' TIME AND EXPENSE REPORTING PROTOCOL
CASE NO. 5:20-cv-2155

DATED: September 3, 2020

Respectfully submitted,

**COTCHETT, PITRE & MCCARTHY, LLP**
Mark C. Molumphy (SBN 168009)
*mmolumphy@cpmlegal.com*
Tyson C. Redenbarger (SBN 294424)
*tredenbarger@cpmlegal.com*
Noorjahan Rahman (SBN 330572)
*nrahman@cpmlegal.com*
Julia Peng (SBN 318396)
*jpeng@cpmlegal.com*
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

**AHDOOT & WOLFSON, PC**
Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Theodore Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Christopher E. Stiner (SBN 276033)
*cstiner@ahdootwolfson.com*
Rachel Johnson (SBN 331351)
*rjohnson@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Co-Lead Counsel for Plaintiffs*

PLAINTIFFS' TIME AND EXPENSE REPORTING PROTOCOL
CASE NO. 5:20-cv-2155

# EXHIBIT A

**Zoom Video Communications Inc., Privacy Litigation**

| *Reporting Period:* | |
|---|---|
| *Date of Submission:* | |

| Category Codes | | | |
|---|---|---|---|
| Z100 Case Admin | Z200 Pleadings and Related Motions | Z300 Written Discovery | Z400 Trial Preparation |
| Z110 Client/Class Member Comm. | Z210 Discovery Motions | Z310 Doc Production (to Others) | Z410 Trial Attendance |
| Z120 Analysis/Strategy | Z220 Class Certification | Z320 Doc Review (from Others) | Z420 Post-Trial Motions and Submissions |
| Z130 Adverse Party Communications | Z230 Dispositive Motions | Z330 Depositions | Z500 Appeal |
| Z140 Fact Investigation (Non-Expert) | Z240 Pre-Trial Motions and Submissions | | Z600 Settlement/Non-Binding ADR |
| Z150 Experts/Consultants | Z250 Other Written Motions | | Z610 Court Mandated Conferences |

| Biller Name | Biller Title | Attny Bar Admission Date | Firm Name | Date | Category Code Work Performed | Description of Work | Approved By | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

| Biller Name | Biller Title | Attny Bar Admission Date | Firm Name | Date | Category Code Work Performed | Description of Work | Approved By | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

| | A | B | C |
|---|---|---|---|
| 1 | **Category Code** | **Name** | **Description** |
| 2 | Z100 | Case Administration | This includes tasks such as scheduling, managing personnel, and preparation of billing and expense records. |
| 3 | Z110 | Client and Class Member Communications | This includes status reports to clients, answering their questions, and communications concerning preparation for document discovery and deposition, and work related to Notice of Class Certification. |
| 4 | Z120 | Analysis/Strategy | This includes meetings and correspondence among interim lead counsel, liaison counsel, executive committee, and their internal staff in order to coordinate efforts and discuss status and strategy. This includes the preparation of legal memoranda shared among counsel for purposes of litigation strategy. |
| 5 | Z130 | Adverse Party Communications | This includes communications with opposing counsel concerning joint statements, proposed stipulations for administrative motions, meet and confers conducted to resolve discovery disputes, and any coordination required to manage the litigation.  Time narratives under this category should describe the purpose of the communication, such as whether the meet and confer was conducted to resolve a discovery dispute. |
| 6 | Z140 | Fact Investigation (Non-Expert) | This includes such matters as interviewing clients and witnesses, developing facts from internet research, consulting with industry participants, and preparing memos relating to the same.  Time narratives should specify the purpose of the fact investigation.  For example, fact investigation for the purpose of a complaint allegation, motion or deposition should state that in the narrative. |
| 7 | Z150 | Experts/Consultants | This category includes identifying and working with experts, reviewing their reports, and preparing them to give testimony. |
| 8 | Z200 | Pleadings and Related Motions | This includes the preparation of the complaint, answer, or other response to a claim or counterclaim, such as a motion to dismiss.  A motion for provisional remedies such as an injunction falls within this category, as they relate to claims or counterclaims.  Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument. |
| 9 | Z210 | Discovery Motions | This includes work on motions related to discovery.  Typical narratives under this category will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument. |
| 10 | Z220 | Class Certification | This includes all work related to certifying a class, including motion preparation. |
| 11 | Z230 | Dispositive Motions | This includes motions for summary judgment, and any other motion that conclusively eliminates or resolves a claim.  (Motions to Dismiss fall under the "Pleadings and Related Motions" category).  Typical narratives under this category should specify the name or will describe legal research, analysis, and investigation of facts in service of the written submission or oral argument. |
| 12 | Z240 | Pre-Trial Motions and Submissions | This includes responding and arguing written motions during preparation for trial and during trial, such as motions in limine, and motions to strike proposed evidence. This category also covers other written pre-trial and trial filings, such as jury instructions, witness lists, proposed findings of fact and conclusions of law, and trial briefs. |
| 13 | Z250 | Other Written Motions | This includes the preparation of motions which are do not concern pleadings, discovery, or dispositive motions.  These motions include, but are not limited to, motions to stay, motions to appear, motions to extend time, or other administrative motions.  Narratives should specify the name or type of motion prepared. |
| 14 | Z300 | Written Discovery | This category includes the preparation of written discovery requests to serve on a party, and the responses and objections to another party's written discovery requests.  Other discovery matters such as document review or the preparation of discovery-related motions should not be billed under this category. |
| 15 | Z310 | Document Production (to Others) | This includes identifying documents for production, reviewing documents for privilege, effecting production, and preparing privilege lists. |
| 16 | Z320 | Document Review (from Others) | This incldues identifying documents for a specific use in the case, such as motions or expert witness work. |
| 17 | Z330 | Depositions | This includes development of depositions outlines, gathering and review of exhibits, appearances at depositions, taking or defending the deposition, or helping support the first chair. |

