TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT R. AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
THEODORE MAYA (SBN 223242)
tmaya@ahdootwolfson.com
BRADLEY K. KING (SBN 274399)
bking@ahdootwolfson.com
CHRISTOPHER STINER (SBN 276033)
cstiner@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

MARK C. MOLUMPHY (SBN 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN 294424)
tredenbarger@cpmlegal.com
ELLE LEWIS (SBN 238329)
elewis@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Tel: (650) 697-6000

Interim Co-Lead Class Counsel for the Settlement Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION*, <br><br> This Document Relates To: <br>     All Actions | Master Case No. 3:20-cv-02155-LB <br><br> **JOINT UNOPPOSED MOTION FOR INDICATIVE RULING RE APPROVAL OF SETTLEMENTS WITH OBJECTOR-APPELLANTS** <br><br> Hon. Laurel Beeler <br> Courtroom: B <br> Date: December 1, 2022 <br> Time: 9:30 AM |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that on December 1, 2022, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Laurel Beeler, of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom B, 15th floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs and Defendant Zoom Video Communications, Inc. ("Zoom" and together with Plaintiffs, the "Litigation Parties") will and hereby do move the Court for an indicative ruling under Fed. R. Civ. P. 62.1 that the Court, upon remand from the Ninth Circuit Court of Appeals, would approve the settlement agreements between Plaintiffs, Zoom, and each of the Objectors Sammy Rodgers and Alvery Neace, on the one hand, and Objector Judith Cohen, on the other hand (Rodgers, Neace, and Cohen being referred to herein as the "Objectors"). This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Joint Declaration of Tina Wolfson and Mark Molumphy ("Joint Decl."), argument by counsel at the hearing before this Court, any papers filed in reply, such oral and documentary evidence as may be presented at the hearing of this motion, and all papers and records on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs and Zoom respectfully submit that the Court should approve their settlements with three Settlement Class Members[1] who objected to the Class Action Settlement Agreement and Release (the "Settlement Agreement") and thereafter appealed the Court's order granting final approval.  ECF No. 249.  Although the Court was correct in overruling the Objectors' objections, the Objectors appealed and, through negotiations facilitated by the Circuit Mediator for the Ninth Circuit, the Litigation Parties and Objectors reached settlement agreements that, subject to the Court's approval, would resolve those appeals and provide additional procedural and substantive benefits to Settlement Class Members.  These benefits include a carve-out of certain claims from

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Settlement Agreement (ECF No. 191-1).

Settlement Class Members' release of claims and amended procedures to make it easier for class members who filed claims to receive and cash their payments.

Resolution of Objectors' appeals through these settlements will have the added benefit of ensuring the expeditious delivery of Settlement Payments from the Settlement Fund to Claimants on a far quicker timeline—a substantial benefit given the current rate of inflation. And the settlements achieve these benefits without taking any money out of the funds allocated for payments to Settlement Class Members. While the settlements permit Objectors to seek service awards and Objectors' counsel to seek fee and expense awards up to certain amounts, approval of such awards is not a condition to the settlements and any approved payments would be made from the Fee and Expense Award that the Court previously approved for payment to Class Counsel.

Accordingly, the Litigation Parties respectfully request that the Court grant this Motion, in accordance with Federal Rules of Civil Procedure 23(e)(5)(C) and 62.1, and issue an order indicating that it would approve the settlements with these Objectors were the Ninth Circuit to remand this case for that purpose.

## II.   BACKGROUND

Following arm's-length negotiations, Plaintiffs and Zoom entered into the Settlement Agreement. ECF No. 191-1. On July 31, 2021, Plaintiffs moved this Court for preliminary approval of the Settlement Agreement. ECF No. 190. On October 21, 2021, the Court granted Plaintiffs' motion for preliminary approval and set an objection deadline of March 5, 2022. ECF No. 204. After Plaintiffs filed their Motion for Final Approval and Motion for Attorneys' Fees, ECF Nos. 216 & 217, Objector Cohen filed an Objection to Plaintiffs' Motion for Final Approval, ECF No. 227, as did Objectors Rodgers and Neace, ECF No. 228 (collectively, the "Objections"). After considering the Objections, the Court granted final approval of the Settlement Agreement and entered final judgment, ECF Nos. 249 & 250, from which the Objectors each appealed. ECF Nos. 251 & 252. The Objectors' appeals currently are pending before the Ninth Circuit Court of Appeals, where Objectors-Appellants' opening briefs currently are due on October 31, 2022. *See Brice v. Zoom Video Communications Inc.*, 9th Cir. Case No. 22-1576, ECF No. 16.

Following extensive arms-length settlement negotiations coordinated by the Circuit Mediator for the Ninth Circuit, Plaintiffs, Zoom, and the Objectors have agreed to settle the Objections and appeals.

**Settlement with Objectors Rodgers and Neace**.  Plaintiffs, Zoom, and Objectors Rodgers and Neace have entered into a settlement agreement in which the Litigation Parties agree to undertake certain procedures to make it easier for class members who have filed claims to update their addresses and to receive cash payments by mailed checks.  *See* Joint Decl., Ex. A ("Rodgers/Neace Settlement Agreement") at ¶ 2.  These agreed-upon procedures specifically address certain of the concerns raised in the Rodgers and Neace Objection:

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Settlement Administrator should notify claimants if their check is returned by the post office. (ECF No. 228 at 13-14) | For returned checks from Settlement Class Members, the Settlement Administrator will run address correction, check forwards, and send payments to the corrected addresses when possible. (Rodgers/Neace Settlement Agreement ¶ 2(b).)<br><br>For returned checks from Settlement Class Members, the Settlement Administrator will also notify such claimants via email to update their address. (Rodgers/Neace Settlement Agreement ¶ 2(c).) |
| A normal business (#10) envelope should be used to send settlement checks. (ECF No. 228 at 13.) | The Settlement Administrator will mail the checks issued pursuant to the Settlement Agreement to eligible Settlement Class Members via USPS first class mail, in a number 10 business envelope. (Rodgers/Neace Settlement Agreement ¶ 2(a).) |
| 90 days is not sufficient time to cash settlement checks (ECF No. 228 at 14-15) | Zoom and Plaintiffs will amend the Settlement Agreement (§§ 2.5(c) a€(e)) to extend the deadline for Settlement Class Members to cash a settlement check by 30 days, from 90 days to 120 days. (Rodgers/Neace Settlement Agreement ¶ 2(d).) |

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Address change form should be easier to locate.  Settlement Administrator should provide confirmation/receipt for address change when made.  (ECF No. 228 at 16-17) | The Settlement Administrator will include a link to the form for Settlement Class Members to change their contact information on the home page of the Settlement Website, with a statement that the form can be used to update email addresses, mailing addresses, or both, and with directions on how to include all current contact information, including mailing and email addresses.  The Settlement Administrator will also send an email to Settlement Class Members completing the form, confirming their updated contact information.  (Rodgers/Neace Settlement Agreement ¶ 2(e).) |

In exchange, Objectors Rodgers and Neace agree to release and not to pursue their other objections to the Settlement Agreement and to dismiss their appeal with prejudice.  Rodgers/Neace Settlement Agreement ¶¶ 1.2, 4.  In addition, Objectors Rodgers and Neace may apply to the Court for service payments of up to $1,000 each, and their counsel may apply to this Court for up to $47,900 in attorneys' fees and costs, both of which (if approved) would be paid from the prior award of attorneys' fees to Class Counsel.  *Id.* ¶ 3.  Notably, the Court's granting of such payments is not a condition of the settlement.  *Id*.

**Settlement with Objector Cohen**.  Similarly, Plaintiffs, Zoom, and Objector Cohen have entered into a settlement agreement in which the Litigation Parties agree to modify the release in the Settlement Agreement to exclude certain claims for indemnification or contribution made by a state-licensed professional against Zoom for damages or losses from a "Breach of Confidentiality Claim."  Joint Decl., Ex. B ("Cohen Settlement Agreement") at ¶ 2.  This carve-out from the release directly addresses the core of Objector Cohen's objection—namely that the Settlement Agreement does not take into account the risk of possible lawsuits that might be filed against Zoom users who are medical or other professionals and who may owe "legal or contractual commitments" to maintain confidentiality.  ECF No. 227 at 4-5; ECF No. 236 at 2, 3 ("Any settlement that binds the professional Zoom users must account for this increased risk through future indemnification or by other means").

In exchange, Objector Cohen agrees to release and not to pursue her other arguments in

support of her objection to the Settlement Agreement and to dismiss her appeal with prejudice. *Id.* ¶¶ 1.2, 4. In addition, Objector Cohen may apply to the Court for a service payment of up to $1,000, and her counsel may apply to this Court for up to $78,000 in attorneys' fees and costs, both of which (if approved) would be paid from the prior award of attorneys' fees to Class Counsel. *Id.* Again, the Court's granting of such payments is not a condition of the settlement. *Id.*

### III. ARGUMENT

Federal Rule of Civil Procedure 23 permits class members to object to proposed class action settlements, Fed. R. Civ. P. 23(e)(5)(A), and requires court approval of any payment in connection with "forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. Fed. R. Civ. P. 23(e)(5)(B)(ii). If the parties do not obtain such approval "before an appeal has been docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending." Fed. R. Civ. P. 23(e)(5)(C). Rule 62.1 permits the court to make an indicative ruling when the court lacks the authority to grant a motion because an appeal has been taken. Fed. R. Civ. P. 62.1(a)(3). Here, consistent with these Rules, Plaintiffs and Zoom seek an order indicating that the Court would grant approval of the Rodgers/Neace Settlement Agreement and the Cohen Settlement Agreement, if the Ninth Circuit remands the case for that purpose.

The Court should approve these settlements because they are in the best interests of the Settlement Class. *First*, the settlements address the Objections by granting additional benefits to the settlement class. Specifically, the Rodgers/Neace Settlement Agreement requires the Litigation Parties to ensure that the Settlement Administrator implements certain procedures designed to make it easier for Claimants to update their addresses and to receive and cash checks sent by mail. *See* Rodgers/Neace Settlement Agreement ¶ 2. And one of the agreed-upon procedural changes will require a small amendment to the Settlement Agreement and the Final Approval Order in order to extend the deadline for Settlement Class Members to cash a settlement check from 90 days to 120 days.[2] Similarly, the Cohen Settlement Agreement requires the Litigation Parties to narrow the release of Settlement Class Members' claims in the Settlement Agreement, excluding from that

---

[2] If the Court indicates it would approve the settlements with Objectors, the Parties will ask the Ninth Circuit to remand the case and then file a motion for approval with this Court, attaching a revised proposed Final Approval Order and an amendment to the Settlement Agreement.

1  release certain claims for indemnification or contribution made by a state-licensed professional
2  against Zoom. *See* Cohen Settlement Agreement ¶ 2.

3  Both settlements thus benefit the settlement class, which supports their approval. *See In re Takata Airbag Products Liability Litig.*, No. 1:15-md-02599, ECF No. 3632 at 2 (S.D. Fla. January 27, 2020) (granting motion for indicative ruling and noting that negotiations with the objectors led to additional agreement that benefited the settlement class); *see also The Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, No. 2:10-cv-14360, ECF No. 396 at 3 (E.D. Mich. December 14, 2020) (approving settlement with objectors and noting that objections "improved the settlement approval process").

4  *Second*, the Court already determined that the Settlement Agreement is in the best interests of the Settlement Class when it granted final approval and noted that nearly 1.5 million Settlement Class Members had made claims as of March 10, 2022. *See* ECF No. 249. As the Advisory Committee Notes to Rule 23(e)(5)(B) recognize, "an appeal by a class-action objector may produce much longer delay than an objection before the district court." *See* Fed. R. Civ. P. 23, advisory committee's notes, 2018 amendment. Approving the settlements with the Objectors would ensure that payments to Claimants are not substantially delayed—especially important in today's financial climate with extremely high inflation. *See, e.g.*, *In re Google Plus Profile Litig.*, No. 5:18-cv-06164, ECF No. 119 at 2 (N.D. Cal. Apr. 23, 2021) (granting motion for indicative ruling and noting that the proposed settlement with the objectors would "expedite payment to the Settlement Class"); *In re Volkswagen Timing Chain Product Liability Litig.*, No. 16-2765, ECF No. 250 at 2 (February 19, 2019) (granting motion for indicative ruling and noting that payments to claimants would otherwise be "delayed until the Objectors/Appellants' appeals are resolved").

5  *Third*, to the extent the Court approves service awards to Objectors or fee and expense awards to their counsel, they will not adversely impact the Settlement Class as these payments will be drawn solely from the prior Fee and Expense Award. *See Charvat v. Valente*, No. 1:12-cv-05746, ECF No. 744 at 2 (February 27, 2020) (granting motion for indicative ruling and noting that payments to objectors' counsel "would not come from the net settlement fund"); *In re Takata Airbag Products Liability Litig.*, No. 1:15-md-02599, ECF No. 3632 at 2 ("Most importantly, not

a single penny of the proposed payment will be taken from the funds available to all class members.").

*Finally*, the settlement agreements with Objectors are contingent on there being no further notice to the Class, and such notice is not required since the terms of the Settlement Agreements only benefit the Settlement Class for the reasons given above, and there is no other procedural reason to require re-notice to the class or to reopen the time for objection, opt out, or claims. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) ("Courts have routinely found that additional notice to a class is not required where a modification to the settlement agreement makes the settlement more valuable to the class."); *see Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010) ("Although changes were made to the release after potential class members received the notice, the changes did not render the notice inadequate because they narrowed the scope of the release.")

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs and Zoom respectfully request that the Court issue an order indicating that it would approve the Rodgers/Neace Settlement Agreement and the Cohen Settlement Agreement if the Ninth Circuit were to remand this case for that purpose. Should the Court do so, the Parties will notify the Circuit Clerk of the Ninth Circuit, in accordance with Rule 62.1(b) and Federal Rule of Appellate Procedure 12.1, and seek remand to this Court so the settlement agreements with the Objectors can be approved and so the Parties can submit to the Court amendments to the Settlement Agreement and Final Approval Order to effectuate the agreed-upon modifications.

///

Dated: October 27, 2022

**COTCHETT, PITRE & MCCARTHY, LLP**

By: */s/ Mark Molumphy*
Mark Molumphy (SBN 168009)

*Attorneys for Plaintiffs*

**AHDOOT & WOLFSON, PC**

By: */s/ Tina Wolfson*
Tina Wolfson (SBN 174806)
*Attorneys for Plaintiffs*

**COOLEY LLP**

By: */s/ Benjamin H. Kleine*
Benjamin H. Kleine (SBN 257225)

*Attorneys for Defendant*

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Joint Unopposed Motion for Indicative Ruling re Approval of Settlements with Objector-Appellants; Memorandum of Points and Authorities in Support Thereof. Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

DATED: October 27, 2022

*/s/ Mark C. Molumphy*
Mark C. Molumphy