UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS. | Case No. 20-cv-02155-LB<br><br>**ORDER GRANTING MOTION FOR INDICATIVE RULING**<br><br>Re: ECF No. 255 |

## INTRODUCTION

In this class action against Zoom Video Communications, the plaintiffs alleged that Zoom improperly shared their data through third-party software from companies such as Facebook and Google, claimed to have end-to-end encryption when it did not, and failed to prevent "Zoombombing" (disruptions of Zoom meetings by third-party actors).[1] The parties settled the case, and the court approved the settlement over the objections of several class members.[2] Two

---

[1] Second Am. Compl. (SAC) – ECF No. 179 at 3–5 (¶¶ 4–9). Record citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Settlement Agreement, Ex. 1 to Wolfson & Molumphy Decl. – ECF No. 191-1 at 2–36; Objs. – ECF Nos. 206–08, 220, 224–25, 227–28, 232; Order – ECF No. 249.

ORDER – No. 20-cv-02155-LB

appeals were filed: one by objectors Alvery Neace and Sammy Rodgers, and one by objector Judith Cohen.[3]

The parties then settled with the appealing objectors, agreeing (in exchange for withdrawal of the objections) to improve the class settlement and allow the appealing objectors to later apply for service payments and attorney's fees.[4] The parties filed a joint unopposed motion for an indicative ruling (under Federal Rule of Civil Procedure 62.1) that the court would approve the objector settlements if the Ninth Circuit were to remand.[5] The court can decide the matter without oral argument, N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

## STATEMENT

The two objector settlements were reached "[f]ollowing extensive arms-length settlement negotiations coordinated by the Circuit Mediator for the Ninth Circuit."[6] The settlements address the concerns expressed by the respective objectors, as follows. (Capitalized terms are defined in the settlement agreement with the class.)

Under the Neace/Rodgers settlement, the parties "agree to undertake certain procedures to make it easier for class members who have filed claims to update their addresses and to receive cash payments by mailed checks."[7] The motion summarizes the changes:

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Settlement Administrator should notify claimants if their check is returned by the post office. (ECF No. 228 at 13–14) | For returned checks from Settlement Class Members, the Settlement Administrator will run address correction, check forwards, and send payments to the corrected addresses when possible. (Rodgers/Neace Settlement Agreement ¶ 2(b).) |

---

[3] Judgment – ECF No. 250; Notices of Appeal – ECF Nos. 251–52.

[4] Rodgers & Neace Settlement Agreement, Ex. A to Wolfson & Molumphy Decl. – ECF No. 255-2; Cohen Settlement Agreement, Ex. B to Wolfson & Molumphy Decl. – ECF No. 255-3.

[5] Mot. – ECF No. 255.

[6] *Id.* at 4.

[7] *Id.*; Rodgers & Neace Settlement Agreement, Ex. A to Wolfson & Molumphy Decl. – ECF No. 255-2 at 4–5 (¶ 2).

|  | For returned checks from Settlement Class Members, the Settlement Administrator will also notify such claimants via email to update their address. (Rodgers/Neace Settlement Agreement ¶ 2(c).) |
|---|---|
| A normal business (#10) envelope should be used to send settlement checks. (ECF No. 228 at 13.) | The Settlement Administrator will mail the checks issued pursuant to the Settlement Agreement to eligible Settlement Class Members via USPS first class mail, in a number 10 business envelope. (Rodgers/Neace Settlement Agreement ¶ 2(a).) |
| 90 days is not sufficient time to cash settlement checks (ECF No. 228 at 14–15) | Zoom and Plaintiffs will amend the Settlement Agreement (§§ 2.5(c)–(e)) to extend the deadline for Settlement Class Members to cash a settlement check by 30 days, from 90 days to 120 days. (Rodgers/Neace Settlement Agreement ¶ 2(d).) |
| Address change form should be easier to locate. Settlement Administrator should provide confirmation/receipt for address change when made. (ECF No. 228 at 16–17) | The Settlement Administrator will include a link to the form for Settlement Class Members to change their contact information on the home page of the Settlement Website, with a statement that the form can be used to update email addresses, mailing addresses, or both, and with directions on how to include all current contact information, including mailing and email addresses. The Settlement Administrator will also send an email to Settlement Class Members completing the form, confirming their updated contact information. (Rodgers/Neace Settlement Agreement ¶ 2(e).)[8] |

Under the Cohen settlement, the parties "agree to modify the release in the Settlement Agreement to exclude certain claims for indemnification or contribution made by a state-licensed professional against Zoom for damages or losses from a 'Breach of Confidentiality Claim.'"[9]

In exchange for the changes to the settlement with the class, the settling objectors agree "to release and not to pursue their other objections to the Settlement Agreement and to dismiss their appeal[s] with prejudice." They also may apply to the court for service payments of up to $1,000 each, and their attorneys may apply for varying amounts in attorney's fees and costs: $47,900 for

---

[8] Mot. – ECF No. 255 at 4–5.

[9] *Id.* at 5; Cohen Settlement Agreement, Ex. B to Wolfson & Molumphy Decl. – ECF No. 255-3 at 4–5 (¶ 2).

ORDER – No. 20-cv-02155-LB                    3

1  Rodgers and Neace's counsel, and $78,000 for Cohen's counsel. All service payments, attorney's
2  fees, and costs would be paid from the court's prior award of attorney's fees to Class Counsel.[10]

## ANALYSIS

### 1. Legal Standard

Rule 62.1 permits the court to issue an indicative ruling on a motion even though the court lacks jurisdiction because an appeal is pending. Fed. R. Civ. P. 62.1(a). The indicative ruling may "defer considering the motion," "deny the motion," or state that the court "would grant the motion if the court of appeals remands for that purpose." *Id.* R. 62.1(a)(1)–(3). If the court of appeals then remands, the court may decide the motion. *Id.* R. 62.1(c).

Any "payment or other consideration . . . provided in connection with . . . withdrawing an objection" to a class-action settlement must be approved by the court. Fed. R. Civ. P. 23(e)(5)(B)(i). If such approval is sought after an appeal has been filed, "the procedure of Rule 62.1 applies." *Id.* R. 23(e)(5)(C). Under Rule 23, the standard for approval of an objector settlement varies depending on whether the consideration is provided to objectors or their counsel.

First, consideration provided to objector counsel can be approved only if the objector "substantially enhanced the benefits to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002); *W. Publ'g Corp.*, 563 F.3d at 963 ($325,000 increase to the settlement fund was a substantial enhancement). The benefit must also be "worth more than the fee [the objectors] are seeking." *Fraley v. Facebook, Inc.*, No. C 11-1726 RS, 2014 WL 806072, at *2 (N.D. Cal. Feb. 27, 2014), *aff'd sub nom. Fraley v. Batman*, 638 F. App'x 594 (9th Cir. 2016).

"The 'substantial benefit' need not be financial," but if it is not, "the court must carefully scrutinize the benefits conferred" to determine whether they are more than "technical or coincidental." *In re HP Inkjet Printer Litig.*, No. 5:05-CV-3580 JF, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011); *see also Kurihara v. Best Buy Co.*, No. C-06-1884 MHP (EMC), 2010

---

[10] Mot. – ECF No. 255 at 5–6; Rodgers & Neace Settlement Agreement, Ex. A to Wolfson & Molumphy Decl. – ECF No. 255-2 at 3–4 (¶ 1.2), 5 (¶¶ 3–4); Cohen Settlement Agreement, Ex. B to Wolfson & Molumphy Decl. – ECF No. 255-3 at 3–4 (¶ 1.2), 5 (¶¶ 3–4).

WL 11575583, at *3 (N.D. Cal. June 7, 2010) (substantial benefit where an objector achieved clarification of the scope of the settlement's releases), *R. & R. adopted*, No. C-06-1884 MHP(EMC), 2010 WL 11575584 (N.D. Cal. July 6, 2010).

Fees for objector counsel should be evaluated "on the same equitable principles as [fees for] class counsel." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012). Thus, "where objectors do not add any new legal argument or expertise," or "do not participate constructively in the litigation," no fees should be awarded. *Id.* at 659.

The amount of any fee award is a matter for the court's discretion. *Id.* at 653. Ordinarily, the award should be based on a percentage of the benefits the objector conferred on the class, and courts in this district have awarded varying percentages depending on the value of the benefits conferred. *See In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C 07-05634 CRB, 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015) (awarding 8.8% where the benefit conferred was over $1 million); *Kurihara*, 2010 WL 11575583, at *3 (awarding 29.9% where the benefit conferred was $52,335). Alternatively, as with class counsel fees, "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors," the percentage calculation can be "replaced by a lodestar calculation." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1127 (9th Cir. 2002) (cleaned up).

"[T]he proper procedure" for approval of a payment to objector counsel "is by motion under Rule 23(h) for an award of fees." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments. Objector counsel "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Wininger*, 301 F.3d at 1126.

Second, payments to objectors themselves in connection with withdrawing an objection are evaluated in the same way as incentive awards for named plaintiffs. *Cf. In re Transpacific*, 2015 WL 4776946, at *2. But as with payments to objector counsel, the objector must have "substantially enhanced the benefits to the class under the settlement." *See Fraley*, 2014 WL 806072, at *1–2 (cleaned up).

## 2. Application

The parties moved for an indicative ruling that the court would approve the objector settlements if the Ninth Circuit were to remand. The objectors will withdraw their objections in exchange for (1) modifications to the settlement agreement and procedures, and (2) the opportunity to later apply to the court for attorney's fees and service awards.[11] The court indicatively rules that it would approve the objector settlements and the overall settlement agreement in its new form. The court defers consideration of any attorney's fees and service awards for the settling objectors and their counsel.

At the outset, there are two issues raised by the fact that the objector settlements modify the settlement agreement applicable to the entire class.[12]

First, is the court required to re-evaluate whether it would approve the overall settlement in this case? *See* Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment ("Review follows automatically if the objections are withdrawn on terms that lead to modification of the settlement with the class."). Even if so, the court already approved the overall settlement, and the changes only improve that settlement.[13] (The court incorporates its prior settlement-approval analysis by this reference.) Thus, the court would approve the new settlement with the class on remand.

Second, does a new notice need to be sent to the class under Rule 23(e)(1)? "[W]hen [a settlement] modification makes the settlement more valuable to the class, courts have routinely concluded that notice is unnecessary." *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018). Here, the settlement changes benefit the class, so no new notice is needed.

As for approval of the objector settlements, the court would approve them on remand because they are in the best interests of the class. Order, *In re Google Plus Profile Litig.*, No. 5:18-cv-06164-EJD (N.D. Cal. Apr. 23, 2021), ECF No. 119. The Rodgers/Neace settlement benefits the class by improving class members' ability to file claims and receive mailed checks. And the

---

[11] Mot. – ECF No. 255.

[12] *Id.* at 6 & n.2.

[13] Order – ECF No. 249 at 10–15.

Cohen settlement benefits the class by narrowing the settlement's release. Moreover, the consideration received by the objectors and their counsel for these changes to the settlement is only the opportunity to apply for service payments and fees. This does qualify as "consideration" requiring the court's approval. *See* Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments ("The term 'consideration' should be broadly interpreted, particularly when the [objection] withdrawal includes some arrangements beneficial to objector counsel."). But because payment of money is not guaranteed to the objectors or their counsel, the court will not apply an exacting standard to approve the objector settlements. Instead, the court will defer consideration of whether the objectors "substantially enhanced the benefits to the class" such that they are entitled to service payments and attorney's fees. *Vizcaino*, 290 F.3d at 1051–52.

## CONCLUSION

The court rules indicatively that it would approve the two objector settlements. The court also defers consideration of any service payments and attorney's fees.

**IT IS SO ORDERED.**

Dated: November 11, 2022

_____
LAUREL BEELER
United States Magistrate Judge