1  TINA WOLFSON (SBN 174806)
   *twolfson@ahdootwolfson.com*
2  ROBERT R. AHDOOT (SBN 172098)
   *rahdoot@ahdootwolfson.com*
3  THEODORE MAYA (SBN 223242)
   *tmaya@ahdootwolfson.com*
4  BRADLEY K. KING (SBN 274399)
   *bking@ahdootwolfson.com*
5  CHRISTOPHER STINER (SBN 276033)
   *cstiner@ahdootwolfson.com*
6  **AHDOOT & WOLFSON, PC**
   2600 West Olive Avenue, Suite 500
7  Burbank, California 91505
   Tel: (310) 474-9111
8
   MARK C. MOLUMPHY (SBN 168009)
9  *mmolumphy@cpmlegal.com*
   TYSON C. REDENBARGER (SBN 294424)
10 *tredenbarger@cpmlegal.com*
   ELLE LEWIS (SBN 238329)
11 *elewis@cpmlegal.com*
   **COTCHETT, PITRE & MCCARTHY, LLP**
12 840 Malcolm Road, Suite 200
   Burlingame, California 94010
13 Tel: (650) 697-6000

14 Interim Co-Lead Class Counsel for the Settlement Class

15                        UNITED STATES DISTRICT COURT
16                       NORTHERN DISTRICT OF CALIFORNIA
17                              SAN FRANCISCO DIVISION
18

19 | *IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION*, | Master Case No. 3:20-cv-02155-LB |
|---|---|
| This Document Relates To:   All Actions | **JOINT UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENTS WITH OBJECTOR-APPELLANTS AND AMENDMENT OF THE SETTLEMENT AGREEMENT**  Judge:    Hon. Laurel Beeler  Courtroom: B-15th floor  Date:     January 19, 2023  Time:     9:30 a.m. |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on January 19, 2023, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Laurel Beeler, of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom B, 15th floor, 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiffs and Defendant Zoom Video Communications, Inc. ("Zoom" and together with Plaintiffs, the "Litigation Parties") will and hereby do move the Court to (a) approve the settlement agreements between Plaintiffs, Zoom, and (1) Objectors Sammy Rodgers and Alvery Neace, on the one hand, and (2) Objector Judith Cohen, on the other hand (Rodgers, Neace, and Cohen being referred to herein as the "Objectors") and (b) approve an amendment, ECF 259-4, to the class action Settlement Agreement (ECF No. 191-1) and amend the Final Approval Order accordingly. This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the previously filed Motion For Indicative Ruling re Approval of Settlements with Objector-Appellants (ECF No. 255), the Joint Declaration of Tina Wolfson and Mark Molumphy ("Joint Decl."), the Court's order granting that Motion (ECF No. 257), the Ninth Circuit's Order remanding the Objectors' appeals to this Court to consider this Motion (ECF No. 258), argument by counsel at any hearing before this Court, any papers filed in reply, such oral and documentary evidence as may be presented at the hearing of this motion, and all papers and records on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The Litigation Parties, Plaintiffs and Zoom, respectfully submit that the Court should approve their settlements with three Settlement Class Members[1] who objected to the Class Action Settlement Agreement and Release (the "Settlement Agreement") and thereafter appealed the Court's order granting final approval. In response to the Litigation Parties' prior motion for an indicative ruling concerning these same objector settlements, the Court "indicatively rule[d] that it

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Settlement Agreement (ECF No. 191-1).

would approve the objector settlements and the overall settlement agreement in its new form." ECF No. 257 at 6. Following that order, the Ninth Circuit remanded the objectors' appeals to allow this Court "to consider the parties' request for approval of their settlements." ECF 258 at 2.

The Court already held that it "would approve" the objector settlements "on remand because they are in the best interests of the class." ECF No. 257 at 6. Now that the Ninth Circuit has remanded the matter, the Litigation Parties respectfully request that the Court grant this Motion, approve the objector settlements, approve the amendment to the class action Settlement Agreement previously approved by the Court, and enter the concurrently filed (Proposed) Order amending the Final Approval Order, ECF No. 259.

## II. Background

Following arms'-length negotiations, the Litigation Parties entered into the Settlement Agreement to resolve this class action. ECF No. 191-1. On July 31, 2021, Plaintiffs moved this Court for preliminary approval of the Settlement Agreement. ECF No. 190. On October 21, 2021, the Court granted that motion and set an objection deadline of March 5, 2022. ECF No. 204. After Plaintiffs filed their Motion for Final Approval and Motion for Attorneys' Fees, ECF Nos. 216 & 217, Objector Cohen filed an Objection to the Settlement Agreement, ECF No. 227, as did Objectors Rodgers and Neace, ECF No. 228 (collectively, the "Objections"). After considering the Objections, the Court granted final approval of the Settlement Agreement and entered final judgment, ECF Nos. 249 & 250, from which the Objectors each appealed. ECF Nos. 251 & 252.

While the Objectors' appeals were pending in the Ninth Circuit, the Litigation Parties and Objectors engaged in arms'-length settlement negotiations coordinated by the Circuit Mediator for the Ninth Circuit. The Litigation Parties and Objectors agreed to settle the Objections and appeals, subject to approval by this Court. On October 27, 2022, the Litigation Parties filed a Joint Unopposed Motion for an Indicative Ruling that the Court would approve the Objector settlements if the Ninth Circuit were to remand. ECF No. 255. On November 11, 2022, the Court granted that Motion and ruled that it would "approve the objector settlements and the overall settlement agreement in its new form." ECF No. 257 at 6. Thereafter, on November 22, 2022, the Ninth

Circuit remanded the objectors' appeals for the purpose of allowing the Court to consider the Parties' request for approval of the settlements.  ECF No. 258.

**Settlement with Objectors Rodgers and Neace**.  The Litigation Parties and Objectors Rodgers and Neace entered into a settlement agreement in which the Litigation Parties agree to undertake certain procedures to make it easier for class members who have filed claims to update their addresses and to receive cash payments by mailed checks.  *See* Joint Decl., Ex. A ("Rodgers/Neace Settlement Agreement") at ¶ 2.  These agreed-upon procedures specifically address certain of the concerns raised in the Rodgers and Neace Objection:

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Settlement Administrator should notify claimants if their check is returned by the post office.  (ECF No. 228 at 13-14) | For returned checks from Settlement Class Members, the Settlement Administrator will run address correction, check forwards, and send payments to the corrected addresses when possible.  (Rodgers/Neace Settlement Agreement ¶ 2(b).) <br><br> For returned checks from Settlement Class Members, the Settlement Administrator will also notify such claimants via email to update their address.  (*Id.* ¶ 2(c).) |
| A normal business (#10) envelope should be used to send settlement checks.  (ECF No. 228 at 13.) | The Settlement Administrator will mail the checks issued pursuant to the Settlement Agreement to eligible Settlement Class Members via USPS first class mail, in a number 10 business envelope.  (Rodgers/Neace Settlement Agreement ¶ 2(a).) |
| 90 days is not sufficient time to cash settlement checks (ECF No. 228 at 14-15) | Zoom and Plaintiffs will amend the Settlement Agreement (§§ 2.5(c) a€(e)) to extend the deadline for Settlement Class Members to cash a settlement check by 30 days, from 90 days to 120 days.  (Rodgers/Neace Settlement Agreement ¶ 2(d).) |

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Address change form should be easier to locate.  Settlement Administrator should provide confirmation/receipt for address change when made.  (ECF No. 228 at 16-17) | The Settlement Administrator will include a link to the form for Settlement Class Members to change their contact information on the home page of the Settlement Website, with a statement that the form can be used to update email addresses, mailing addresses, or both, and with directions on how to include all current contact information, including mailing and email addresses.  The Settlement Administrator will also send an email to Settlement Class Members completing the form, confirming their updated contact information.  (Rodgers/Neace Settlement Agreement ¶ 2(e).) |

In exchange, Objectors Rodgers and Neace agree to release and not to pursue their other objections to the Settlement Agreement and to dismiss their appeal with prejudice.  Rodgers/Neace Settlement Agreement ¶¶ 1.2, 4.  In addition, Objectors Rodgers and Neace may apply to the Court for service payments of up to $1,000 each, and their counsel may apply to this Court for up to $47,900 in attorneys' fees and costs, both of which (if approved) would be paid from the prior award of attorneys' fees to Class Counsel.  *Id.* ¶ 3.  Notably, the Court's granting of such payments is not a condition of the settlement.  *Id*.

**Settlement with Objector Cohen**.  Similarly, the Litigation Parties and Objector Cohen entered into a settlement agreement in which the Litigation Parties agree to modify the release in the Settlement Agreement to exclude certain claims for indemnification or contribution made by a state-licensed professional against Zoom for damages or losses from a "Breach of Confidentiality Claim."  Joint Decl., Ex. B ("Cohen Settlement Agreement") at ¶ 2.  This carve-out from the release directly addresses the core of Objector Cohen's objection—namely that the Settlement Agreement does not take into account the risk of possible lawsuits that might be filed against Zoom users who are medical or other professionals and who may owe "legal or contractual commitments" to maintain confidentiality.  ECF No. 227 at 4-5; ECF No. 236 at 2, 3 ("Any settlement that binds the professional Zoom users must account for this increased risk through future indemnification or by other means").

In exchange, Objector Cohen agrees to release and not to pursue her other arguments in

support of her objection to the Settlement Agreement and to dismiss her appeal with prejudice. *Id.* ¶¶ 1.2, 4. In addition, Objector Cohen may apply to the Court for a service payment of up to $1,000, and her counsel may apply to this Court for up to $78,000 in attorneys' fees and costs, both of which (if approved) would be paid from the prior award of attorneys' fees to Class Counsel. *Id*. Again, the Court's granting of such payments is not a condition of the settlement. *Id*.

### III.    ARGUMENT

Rule 23(e)(5) permits class members to object to proposed class action settlements and requires court approval of any payment in connection with "forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. Fed. R. Civ. P. 23 (e)(5)(A)-(B)(ii). Where, as here, the parties do not obtain such approval "before an appeal has been docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending." Fed. R. Civ. P. 23(e)(5)(C).

Rule 62.1 provides a two-step process for approval. First, while this Court lacks authority to grant a motion for approval because an appeal has been taken, Rule 62.1 permits it to make an indicative ruling that it would approve a settlement upon remand. Fed. R. Civ. P. 62.1(a)(3). As noted above, the Court previously made such an indicative ruling. ECF No. 257. Second, after an indicative ruling is issued, and upon remand to the Court pursuant to the motion, the Court may review and approve such settlements. Fed. R. Civ. P. 23(e)(5)(B)(ii); *see also In re Google Plus Profile Litig.*, No. 5:18-cv-06164-EJD (N.D. Cal. June 1, 2021) ECF No. 125 (approving the plaintiffs' motion for settlement with objector after remand from the Ninth Circuit). Since the Ninth Circuit has remanded the appeal (ECF No. 258), the Court now is vested with jurisdiction to review and approve the Objector settlement agreements, and the Parties hereby request such approval.

####    A.    The Court Should Approve the Settlements

Where a settlement provides consideration to an objector or objector's counsel, the settlement can be approved only if the objector "substantially enhanced the benefits to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002). As

the Court recognized in its Order granting the Motion for indicative ruling, these settlement agreements confer added benefits to the Settlement Class: "The Rodgers/Neace settlement benefits the class by improving class members' ability to file claims and receive mailed checks. And the Cohen settlement benefits the class by narrowing the settlement's release." ECF No. 257 at 7.

Specifically, the Rodgers/Neace Settlement Agreement requires the Litigation Parties to ensure that the Settlement Administrator implements certain procedures designed to make it easier for Claimants to update their addresses and to receive and cash checks sent by mail. *See* Rodgers/Neace Settlement Agreement ¶ 2; *see also* ECF No. 257 at 6-7. One of the agreed-upon procedural changes will require a small amendment to the Settlement Agreement (Joint Decl., Ex. C, ECF 259-4), and an amendment to the Final Approval Order to extend the deadline for Settlement Class Members to cash a settlement check from 90 days to 120 days.

Similarly, the Cohen Settlement Agreement requires the Litigation Parties to narrow the release of Settlement Class Members' claims in the Settlement Agreement, excluding from that release certain claims for indemnification or contribution made by a state-licensed professional against Zoom. *See* Cohen Settlement Agreement ¶ 2; *see also Kurihara v. Best Buy Co.,* No. C-06-1884 MHP (EMC), 2010 WL 11575583, at *3 (N.D. Cal. June 7, 2010) (finding a substantial benefit conferred to the class where an objector achieved clarification of the settlement's releases), *R. & R. adopted*, No. C-06-1884 MHP (EMC), 2010 WL 11575584 (N.D. Cal. July 6, 2010).

Both settlements thus benefit the settlement class, which supports their approval. *See The Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, No. 2:10-cv-14360, ECF No. 396 at 3 (E.D. Mich. December 14, 2020) (approving settlement with objectors and noting that objections "improved the settlement approval process").

Importantly, while the Court "defer[red] consideration of any service payments and attorney's fees" to the Objectors and their counsel, ECF 257 at 7, to the extent the Court approves service awards to Objectors or fee and expense awards to their counsel, they will not adversely impact the Settlement Class as these payments will be drawn solely from the prior Fee and Expense Award. *See In re Sony PS3 "Other OS Litigation,"* No. 10-cv-01811-YGR, 2018 WL 2763337, at

*3 (N.D. Cal. June 8, 2018) (approving service awards to objector where the "contribution provided some material benefit to the class").

Finally, resolution of Objectors' appeals through these settlements will have the added benefit of ensuring the expeditious delivery of Settlement Payments from the Settlement Fund to Claimants on a far quicker timeline—a substantial benefit given the current rate of inflation. And the settlements achieve these benefits without taking any money out of the funds allocated for payments to Settlement Class Members.

### B.   The Court Should Approve the Amendment to the Settlement Agreement

The settlement agreements with the objectors require minor modifications to the class action Settlement Agreement. To that effect, the Litigation Parties have entered into the Amendment to Class Action Settlement Agreement and Release (the "Amendment") attached as Exhibit C to the Joint Declaration submitted herewith, ECF 259-4.

The Court should approve the Amendment. The Court already determined the unamended Settlement Agreement to be in the best interests of the Settlement Class when it granted final approval and noted that nearly 1.5 million Settlement Class Members had made claims as of March 10, 2022. *See* ECF No. 249. Because the modifications effectuated by the Amendment only *benefit* the class, ECF No. 257 at 6, the Court should approve the Amendment to the Settlement Agreemnt, ECF 259-4, and find that the Settlement Agreement—as amended—is still "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see* ECF No. 257 at 6 (declining to re-evaluate the overall settlement because "the changes only improve that settlement.").

### C.   No New Notice to the Class Is Necessary

Implementation of the settlement agreements with the Objectors will not require further notice to the Class since the terms of the settlement agreements only benefit the Settlement Class for the reasons given above. *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) ("Courts have routinely found that additional notice to a class is not required where a modification to the settlement agreement makes the settlement more valuable to the class."). In granting the motion for indicative ruling, the Court agreed, holding that because "the settlement

changes benefit the class, . . . no new notice is needed." ECF No. 257 at 6.

### D. The Court Should Amend the Final Approval Order to Allow Checks to Be Valid for 120 Days

In order to effectuate the changes to the administration of the Settlement Agreement contemplated by the Rodgers/Neace Settlement Agreement, the Litigation Parties submit that the Court should amend the Final Approval Order where it noted that "checks and digital payments will be good for 90 days." ECF No. 249 at 5:18-19. Pursuant to the Rodgers/Neace Settlement Agreement, checks (but not digital payments) will now be valid for 120 days. The Proposed Order filed herewith approves this change and amends the Court's Final Approval Order to the extent such amendment is necessary.

The Litigation Parties do not believe other changes to the Final Approval Order are necessary to effectuate the settlement agreements and submit that the Final Approval Order should otherwise be left unamended.

## IV. CONCLUSION

Accordingly, Plaintiffs and Zoom respectfully request that the Court approve the Rodgers/Neace Settlement Agreement and the Cohen Settlement Agreement, approve the amendment to the Settlement Agreement, and amend the Final Approval Order to allow checks to be valid for 120 days.

Dated: December 14, 2022

**COTCHETT, PITRE & MCCARTHY, LLP**

By: */s/ Mark Molumphy*
    Mark Molumphy (SBN 168009)

*Attorneys for Plaintiffs*

**AHDOOT & WOLFSON, PC**

By: */s/ Tina Wolfson*
    Tina Wolfson (SBN 174806)

*Attorneys for Plaintiffs*

**COOLEY LLP**

By: */s/ Benjamin H. Kleine*
    Benjamin H. Kleine (SBN 257225)

*Attorneys for Defendant*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Unopposed Motion for Approval of Settlements with Objector-Appellants; Memorandum of Points and Authorities in Support Thereof.  Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

DATED: December 14, 2022                    */s/ Mark C. Molumphy*
                                                                    Mark C. Molumphy