TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
ROBERT R. AHDOOT (SBN 172098)
*rahdoot@ahdootwolfson.com*
THEODORE MAYA (SBN 223242)
*tmaya@ahdootwolfson.com*
CHRISTOPHER STINER (SBN 276033)
*cstiner@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
TYSON C. REDENBARGER (SBN 294424)
*tredenbarger@cpmlegal.com*
ELLE LEWIS (SBN 238329)
*elewis@cpmlegal.com*
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000

Interim Co-Lead Class Counsel for the Settlement Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION*<br><br>This Document Relates To:<br><br>   All Actions | Master Case No: 3:20-cv-02155-LB<br><br>**JOINT DECLARATION OF TINA WOLFSON AND MARK C. MOLUMPHY IN SUPPORT OF JOINT UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENTS WITH OBJECTOR-APPELLANTS AND AMENDMENT OF THE SETTLEMENT AGREEMENT**<br><br>Judge:          Hon. Laurel Beeler<br>Courtroom:   B-15th floor<br>Date:           January 19, 2023<br>Time:           9:30 a.m. |

We, Tina Wolfson and Mark Molumphy, declare and state as follows:

1.     I, Tina Wolfson, am a member of the bar of the State of California, New York, and District of Columbia and duly licensed to practice before all courts of the State of California as well as other state and federal courts.  I am a partner and founding member of the law firm Ahdoot & Wolfson, PC ("AW"), established in 1998, and have litigated complex consumer and privacy class actions for over two decades.

2.     I, Mark Molumphy, am a member of the bar of the State of California and duly licensed to practice before all courts of the State of California as well as other federal courts.  I am a partner at the law firm of Cotchett, Pitre & McCarthy LLP ("CPM"), and have litigated complex consumer and privacy class actions for over two decades.

3.     We are interim co-lead counsel for the Class Representatives and the putative class. We have personal knowledge of the facts stated below and the proceedings in this case.  If called as witnesses, we would and could competently testify thereto to all facts within our personal knowledge.

4.     We respectfully submit this joint declaration in support of Plaintiffs' Motion for Final Approval of Settlements with Objector-Appellants and Amendment of the Final Approval Order (the "Motion").

5.     The settlements, if approved, will facilitate the claims and distribution process (Rodgers/Neace settlement) and provide an additional limitation to the scope of the release (Cohen settlement).  Further, to the extent service payments to the objectors or fee and expense awards to objectors' counsel are approved, they would be paid from the prior award to Class Counsel, and not reduce in any way the funds available for distribution to Class Members.  Finally, the settlements require dismissal of the objectors' appeals and permit immediate distribution of the Settlement Fund to eligible Class Members.  For these reasons, and the reasons set forth in the Motion, we believe the settlements with the objectors are in the best interests of the Settlement Class.

6.     Attached hereto as **Exhibit A** is a true and correct copy of the settlement agreement with Objectors Rodgers and Neace.

7.    Attached hereto as **Exhibit B** is a true and correct copy of the settlement agreement with Objector Cohen.

8.    Attached hereto as **Exhibit C** is a true and correct copy of the Amendment to Class Action Settlement Agreement and Release.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of December 2022, by Mark C. Molumphy in Burlingame, California Tina Wolfson in Los Angeles, California.


*/s/ Mark C. Molumphy*                          */s/ Tina Wolfson*
Mark C. Molumphy                                Tina Wolfson


## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Joint Declaration of Wolfson and Molumphy in support of Motion for Approval of Settlements With Objector-Appellants and Amendment of the Final Approval Order.  Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

DATED: December 14, 2022                          */s/ Mark C. Molumphy*
                                                  Mark C. Molumphy

# EXHIBIT A

## Settlement Agreement/Sammy Rodgers and Alvery Neace

### Preamble

This settlement agreement ("Rodgers-Neace Settlement Agreement" or "Agreement") is made and entered into this 17th day of October, 2022 (the "Execution Date"), by and between the Plaintiffs and Class Representatives, on behalf of themselves and the Class as certified by the Court (collectively, "Plaintiffs" or "Plaintiffs-Appellees"), Zoom Video Communications, Inc. ("Zoom" or "Defendant-Appellee"), and Objectors Sammy Rodgers and Alvery Neace ("Objectors Rodgers and Neace" or "Objectors-Appellants") (collectively, the "Parties") with respect to the Action (defined below). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) on the terms and conditions of this Agreement. It is subject to approval of the United States District Court for the Northern District of California presiding over the Action (the "Court").

### Recitals

WHEREAS, Plaintiffs brought suit on behalf of themselves and all others similarly situated for damages and declaratory and injunctive relief alleging claims against Zoom for (1) California common law invasion of privacy and violation of the California Constitution's right to privacy, Art. 1, § 1; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment/quasi-contract; (5) violation of California's UCL; and (6) violation of California's CLRA. These claims were filed in the Northern District of California and captioned *In re: Zoom Video Communications, Inc. Privacy Litigation*, Case No. 3:20-cv-02155-LB (the "Action");

WHEREAS, arm's-length settlement negotiations took place between Plaintiffs' Co-Lead Counsel ("Class Counsel") and Zoom's counsel, including several mediation sessions and extensive settlement discussions with Hon. Jay Gandhi (Ret.) of JAMS, resulting in an agreement on the terms and conditions embodied in the Class Action Settlement Agreement and Release (the "Settlement Agreement"), *see* Dkt. No. 191-1;

WHEREAS, on July 31, 2021, Plaintiffs moved for Preliminary Approval of the Settlement Agreement, *see* Dkt. No. 190;

WHEREAS, on October 21, 2021, after a hearing, the Court granted preliminary approval of the Settlement Agreement, which provided an objection deadline of March 5, 2022, *see* Dkt. No. 204;

WHEREAS, on January 28, 2022, Plaintiffs filed their Motion for Final Approval of Settlement Agreement (the "Motion for Final Approval") and Motion for Attorneys' Fees, Expenses, and Service Payments ("Motion for Fee Award"), *see* Dkt. Nos. 216 & 217;

WHEREAS, on March 6, 2022, Objectors Rodgers and Neace, through their counsel, filed their Objection to Plaintiffs' Motion for Final Approval, *see* Dkt. No. 228;

WHEREAS, on March 14, 2022, Plaintiffs filed their Reply in Support of the Motion for Final Approval;

WHEREAS, on March 25, 2022, Objectors Rodgers and Neace, through their counsel, filed a Reply in Support of their Objection to the Motion for Final Approval, *see* Dkt. No. 231;

WHEREAS, on April 21, 2022, after a hearing, the Court entered its order granting final approval of the Settlement Agreement and approving and awarding reasonable attorneys' fees, costs and service awards ("Final Approval Order"), and then entered a final judgment ("Final Judgment"), *see* Dkt. Nos. 249 & 250;

WHEREAS, on May 18, 2022, Objectors Rodgers and Neace, through their counsel, filed a Notice of Appeal from the Final Approval Order and Final Judgment (the "Appeal"), *see* Dkt. No. 251;

WHEREAS, the Appeal is pending before the U.S. Court of Appeals for the Ninth Circuit, Case No. 22-15764.

WHEREAS, following the commencement of their Appeal, Objectors Rodgers and Neace, Plaintiffs, and Zoom, through their counsel, engaged in settlement discussions under the supervision of the Ninth Circuit Mediator, Sasha M. Cummings; and

NOW, THEREFORE, in consideration of the agreements and releases set forth herein, and intending to be legally bound, it is agreed by and between Objectors Rodgers and Neace, Plaintiffs, and Zoom that the Appeal be dismissed with prejudice, subject to the approval of the Court, on the following terms and conditions:

## Agreement

### 1. Releases

#### 1.1 No admission of liability

This Agreement is made in compromise of a dispute. Neither this Agreement nor anything that the Parties stated or did during the negotiation of this Agreement shall be construed or used in any manner as an admission of liability or evidence of any party's fault, liability, or wrongdoing, or that the Settlement Agreement, Final Approval Order or Final Judgment is insufficient or improper in any way.

#### 1.2 Objectors Rodgers and Neace's Release

Upon the Court's approval of this Agreement, Objectors Rodgers and Neace shall release, forever discharge, and will not in any manner pursue their Appeal or any appeal of or objections to the Settlement Agreement, any amendment to the Settlement Agreement, Final Approval Order, or Judgment in the Action, or any other order entered in this Action.

Notwithstanding the foregoing, if the district court denies in whole or in part Objectors Rodgers and Neace's request for fees and expenses or request for incentive awards, Objectors

Rodgers and Neace may appeal solely that decision directed to their requests for fees, expenses or incentive awards. In such an event, Objectors Rodgers and Neace agree (a) that the distribution to the class and Class Counsel may proceed, but Class Counsel shall escrow the portion of the requested fees and expenses or incentive awards denied by the court until the appeal is decided and (b) that such an appeal will not factor into the calculation of the Effective Date under the Settlement Agreement or otherwise delay the occurrence of the Effective Date.

### 1.3    Plaintiffs' Release

Upon the Court's approval of this Agreement, Plaintiffs shall release, forever discharge, and will not in any manner pursue any action against Objectors Rodgers and Neace related to their Appeal or this Action.

### 1.4    Defendant's Release

Upon the Court's approval of this Agreement, Zoom shall release, forever discharge, and will not in any manner pursue any action against Objectors Rodgers and Neace related to their Appeal or this Action.

### 1.5    Enforcement

The Parties' Releases shall not bar a claim, complaint, action, or proceeding for breach of this Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

## 2.    Proposed Modifications to Class Action Settlement

With respect to the Settlement and administration of the Settlement, Zoom and Plaintiffs agree to the following:

a) The Settlement Administrator will mail the checks issued pursuant to the Settlement to eligible Settlement Class Members via USPS first class mail, in a number 10 business envelope.

b) For returned checks from Settlement Class Members, the Settlement Administrator will run address correction, check forwards, and send payments to the corrected addresses when possible.

c) For returned checks from Settlement Class Members, the Settlement Administrator will also notify such claimants via email to update their address.

d) Zoom and Plaintiffs will amend the Settlement Agreement (§§ 2.5(c) and (e)) to extend the deadline for Settlement Class Members to cash a settlement check by 30 days, from 90 days to 120 days ("Amended Settlement Agreement").

e) The Settlement Administrator will include a link to the form for Settlement Class Members to change their contact information on the home page of the Settlement

Website, with a statement that the form can be used to update email addresses, mailing addresses, or both, and with directions on how to include all current contact information, including mailing and email addresses. The Settlement Administrator will also send an email to Settlement Class Members completing the form, confirming their updated contact information.

3.    **Service Payments and Attorneys' Fees**

Objectors Rodgers and Neace may apply to the Court for service payments of up to $1,000 each. Objectors Rodgers and Neace may apply to the Court for up to $47,900 in attorneys' fees and costs. Any service payments or award of attorneys' fees and costs shall be paid if and in the amount approved by the Court from the prior award of attorneys' fees and costs (Dkt. No. 249). Such payment will be made within 3 business days after the latest of (a) such fees and costs being paid by the Settlement Administrator to Class Counsel and (b) receipt by Class Counsel and Settlement Administrator of a properly completed and duly executed IRS Form W-9 from any payee.

It is not a condition of settlement that any particular amount of attorneys' fees and costs or service payments be approved by the Court, or that such fees, costs, or service payments be approved at all.

4.    **Dismissal of Appeal**

Upon indication by the District Court pursuant to Federal Rule of Civil Procedure 62.1 that it will approve the Agreement upon remand, Objectors Rodgers and Neace will jointly with the Parties seek remand of the appeal within 1 business day of the District Court's indication that it would approve the Agreement. Upon approval of this Agreement by the District Court, Objectors Rodgers and Neace, and their counsel, will also dismiss their appeal with prejudice and agree not to pursue any and all claims or objections related to the Action, the Final Approval Order, the Judgment, the Appeal, the Settlement Agreement, and any amendment to the Settlement Agreement, including any order related to any amendment to the Settlement Agreement other than as set forth in ¶ 1.2 above.

This Agreement is expressly contingent upon dismissal of Objectors Rodgers and Neace's Appeal, Objectors Rodgers and Neace's full compliance with the terms and conditions of this Agreement, and the Court (a) approving both this Agreement and the settlement agreement between Plaintiffs, Zoom and Objector Judith C. Cohen relating to her objections and appeal ("Cohen Settlement Agreement"), and (b) not requiring any additional notice to the Class.

Except as otherwise expressly directed by the Court, Objectors Rodgers and Neace shall not submit any briefing, documents, or other material to the Court, without Zoom's Counsel's and Class Counsel's prior written approval in writing.

5.    **Miscellaneous**

**5.1     Entire Agreement**

This Agreement, together with the Amended Settlement Agreement, constitutes the complete, final and exclusive embodiment of the entire agreement among the Parties with regard to the subject matter hereof, and supersedes all previous or contemporaneous agreements between the Parties relating to this Agreement's subject matter. It is entered into without reliance on any statements, promises, warranties or representations, written or oral, other than those expressly contained herein, and it supersedes any other statements, promises, warranties or representations.

**5.2     No Construction Against Any Party**

The terms of this Agreement have been negotiated at arm's-length among knowledgeable parties represented by experienced counsel. The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of this Agreement, as the Parties each participated in the drafting of this Agreement.

**5.3     Headings and Captions**

The captions or headings in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

**5.4     Severability**

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision (or part of a provision) of this Agreement is found to be invalid, illegal or unenforceable, the rest of this Agreement shall remain in effect.

**5.5     Specific Prohibitions**

The following specific prohibitions shall apply to this Agreement as follows:

a)    No Assignment: This Agreement, including any of the rights and duties of each Party under this Agreement, may not be assigned without prior written approval by the other Parties. Objectors Rodgers and Neace represent and warrant that there has been no prior assignment, encumbrance, or other complete transfer of all or a part of any right or interest that they may have in relation to the Action or to the objection to the Settlement.

b)    No Waiver: No Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of this Agreement. Additionally, a waiver of any breach of this Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach

of this Agreement.

c)   No Third-Party Beneficiaries: This Agreement does not confer any benefits on any third party.

d)   Execution in Counterparts: This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

**5.6   Amendments**

Any amendment must be in writing, signed by the Parties, and expressly state that it is amending this Agreement.

**5.7   Governing Law**

All claims arising out of or relating to this Agreement will be governed, interpreted, enforced, construed and controlled by the laws of the State of California, without regard to principle of conflicts or choice of law provisions.

**5.8   Enforcement and Jurisdiction.**

The Court shall retain exclusive jurisdiction to enforce, interpret, and implement this Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

**5.9   Authority**

The Parties represent and warrant that each signatory to this Agreement expressly warrants to the other Party that he, she, they or it has the authority to execute this Agreement on behalf of the party or parties to be bound by his, her, they, or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such party or parties.

**5.10   Costs**

The Parties agree that other than as provided in this Agreement or in the Settlement Agreement, each Party shall bear their own costs and fees.

## SIGNATORIES

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

**Plaintiffs-Appellees**

Date: October 17, 2022

MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000

TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

*Co-Lead Class Counsel for the Settlement Class*

**Defendant-Appellee**

Date: October 17, 2022

BENJAMIN H. KLEINE (SBN 257225)
bkleine@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Tel: (415) 693-2000

*Attorney for Defendant Zoom Video Communications, Inc.*

**Objectors-Appellants**

Date: October 18, 2022

J. ALLEN ROTH (*Pro Hac Vice*)
*federal@jarothlaw.com*
**LAW OFFICE OF J. ALLEN ROTH**
805 S Alexandria Street
Latrobe, Pennsylvania 15650
Tel: (724) 686-8003

# EXHIBIT B

**Settlement Agreement/Judith C. Cohen**

**Preamble**

This settlement agreement ("Cohen Settlement Agreement" or "Agreement") is made and entered into this 17th day of October, 2022 (the "Execution Date"), by and between the Plaintiffs and Class Representatives, on behalf of themselves and the Class as certified by the Court (collectively, "Plaintiffs" or "Plaintiffs-Appellees"), Zoom Video Communications, Inc. ("Zoom" or "Defendant-Appellee"), and Objector Judith C. Cohen ("Objector Cohen" or "Objector-Appellant") (collectively, the "Parties") with respect to the Action (defined below). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below) on the terms and conditions of this Agreement. It is subject to approval of the United States District Court for the Northern District of California presiding over the Action (the "Court").

**Recitals**

WHEREAS, Plaintiffs brought suit on behalf of themselves and all others similarly situated for damages and declaratory and injunctive relief alleging claims against Zoom for (1) California common law invasion of privacy and violation California Constitution's right to privacy, Art. 1, § 1; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment/quasi-contract; (5) violation of California's UCL; and (6) violation of California's CLRA. These claims were filed in the Northern District of California and captioned *In re: Zoom Video Communications, Inc. Privacy Litigation*, Case No. 3:20-cv-02155-LB (the "Action");

WHEREAS, arm's-length settlement negotiations took place between Plaintiffs' Co-Lead Counsel ("Class Counsel") and Zoom's counsel, including several mediation sessions and extensive settlement discussions with Hon. Jay Gandhi (Ret.) of JAMS, resulting in an agreement on the terms and conditions embodied in the Class Action Settlement Agreement and Release (the "Settlement Agreement"), *see* Dkt. No. 191-1;

WHEREAS, on July 31, 2021, Plaintiffs moved for Preliminary Approval of the Settlement Agreement, *see* Dkt. No. 190;

WHEREAS, on October 21, 2021, after a hearing, the Court granted preliminary approval of the Settlement Agreement, which provided an objection deadline of March 5, 2022, *see* Dkt. No. 204;

WHEREAS, on January 28, 2022, Plaintiffs filed their Motion for Final Approval of Settlement Agreement (the "Motion for Final Approval") and Motion for Attorneys' Fees, Expenses, and Service Payments ("Motion for Fee Award"), *see* Dkt. Nos. 216 & 217;

WHEREAS, on March 4, 2022, Objector Cohen through her counsel, filed her Objection to Plaintiffs' Motion for Final Approval, *see* Dkt. No. 227;

WHEREAS, on March 14, 2022, Plaintiffs filed their Reply in Support of the Motion for Final Approval, *see* Dkt. No. 231;

WHEREAS, on March 25, 2022, Objector Cohen, through her counsel, filed a Reply in Support of her Objection to the Motion for Final Approval, *see* Dkt. No. 236;

WHEREAS, on April 21, 2022, after a hearing, the Court entered its order granting final approval of the Settlement Agreement and approving and awarding reasonable attorneys' fees, costs and service awards ("Final Approval Order"), and then entered a final judgment ("Final Judgment"), *see* Dkt. Nos. 249 & 250;

WHEREAS, on May 20, 2022, Objector Cohen, through counsel, filed a Notice of Appeal from the Final Approval Order and Final Judgment (the "Appeal"), *see* Dkt. No. 252;

WHEREAS, the Appeal is pending before the U.S. Court of Appeals for the Ninth Circuit, Case No. 22-15764;

WHEREAS, following the commencement of her Appeal, Objector Cohen, Plaintiffs, and Zoom, through their counsel, engaged in settlement discussions under the supervision of the Ninth Circuit Mediator, Sasha M. Cummings;

WHEREAS, Objector Cohen believes that there should be an addition to the original Settlement Agreement for the protection of certain Class Members as reflected in Section 2 below.

WHEREAS, Plaintiffs and Zoom seek an indicative ruling from the district court pursuant to Federal Rule of Civil Procedure 62.1 approving this Agreement; and

NOW, THEREFORE, in consideration of the agreements and releases set forth herein, and intending to be legally bound, it is agreed by and between Objector Cohen, Plaintiffs, and Zoom that the Appeal be dismissed with prejudice, subject to the approval of the Court, on the following terms and conditions:

**Agreement**

## 1.    Releases

### 1.1    No admission of liability

This Agreement is made in compromise of a dispute. Neither this Agreement nor anything that the Parties stated or did during the negotiation of this Agreement shall be construed or used in any manner as an admission of liability or evidence of any party's fault, liability, or wrongdoing, or that the Settlement Agreement, Final Approval Order or Final Judgment is insufficient or improper in any way.

### 1.2    Objector-Appellant Cohen's Release

Upon the Court's approval of this Agreement, Objector Cohen shall release, forever discharge, and will not in any manner pursue her Appeal or any appeal of or objections to the

Settlement Agreement, any amendment to the Settlement Agreement, Final Approval Order or Final Judgment, or any other order entered in this Action. This Release does not affect or otherwise impair Objector Cohen's ability to bring a claim for indemnification or contribution under new Section 8.3 of the Settlement Agreement set forth below in Section 2.

### 1.3    Plaintiffs' Release

Upon the Court's approval of this Agreement, Plaintiffs shall release, forever discharge, and will not in any manner pursue any action against Objector Cohen related to her Appeal or this Action.

### 1.4    Defendant's Release

Upon the Court's approval of this Agreement, Zoom shall release, forever discharge, and will not in any manner pursue any action against Objector Cohen related to her Appeal or this Action. This Release does not affect or otherwise impair Zoom's ability to bring counterclaims in response to an indemnification or contribution claim by Cohen or any other Professional, as discussed below in Section 2.

### 1.5    Enforcement

The Parties' Releases shall not bar a claim, complaint, action, or proceeding for breach of this Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

## 2.    Proposed Modifications to Class Action Settlement

With respect to the Settlement and administration of the Settlement, Zoom and Plaintiffs agree to amend Section 8.2 of the Settlement Agreement to add the underlined language, and to add Section 8.3 as follows:

**8.2  Settlement Class Release.** Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, other than claims excluded from this release by Section 8.3.

8.3 Notwithstanding the foregoing, Releasing Parties do not hereby release claims against Zoom by a state-licensed professional (a "Professional") for indemnification or contribution against Zoom for damages or losses sustained by that Professional for a Breach of a Confidentiality Claim. "Breach of Confidentiality Claim" herein means a claim brought in a lawsuit or arbitral proceeding against the Professional by a patient or client for breach of a confidentiality obligation that (i) is imposed by (a) written contract between the Professional and patient or client related to the provision of professional services to the patient or client or (b) federal or state statute that specifically confers an obligation of confidentiality on the Professional communications, and (ii) is predicated on an allegation that the encryption Zoom employed was not end-to-end encryption when the Professional understood Zoom to have been employing end-to-end encryption.

<u>Nothing in this Section 8.3 shall be construed to suggest that any such breaches occurred or that any such claims exist, to create or expand any obligation or duty by/on Zoom to indemnify or contribute to any claim that may be brought by a Professional against Zoom, or that "end-to-end encryption" has any particular definition.  Nor does this Section 8.3 impact in any way Section 11.2 ("Zoom's Denial of Wrongdoing") or Section 11.22 ("Inadmissibility").  Instead, this Section 8.3 only excludes from the release of claims in Section 8.2 any claims for indemnification or contribution that a Professional may separately have on account of a preexisting duty, obligation, or legal right.</u>

**3.      Service Payments and Attorneys' Fees**

Objector Cohen may apply to the Court for a service payment of up to $1,000. Objector Cohen may apply to the Court for up to $78,000 in attorneys' fees and costs. Any service payments or award of attorneys' fees and costs shall be paid if and in the amount approved by the Court from the prior award of attorneys' fees and costs (Dkt. No. 249).  Such payment will be made within 3 business days after the later of (a) such fees and costs being paid by the Settlement Administrator to Class Counsel and (b) receipt by Class Counsel and Settlement Administrator of a properly completed and duly executed IRS Form W-9 from any payee.

It is not a condition of settlement that any particular amount of attorneys' fees and costs or service payments be approved by the Court, or that such fees, costs, or service payments be approved at all.

**4.      Dismissal of Appeal**

Upon indication by the District Court pursuant to Federal Rule of Civil Procedure 62.1 that it will approve the Agreement upon remand, Objector Cohen will jointly with the Parties seek remand of the appeal within 1 business day of the District Court's indication that it would approve the Agreement.  Upon approval of this Agreement by the District Court, Objector Cohen, and her counsel, will also dismiss her appeal with prejudice and agree not to pursue any and all claims or objections related to the Action, the Final Approval Order, the Judgment, the Appeal, the Settlement Agreement, and any amendment to the Settlement Agreement, including any order related to any amendment to the Settlement Agreement or her requested fees, expenses and service payment.

This Agreement is expressly contingent upon dismissal of Objector Cohen's Appeal, Objector Cohen's full compliance with the terms and conditions of this Agreement, and the Court (a) approving both this Agreement and the settlement agreement between Plaintiffs, Zoom and Objectors Rodgers and Neace relating to their objection and appeal ("Rodgers-Neace Settlement Agreement"), and (b) not requiring any additional notice to the Class.

Except as otherwise expressly directed by the Court, Objector Cohen shall not submit any briefing, documents, or other material to the Court, without Zoom's Counsel's and Class Counsel's prior written approval in writing.

## 5.    Miscellaneous

### 5.1    Entire Agreement

This Agreement, together with the Amended Settlement Agreement, constitutes the complete, final and exclusive embodiment of the entire agreement among the Parties with regard to the subject matter hereof, and supersedes all previous or contemporaneous agreements between the Parties relating to this Agreement's subject matter. It is entered into without reliance on any statements, promises, warranties or representations, written or oral, other than those expressly contained herein, and it supersedes any other statements, promises, warranties or representations.

### 5.2    No Construction Against Any Party

The terms of this Agreement have been negotiated at arm's-length among knowledgeable parties represented by experienced counsel. The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of this Agreement, as the Parties each participated in the drafting of this Agreement.

### 5.3    Headings and Captions

The captions or headings in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

### 5.4    Severability

The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. If any provision (or part of a provision) of this Agreement is found to be invalid, illegal or unenforceable, the rest of this Agreement shall remain in effect.

### 5.5    Specific Prohibitions

The following specific prohibitions shall apply to this Agreement as follows:

a)    No Assignment: This Agreement, including any of the rights and duties of each Party under this Agreement, may not be assigned without prior written approval by the other Parties. Objector Cohen represents and warrants that there has been no prior assignment, encumbrance, or other complete transfer of all or part of any right or interest that she may have in relation to the Action or to the objection to the Settlement.

b)    No Waiver: No Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of this Agreement. Additionally, a waiver of any breach of this Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach

of this Agreement.

c)      No Third-Party Beneficiaries: This Agreement does not confer any benefits on any third party.

d)      Execution in Counterparts: This Agreement may be executed by the Parties in counterparts and exchanged by electronic means, including facsimile, PDF, and other electronic means, with the same effect as if all Parties had signed the same instrument.

**5.6      Amendments**

Any amendment must be in writing, signed by the Parties, and expressly state that it is amending this Agreement.

**5.7      Governing Law**

All claims arising out of or relating to this Agreement will be governed, interpreted, enforced, construed and controlled by the laws of the State of California, without regard to principle of conflicts or choice of law provisions.

**5.8      Enforcement and Jurisdiction.**

The Court shall retain exclusive jurisdiction to enforce, interpret, and implement this Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

**5.9      Authority**

The Parties represent and warrant that each signatory to this Agreement expressly warrants to the other Party that he, she, they or it has the authority to execute this Agreement on behalf of the party or parties to be bound by his, her, they, or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such party or parties.

**5.10     Costs**

The Parties agree that other than as provided in this Agreement or in the Settlement Agreement, each Party shall bear their own costs and fees.

**SIGNATORIES**

IN WITNESS WHEREOF, each of the Parties hereto has reviewed and approved this Agreement and has caused this Agreement to be executed on its behalf by its duly authorized counsel of record or representative.

**Plaintiffs-Appellees**

Date: October 17, 2022

_____
MARK C. MOLUMPHY (SBN 168009)
*mmolumphy@cpmlegal.com*
**COTCHETT, PITRE & MCCARTHY,
LLP**
840 Malcolm Road
Burlingame, California 94010
Tel: (650) 697-6000


_____
TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

*Co-Lead Counsel for the Settlement Class*

**Defendant-Appellee**

Date: October 17, 2022

_____
BENJAMIN H. KLEINE (SBN 257225)
bkleine@cooley.com
**COOLEY LLP**
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Tel: (415) 693-2000

*Attorney for Defendant Zoom Video
Communications, Inc.*

**Objector-Appellant**

Date: October 17, 2022

_____

Ari Brown
*ari@rhodeslegalgroup.com*
**RHODES LEGAL GROUP PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
Tel: (206) 412-9320

*Counsel for Objector-Appellant*

# EXHIBIT C

**AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

The Class Action Settlement Agreement and Release ("**Settlement Agreement**") dated July 30, 2021 by and among (i) Caitlin Brice, Heddi N. Cundle, Angela Doyle, Isabelle Gmerek, Kristen Hartmann, Peter Hirshberg, M.F., Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church, and Stacey Simins, individually and on behalf of the Settlement Class (as defined in the Settlement Agreement), and (ii) Defendant Zoom Video Communications, Inc. (collectively, the "**Parties**"), by and through their counsel, enter into this Amendment to Class Action Settlement Agreement and Release (the "**Amendment**").

1.  The Settlement Agreement is hereby amended as follows:

    a.  Section 2.5(c) is revised to read: "Each payment issued to a Claimant via a physical check will state on the face of the check that it will become null and void unless cashed within one hundred twenty (120) calendar days after the date of issuance."

    b.  Section 2.5(e) is revised to read: "To the extent that a check issued to a Claimant is not cashed within one hundred twenty (120) calendar days after the date of issuance or an electronic deposit is unable to be processed within ninety (90) calendar days of the first attempt, such funds shall remain in the Settlement Fund and shall be apportioned pro rata to Claimants with Approved Claims in a second distribution, if economically feasible (such distribution shall be pro rata per Claimant without regard to the type of Settlement Claim submitted). To the extent that any second distribution is not economically feasible, or second-distribution funds remain in the Settlement Fund after an additional ninety (90) calendar days, such funds shall be paid to the Non-Profit Residual Recipients in equal amounts."

    c.  Section 8.2 is revised to read: "**8.2  Settlement Class Release**.  Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, other than claims excluded from this release by Section 8.3."

    d.  The following Section 8.3 is added to the Settlement Agreement:

    8.3  Notwithstanding the foregoing, Releasing Parties do not hereby release claims against Zoom by a state-licensed professional (a "Professional") for indemnification or contribution against Zoom for damages or losses sustained by that Professional for a Breach of a Confidentiality Claim. "Breach of Confidentiality Claim" herein means a claim brought in a lawsuit or arbitral proceeding against the Professional by a patient or client for breach of a confidentiality obligation that (i) is imposed by (a) written contract between the Professional and patient or client related to the provision of professional services to the patient or client or (b) federal or state statute that specifically confers an obligation of confidentiality on the Professional communications, and (ii) is

predicated on an allegation that the encryption Zoom employed was not end-to-end encryption when the Professional understood Zoom to have been employing end-to-end encryption.

Nothing in this Section 8.3 shall be construed to suggest that any such breaches occurred or that any such claims exist, to create or expand any obligation or duty by/on Zoom to indemnify or contribute to any claim that may be brought by a Professional against Zoom, or that "end-to-end encryption" has any particular definition.  Nor does this Section 8.3 impact in any way Section 11.2 ("Zoom's Denial of Wrongdoing") or Section 11.22 ("Inadmissibility").  Instead, this Section 8.3 only excludes from the release of claims in Section 8.2 any claims for indemnification or contribution that a Professional may separately have on account of a preexisting duty, obligation, or legal right.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Amendment to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

**INTERIM CLASS COUNSEL, ON BEHALF OF THE SETTLEMENT CLASS:**

Dated: December 14, 2022                    **AHDOOT & WOLFSON, PC**

By: _____
        Tina Wolfson

Dated: December 14, 2022                    **COTCHETT, PITRE & MCCARTHY LLP**

By: _____
        Mark C. Molumphy

**COUNSEL FOR ZOOM VIDEO COMMUNICATIONS, INC.:**

Dated:  December **14** 2022

**COOLEY LLP**
Michael G. Rhodes
Travis Leblanc
Kathleen R. Hartnett
Benjamin H. Kleine

By: _____
    Benjamin H. Kleine

AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE 5:20-cv-
02155-LB