1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  *IN RE: ZOOM VIDEO COMMUNICATIONS*     Master Case No. 3:20-cv-02155-LB
    *INC. PRIVACY LITIGATION*,
13
                                           **MOTION FOR AWARD OF**
14                                         **ATTORNEYS' FEES AND INCENTIVE**
                                           **AWARD TO OBJECTOR COHEN**
15  This Document Relates To:
         All Actions      /                Hon. Laurel Beeler
16                                          Courtroom: B
                                            Date: Febrary 2, 2023
17                                          Time: 9:30 AM

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that on February 2, 2023, at 9:30 AM, or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Laurel Beeler, of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom B, 15th floor, 450 Golden Gate Avenue, San Francisco, California, 94102, objector Judith Cohen will and hereby does move the Court for an incentive award of $1,000 and an award of $78,000 comprised of attorneys' fees in the amount of $77,153, and reimbursement of costs of $847 pursuant to Fed. R. Civ. P. 23(h).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On December 16, 2022, the Court approved the settlement as modified to resolve the objections to the settlement. ECF No.261. As noted in Plaintiffs' and Zoom's Joint Motion for Approval of Settlements with Objector-Appellants and Amendment of the Settlement Agreement (ECF No. 260), the amended settlement has only been revised in favor of the class and the revised settlement provides additional procedural and substantive benefits to Settlement Class Members. In response to Ms. Cohen's objection, the revised agreement provides an important benefit to a significant portion of the Class that neutralizes future risks that were brought to light by this litigation. This modification was reached after prolonged, arms-length negotiations. Ms. Cohen should be entitled to an incentive award and to an award of attorney's fees which are documented, consistent with (though lower than) hourly rates of fees already granted to Plaintiffs' counsel, and which will not reduce any of the return to the Class.

**II.    BACKGROUND**

Plaintiffs brought this action to stop Zoom from invading consumers' privacy, from promoting its product under false assurances of privacy, to seek compensation for past privacy violations, and to ensure that Zoom vastly improves its security practices going forward. See Amended Complant, ECF No. 126.

On March 11, 2021, the Court denied Zoom's motion to dismiss as to certain claims arising from "Zoombombing," claims of violations of implied contract, breach of the covenant of good

**MOTION FOR INCENTIVE AWARD
AND ATTORNEY'S FEES
MASTER CASE NO. 5:20-CV-02155-LB**

faith and fair dealing, claims under the unlawful and unfair prongs of the UCL, and a derivative claim of unjust enrichment. The Court granted the motion to dismiss, with leave to amend, regarding several other claims including claims for negligence and invasion of privacy. See Order re Motion to Dismiss (ECF No. 168) at 40.

Plaintiffs filed a Second Amended Complaint on May 12, 2021 alleging that Zoom placed insufficient attention on ensuring security and on "ensuring that Zoom users' private moments would not be shared with, exploited  by, or obscenely hijacked by others." Second Amended Complant  ECF No. 179 at ¶¶ 1, 16.  *Id*. ¶ 3. Plaintiffs alleged that the Zoom iPhone app was sending users' personal data to Facebook and that "Zoom was providing a trove of data to third parties." *Id*. ¶ 5. Further, the operative complaint alleged that Zoom's claims that it implemented end-to-end encryption ("E2E")—widely understood as the most private form of internet communication—was misleading since Zoom was able to access unencrypted video and audio from meetings. *Id*. ¶ 7. The complaint alleged that  security breaches by unauthorized bad actors who hijack Zoom videoconferences was continiuing. *Id*. ¶ 9.

The Second Amended Complaint was not tested further as the parties reached a settlement and Plaintiffs moved for preliminary approval on July 31, 2021 (ECF No. 190), which the Court granted on October 21, 2022.  ECF No. 204.  Objector Cohen filed an Objection to Plaintiffs' Motion for Final Approval, ECF No. 227, as did Objectors Rodgers and Neace, ECF No. 228 (collectively, the "Objections").  The Court granted final approval of the settlement agreement over the objections, from which the Objectors each appealed. ECF Nos. 251 & 252.  Following extensive arms-length settlement negotiations coordinated by the Circuit Mediator for the Ninth Circuit, Plaintiffs, Zoom, and the Objectors agreed to settle the Objections and appeals.

**A. Cohen's Objection**

After Cohen received a notice of the settlement, she consulted with the undersigned counsel about the the nature of the claims, the settlement agreement, and the scope of the release. Because the class complaint included allegations that Zoom had failed to incorporate E2E encryption into its video-conferencing software during the class period, Cohen recognized the possibility that her use of Zoom in online therapy sessions could be construed to mean that she 1) violated HIPAA; 2)

1   breached her own contract with her patients in which she guaranteed confidentiality; and 3)

2   breached a fiduciary duty of confidentiality to her patients.

3          As the Court noted, the claims and the settlement pertained to customers not receiving the

4   benefit of their bargain for Zoom's services. The settlement agreement, however, was more broad

5   and defined "Released Claims" to include

> any and all actual or potential claims, complaints, demands, damages, debts, liabilities, proceedings, remedies, counterclaims, actions, causes of action, suits, **cross claims, third party claims, contentions, allegations, assertions of wrongdoing,** and any demands for injunctive relief or any other type of equitable or legal relief, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, discovered or undiscovered, brought or that could be brought against any of the Released Parties, and that **are based on one or more of the same factual predicates as the Action, in any court, tribunal, forum or proceeding**.

          Professionals, such as Cohen, who are subject to contractual or statutory confidentiality

    obligations face the prospect of claims that they breached those obligations to their clients by virtue

    of the fact that Zoom's E2E encryption was flawed as alleged in the Second Amended Complaint.

    A disgruntled client, a client disputing an invoice, or entrepreneurial attorney, could use the

    allegations in the Complaint to assert a direct claim against a professional and allege that, by using

    Zoom, the professional did not live up to their own contractual, statutory, or fiduciary duties to

    ensure confidentiality. Consequently, the professional arguably breached their own contract and

    their fiduciary duties to the client. As originally recorded in the settlement agreement, the release

    would preclude a professional from impleading Zoom if faced with a claim they breached their

    confidentiality obligations by virtue of the defects in Zoom's encryption that were alleged in this

    case.

          Such a claim  by a client would be poignant in a dispute regarding the professional's fee as

    one of the recognized remedies for a fiduciary duty violation is disgorgement of fees paid to the

    fiduciary. See *United States v. Project on Gov't Oversight*, 572 F. Supp. 2d 73, 76–77 (D.D.C.

    2008) (citing *Crandon v. United States*, 494 U.S. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990);

    see also *United States v. Drisko*, 303 F.Supp. 858, 860 (E.D.Va.1969); *Burrow v. Arce*, 997 S.W.2d

**MOTION FOR INCENTIVE AWARD
AND ATTORNEY'S FEES**
MASTER CASE NO. 5:20-CV-02155-LB

229, 240 (Sup. Ct. Tex. 1999) (noting that fee forfeiture is a remedy for breach of fiduciary duty in Texas); *Parkinson v. Bevis*, 448 P.3d 1027, 1033 (S.Ct. Idaho 2019) (same in Idaho); *Joudeh v. PFAU Cochran Vertetis Amala, PLLC*, 190 Wash.App. 1030 at *1 (Ct.App. 2015) (same in Washington). This would be a particularly dire possibility for professionals, like Cohen, whose fees are paid by a client directly rather than by a third-party payor such as a health insurance company. See, Declaration of Judith Cohen ("Cohen Decl.") at ¶3.

Cohen objected to the settlement agreement noting that the absence of E2E encryption put her, and similarly situated professionals in a position different from other class members. If true, allegations in the complaint exposed her to claims that she breached her contractual promises, along with her statutory, and ethical obligations. See Declaration of Judith C. Cohen submitted herewith. Cohen's concerns over her potential personal liability caused her to appeal this Court's decision finally approving the settlement agreement.

### B.      The Cohen Settlement

Plaintiffs, Zoom, and Cohen entered into a settlement agreement in which the Plaintiffs and Zoom agreed to modify the release in the Settlement Agreement to exclude certain claims against Zoom for indemnification or contribution made by a state-licensed professional for damages or losses from a "Breach of Confidentiality Claim."  See Joint Decl., ECF No. 260-4. Ex. B ("Cohen Settlement Agreement") at ¶ 2.  As Plaintiffs and Zoom both noted, this carve-out from the release directly addresses the core of Objector Cohen's objection—namely that the allegations in the Lawsuit, if true, expose medical or other professionals who may owe "legal or contractual commitments" to maintain confidentiality to potential claims from third parties, but that the original Settlement Agreement did not address those risks. See, Joint Motion for Approval of Settlements, ECF No. 260 at 4, citing ECF No. 227 at 4-5; ECF No. 236 at 2, 3 ("Any settlement that binds the professional Zoom users must account for this increased risk through future indemnification or by other means").

The the parties recognize that the Cohen settlement provides value to members of the Class who are professionals that used Zoom in their professional capacities during the class period. As noted in her objection, Cohen identified a discord between the claims as litigated and the scope of

**MOTION FOR INCENTIVE AWARD
AND ATTORNEY'S FEES
MASTER CASE NO. 5:20-CV-02155-LB**

1   the release in this matter. The Second Amended Complaint included the allegation that Zoom's

2   misrepresentations regarding E2E encryption and its security protocols are independently

3   actionable. Doc. 179 at ¶ 14.

4         As noted in the Litigation Parties' joint motion, this carve-out from the release directly

5   addresses the core of Objector Cohen's objection—namely that the Settlement Agreement does not

6   take into account the risk of possible lawsuits that might be filed against Zoom users who are

7   medical or other professionals and who may owe "legal or contractual commitments" to maintain

8   confidentiality. ECF No. 227 at 4-5; ECF No. 236 at 2, 3. The revision to the settlement agreement

9   preserves such professionals' ability to seek indemnification or contribution from Zoom in the

10  event of direct claims tied to the adequacy of Zoom's encryption.[1] The preservation of this remedy

11  should deter direct breach of fiduciary duty claims by disgruntled clients or entrepreneurial

12  attorneys and, in the unlikely event that such claims are brought anyway, provides professionals

13  the peace of mind that they can call on Zoom to defend its own encryption based on information

14  only Zoom has. See, Cohen Decl. ¶ 9.

15        **C.      Request for Fees and Incentive Payment**

16        The revised agreement provides that Ms. Cohen may apply to the Court for a service

17  payment of up to $1,000, and her counsel may apply to this Court for up to $78,000 in attorneys'

18  fees and costs, both of which (if approved) would be paid from the prior award of attorneys' fees

19  to Class Counsel. ECF 259-4. Again, the Court's granting of such payments is not a condition of

20  the settlement. *Id*. Ms. Cohen now makes that application and it should be approved. Resolution of

21  Cohen's appeal through this settlement secures benefits for state-licensed professionals without

22  taking any money out of the funds allocated for payments to Settlement Class Members.  Any

23  payments to Cohen and her counsel will be made from the Fee and Expense Award that the Court

24  previously approved for payment to Class Counsel.

25

26

27

28

---

[1] Zoom was adamant in settlement discussions that its E2E encryption was not flawed. This revision to the settlement ensures that Zoom is willing to put its money where its mouth is with respect to its customers that use Zoom to conduct business in their professional capacities.

**MOTION FOR INCENTIVE AWARD
AND ATTORNEY'S FEES
MASTER CASE NO. 5:20-cv-02155-LB**

III.   **ARGUMENT**

   A.   **A Service Award and Award of Fees is Appropriate**

   Federal Rule of Civil Procedure 2 permits class members to object to proposed class action settlements, Fed. R. Civ. P. 23(e)(5(A), and requires court approval of any payment in connection with "forgoing, dismissing, or abandoning an appeal from a judgment approving" a settlement. Fed. R. Civ. P. 23(e)(5)(B)(ii). Where  attorneys for objectors substantially enhanced a benefit to the class, they should be entitled to fees from the fund created by class action litigation. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *Rodriguez v. Disner (Rodriguez II),* 688 F.3d 645, 652, 658 (9th Cir. 2012) (reversing a district court's rejection of objectors' fee requests on the ground that the objectors "did not add anything" to the court's decision as "clearly erroneous.")

   All parties agree that the revisions to the settlement that resulted from Ms. Cohen's objection were important and substantial and that they therefore meet these standards. See Joint Motion, ECF 260 at 6. As the Court recognized in its Order granting the Motion for indicative ruling, the settlement agreement with Ms. Coehn confers added benefits to the Settlement Class: "… the Cohen settlement benefits the class by narrowing the settlement's release." ECF No. 257 at 7. the Cohen Settlement Agreement requires the Litigation Parties to narrow the release of Settlement Class Members' claims in the Settlement Agreement, excluding from that release certain claims for indemnification or contribution made by a state-licensed professional against Zoom. See Cohen Settlement Agreement ECF 259-4 ¶ 2.

   Objector(s) need not confer a specific monetary benefit on the class to recover attorneys' fees. Substantial benefits can include nonmonetary contributions." *Marshall v. Northrop Grumman Corp.*, No. 2:16-CV-06794-AB-JCX, 2020 WL 5668963, at *3 (C.D. Cal. Sept. 18, 2020). Courts in this Circuit recognize that narrowing the scope of a class action settlement release supports an award of attorneys' fees and an incentive award for the objector. In *In re Sony PS3 "Other OS" Litigation*, No. 10-CV-01811, 2018 WL 2763337 (N.D. Cal. June 8, 2018)), the court noted that the modified settlement agreement—which had been amended due to an objector's concerns— "eliminated unfair terms such as the release" and "provided some material benefit to the class." *Id*.

**MOTION FOR INCENTIVE AWARD
AND ATTORNEY'S FEES
MASTER CASE NO. 5:20-CV-02155-LB**

1   Despite finding that the improvements to the settlement were "not attributable entirely to the

2   objections raised, the Court finds that Objector Lindberg's contribution provided some material

3   benefit to the class" and awarded fees to the objector. *Id.* at *3.

4           Similar to the situation here, the court in *Hendricks v. Starkist Co.* awarded objectors'

5   attorneys' fees where objectors briefed an issue involving the release that both plaintiffs and

6   defendants did not address in the original agreement and preserved potential future causes of action.

7   Case No. 13-cv-00729-HSG, 2016 WL 5462423 at *15 (N.D. Cal. Sept. 29, 2016). The court found

8   that these actions had "substantially enhanced the benefits to the class." *Id.* Notably, the

9   modification achieved by objectors' counsel amounted to a five-word addition limiting the release

10  to legal claims "arising from the factual allegations." *Id.* at *3. In *Kurihara v. Best Buy Co.*, the

11  court found that an objector conferred a substantial benefit on the class by clarifying the scope of

12  the release to ensure that only specific claims were released and that others were protected from

13  release. Case No. C-06-1884-MHP (ECM), 2010 WL 11575583 at *3 (N.D. Cal. June 7, 2010).

14  The court awarded fees to the objector. Id. See also, *Kurihara v. Best Buy Co*., No. C06-1884 MHP

15  (EMC), 2010 WL 11575583, at *3 (N.D. Cal. June 7, 2010) (finding a substantial benefit conferred

16  to the class where an objector achieved clarification of the settlement's releases), R. & R. adopted,

17  No. C-06-1884 MHP (EMC), 2010 WL 11575584 (N.D. Cal. July 6, 2010).

18          These cases highlight that an objector need not confer a specific monetary benefit on the

19  class to recover attorneys' fees. Substantial benefits can include non-monetary contributions. Here,

20  the specific right of a professional facing a claim based on Zoom's E2E encryption does not have

21  to worry about the expense of litigation knowing that if facing a claim, they can call on Zoom to

22  defend the adequacy of its encryption. This exclusion has a substantial deterrent effect on anyone

23  —client or entrepreneurial lawyer—inclined to take advantage of the apparent disconnect between

24  the factual allegations in the complaint and the original scope of the release. The narrowing of the

25  release, and Class Members' ability to implead Zoom in the event they face allegations that they

26  violated gurarates of confidentiality supports the approval of the requested fees and service award

27  to Cohen as contemplated in the Agreement.

28          Fianally, the contemplated service awards to Cohen and fee and expense awards to counsel

**MOTION FOR INCENTIVE AWARD**
**AND ATTORNEY'S FEES**
**MASTER CASE NO. 5:20-cv-02155-LB**

will not adversely impact the original Settlement Class as these payments will be drawn solely from the prior Fee and Expense Award. *See Charvat v. Valente*, No. 1:12-cv-05746, ECF No. 744 at 2 (February 27, 2020) (granting motion for indicative ruling and noting that payments to objectors' counsel "would not come from the net settlement fund"); *In re Takata Airbag Products Liability Litig.*, No. 1:15-md-02599, ECF No. 3632 at 2 ("Most importantly, not a single penny of the proposed payment will be taken from the funds available to all class members."). The value to the Settlement Class is fully insulated from any service award to Cohen and fees and costs to counsel. Moreover, because counsel seeks only its lodestar with no enhancement, the reduction in fees to class counsel is less than .4% of their total fee award ensuring that there will be no diminution in the willingness of class counsel to take such cases in the future.

### B.  The Requested Amounts are Reasonable.

The service award of $1,000 is significantly lower than the service award to the named Plaintiffs in the litigations.  Cohen, like the named Plaintiffs, provided information and docuements to support the litigation, but were not deposed.

The settlement agreement states that Ms. Cohen may apply to this Court for up to $78,000 in attorneys' fees and costs which would be paid from the prior award of attorneys' fees to class counsel. Ms. Cohen asks that the Court approve fees and costs in that amount. As the Court previously noted, while the award of fees should ordinarily based on a percentage of the benefits the objector conferred on the class, "the percentage calculation can be "replaced by a lodestar calculation." Order Granting Motion for Indicative Ruling, ECF No. 257 at 5, citing *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1127 (9th Cir. 2002) (cleaned up). Here, the requested fees and reimbursement of costs is based on a lodestar calculation.

As required, the requested fees are  supported by counsel's detailed time records showing the time expended, the dates on which they were expended, and descriptions of the work performed. See Brown Decl. ¶ 7, Exhibit 1; Boebel Decl. ¶ 5, Exhibit 1. Ms. Cohen's counsel respectfully submit that the time spent and their respective hourly rates are reasonable and counsel is not requesting that they be enhanced by a multiplier.

Ms. Cohen's attorneys collectively devoted over 124.2 hours over more than a year to investigating and pursuing her objection, to pursuing her appeal, and to mediating and negotiating with counsel for the Class and for Defendant. Brown Decl. ¶¶ 7-8; Boebel Decl.") ¶¶ 3-5. This does not include the hours Counsel wrote off through the exercise of billing judgment. Ms. Cohen's counsel pursued this matter without gurarantee of payment and at a time when most of their work was billed on hourly, non-contingent fee work. Brown Decl.. ¶¶ 2, 9; Boebel Decl. ¶ 5. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee."). Counsel further incurred costs of $847 comprised mostly of court filing and *Pro Hac Vice* fees. Brown Decl. ¶ 11.

Counsel's hourly rates of $650 are reasonable for the San Francisco legal market. "To determine the prevailing market rate, courts may rely on attorney affidavits as well as 'decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience.'" (citation omitted)). In assessing the reasonableness of an hourly rate, courts consider the usual billing rate, the level of skill required, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case." *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 WL 264401, at *7 (N.D. Cal. Jan. 16, 2020). Ms. Cohen's cousel are experienced litigators, each with more than 20 years of litigation experience. Her attorneys have provided the Court with declarations describing their background and experience. Counsel's hourly rates are in line with rates of attorneys of similar skill and experience and are lower than the hourly rates submitted by Plaintiffs' Class Counsel of similar experience. See, e.g., Declaration of Mark Molumphy (ECF No. 218-2) Exs. A, B (indicating rates by attorneys with 22 years experience as $750 per hour, and attorneys with 8 years experience as $675 per hour).

Ms. Cohen's Counsel's lodestar amounts to $80,730 plus costs which is made up of Ari Brown, 84.6 hours ($54,990); Nicholas Boebel, 32.8 hours ($21,320); John Giust 6.8 hours ($4,400). Ms. Cohen is requesting an amount that is less than the total lodestar.

**MOTION FOR INCENTIVE AWARD**
**AND ATTORNEY'S FEES**
**MASTER CASE NO. 5:20-CV-02155-LB**

IV.    CONCLUSION

      For the reasons discussed above, the Court should approve Ms. Cohen's request for an incentive payment of $1,000 and for her attorneys' fees and expenses of $78,000.

Dated: December 27, 2022

                            LAW OFFICE OF ARI BROWN

                            By: Ari Y. Brown, WSBA #29570
                            *Pro Hac Vice*
                            3909 47th Ave. S
                            Seattle, Washington  98118
                            Tel: (206) 412-9320
                            abrownesq@gmail.com
                            Attorneys for Plaintiffs

                            GIUST LAW
                            /s/ John E. Giust
                            By:  John E. Giust
                             9625 Black Mountain Road
                             Suite 205
                             San Diego, CA 92126
                            (619) 993-1656
                            john@giustlaw.com

                            Attorneys for Objector:
                            Judith C. Cohen