J. Allen Roth, Esq.
805 Alexandria Street S.
Latrobe PA  15650
(724) 686-8003
office@jarothlaw.com

COUNSEL FOR OBJECTORS
SAMMY RODGERS AND ALVERY NEACE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: ZOOM VIDEO COMMUNICATIONS INC. PRIVACY LITIGATION*,<br><br>This Document Relates To:<br>    All Actions | Master Case No. 3:20-cv-02155-LB<br><br>**MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H).**<br><br>Hon. Laurel Beeler<br>Courtroom: B<br>Date:  February 2, 2023<br>Time:  9:30 a.m. |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on February 2, 2023, at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge Laurel Beeler, of the United States District Court for the Northern District of California, San Francisco Division, located at Courtroom B, 15th floor, 450 Golden Gate Avenue, San Francisco, California, 94102, objectors Sammy Rodgers and Alvery Neace will and hereby do move the Court for an award of attorneys' fees in the amount of $47,395, reimbursement of costs in the amount of $505, and an incentive award to Sammy Rodgers and Alvery Neace in the amount of $1,000 each pursuant to Fed. R. Civ. P. 23(h).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As this Court is aware, on December 16, 2022, it entered an Order at Entry 261 approving the parties' joint unopposed motion for approval of settlements with objector-appellants and Amendment of the Settlement Agreement.

Since Objector Judith Cohen ("Cohen") adequately provided this Court with the introduction to the settlement and a detailed background to the case, Objectors Sammy Rodgers ("Rodgers") and Alvery Neace ("Neace") will outline their position as to incentive awards and attorney fees without the need to provide the Court with redundant details.

**A. The Neace and Rodgers Objections**

In addition to other procedural objections, Neace and Rodgers objected to the settlement in this case because of a problem that is prevalent in most class actions: A large percentage of payments to claimants go uncashed or unclaimed. For example, in *Edwards v. Milk Producers*, Case 4:11-cv-04766 (N.D. Cal.), Entry 543-1, page 3, in announcing a second-round payout, the claims administrator declared, "Surprisingly, the take rate here … was only 32%." In *Transpacific Passenger Air Transportation Antitrust*, 3:07cv05634 (N.D. Cal.), Entry 1347-1, page 2, the claims administrator advised that of 44,893 checks mailed, 16,216 were not cashed by the recipient. In *In re: Optical Disk Drive Products Antitrust*, 3:10-md-2143 (N.D. Cal.), Entry 3107, page 3, the claims administrator advised the Court that of 465,012 approved payments, 196,206 digital

2

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H)

payments went unclaimed and 46,176 digital payments were returned—over half.

These numbers represent a chronic problem in class action cases generally. Unclaimed payments lead to a lack of confidence by claimants, a perception of a lack of fairness, additional administrative work by claims administrators, and litigation when a claimant realizes their funds were simply redistributed without notice—sometimes months or even years later.

For this reason, Rodgers and Neace objected to the fact that the website advertising the settlement in this case made it difficult for a claimant to know how to change their physical address or, in the case of digital payments, their email address. Certainly, in a case where claimants are only receiving a small amount of money, they are not going to expend time searching for the claims administrator's email or diving deep into the website searching for instructions.

In addition, realizing that people place mail forwarding instructions on their mail and receive the check weeks or even a month or two later, Rodgers and Neace objected to the ninety (90) day expiration on physical checks mailed.

Finally, in most litigations, when a payment is returned by the postal service, no attempt to notify the claimant occurs. Objectors in this case challenged the wisdom of this. For whatever reason, no attempt is made to contact a claimant even when the claims administrator has the person's email address and could easily provide a notification and little administrative cost. For example, in *Transpacific Passenger Air Transportation Antitrust*, 3:07cv05634 (N.D. Cal.), the claims administrator made no effort to contact the over 25% of claimants whose checks were not cashed or returned. In an example of lackadaisical administration in that, the claims administrator did not notify a claimant having trouble receiving a check for over $500,000 that the check was returned a second time even though an email dialogue occurred with respect to the first missing check. *Id*, at Entry 1353; *see also* Entry 1357.

Clearly, as the goal of class action cases is for the claimants to receive their payment, improvement needs to occur in the industry.

**B. The Settlement of the Objections**

While this case remained on appeal to our Court of Appeals, the objectors and the parties engaged in arm's length negotiations to attempt to improve the administration of the settlement.

3

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H)

Rodgers and Neace agreed to withdraw some other objections that may result in some improvement but would also dilute the payment and require extensive noticing, and the plaintiffs and defendant in this case agreed to better administration to help get funds into the hands of approved claimants.

First, the claims administrator agreed to modify the website and including an easily identifiable link for class members to update their address or their email to receive a digital payment. The claims administrator will also notify persons that submit a form that their modification was received.

Second, for returned checks, the claims administrator will run an address correction, check for forwarding addresses, and send the payments to the new address without the claimant having to do anything. Additionally, as many people are not able to be located through these databases, the claims administrator will send claimants whose check is returned an email telling them that they need to update their address.

Third, the claims administrator agreed to use an envelope when mailing checks, and not a cardboard tear off that is ordinarily discarded as advertising.

Forth, the time to cash the checks is being extended to 120 days instead of 90 which assists claimants whose check has been forwarded with plenty of time to cash the check.

Certainly, these modifications will provide benefit to class members and improve the administration of the settlement without much cost.

### C. Request for Fees and Incentive Payment

The agreement provides that Rodgers and Neace may each apply to the Court for an objector service payment of $1,000 and that their counsel may seek up to $47,900 in attorney's fees and costs. These awards would not be taxed to the class members but would be paid from attorney fees already approved for class counsel.

## II. ARGUMENT

### A. The Objections Provided a Valuable Service to the Class Action

As this Court recognized in its indicative Order, the modification to the settlement and changes in administration benefit the class. *See* Entry 257, pages 6-7 ("The Rodgers/Neace

4

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. Cv. P. 23(H)

settlement benefits the class by improving class members' ability to file claims and receive mailed checks. And the Cohen settlement benefits the class by narrowing the settlement's release").

These modifications made as a result of the Rodgers and Neace objections sound simple, but it needs to resonate with attorneys creating these types of settlements that they must be innovative and improve the process for claimants, not simply do what everyone has done in the past.  The objectors certainly do not claim that the modifications will completely solve the problem of a significant amount of claimants not receiving their payment, but it is a starting point that can be applied.

**B.     An Objector Service Award Should be Given to Rodgers and Neace**

Rodgers and Neace each seek $1,000 as an objector incentive, or service, award. These suggestions to improve the administration of the payment system are not boilerplate objections. Rather, they are issues that the objectors themselves pointed out in a case that they believed contained the same deficiencies that are chronic in class actions.

Objector awards are appropriate, especially a low award such as that which Rodgers and Neace are requesting. *See In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208-JF HRL, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011) (awarding $1,000); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 817 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010).

In *In re* Trans Union Corp. Privacy Litig., 629 F.3d 741, 743 (7th Cir. 2011), the Seventh Circuit Court of Appeals noted the important role played by "interlopers who oppose a proposed settlement . . . in preventing cozy deals that favor class lawyers and defendants at the expense of class members").

This Court in *Roe v. SFBSC Management,* 2022 WL 17330847, *18 (Nov. 29, 2022) approved objector service awards of $5,000 to each objector but found that requests for more than that amount appeared unjustified.  In this case, the objectors themselves are only requesting a nominal $1,000 each as an award for improving the administration of the settlement.  This amount appears fair considering

5

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H)

that the objectors themselves put forth the ideas to make the administration of the case better and dedicated energy and time discussing this case with counsel and placing their name on the line.

Therefore, this Court should award Rodgers and Neace the $1,000 objector incentive award.

### C. Attorney Fees Should be Awarded for the Objections of Rodgers and Neace on a Lodestar Basis

This Court's familiarity with the correct standards in awarding attorney fees to objectors is outlined in *Roe v. SFBSC Management*, 2022 WL 17330847, *17-18 (Nov. 29, 2022). Moreover, counsel for Objector Cohen provided ample citation to authority with respect to the standards. Therefore, Rodgers and Neace will not provide much repetitive discussion in this area.

In this case, however, the benefit to the approved claimants will not come in the form of additional money, but in the ability to receive the funds and modify their address or digital payment email easily and without discouragement. The amount of people using the change of address form or receiving money after notice that their check was returned is impossible to quantify at this juncture. Therefore, this Court should apply a lodestar as to counsel fees.

In "cases involving successful objections to a settlement" in which "the benefit to the class is not easily quantifiable[,]" "[t]he lodestar method is understandably used[.]" *In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013 at *3 (S.D. Cal. 2021), *citing In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR (DMR), 2020 WL 7261313, at *1 (N.D. Cal. Dec. 10, 2020) (awarding $250,000 in fees where objector's complaints led to a shift in the distribution of the settlement funds from one segment of the class to another); *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-06794-AB-JCX, 2020 WL 5668963, at *4 (C.D. Cal. Sept. 18, 2020) (awarding $48,900 in fees where objectors convinced the court to deny initial approval of the settlement, which led to an amended settlement agreement that included a narrower release of claims)).

In this case, it appears clear that the modifications to the administration of the case provided a stepping stone for class action attorneys to take a look at their website and make things easier for claimants. The constructive criticism provided by the objectors and their counsel will enable future claims administrators to take a hard look at methods to improve results.

6

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H)

Therefore, awarding lodestar-based attorney fees to counsel for Rodgers and Neace appears an appropriate result.

### D.    The Requested Attorney Fees are Reasonable

In this case, counsel for Objectors Rodgers and Neace is requesting less than $600.00 per hour as a lodestar amount. It is less than $600.00 because counsel agreed to cap the award at $47,900 in fees and costs. Counsel spent more than eighty (80) hours preparing and submitting the objections and preparing the appeal.

$600 per hour represents a fair rate for an attorney such as the undersigned who has practiced law since 1979 and federal law since 1985, maintaining considerable experience in consumer law. *See* Declaration of J. Allen Roth. Perhaps the best analysis of attorney fees can be found in the case of *Roe v. SFBSC Management, LLC*, 3:14-cv-03616-LB, Entry 270-2, pages 27-49 showing average hourly rates between $800 and $1200 of a senior attorney with nearly forty (40) years of practice. Therefore, the requested fees from counsel appear fair and appropriate in this case.

It is important to note that Class Counsel agreed that the funds to pay any approved award will come from attorney fees already approved by this Court. This is as it should be. It is unfortunate that the issues needed to be pursued on appeal and time expended preparing a brief in the appeals court. However, the objectors in this case were required to begin preparing their briefs because of deadlines imposed. Indeed, two extensions for brief filing were obtained prior to the settlement and filing additional extensions would have stretched the limits. As explained in the Declaration of J. Allen Roth, as soon as settlement negotiations reached a point where it appeared possible to improve the administration of the class action, counsel stopped working on the brief preparation.

### E.    The Expenses are Reasonable

Part of the $47,900 includes the appeal filing fee of $505. *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). This is the only expense counsel is billing for even though he incurred various PACER charges and other costs.

**III. CONCLUSION**

For the reasons discussed above, the Court should approve Sammy Rodgers and Alvery Neace's request for an incentive payment of $1,000 each and for their attorneys' fees and expenses of $47,900.

Dated: December 28, 2022.

                                      Respectfully submitted,

                                      */s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq. (PA 30347)
805 Alexandria Street S.
Latrobe PA  15650
(724) 686-8003
office@jarothlaw.com

ATTORNEY FOR OBJECTORS
SAMMY RODGERS AND ALVERY NEACE

8

MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD FOR OBJECTORS SAMMY RODGERS AND ALVERY NEACE PURSUANT TO FED. R. CV. P. 23(H)