1  TINA WOLFSON (SBN 174806)
   *twolfson@ahdootwolfson.com*
2  ROBERT R. AHDOOT (SBN 172098)
   *rahdoot@ahdootwolfson.com*
3  THEODORE MAYA (SBN 223242)
   *tmaya@ahdootwolfson.com*
4  BRADLEY K. KING (SBN 274399)
   *bking@ahdootwolfson.com*
5  CHRISTOPHER STINER (SBN 276033)
   *cstiner@ahdootwolfson.com*
6  **AHDOOT & WOLFSON, PC**
   2600 West Olive Avenue, Suite 500
7  Burbank, California 91505
   Tel: (310) 474-9111
8
   MARK C. MOLUMPHY (SBN 168009)
9  *mmolumphy@cpmlegal.com*
   TYSON C. REDENBARGER (SBN 294424)
10 *tredenbarger@cpmlegal.com*
   ELLE LEWIS (SBN 238329)
11 *elewis@cpmlegal.com*
   **COTCHETT, PITRE & MCCARTHY, LLP**
12 840 Malcolm Road, Suite 200
   Burlingame, California 94010
13 Tel: (650) 697-6000

14 Co-Lead Class Counsel for the Settlement Class

15                 UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18

19 *IN RE: ZOOM VIDEO COMMUNICATIONS*      Master Case No. 3:20-cv-02155-LB
   *INC. PRIVACY LITIGATION,*
20
                                          **PLAINTIFFS' MEMORANDUM IN**
21 This Document Relates To:              **OPPOSITION TO OBJECTORS'**
                                          **MOTION FOR AWARD OF**
22      All Actions                       **ATTORNEYS' FEES AND INCENTIVE**
                                          **AWARDS**
23
                                          Judge:          Hon. Laurel Beeler
24                                        Courtroom:      B-15th floor
                                          Date:           February 2, 2023
25                                        Time:           9:30 a.m.

26

27

28

# TABLE OF CONTENTS

Page

I.      Introduction ..................................................................................................1

II.     Procedural Background .................................................................................2

        A.      Settlement and Positive Class Reaction ...................................................2

        B.      Rogers/Neace and Cohen Assert Extensive Objections, All Rejected by the Court.2

        C.      Rogers/Neace and Cohen Appeal, Then Agree to Settlements Providing *Limited*
                Benefits to the Settlement Class.................................................................3

III.    Argument .....................................................................................................4

        A.      Legal Standard ......................................................................................4

        B.      Application .............................................................................................6

IV.     Conclusion ...................................................................................................7

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Fraley v. Facebook, Inc.*
  No. C 11-1726 RS, 2014 WL 806072 (N.D. Cal. Feb. 27, 2014)............................................. 5

*In re HP Inkjet Printer Litig.*
  No. 5:05-CV-3580 JF, 2011 WL 2462475 (N.D. Cal. June 20, 2011) ................................... 4

*Rodriquez v. Disner*
  688 F.3d 645 (9th Cir. 2012)........................................................................................... 4, 5

*In re Bluetooth*
  654 F.3d 935, 942 (9th Cir. 2011)........................................................................................ 5

*In re Transpacific Passenger Air Transp. Antitrust Litig.*
  No. C-07-05634 CRB, 2015 WL 4776946 (N.D.Cal. Aug. 13, 2015) ................................... 5

*Vizcaino v. Microsoft Corp.*
  290 F.3d 1043(2002)..................................................................................................... 1, 4

*Wininger v. SI Mgmt. L.P.*
  301 F.3d 1115 (9th Cir. 2002)............................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 23(e)(5)(B)(i) ................................................................................................ 4

## I.   INTRODUCTION

An award of attorneys' fees requires "a showing that objectors *substantially enhanced* the benefits to the class under the settlement" and, in the absence of such a showing, objectors are not entitled to fees "as a matter of law."  *Vizcaino v. Microsoft Corp.* 290 F.3d 1043, 1052 (2002) (emphasis added).

Here, Objectors Sammy Rodgers and Alvery Neace ("Rodgers/Neace") and Judith Cohen ("Cohen") (collectively, "Objectors") reached settlements providing limited benefits to the Settlement Class that impacted the fringes of the Class Settlement Agreement.  At the same time, Objectors effectively delayed distribution of settlement funds to millions of Class Members. Nonetheless, they now ask the Court to approve fees representing *100% of their lodestar*, notwithstanding the fact that (1) the Court overruled their objections in their entirety, (2) they abandoned their primary objections and agreed to settlements providing narrow, non-monetary benefits to the Class, and (3) rather than submit detailed records segregating the hours reasonably spent to obtain such relief, they included *all* their time on this case (including time spent on their fee motions).  The Court should reject such gross overreaching and deny the request for attorneys' fees.

Objectors had ample guidance on the applicable standard and the need for a sufficient record.  In the Court's Order Granting Motion for Indicative Ruling ("Indicative Order"), deferring the issue of attorneys' fees, the Court explicitly cited *Vizcaino*'s standard that fees be tied to a substantial enhancement of benefits, not merely the total time spent on the case.  Dkt. at 5.  The Court also noted that Objectors, as the moving parties, had the burden to submit "detailed time records" justifying the time spent to obtain these benefits.  *Id.*  The motions do not follow this guidance.  Just because the settlements provide that an award will be paid from fees previously awarded to Lead Counsel, who spent years pursuing difficult claims and obtained one of the largest privacy settlements in United States history, there is no excuse for Objectors' windfall request for fees pursuing dubious objections, obtaining limited benefits, and delaying distributions to millions of Class Members.  The motions should be denied.

## II.   PROCEDURAL BACKGROUND

### A.   Settlement and Positive Class Reaction

After several years of hard-fought litigation, Plaintiffs obtained a historic settlement for Class Members, providing $85 million in cash, one of the largest privacy recoveries to consumers in history, as well as comprehensive reforms to one of the most popular apps in America. Now that Objectors have finally dismissed their appeals, Class Members who submitted Paid Subscription Claims are expected to receive 30% of the total amount paid for the Zoom app (an average of $95), and those with User Claims (users who did not pay to use Zoom) are expected to receive an average of $29.

Class Members overwhelmingly support the Settlement. More than 1.45 million Class Members submitted claim forms, while only five (5) objections were filed, of which two (2) complained about class action settlements generally. The three others are the subject of this motion.

### B.   Rogers/Neace and Cohen Assert Extensive Objections, All Rejected by the Court

Objectors Rogers/Neace and Cohen objected to various aspects of the Settlement, including the proposed class definition, plan of distribution, language of the notice, claim process, and even the size of the envelopes of the mailed checks.

The objection filed by <u>Rodgers/Neace</u> (Dkt. 228) included a laundry list of meritless criticisms, including: (1) unfair *pro hac vice* requirements; (2) unclear language in the class notice describing the release of "unknown claims"; (3) unfair documentation requirements showing that Class Members used, opened, or downloaded the Zoom Meeting Application; (4) the lack of a review process for denied claims; (5) improper distribution of unclaimed funds to Class Members, rather than to states through their escheatment rules; (6) the need for a form to update addresses on the settlement website, and (7) the need for procedural changes to the payment process, including that checks "be sent in a normal business (#10) envelope" and that Class Members have additional time to cash their checks. Dkt. 228.

Similarly, the objection filed by <u>Cohen</u> (Dkt. 227) called for the creation of a new "subclass" or "subset" of the Settlement Class composed of:

1

2

> "All settlement class members who used Zoom video communications services as part of a business that was legally or contractually required to maintain client confidentiality as a part of services the business provided."

3

4

5

6

According to Cohen, this "subclass" of Zoom users suffered unique harm that "qualitatively differs from the harms suffered by the larger group of class members" and required additional compensation. Cohen also proposed changes to the Plan of Distribution in order to "reapportion" additional funds to the subclass for their supposedly "unique" damages. Dkt. 227.

7

8

9

After considering the Rogers/Neace and Cohen Objections, the Court rejected them in their entirety, granted final approval of the Settlement Agreement, and entered final judgment. Dkt. 249-250.[1]

10

11

**C.** **Rogers/Neace and Cohen Appeal, Then Agree to Settlements Providing *Limited* Benefits to the Settlement Class**

12

13

14

15

16

17

18

Less than one month after the Court granted final approval to the Settlement, Rodgers/Neace and Cohen filed separate Notices of Appeal. Dkt. 251-252. Notably, other than filing these two-page, form documents, and participating in a single phone call with the Ninth Circuit's mediation coordinator, Objectors engaged in little other activity in the Ninth Circuit. Objectors never filed an appellate brief. Rather, after months of inactivity, Plaintiffs engaged Objectors regarding settlement and soon thereafter reached separate agreements providing limited relief addressing just portions of their respective objections.

19

20

21

22

23

24

25

26

The settlement with Rodgers/Neace provides that the Administrator will update the form used by class members to update their address and modify certain procedures to mail and deposit checks (for the limited number of Class Members who asked for physical checks rather than electronic payments). Dkt. 260-1 at 7. These procedural changes include mailing checks in "Number 10" business envelopes, providing more notice if checks are returned uncashed, and giving Settlement Class Members an additional 30 days to cash mailed checks. *Id.* While these procedures benefit the Class, they are limited in nature. Rodgers/Neace did not obtain any relief related to the lion's share of their objections, including changes to *pro hac vice* requirements, the

27

28

---

[1] In its Final Approval Order, the Court noted that the Rogers/Neace objections were also untimely, and both failed to show they were even Settlement Class Members. Dkt. 249 at 12.

Class Notice, the claim form and documentation requirements, the claim approval and review process, or distribution of unclaimed funds through state escheatment procedures.

Similarly, the settlement with <u>Cohen</u> did not provide the primary relief sought in her objection, *i.e.*, the creation of a business "subclass" and reallocation of settlement funds to that subclass. Rather, Plaintiffs and Zoom merely agreed to a narrow "carve out" of the release to permit future claims against Zoom for indemnification or contribution in the event a state-licensed professional is sued based on Zoom's failure to protect confidential information. Dkt. 260-1 at 15-16. Such a claim seems highly hypothetical, since Zoom denies any breach occurred, Cohen is unaware of any breach, and no claim or suit has ever been filed. In any event, this specific carve-out addresses one of Cohen's objections, *i.e.*, that the Settlement Agreement did not account for the *risk* of possible lawsuits that might be filed against medical or other professionals in the future. *Id*. Cohen's primary requests for relief were denied and unsuccessful.

### III.   ARGUMENT

#### A.   Legal Standard

Any "payment or other consideration . . . provided in connection with . . . withdrawing an objection" to a class-action settlement must be approved by the court. Fed. R. Civ. P. 23(e)(5)(B)(i).

Consideration provided to objector counsel can only be approved if the objector "substantially enhanced the benefits to the class under the settlement." *Vizcaino*, *supra*, 290 F.3d at 1051-52. "The 'substantial benefit' need not be financial," but if it is not, "the court must carefully scrutinize the benefits conferred" to determine whether they are more than "technical or coincidental." *In re HP Inkjet Printer Litig.* No. 5:05-CV-3580 JF, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011).

Fees for objector counsel should be evaluated based "on the same equitable principles as [fees for] class counsel." *Rodriquez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012). Thus, "where objectors do not add any new legal argument or expertise," or "do not participate constructively in the litigation," no fees should be awarded. *Id*. at 659. The amount of any fee award is a matter for

a district court's discretion.  *Id*. at 653.

Here, Objectors admit that they obtained only non-monetary benefits, and therefore seek an award under the lodestar method.  To calculate the lodestar, a district court should "multiply the number of hours *reasonably spent in achieving the results obtained* by a reasonable hourly rate." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1125 (9th Cir. 2002) (emphasis in original).  Conversely, hours spent by objectors "in unsuccessful efforts unrelated to their success" should not be included. *Id.*  It is not up to the district court to try to segregate the time devoted to successful efforts.  Rather, objectors "bear the burden of submitting detailed time records justifying the hours claimed to have been expended" and a district court properly removes any hours that have not been proved to be reasonably expended.  *Id.* at 1126 (objector's motion seeking "*all* the hours worked on the case . . . patently [fell] short" of the requirements where objector only had limited success).

In the even an objector can establish a reasonable lodestar, a district court may then apply a negative or positive multiplier to adjust it downward or upward reflecting a host of "reasonableness" factors, including the quality of representation, benefits obtained, complexity of issues presented, and risk of non-payment.  *In re Bluetooth headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir. 2011).  "Foremost among these considerations, however, is the benefit obtained for the class."  *Id.*

Finally, payments to objectors themselves in connection with withdrawing an objection are evaluated in the same way as incentive awards for named plaintiffs.  *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. C-07-05634 CRB, 2015 WL 4776946, at *2 (N.D.Cal. Aug. 13, 2015).  As with payments to objector counsel, the objector must have "substantially enhanced the benefits to the class under the settlement."  *See Fraley v. Facebook, Inc.,* No. C 11-1726 RS, 2014 WL 806072, at *1-2 (N.D. Cal. Feb. 27, 2014).

### B.  Application

Objectors' motions for attorneys' fees and incentive awards fail to comply with virtually all of the legal prerequisites cited above.

First, Objectors fail to demonstrate that the relief provided in their settlements "substantially enhanced the benefits" provided to the Settlement Class.  To the contrary, the relief provided by Rogers/Neace consists of limited, technical enhancements to the claims administration process relating to the narrow set of Class Members electing to receive their distributions by mailed checks (instead of electronically), including minor modifications to the website to update addresses, use of specific-sized envelopes, and 30 additional days to cash mailed checks.  While beneficial to the Settlement Class, they do not amount to substantial enhancements that justify an award of attorneys' fees.  Similarly, Cohen only obtained a narrow carve out to the release language, which will only come into play in the (unlikely) future event that professional Zoom users are sued by their clients for a breach of confidentiality relating to a Zoom meeting.  Again, while the right to seek indemnification from Zoom is beneficial to some Class Members, the value is limited and not a "substantial enhancement."

Second, even if one assumed that the Objectors "substantially enhanced" the benefits to the Settlement Class, they both fail to establish their lodestar to obtain such benefits, as was their burden.  Neither attempts to segregate their time, and instead both merely include *all of their time in this case*, including time spent pursuing meritless objections, appeals, and even filing their motion for attorneys' fees.  Based on the law cited above, the Court should reject any time that was not reasonably expended for the benefits obtained.

Third, even if one assumed the Objectors "substantially enhanced" the benefits and properly segregated their time in their lodestar, the Court should discount that lodestar with a significant, negative multiplier given the relevant factors.  Here, a downward adjustment is warranted given the limited benefits obtained for the Settlement Class, the questionable quality of representation (including filing late and improper objections), and the lack of complexity or novelty presented by the objections.

Finally, because the Objectors also failed to show how they substantially enhanced the benefits to the Settlement Class, they should not receive incentive awards.  Indeed, only Cohen even bothered to submit a declaration and she failed to describe any efforts or time spent on this case, much less tied to the settlement relief.  Rather, the Objectors' argument seems to be that because the Plaintiffs received incentive awards they should too.  However, Plaintiffs devoted years to this action, pursuing claims, responding to extensive discovery, and assisting settlement discussions that resulted in a substantial monetary recovery for millions of Class Members.  Conversely, it is unclear what any of the Objectors did in this case.  Because they failed to support their request for an incentive award, it should be denied.

## IV. CONCLUSION

The Court should not award attorneys' fees to Objectors' counsel or incentive awards to Objectors who did not substantially enhance the benefits to the Settlement Class.  In the event the Court determines that awards are appropriate, they should be based on the limited nature of relief obtained for the Class and the minor amount of time spent to obtain such relief.

Dated: January 11, 2023

**COTCHETT, PITRE & MCCARTHY, LLP**

By: */s/ Mark Molumphy*
    Mark Molumphy (SBN 168009)

*Attorneys for Plaintiffs*

**AHDOOT & WOLFSON, PC**

By: */s/ Tina Wolfson*
    Tina Wolfson (SBN 174806)

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Memorandum in Opposition to Objectors' Motion for Fees and Incentive Awards.  Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

Dated: January 11, 2023

/s/ Mark C. Molumphy
Mark C. Molumphy