UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To:<br>    ALL ACTIONS. | Case No. 20-cv-02155-LB<br><br>**ORDER DENYING OBJECTORS' MOTIONS FOR ATTORNEY'S FEES AND INCENTIVE AWARDS**<br><br>Re: ECF Nos. 262, 263 |

## INTRODUCTION

In this class action against Zoom Video Communications, the plaintiffs alleged that Zoom improperly shared their data through third-party software-development kits from companies such as Facebook and Google, claimed to have end-to-end encryption when it did not, and failed to prevent "Zoombombing" (disruptions of Zoom meetings by third-party actors).[1] The parties settled the case, and the court approved the settlement over the objections of several class members.[2] Two appeals were filed: one by objectors Alvery Neace and Sammy Rodgers and one

---

[1] Second Am. Compl. (SAC) – ECF No. 179 at 3–5 (¶¶ 4–9). Record citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] Settlement Agreement, Ex. 1 to Wolfson & Molumphy Decl. in Supp. of Mot. for Prelim. Approval – ECF No. 191-1 at 2–36; Objs. – ECF Nos. 206–08, 220, 224–25, 227–28, 232; Order – ECF No. 249.

ORDER – No. 20-cv-02155-LB

by objector Judith Cohen.[3] The parties then settled with those objectors, agreeing in exchange for withdrawal of the objections to improve the class settlement and allow the appealing objectors to apply for attorney's fees, costs, and incentive awards.[4] The court approved the two objector settlements and the modified class settlement after the Ninth Circuit remanded for that purpose.[5]

The settling objectors then moved for attorney's fees, costs, and incentive awards.[6] The motions are denied because the settling objectors did not substantially enhance the class settlement's benefits to the class.

## STATEMENT

The two settlements with the objectors addressed their original objections, as follows. (Capitalized terms are defined in the settlement agreement with the class.)

The Neace/Rodgers settlement "facilitate[s] the claims and distribution process."[7] The parties' previous motion for an indicative ruling summarized the changes:

| Rodgers and Neace Objection Argument | Agreed Procedure to Settle Objection |
|---|---|
| Settlement Administrator should notify claimants if their check is returned by the post office. (ECF No. 228 at 13–14) | For returned checks from Settlement Class Members, the Settlement Administrator will run address correction, check forwards, and send payments to the corrected addresses when possible. (Rodgers/Neace Settlement Agreement ¶ 2(b).)<br><br>For returned checks from Settlement Class Members, the Settlement Administrator will also notify such claimants via email to update their address. (Rodgers/Neace Settlement Agreement ¶ 2(c).) |

---

[3] Notices of Appeal – ECF Nos. 251–52.

[4] Rodgers & Neace Settlement Agreement, Ex. A to Wolfson & Molumphy Decl. in Supp. of Mot. for Indicative Ruling – ECF No. 255-2; Cohen Settlement Agreement, Ex. B to *id.* – ECF No. 255-3.

[5] Order – ECF No. 257; 9th Cir. Order – ECF No. 258; Order – ECF No. 261; 9th Cir. Order – ECF No. 265.

[6] Mots. – ECF Nos. 262–63.

[7] Wolfson & Molumphy Decl. in Supp. of Mot. for Indicative Ruling – ECF No. 255-1 at 2 (¶ 5); Rodgers & Neace Settlement Agreement, Ex. A to *id.* – ECF No. 255-2 at 4–5 (¶ 2); Roth Decl. – ECF No. 263-1 at 2 (¶ 16).

| | |
|---|---|
| A normal business (#10) envelope should be used to send settlement checks. (ECF No. 228 at 13.) | The Settlement Administrator will mail the checks issued pursuant to the Settlement Agreement to eligible Settlement Class Members via USPS first class mail, in a number 10 business envelope. (Rodgers/Neace Settlement Agreement ¶ 2(a).) |
| 90 days is not sufficient time to cash settlement checks. (ECF No. 228 at 14–15.) | Zoom and Plaintiffs will amend the Settlement Agreement (§§ 2.5(c)–(e)) to extend the deadline for Settlement Class Members to cash a settlement check by 30 days, from 90 days to 120 days. (Rodgers/Neace Settlement Agreement ¶ 2(d).) |
| Address change form should be easier to locate. Settlement Administrator should provide confirmation/receipt for address change when made. (ECF No. 228 at 16–17.) | The Settlement Administrator will include a link to the form for Settlement Class Members to change their contact information on the home page of the Settlement Website, with a statement that the form can be used to update email addresses, mailing addresses, or both, and with directions on how to include all current contact information, including mailing and email addresses. The Settlement Administrator will also send an email to Settlement Class Members completing the form, confirming their updated contact information. (Rodgers/Neace Settlement Agreement ¶ 2(e).)[8] |

The Cohen settlement provides for a "limitation [on] the scope of the release."[9] Specifically, the parties agreed to add a new Section 8.3 to the Settlement Agreement that excludes certain claims by licensed professionals from the settlement's release:

> Releasing Parties do not hereby release claims against Zoom by a state-licensed professional (a "Professional") for indemnification or contribution against Zoom for damages or losses sustained by that Professional for a Breach of a Confidentiality Claim. "Breach of Confidentiality Claim" herein means a claim brought in a lawsuit or arbitral proceeding against the Professional by a patient or client for breach of a confidentiality obligation that (i) is imposed by (a) written contract between the Professional and patient or client related to the provision of professional services to the patient or client or (b) federal or state statute that specifically confers an obligation of confidentiality on the Professional

---

[8] Mot. for Indicative Ruling – ECF No. 255 at 4–5.

[9] Wolfson & Molumphy Decl. in Supp. of Mot. for Indicative Ruling – ECF No. 255-1 at 2 (¶ 5).

communications, and (ii) is predicated on an allegation that the encryption Zoom employed was not end-to-end encryption when the Professional understood Zoom to have been employing end-to-end encryption.[10]

In exchange for the changes to the class settlement and the opportunity to apply for attorney's fees, costs, and incentive awards, the settling objectors agreed to release their objections and dismiss their appeals with prejudice. If granted, their attorney's fees, costs, and incentive awards are to be paid from the court's prior award of attorney's fees to Class Counsel.[11]

All parties consented to magistrate-judge jurisdiction.[12] (The settling objectors need not separately consent because named class members' consents are on behalf of all unnamed class members. *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1077 (9th Cir. 2017).) The court held a hearing on February 9, 2023.

## ANALYSIS

### 1. Jurisdiction

After the settling objectors filed their motions, unnamed class member Alfred Gonzalez filed a notice of appeal of the court's order approving the changes to the class settlement.[13] "[T]he filing of a notice of appeal generally divests the trial court of jurisdiction." *See, e.g.*, *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003). But the court can decide "a request for attorney's fees attributable to the case" despite a pending appeal. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988); *see Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1145 (9th Cir. 2000) (the same rule applies in the class-action-settlement context) (citing *Budinich*, 486 U.S. at 202–03). Thus, the court has jurisdiction to decide the present motions.

---

[10] Cohen Settlement Agreement, Ex. B to Wolfson & Molumphy Decl. in Supp. of Mot. for Indicative Ruling – ECF No. 255-3 at 4 (¶ 2).

[11] Rodgers & Neace Settlement Agreement, Ex. A to Wolfson & Molumphy Decl. in Supp. of Mot. for Indicative Ruling – ECF No. 255-2 at 3–4 (¶ 1.2), 5 (¶¶ 3–4); Cohen Settlement Agreement, Ex. B to *id.* – ECF No. 255-3 at 3–4 (¶ 1.2), 5 (¶¶ 3–4).

[12] Joint Consent – ECF No. 211.

[13] Order – ECF No. 261; Notice of Appeal – ECF No. 268.

2. **Legal Standard**

Any "payment or other consideration . . . provided in connection with . . . withdrawing an objection" to a class-action settlement must be approved by the court. Fed. R. Civ. P. 23(e)(5)(B)(i). That consideration can be in the form of incentive awards for objectors and/or attorney's fees and costs for their counsel. *See, e.g.*, *Fraley v. Facebook, Inc.*, No. C 11-1726 RS, 2014 WL 806072, at *1 (N.D. Cal. Feb. 27, 2014).

The consideration can be approved only if the objector "substantially enhanced the benefits to the class under the settlement." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) ($325,000 increase to the settlement fund was a substantial enhancement); *Fraley*, 2014 WL 806072, at *1–2. This is "a mark [that] few objectors hit." 5 Newberg & Rubenstein on Class Actions § 15:60 & n.15 (6th ed. 2022) (collecting cases in this circuit).

"The 'substantial benefit' need not be financial," but if it is not, "the court must carefully scrutinize the benefits conferred" to determine whether they are more than "technical or coincidental." *In re HP Inkjet Printer Litig.*, No. 05-cv-03580-JF, 2011 WL 2462475, at *1 (N.D. Cal. June 20, 2011); *In re Leapfrog Enters., Sec. Litig.*, No. 03-cv-05421-RMW, 2008 WL 5000208, at *3 (N.D. Cal. Nov. 21, 2008) ("Courts have generally taken special care when awarding fees to an objector where no monetary benefit has been provided to the class."). Also, "minor procedural changes in the settlement agreement" do not qualify as a substantial enhancement. *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012) (cleaned up). But if, for example, an objector clarifies the scope of the settlement's release, it might be a substantial benefit. *Kurihara v. Best Buy Co.*, No. 06-cv-01884-MHP (EMC), 2010 WL 11575583, at *3 (N.D. Cal. June 7, 2010), *R. & R. adopted*, No. 06-cv-01884-MHP (EMC), 2010 WL 11575584 (N.D. Cal. July 6, 2010).

Aside from the requirement of a substantial enhancement, there are other limits on objectors' and their counsel's entitlement to consideration. The benefit conferred by the objector must be "worth more than the fee [the objector is] seeking." *Fraley*, 2014 WL 806072, at *2. "[W]here objectors do not add any new legal argument or expertise," or "do not participate constructively in

ORDER – No. 20-cv-02155-LB        5

the litigation," no fees should be awarded. *Rodriguez*, 688 F.3d at 659. And fees should not be awarded "to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit [on] the class." *Id.* at 658–59.

If the foregoing requirements are met, the amount of the fee award for objector counsel is a matter for the court's discretion. *Id.* at 653. Fees should be evaluated "on the same equitable principles as [fees for] class counsel." *Id.* at 658. Thus, courts may calculate the fees under either the "lodestar" or "percentage" methods. *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). The percentage calculation is based on a percentage of the benefits the objector conferred on the class, and the Ninth Circuit's "benchmark" award is twenty-five percent. *Kurihara*, 2010 WL 11575583, at *3 (awarding 29.9% where the benefit conferred was $52,335). The lodestar calculation is used "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1127 (9th Cir. 2002) (cleaned up).

That said, courts' awards to objector counsel "tend to be lodestar-based." 5 Newberg & Rubenstein on Class Actions § 15:94 & n.6 (6th ed. 2022) (citing *In re Riverstone Networks, Inc.*, 256 F. App'x 168, 170 (9th Cir. 2007)). Often, this is because "the objections generated no quantifiable monetary reward for the class." *Id.* & n.24 (collecting cases in this circuit). And even where the benefit was monetary, "a percentage approach is often likely to embody a windfall; this can be avoided if the court cross-checks the percentage award with objector counsel's lodestar." *Id.* & n.28. "Courts using the lodestar method typically decline to apply a [positive] multiplier[.]" *Id.* & n.25 (citing *Rodriguez v. W. Publ'g Corp.*, 602 F. App'x 385, 387 (9th Cir. 2015)); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-cv-05634-CRB, 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015) (applying a slightly negative multiplier).

"[T]he proper procedure" for approval of a payment to objector counsel "is by motion under Rule 23(h) for an award of fees." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments. Objector counsel "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Wininger*, 301 F.3d at 1126.

3. **Application**

First, Judith Cohen moves for $77,153 in attorney's fees, $847 in costs, and an incentive award of $1,000.[14] The threshold issue is whether Cohen "substantially enhanced the benefits to the class." *Vizcaino*, 290 F.3d at 1051–52. Cohen achieved a narrower release and argues that "[c]ourts in this Circuit recognize that narrowing the scope" of a release is a substantial enhancement.[15] The plaintiffs oppose the request and contend that Cohen achieved only a "narrow" exception to the release, relevant only "in the (unlikely) future event that professional Zoom users are sued by their clients for a breach of confidentiality relating to a Zoom meeting."[16]

Cohen enhanced the benefits to the class, but not substantially. The scope-of-release cases where objectors achieved a substantial enhancement are distinguishable because those objectors caused overbroad releases to be limited to the facts alleged in the operative complaint. *See, e.g.*, *Marshall v. Northrop Grumman Corp.*, No. 16-cv-06794-AB-JCX, 2020 WL 5668963, at *1–4 (C.D. Cal. Sept. 18, 2020). That sort of release clarification applies to the entire class, transforms the release, and corrects "problematic language that could have rendered the [settlement] agreement subject to appeal and reversal." *Id.*; *see also Hendricks v. Starkist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *15 (N.D. Cal. Sept. 29, 2016) (objectors who "ensur[ed] that the scope of the settlement's release was narrowly tailored to the claims in [the] action" alerted the court to "crucial flaws in the release language" that "made the [s]ettlement vulnerable to legal challenges"); *Kurihara*, 2010 WL 11575583, at *1–3 (same); *In re Sony PS3 "Other OS" Litig.*, No. 10-cv-01811-YGR, 2018 WL 2763337, at *2 (N.D. Cal. June 8, 2018) (objector pointed out multiple problems with the settlement, including "an overbroad release"). By contrast, here the amendment to the release affects only a narrow subset of the class and addresses an issue too insubstantial to make the settlement vulnerable to reversal on appeal. Cohen's motion is thus denied.

---

[14] Mot. – ECF No. 262 at 2.

[15] *Id.* at 7–9; Reply – ECF No. 267 at 2–3.

[16] Opp'n – ECF No. 266 at 9.

Second, Alvery Neace and Sammy Rodgers move for $47,395 in attorney's fees, $505 in costs, and incentive awards of $1,000 each.[17] They contend that they addressed a "chronic problem" in class-action settlements: unclaimed payments. Allegedly as a result of their objection, (1) the settlement website was modified to make it easier for class members to update their mailing and email addresses, (2) for returned checks, the settlement administrator will email the class member and run address correction to obtain an updated address, (3) checks will be sent in standard envelopes rather than "a cardboard [tear-off] that is ordinarily discarded as advertising," and (4) class members will have 120 rather than 90 days to cash checks.[18] The plaintiffs again oppose the request and describe these settlement changes as "limited, technical enhancements to the claims administration process relating to the narrow set of Class Members electing to receive their distributions by mailed checks."[19]

Neace and Rodgers did not achieve a substantial enhancement of the settlement's class benefits. Several of the changes they caused are only "technical or coincidental." *In re HP Inkjet Printer Litig.*, 2011 WL 2462475, at *1. Before the Neace/Rodgers settlement, the settlement administrator already planned to (1) "run address correction" for returned checks and resend them and (2) use Number 10 business envelopes, "which is the industry practice."[20] Furthermore, the Neace/Rodgers changes are "minor [and] procedural." *Rodriguez*, 688 F.3d at 658; *see In re Sony PS3 "Other OS" Litig.*, 2018 WL 2763337, at *2 (objector achieved substantial enhancement where, among other changes to the settlement, he "vastly improved the claims rate"); *In re Homestore.com, Inc.*, No. 01-cv-11115-RSWL (CWX), 2004 WL 2792185, at *1 (C.D. Cal. Aug. 10, 2004) (substantial enhancement where the objector caused the court to "order[] that the class be re-noticed, on a finding that a . . . substantial portion of the class would not have received timely notice"); *Fleury v. Richemont N. Am., Inc.*, No. 05-cv-04525-EMC, 2008 WL 4829868, at *11 (N.D. Cal. Nov. 4, 2008) (a supplemental notice was not a substantial benefit because even if

---

[17] Mot. – ECF No. 263 at 2.

[18] *Id.* at 2–7; Reply – ECF No. 267 at 3–4.

[19] Opp'n – ECF No. 266 at 9.

[20] Azari Suppl. Decl. in Supp. of Mot. for Final Approval – ECF No. 231-1 at 8 (¶ 19(g)).

ORDER – No. 20-cv-02155-LB                 8

it "generated additional opt outs," it "did not affect the terms of the final settlement"). Neace and Rodgers' motion is thus denied.

## CONCLUSION

The court denies the settling objectors' motions for attorney's fees, costs, and incentive awards. This resolves ECF Nos. 262 and 263.

**IT IS SO ORDERED.**

Dated: February 23, 2023

_____
LAUREL BEELER
United States Magistrate Judge