MARK C. MOLUMPHY (SBN No. 168009)
mmolumphy@cpmlegal.com
TYSON C. REDENBARGER (SBN No. 294424)
tredenbarger@cpmlegal.com
ELLE D. LEWIS (SBN No. 238329)
elewis@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT R. AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
THEODORE MAYA (SBN 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ZOOM VIDEO COMMUNICATIONS, INC. PRIVACY LITIGATION<br><br>This Document Relates To:<br><br>    All Actions | Case No. 3:20-cv-02155-LB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPEAL BOND; MEMORANDUM IN SUPPORT**<br><br>Judge:    Hon. Laurel Beeler<br>Date:     April 27, 2023<br>Time:     9:30 a.m.<br>Location: Courtroom B, 15th Floor |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 27, 2023, at 9:30 a.m., or as soon as thereafter as this matter may be heard,[1] Plaintiffs Caitlin Brice, Heddi N. Cundle, Isabelle Gmerek, Cynthia Gormezano, Kristen Hartmann, M.F. and his parent Therese Jimenez, Lisa T. Johnston, Oak Life Church, Saint Paulus Lutheran Church and Stacey Simins ("Plaintiffs") will appear, through counsel, before the Honorable Laurel Beeler in Courtroom B, 15th floor of the United States District Court for the Northern District of California, San Francisco Division, located at the United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, and move this Court pursuant to Federal Rule of Appellate Procedure 7 for entry of an order requiring the Objector and Appellant Alfred Gonzalez to post an appeal bond in the amount of $316,693, consisting of:

1. $8,500 in taxable costs on this appeal; and
2. $308,193 in administrative costs expected to be incurred by the Claims Administrator while the appeal is pending.

This Motion is based upon (i) this Notice of Motion; (ii) Plaintiffs' Memorandum of Points and Authorities in support thereof; (iii) the Declarations of Brian Young (Settlement Administrator) and Mark Molumphy and Tina Wolfson (Class Counsel) filed concurrently herewith; (iv) the record in this case; and (v) any oral argument that may be presented to the Court and any evidence submitted in connection therewith.

Dated: March 10, 2023

By: /s/ Mark C. Molumphy
MARK C. MOLUMPHY

**COTCHETT, PITRE & McCARTHY, LLP**
Mark C. Molumphy
Tyson C. Redenbarger
Elle D. Lewis
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000
Facsimile: 650.697.0577
mmolumphy@cpmlegal.com
tredenbarger@cpmlegal.com
elewis@cpmlegal.com

---

[1] Given the urgency, Plaintiffs are contemporaneously filing a motion for shorten time, requesting the Court to either decide Plaintiffs' motion without hearing or advance the hearing date.

By: /s/ Tina Wolfson
TINA WOLFSON

**AHDOOT & WOLFSON, P.C.**
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
tmaya@ahdootwolfson.com

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

Page

I. STATEMENT OF ISSUE TO BE DECIDED ...................................................................... 1

II. INTRODUCTION .................................................................................................................. 1

III. ARGUMENT ......................................................................................................................... 2

    A. Legal Standard ............................................................................................................ 2

    B. Application .................................................................................................................. 3

        1. Factor One: Gonzalez is Financially Able to Post a Bond ................................... 3

        2. Factor Two: There is a Significant Risk of Non-Payment ................................... 4

        3. Factor Three: Gonzalez' Appeal Lacks Merit ..................................................... 5

        4. Factor Four: Evidence of Bad Faith or Vexatious Conduct ................................ 6

        5. The Court Should Impose an Appeal Bond of $316,693 ..................................... 6

            a. Taxable Costs Under Rule 39 ..................................................................... 6

            b. Claims Administrative Costs Due to Delayed Distribution to Class ......... 7

IV. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Azizian v. Federated Dep't Stores, Inc.*
  499 F.3d 950 (9th Cir. 2007) .................................................................................................. 5

*Dennings v. Clearwire Corp.*
  928 F. Supp. 2d 1270 (W.D. Wash. 2013) ...................................................................... 5, 6, 7

*Embry v. Acert America Corp.*
  2012 WL 2055030 (N.D.Cal. June 5, 2012) ........................................................................ 3, 4

*Fleury v. Richemont N. Am., Inc.*
  2008 WL 4680033 (N.D.Cal. Oct. 21, 2008) .................................................................. 2, 3, 4

*Gemelas v. Dannon Co.*
  2010 WL 3703811 (N.D. Ohio Aug. 31, 2010) ...................................................................... 3

*In re Anthem, Inc. Data Breach Litig.*
  327 F.R.D. 299 (N.D. Cal. 2018) ............................................................................................ 5

*In re Broadcom Corp. Sec. Litig.*
  WL 8152912 (C.D. Cal. Dec. 5, 2005) .................................................................................... 6

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*
  2003 WL 22417252 (D. Me. Oct. 7, 2003) ............................................................................. 6

*In re Hydroxycut Mktg. & Sales Practices Litig.*
  2013 WL 5275618 (S.D. Cal. Sept. 17, 2013) ......................................................................... 2

*In re Initial Pub. Offering Sec. Litig.*
  728 F. Supp. 2d 289 (S.D.N.Y. 2010) ................................................................................. 2, 6

*In re MagSafe Apple Power Adapter Litig.*
  2012 WL 2339721 (N.D. Cal. May 31, 2012) ......................................................................... 3

*In re Netflix Privacy Litig.*
  2013 WL 6173772 (N.D. Cal. Nov. 25, 2013) .................................................................. 2, 3, 4

*In re Pharm. Indus. Average Wholesale Price Litig.*
  520 F. Supp. 2d 274 (D. Mass. 2007) ...................................................................................... 2

*Miletak v. Allstate Ins. Co.*
  2012 WL 3686785 (N.D. Cal. Aug. 27, 2012) .................................................................. 2, 3, 6

*Schulken v. Washington Mut. Bank*
  2013 WL 1345716 (N.D. Cal. Apr. 2, 2013) ........................................................................... 6

*Shaffer v. Cont'l Cas. Co.*
  362 F. App'x 627 (9th Cir. 2010) ............................................................................................ 5

**Other Authorities**

Manual for Complex Litigation § 21.643 (4th ed.) ................................................................................. 2

**Rules**

F.R.A.P. 39 ........................................................................................................................................ 5, 6

F.R.A.P. 7 .......................................................................................................................................... 2, 5

## I. STATEMENT OF ISSUE TO BE DECIDED

1. Whether the Court should require Objector and Appellant Alfred Gonzalez to file a bond pursuant to Rule 7 of the Federal Rules of Appellate Procedure, to ensure repayment of the considerable expenses that the Class will accrue while his appeal, premised on demonstrably frivolous grounds, is resolved.

## II. INTRODUCTION

Objector and Appellant Alfred Gonzalez ("Gonzalez") seems intent on holding this historic class action hostage, regardless of the costs incurred by the Settlement Class during his pending appeal. The Court should impose a bond to ensure that these expenses are repaid.

This Court previously approved Plaintiffs' settlement with Zoom (ECF No. 249), which will provide $85 million in cash and extensive injunctive relief to Settlement Class Members.[2] Over 1 million Settlement Class Members made claims, which were vetted by the Claims Administrator and now sit waiting for distribution.

Unfortunately, distribution was delayed by two appeals filed by objectors. ECF Nos. 251, 252. Plaintiffs reached settlements with both objectors and, on December 16, 2022, this Court approved the settlements. ECF No. 261. There were no objections to the settlements. Once again, the Claims Administrator readied the settlement funds to be distributed.

However, on January 13, 2023, on the eve of distribution, Gonzalez filed a notice of appeal challenging this Court's approval of the objector settlements and claiming that a new round of notice and opt outs should have been provided. ECF No. 268. Gonzalez' appellate grounds are frivolous and contrary to established Ninth Circuit law. Gonzalez also had no standing to appeal, having failed to object or intervene in the case, let alone establish that he was a member of the Settlement Class. Gonzalez did not even pay the required filing fees. There is also indicia of possible bad faith, including evidence indicating that Gonzalez is a resident of Nicaragua and a past client of J. Allen Roth, the same attorney who represented one of the original objectors and whose Motion for Fees was denied. To date, Gonzalez has ignored Plaintiffs' efforts at contact and refused to withdraw his appeal, delaying distribution to the Class.

---

[2] The Settlement Agreement also provides for injunctive relief, including over a dozen major changes to Zoom's practices designed to improve security and safeguard consumer data. Dkt. 249 at 6.

Accordingly, Plaintiffs now seek a bond to ensure that Gonzalez repays the considerable costs that will accrue while this case is delayed on appeal. As discussed below, each of the relevant factors overwhelmingly support a bond here.

### III.  ARGUMENT

**A.  Legal Standard**

Federal Rule of Appellate Procedure 7 ("Rule 7") governs appeal bonds. Rule 7 reads, in relevant part, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, 2008 WL 4680033, at *6 (N.D.Cal. Oct. 21, 2008) (citations omitted). The trial court may exercise discretion in regards to the need for a bond, as well as the bond amount. *Id*.

In the class action context, when faced with objectors threatening to delay distribution of a settlement based on a meritless appeal, district courts routinely require the objectors to post bonds. *See Miletak v. Allstate Ins. Co.*, 2012 WL 3686785, at *2 n. 4 (N.D. Cal. Aug. 27, 2012) (approving bond and noting that "the appeal will require class members and counsel to wait 'approximately two years'" to resolve)*; In re Netflix Privacy Litig.*, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013); *In re Pharm. Indus. Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 277-78 (D. Mass. 2007) ("requiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers"); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) ("I concur with the numerous courts that have recognized that professional objectors undermine the administration of justice by disrupting the settlement in hopes of extorting a greater share of the settlement for themselves and their clients . . . Thus, the Objectors are required to file an appeal bond to secure payment of costs on appeal.") (footnote omitted) (collecting cases). "Some objections, [] are made for improper purposes, and benefit only the objectors and their attorneys (e.g., by seeking additional compensation to withdraw even ill-founded objections). An objection even of little merit, can be costly and significantly delay implementation of a class settlement.'" *In re*

*Hydroxycut Mktg. & Sales Practices Litig.*, 2013 WL 5275618, at *5 fn.3 (S.D. Cal. Sept. 17, 2013) (quoting Manual for Complex Litigation § 21.643 (4th ed.))

District courts have articulated several relevant factors in imposing a bond: "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal." *Embry v. Acert America Corp.*, 2012 WL 2055030, at *1 (N.D.Cal. June 5, 2012). Similarly, courts have considered "whether there is any evidence of bad faith or vexatious conduct." *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1271 (W.D. Wash. 2013). As detailed below, all of these factors support imposing a bond on Gonzalez here.

**B.    Application**

**1.    Factor One: Gonzalez is Financially Able to Post a Bond**

The first factor – ability to pay – is satisfied where there is "no indication that [a party] is financially unable to post bond." *Fleury*, 2008 WL 4680033, at *7.

Here, Gonzalez (according to filings he made with the Ninth Circuit) paid all filing and docketing fees after filing his notice of appeal and did not seek a waiver (*see* Case No. 23-15103; ECF No. 4), demonstrating his ability to pay a bond here. *See Gemelas v. Dannon Co.*, 2010 WL 3703811, *2 (N.D. Ohio Aug. 31, 2010) (objector who paid "$450 to file an appeal . . . has the funds to appeal class action settlements" and served as evidence of financial ability to pay appeal bond).

Even if Gonzalez claimed financial hardship, which he did not, he would have the burden to provide actual evidence of his inability to pay. *See Miletak,* 2012 WL 3686785, at *2 n.4 (N.D. Cal. Aug. 27, 2012) ("Thus, insofar as Objector [] has 'submitted no financial information to indicate that she is financially unable to post a bond,' this factor weighs in favor of imposing a bond."); *Netflix*, 2013 WL 6173772, at *3 (N.D. Cal. Nov. 25, 2013) ("Here, while Objectors contend that the appeal bond would be burdensome, they do not provide any evidence indicating a financial inability to pay. As such, the Court finds that this factor weighs in favor of requiring an appeal bond.").

Finally, even if there was evidence of hardship, "the significant risk of non-payment of costs and the lack of merit in Objectors' appeals" can nonetheless tip this factor in favor of requiring a bond. *In re MagSafe Apple Power Adapter Litig.*, 2012 WL 2339721, *2 (N.D. Cal. May 31, 2012). As

NOTICE OF MOT. AND MOT FOR APPEAL BOND; MPA IN SUPPORT
CASE NO. 3:2-CV-02155-LB                                                                            3

discussed below, there is significant risk of non-payment and Gonzalez' appeal is demonstrably lacks merit; thus, even evidence of hardship should not deter requiring a bond here.

### 2. Factor Two: There is a Significant Risk of Non-Payment

In considering the risk of non-payment, district courts consider the residence of an appellant, noting that it is more difficult to collect or enforce a judgment when the appellant is located in another state or area of the country. *Fleury*, 2008 WL 84680033, at *7 ([objector] "is not a resident of California, nor does she reside in a state within the Ninth Circuit, which arguably would make it more difficult for the Settling Parties to collect their costs should they prevail on the appeal. This factor weighs in favor of a bond."); *Embry*, 2012 WL 2055030, at *1 ("With regards to the second factor – the difficulty of collecting payment post-appeal – Objector Cannata resides outside of the jurisdiction of the Ninth Circuit, which also weighs in favor of requiring a bond."); *Netflix*, 2013 WL 6173772, at *3 (recognizing difficulty and risk in collecting costs from out-of-state appellants).

Here, Gonzalez does not reside in California or within the jurisdiction of the Ninth Circuit. To the contrary, he provided a Chicago, Illinois post office box as his mailing address on his Notice of Appeal (ECF No. 268), and then supposedly mailed his filing fees from a different shipping company in West Palm Beach, Florida. Documents subpoenaed from his P.O. Box address included an application and identification card with a Nicaraguan home address, and affiliation with Beacon Redevelopment located in Managua, Nicaragua. Joint Declaration of Mark Molumphy and Tina Wolfson ("Joint Decl.") at ¶3. Thus, if Gonzalez does not prevail on his appeal and then refuses to pay any costs awarded, Plaintiffs and the Settlement Class would be unable to use this Court to seek relief and, instead have to travel to Illinois, Florida or Nicaragua, even assuming that he lives there (which has not established either). Accordingly, Gonzalez's out-of-state residence "weighs in favor of requiring a bond." *Embry*, 2012 WL 2055030 at *1.

In addition, Gonzalez previously failed to pay his own appellate costs in this case, including the docketing fees owed with his Notice of Appeal. It was only after this Court and the Ninth Circuit sent multiple notices, and Plaintiffs filed a motion to dismiss for non-payment, that Gonzalez responded and claimed that he was paying his own fees.

### 3. Factor Three: Gonzalez' Appeal Lacks Merit

The third factor – the merits of the underlying appeal – weighs in favor of imposing a bond, particularly where the same arguments had previously been rejected by the same court. *See Embry*, 2012 WL 2055030, at *1 (factor satisfied where objector's arguments regarding claims process and excessive attorney fees had been considered and rejected at approval stage); *Fleury*, 2008 WL 4680033, at *8 (factor satisfied where "the Court ha[d] considered each of objections and found them meritless."); *Netflix*, 2013 WL 6173772, at *3 (factor satisfied where court had previously considered and rejected "the merits of the objections").

Here, Gonzalez's appeal challenges the Court's approval of the objector settlements without requiring that the Plaintiffs first provide (and pay for) a new round notice to the Settlement Class and a new opportunity to opt out from the Settlement. ECF No. 268. These appellate grounds are frivolous on their face, and this Court previously considered and rejected the same argument in its order approving the objector settlements, finding (correctly) that another round of notice and a further opportunity to opt out was unnecessary because the objector settlements *benefited* the Settlement Class. ECF No. 261. This Court's holding was consistent with established law. *See, e.g.*, *Shaffer v. Cont'l Cas. Co.*, 362 F. App'x 627, 631 (9th Cir. 2010) (changes to release in settlement after class members received notice did not render notice inadequate or require new notice since the narrowed scope of release made the settlement more beneficial to class members); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) ("[W]hen the modification makes the settlement more valuable to the class, courts have routinely concluded that notice is unnecessary. . . The rationale is that class members who received adequate notice of the original settlement and decided not to opt out would not opt out of a more-favorable settlement.") (collecting cases). Gonzalez's Notice of Appeal fails to cite any supporting authority for his position, and it is patently meritless.

Moreover, as this Court previously raised on its own (ECF No. 272), there is no showing how Gonzalez even has standing to pursue an appeal. Gonzalez never established that he is a Settlement Class Member and filed his appeal without first objecting to the Settlement or moving to intervene in the case. This factor weighs heavily in favor of a bond.

### 4. Factor Four: Evidence of Bad Faith or Vexatious Conduct

There is also evidence of possible bad faith or vexatious conduct, warranting a bond. *Demmings*, 928 F.Supp.2d at 1271. As noted above, it does not appear that Gonzalez has a good faith basis to pursue an appeal, having failed to establish any standing as a member in the Settlement Class, object to the underlying settlements with the objectors, or intervene in the action. Moreover, Gonzalez may be affiliated with a Colorado corporation, Hotels and Stuff Inc., a client of J. Allen Roth – the same attorney who represented one of the objectors in this case and whose Motion for Fees was denied by the Court. Joint Decl. ¶4. Plaintiffs intend to conduct further discovery to determine the connection, if any, between Gonzalez and Roth, but it would certainly be troubling to learn of a connection given that Gonzalez is pursuing an appeal and challenging approval of a settlement negotiated by Roth.

### 5. The Court Should Impose an Appeal Bond of $316,693

#### a. Taxable Costs Under Rule 39

Rule 7 allows courts to impose a bond for "costs on appeal" but does not define costs. Fed. R. App. P. 7. Courts have interpreted "costs" broadly" in the context of class settlements to include both taxable costs and the increased expenses in settlement administration. *Dennings*, 928 F. Supp. 2d at 1272. Here, an appeal bond properly includes both an appellee's expected taxable costs and additional class administrative costs.

With respect to taxable costs, the Ninth Circuit has held that Rule 7 costs incorporate the costs listed in Federal Rule of Appellate Procedure 39. *See Azizian v. Federated Dep't Stores, Inc*., 499 F.3d 950, 958 (9th Cir. 2007). Rule 39(e) lists as taxable costs: (1) preparation and transmission of the record; (2) the reporter's transcript, if necessary; (3) any premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the filing fee for the notice of appeal. Fed. R. App. P. 39(e). Courts routinely approve estimates in excess of $5,000 for these costs—in cases and settlements far less complex than here. *See, e.g., Schulken v. Washington Mut. Bank*, 2013 WL 1345716, at *6 (N.D. Cal. Apr. 2, 2013) (requiring objector to post $5,000 for taxable costs); *Miletak,* 2012 WL 3686785, at *2 (imposing appeal bond that included $10,000 in Rule 39 taxable costs); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010) (granting motion for appeal bond that included $25,000 in taxable costs).

Here, based on recent experience in the Ninth Circuit, Plaintiffs expect that taxable expenses related to printing, photocopying, preparing and serving the appeal record, and responding to the appellate brief will be substantial and at least $8,500.  Joint Decl. at ¶ 5.

### b. Claims Administrative Costs Due to Delayed Distribution to Class

The bond should also include the administrative costs incurred by Plaintiffs and the Class due to the longer settlement administration during the appeal period.  *Miletak*, 2012 WL 3686785, at *2 (including "administrative costs" in the amount of appeal bond, including costs incurred "to continue to service and respond to class members' needs pending the appeal."); *Dennings, supra,* 928 F. Supp. 2d at 1272;  ("courts have including increased expenses in settlement administration and administrative costs in appeal bond); *In re Compact Disc Minimum Advertised Price Antitrust Litig.,* 2003 WL 22417252, *1 (D. Me. Oct. 7, 2003) (holding that "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond"); *In re Broadcom Corp. Sec. Litig.*, WL 8152912, at *3 (C.D. Cal. Dec. 5, 2005) ($517,700 bond included the administrative costs of "updating address and other information needed to remain in contact with Class members, locating lost Class members, sending notices to Class members to apprise them of Objector's appeal and keep them informed about the status of the appeal, paying monthly fees for maintaining the website created to inform Class members, and providing phone support to answer inquiries from the Class members").

The Court-approved Claims Administrator in this case, Epiq, has confirmed that it will continue to incur similar administrative costs pending the resolution of this appeal, including to maintain and administer the Settlement Website and toll-free phone number, answer questions from class members, manage and file taxes for the settlement fund escrow account, and pay monthly storage costs.  Epiq estimates that the costs to be approximately $23,348.  Declaration of Brian Young at ¶¶3–4.  Thus, based on the average disposition time for a civil appeal in the Ninth Circuit of 13.2 months, Plaintiffs and the Class will have to pay $308,193 in additional expenses because of this delay.[3]  *Dennings, supra,* 928 F. Supp. 2d at 1272 (bond which multiplied the expected monthly administrative costs by median length of Ninth Circuit disposition was "a sound methodology that is supported by evidence.").

---

[3] *See* United States Courts, Federal Court Management Statistics, September 2022, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appprofile0930.2022.pdf.

Accordingly, the Court should impose a bond which includes $308,193 in increased claims administrative costs, as well as $8,500 in taxable costs under Rule 39, for a total of $316,693.

### IV. CONCLUSION

Each of the factors supports imposing a Rule 7 appellate bond against Objector and Appellant Gonzalez. Indeed, Gonzalez' track record in this case, shifting residences, and pursuit of a dubious appeal necessitate a bond in order to protect the Settlement Class. Accordingly, Plaintiffs respectfully request that the Court enter an Order requiring Gonzalez to immediately post an appeal bond in the amount of **$316,693** or any other such amount that the Court finds appropriate.

Dated: March 10, 2023                                    Respectfully Submitted,

By: */s/ Mark C. Molumphy*
      Mark C. Molumphy

**COTCHETT, PITRE & McCARTHY, LLP**
Mark C. Molumphy
Tyson C. Redenbarger
Elle D. Lewis
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650.697.6000
Facsimile: 650.697.0577
mmolumphy@cpmlegal.com
tredenbarger@cpmlegal.com
elewis@cpmlegal.com


By: */s/ Tina Wolfson*
      Tina Wolfson

**AHDOOT & WOLFSON, P.C.**
Tina Wolfson
Robert Ahdoot
Theodore W. Maya
Christopher Stiner
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: 310.474.9111
Facsimile: 310.474.8585
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
tmaya@ahdootwolfson.com

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Declaration of Wolfson and Molumphy in support of Motion for Appeal Bond. Pursuant to L.R 5-1(i)(3) regarding signatures, I, Mark C. Molumphy attest that concurrence in the filing of this document has been obtained.

DATED: March 10, 2023                              */s/ Mark C. Molumphy*
                                                   Mark C. Molumphy