| | A | B | C |
|---|---|---|---|
| 18 | Z400 | Trial Preparation | This includes substantive matters that are not necessarily submitted in writing, including preparation of opening and closing arguments, direct and cross examination questions, fact and expert witnesses for testimony, trial exhibits, presentations, and other tasks necessary to prepare the case for trial. |
| 19 | Z410 | Trial Attendance | This includes all aspects of appearing and presenting at trial. |
| 20 | Z420 | Post-Trial Motions and Submissions | This includes developing, responding, and arguing all post-verdict matters in the trial court, just as motions for a new trial, or stay pending appeal, bill of costs, and request for attorney's fees. |
| 21 | Z500 | Appeal | This includes any type of appeal that may come up in the context of the case and would primarily involve appellate brief writers and those making oral argument. |
| 22 | Z600 | Settlement/Non-Binding ADR | This includes all activities directed specifically to settlement, and encompasses planning for participating in settlement discussions, conferences, hearings, and implementing a settlement.  This category covers mediation and other non-binding Alternative Dispute Resolution procedures. |
| 23 | Z610 | Court Mandated Conferences | This includes appearances at status conferences, pre-trial conferences, or other appearances necessary to satisfy procedural rules. |

**Firm Name:  [Enter name here]**
**Date:        [Enter date here]**

| Category Code | Name | Time per Category |
|---|---|---|
| Z100 | Case Administration | |
| Z140 | Fact Investigation (Non-Expert) | |
| Z110 | Client and Class Member Communications | |
| Z120 | Analysis/Strategy | |
| Z130 | Adverse Party Communications | |
| Z150 | Experts/Consultants | |
| Z600 | Settlement/Non-Binding ADR | |
| Z200 | Pleadings and Related Motions | |
| Z610 | Court Mandated Conferences | |
| Z230 | Dispositive Motions | |
| Z250 | Other Written Motions | |
| Z220 | Class Action Certification | |
| Z300 | Written Discovery | |
| Z310 | Document Production (to Others) | |
| Z320 | Document Review (from Others) | |
| Z330 | Depositions | |
| Z210 | Discovery Motions | |
| Z240 | Pre-Trial Motions and Submissions | |
| Z400 | Trial Preparation | |
| Z410 | Trial Attendance | |
| Z420 | Post-Trial Motions and Submissions | |
| Z500 | Appeal | |
| **Totals** | | |

| Fees per Category |
| --- |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

**Zoom Video Communications Inc., Privacy Litigation**

| | |
|---|---|
| *Reporting Period:* | |
| *Date of Submission:* | |

| Name | Title | Firm | Date | Nature of Expense / Charge Incurred | Decscription of Expense / Charge | Approved By | Cost |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |